UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------x
:
AMERICAN CIVIL LIBERTIES UNION;                             :
AMERICAN BOOKSELLERS FOUNDATION FOR          :     Civil Action
FREE EXPRESSION; ANDROGYNY BOOKS, INC.         :     No. 98-CV-5591
d/b/a A DIFFERENT LIGHT BOOKSTORES;                    :
ADDAZI, INC. d/b/a CONDOMANIA;                              :
HEATHER CORINNA; ELECTRONIC FRONTIER            :
FOUNDATION; ELECTRONIC PRIVACY                         :
INFORMATION CENTER; FREE SPEECH MEDIA;         :
NERVE.COM, INC.; AARON PECKHAM d/b/a URBAN  :
DICTIONARY; PHILADELPHIA GAY NEWS;                    :
PLANETOUT, INC.; POWELL'S BOOKSTORES;            :
PUBLIC COMMUNICATORS, INC.; SALON                    :
MEDIA GROUP, INC; DAN SAVAGE;                                :
and SEXUAL HEALTH NETWORK;                                  :
:
                  Plaintiffs,                            :
:
    v.                                                                                :
:
JOHN ASHCROFT, in his official capacity as                :
ATTORNEY GENERAL OF THE UNITED STATES,     :
:
                  Defendant.                        :
:
---------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**

**LEAVE TO FILE THE AMENDED COMPLAINT**

Plaintiffs submit this memorandum in support of their Motion for Leave to File the Amended Complaint pursuant to Federal Rule of Civil Procedure 15. The proposed Amended Complaint, which is attached to the Motion, seeks to remove certain plaintiffs, add additional plaintiffs, and update the factual allegations of the Complaint, which was originally filed in 1998. Because none of the factors justifying denial of leave to amend a complaint are present, plaintiffs should be permitted to file the Amended Complaint.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs' lawsuit challenges the constitutionality of the Child Online Protection Act ("COPA").  Plaintiffs filed their complaint on October 22, 1998, one day after COPA was signed into law.  On February 1, 1999, following an evidentiary hearing, this Court entered a preliminary injunction against enforcement of COPA.  On appeal, the Third Circuit upheld the issuance of the preliminary injunction.  The Supreme Court subsequently vacated and remanded the decision by the Third Circuit.  The Supreme Court left the injunction in place, however, and remanded the case to the Third Circuit for further proceedings on certain issues.  On remand, the Third Circuit reaffirmed its conclusion that COPA was unconstitutional.  On June 29, 2004, the Supreme Court issued a decision affirming the Third Circuit's decision, holding that plaintiffs were likely to prevail on their claim that COPA violated the First Amendment by burdening adults' access to protected speech, and that the matter should be remanded to this Court for such determination.  *Ashcroft v. American Civil Liberties Union*, 124 S. Ct. 2783 (2004).

Because of the significant time that has transpired since plaintiffs first filed this lawsuit, plaintiffs informed the government that they would need to amend the Complaint.  Following a status conference with the Court and discussion between the parties, the government informed plaintiffs that although it was committed to avoiding litigation over plaintiffs' proposed Amended Complaint, if possible, the government could not assess whether the Amended Complaint presents any ground for objection (or whether any such objection might be waived) until after it had an opportunity to review the Amended Complaint.  The parties accordingly entered into an agreement requiring

plaintiffs to file this Motion for Leave to File an Amended Complaint, along with the proposed Amended Complaint, by December 10, 2004.

**ARGUMENT**

Rule 15 of the Federal Rules of Civil Procedure states that after a response to a pleading has been made, the original pleading may be amended by leave of court and that "leave shall be freely given when justice so requires.'' Fed. R. Civ. P. 15(a). The Supreme Court has made clear that this "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has "noted that the courts 'have shown a strong liberality . . . in allowing amendments under Rule 15(a).'" *Bechtel v. Robinson*, 886 F.2d 644, 652 (3rd Cir. 1989) (citations omitted).

Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Foman*, 371 U.S. at 182. Of these factors, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel*, 886 F.2d at 652. Absent the existence of at least one of the factors articulated by the Supreme Court, refusal to grant leave is an abuse of discretion. *Foman,* 371 U.S. at 182.

Because none of these factors are present in this case, plaintiffs' motion should be granted. First, the government will not suffer any prejudice if the Amended Complaint is permitted. The Complaint was originally filed in 1998. Six years later, plaintiffs are now seeking to amend the complaint by removing certain plaintiffs, adding additional plaintiffs, and revising certain factual allegations to reflect changes that have occurred in the ensuing years. These revisions will not prejudice the government in any manner. Indeed, the government will have to expend minimal (if any) additional resources in

response to the revisions made in the Amended Complaint, and the Amended Complaint will in no way delay the progress of this case.  *See, e.g., Bechtel,* 886 F.2d at 652 (to justify denial of leave to amend, "the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely'") (citations omitted)).

Second, plaintiffs have not acted in bad faith in seeking to file the Amended Complaint.  Plaintiffs' purpose in filing the Amended Complaint is to update the factual allegations in the Complaint and to remove and add plaintiffs to the lawsuit; it is not to prejudice or burden the government in any manner.

Third, there has been no undue delay in filing the Amended Complaint.  Indeed, following the most recent status conference with the Court, the parties agreed that plaintiffs would have until now to file this Motion and the proposed Amended Complaint.

Finally, there can be no claim that the Amended Complaint is futile.  The Supreme Court has already determined that plaintiffs are likely to prevail on their claim that COPA violated the First Amendment by burdening adults' access to protected speech.  Nothing in any of the proposed revisions changes that analysis.

Because plaintiffs are simply seeking to update the Complaint, which was filed in 1998, and because no discovery or motion practice regarding the Complaint has occurred since the Supreme Court's decision that brought the case back to this Court, plaintiffs overwhelmingly meet the requirements of Rule 15(a).  Plaintiffs' Motion for Leave to File the Amended Complaint should be granted.


## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Leave to File the Amended Complaint.

Respectfully submitted,

Dated:  December 9, 2004

_____
Ann Beeson
Christopher A. Hansen
Benjamin E. Wizner
American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
(212) 549-2500

Stefan Presser
Attorney ID No. 43067
7803 St. Martins Lane
Philadelphia, PA 19118
(215) 247-2176

Jonathan H. Feinberg
Kairys, Rudovsky, Epstein & Messing, LLP
924 Cherry Street
Suite 500
Philadelphia, PA  19107
(215) 925-4400

David L. Sobel
Electronic Privacy Information Center
1718 Connecticut Avenue NW
Suite 200
Washington, D.C. 20009
(202) 483-1140

Lee Tien
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333


Christopher R. Harris

5

Michele M. Pyle
Latham & Watkins
885 Third Avenue
Suite 1000
New York, New York  10022
(212) 906-1200

ATTORNEYS FOR PLAINTIFFS