**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AMERICAN CIVIL LIBERTIES UNION, )
et al., )
                                     )
       Plaintiffs, )          CIVIL ACTION No. 98-CV-9951
                                       )
           v. )
                                        )
JOHN ASHCROFT, in his official capacity )
as ATTORNEY GENERAL OF THE )
UNITED STATES, )
                                        )
       Defendant. )
_____ )

**ANSWER**

      Defendant, by his undersigned attorneys, answers Plaintiffs' Amended Complaint of

January 19, 2005, as follows:

<u>First Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>Second Defense</u>

      Plaintiffs lack standing to challenge the Child Online Protection Act ("COPA" or "Act"),

47 U.S.C. § 231, on constitutional grounds because they are not "engaged in the business" of

communicating materials that are "harmful to minors" as defined by the Act, and therefore do not

fall under the Act's ambit.

<u>Third Defense</u>

      Defendant, in response to the numbered subparagraphs of the Complaint, answers as

follows:

      1.      The first four sentences of this paragraph are a characterization of Plaintiffs'

lawsuit and contain legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies these allegations.  Insofar as these sentences quote from the Act, no response is required and the Defendant respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.  The fifth and sixth sentences of this paragraph present a description of the procedural history of this case, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations except to admit that this court granted a preliminary injunction against the Act in February 1999. Defendant denies that in June 2004 the Supreme Court affirmed this Court's February 1999 ruling; defendant avers that the Supreme Court's June 2004 ruling affirmed the prior judgment of the United States Court of Appeals for the Third Circuit.  The last sentence of this paragraph is a characterization of Plaintiffs' lawsuit to which no response is required.  To the extent a response is deemed required, Defendant admits the allegations in this sentence.

2.      The first sentence of this paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, except to admit that the Plaintiffs are speakers, content providers and users of the Web.  Defendant admits the second sentence of this paragraph.  The remainder of this paragraph is a characterization of Plaintiffs' lawsuit and contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the remainder of the allegations in this paragraph.

3.      The first sentence of this paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the remainder of the allegations in this paragraph.

4.     The allegations contained in this paragraph are legal conclusions and characterizations of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

5.     The allegations contained in this paragraph are legal conclusions and characterizations of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

6.     Defendant denies the allegations in the first two sentences of this paragraph, except to admit the following:  that at the time it passed COPA, Congress established the Commission on Online Child Protection ("COPA Commision") to evaluate methods to help reduce access by minors to material that is harmful to minors on the Internet; that the COPA Commission's report was issued on October 20, 2000; and that the Computer Science and Telecommunications Board of the National Research Council ("NRC") published a separate report entitled "Youth, Pornography, and the Internet" in 2002.  To the extent that the allegations in the first two sentences of this paragraph seek to describe the conclusions of the COPA Commission's and the NRC's reports, the allegations are characterizations of documents which speak for themselves, to which no further response is required.  To the extent that a further response is deemed required, Defendant denies the allegations.  The allegation in the third sentence of this paragraph is a legal conclusion to which no response is required.  To the extent that a response is deemed required, Defendant denies this allegation.

7.     The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the

3

allegations of this paragraph, except to admit that the complaint presents a federal question under 28 U.S.C. § 1331.

8.     The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

9.     The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of this paragraph.

10.     Admitted.

11.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

12.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

13.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in

4

the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

14.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

15.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

16.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

17.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

18.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

19.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

20.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant admits that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

21.     This paragraph purports to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in this paragraph except to admit that the quoted language appears in the statute, and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

22.     The allegations contained in this paragraph are characterizations of the Act and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

23.     The allegations contained in this paragraph are characterizations of the Act and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

24.     The allegations contained in this paragraph are characterizations of the Act and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

25.     The allegations contained in this paragraph are characterizations of the Act and legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

26.     Admitted.

27.     Defendant admits the allegations in the first sentence of this paragraph.  The remainder of the allegations in this paragraph purport to describe this Court's earlier ruling in this case, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations except to admit that the quoted language appears within the Court's opinion and respectfully refers the Court to its own opinion, 31 F.Supp.2d 473 (1999), for a full and accurate statement of its contents.

28.     The allegations in this paragraph purport to describe the judgment rendered by the United States Court of Appeals for the Third Circuit in reviewing this Court's February 1, 1999, entry of a preliminary injunction against the enforcement of COPA, to which no response is required.  To the extent a response is deemed required, Defendant admits only that the Third Circuit's June 22, 2000, decision affirmed this Court's entry of a preliminary injunction against the enforcement of COPA, and respectfully refers the Court to the Third Circuit's opinion of June

7

22, 2000, 217 F.3d 162, for a full and accurate statement of the opinion's contents.

29.     Defendant admits only that the Supreme Court, by its decision of May 13, 2002, vacated the June 22, 2000, judgment of the Third Circuit and remanded the case for further proceedings.  The remainder of the allegations in this paragraph purport to describe the content and reasoning of the Supreme Court's May 13, 2002, decision, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the Supreme Court's opinion of May 13, 2002, 535 U.S. 564, for a full and accurate description of the Supreme Court's ruling.

30.     Defendant denies the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph purport to describe the Third Circuit's ruling of March 6, 2003, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the Third Circuit's opinion of March 6, 2003, 322 F.3d 240, for a full and accurate description of the ruling.

31.     Defendant denies the allegations in the first sentence of this paragraph, except to admit that the Supreme Court, by its decision of June 29, 2004, affirmed the March 6, 2003, judgment of the Third Circuit.  Defendant further notes that the Supreme Court remanded the case for further proceedings consistent with its opinion.  The remaining allegations in this paragraph purport to describe the content and reasoning of the Supreme Court's June 29, 2004, decision, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the Supreme Court's opinion of June 29, 2004, 124 S.Ct. 2783, for a full and accurate description of the Court's ruling.

32.     Defendant denies the allegations in the first sentence of this paragraph.

Defendant denies the allegations in the second sentence of this paragraph, except to admit that Congress established the COPA Commission at the time it passed COPA.  Defendant denies the allegations in the third sentence of this paragraph; defendant avers that the COPA Commission released its final report in October 2000.  Defendant denies the allegations in the fourth sentence of this paragraph, except to admit that the NRC published its report in 2002.  The allegations in the fifth sentence of this paragraph attempt to summarize the findings of the COPA Commission Report and the NRC Report, to which no response is required as the reports are documents that speak for themselves.

33.     The allegations in this paragraph are an attempt to describe the COPA Commission Report and the NRC Report, documents which speak for themselves.  Therefore, no response is required to the allegations in this paragraph.

34.     The allegations in this paragraph are an attempt to describe the COPA Commission Report and the NRC Report, documents which speak for themselves.  Therefore, no response is required to the allegations in this paragraph.

35.     The allegations in this paragraph are an attempt to describe the COPA Commission Report and the NRC Report, documents which speak for themselves.  Therefore, no response is required to the allegations in this paragraph.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph, except to admit that there is a website for "A Different Light Bookstore" that sells gay- and lesbian-related magazines, books, music, and DVDs.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that there is a website for "Condomania" that sells condoms and other products.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit the existence of the websites www.femmerotic.com, www.scarleteen.com, and www.scarletletters.com.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that there is an online magazine at the website www.nerve.com whose content includes writing and photographs.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that the website www.urbandictionary.com contains definitions of some slang words and phrases.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph, except to admit that Philadelphia Gay News is a newspaper for the gay and lesbian community of Philadelphia that now publishes on the web.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph except to admit that Planetout Corporation is an online content provider for gay, lesbian, bisexual, and transgendered persons.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.  Defendant admits the allegations contained in the last sentence of this paragraph.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, except to admit that Powell's Bookstore operates a website through which visitors can buy books and to deny that Powell's operates seven bookstores in Portland, Oregon.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

49.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that Salon Magazine is an online magazine at www.salon.com featuring articles on a variety of topics.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the

11

truth of the allegations contained in this paragraph, except to admit that there is a website www.sexualhealth.com that contains a variety of information regarding human sexuality.

53.     Admitted.

54.     Defendant admits the allegations contained in the first two sentences of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that Google and Yahoo offer web search engines free of charge.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62.     Defendant admits the allegations in the first sentence of this paragraph.

12

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

63.     Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph except to admit that chat rooms enable users to engage in electronic "conversations" with other users.

64.     Denied.

65.     Admitted.

66.     Denied.

67.     Defendant admits the allegations contained in the first sentence of this paragraph except to deny that the listed range of content is exhaustive.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  Defendant admits the allegations contained in the second sentence of this paragraph except that, to the extent those allegations are legal conclusions, no response is required, but to the extent a response is deemed required, the allegations are denied.

69.     To the extent the allegations in this paragraph present legal conclusions concerning the meaning of "commercial purposes" as defined by the Act, no response is required,

but to the extent that a response is deemed required, the allegations concerning the meaning of

"commercial purposes" are denied.  Defendant lacks knowledge or information sufficient to form

a belief as to the truth of the other allegations contained in this paragraph.

70.     Denied.

71.     The first four sentences of this paragraph contain legal conclusions, and purport to

quote the language of the Act, to which no response is required.  To the extent a response is

deemed required, Defendant denies the allegations and respectfully refers the Court to the Act, 47

U.S.C. § 231, for a full and accurate statement of its contents.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in the fifth,

sixth, and seventh sentences of this paragraph.  The last sentence of this paragraph contains a

legal conclusion to which no response is required, but to the extent a response is deemed

required, the allegations are denied.

72.     The first two sentences of this paragraph contain legal conclusions and

characterizations of the Act to which no response is required, but to the extent a response is

deemed required, the allegations are denied.  Defendant denies the allegations contained in the

third and fourth sentences of this paragraph.

73.     This paragraph contains legal conclusions to which no response is required.  To

the extent a response is deemed required, Defendant denies the allegations in this paragraph

except to admit that COPA provides for affirmative defenses.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph except to admit that the Act provides for an

affirmative defense based on the use of a digital certificate that verifies age.

75. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

76. Denied.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

78. Denied.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

87. Denied.

88. Denied.

89. Denied.

90. Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first and second sentences of this paragraph.  Defendant

denies the allegations in the third sentence of this paragraph.

91.     Denied.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

93.     Defendant admits the allegations contained in the first sentence of this paragraph.

Defendant denies the allegations contained in the second sentence of this paragraph except to

admit that some applications, with varying degrees of success, purport to function as described.

94.     Defendant admits the allegations contained in the first sentence of this paragraph.

The second sentence of this paragraph contains legal conclusions, to which no response is

required, but to the extent a response is deemed required, the allegations are denied.

95.     This paragraph purports to characterize and quote from other statutory provisions,

to which no response is required.  To the extent a response is required, Defendant denies the

allegations except to admit that the quoted language appears in the first statute cited by Plaintiffs,

47 U.S.C. § 230(d), and respectfully refers the Court to that provision for a full and accurate

statement of its contents.  Defendant also respectfully refers the Court to the other statute cited by

Plaintiffs, the Children's Internet Protection Act, Pub. L. No. 106-554, 114 Stat. 2763,

2763A-335 (2000) (codified as amended at 20 U.S.C. § 9134(f), 47 U.S.C. § 254(h)(6)), for a full

and accurate statement of its contents.

96.      To the extent this paragraph contains legal conclusions, no response is required,

but to the extent a response is deemed required, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16

97.     To the extent the allegations contained in this paragraph reflect Plaintiffs' fears, beliefs, and activities, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to Plaintiffs, no response is required, but to the extent a response is deemed required, the allegations are denied.

98.     To the extent the allegations contained in this paragraph reflect Plaintiffs' fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth. To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to Plaintiffs, no response is required, but to the extent a response is deemed required, the allegations are denied.

99.     To the extent the allegations contained in the first sentence of this paragraph reflect Plaintiffs' fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to Plaintiffs, no response is required, but to the extent a response is deemed required, the allegations are denied.  The second sentence of this paragraph contains legal conclusions to which no response is required, but to the extent a response is deemed required, the allegations are denied.

100.     To the extent the allegations contained in the first and last sentences of this paragraph reflect Plaintiffs' fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first and last sentences of this paragraph contain legal conclusions regarding the scope of the Act and its application to Plaintiffs, no response is required, but to the extent a response is deemed required, the allegations

are denied.  The second and third sentences of this paragraph purport to characterize and quote the language of the Act, to which no response is required.  To the extent a response is deemed required, defendant denies the allegations of the second and third sentence except to admit that the quoted language appears in the statute and respectfully refers the Court to the Act, 47 U.S.C. § 231, for a full and accurate statement of its contents.

101.    To the extent the allegations contained in this paragraph reflect Plaintiffs' fears and beliefs or purported knowledge of the Act, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations of this paragraph are legal conclusions regarding the scope of the Act, no response is required, but to the extent a response is deemed required, the allegations are denied.

102.    Denied.

103.    To the extent the allegations contained in this paragraph reflect Plaintiffs' fears and beliefs or purported knowledge of the Act, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the allegations of this paragraph are legal conclusions regarding the scope of the Act, no response is required, but to the extent a response is deemed required, the allegations are denied.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, except to deny that Lawrence Ferlinghetti is the current

18

poet laureate of San Francisco. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph.

106.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that the poem "Howl" was the subject of an obscenity trial.

107.    Defendant admits the allegations in the first two sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last two sentences of this paragraph.

108.    To the extent the allegations contained in this paragraph reflect Mr. Ferlinghetti's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth. To the extent the allegations contained in this paragraph consist of legal conclusions regarding the scope of the Act and its application to Mr. Ferlinghetti, no response is required, but to the extent a response is deemed required, the allegations are denied.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that Patricia Nell Warren is a novelist, writer, and former Reader's Digest editor.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that Patricia Nell Warren is a founder of Wildcat International Press and that Wildcat's website includes excerpts from books authored by Ms. Warren.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first six sentences of this paragraph, except to admit that

an excerpt from "Billy's Boy" is available on the Wildcat International Press website.  To the

extent the allegations contained in the last sentence of this paragraph reflect Ms. Warren's fears

and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.

To the extent the last sentence of this paragraph contains legal conclusions regarding the scope of

the Act and its application to this Ms. Warren, no response is required, but to the extent a

response is deemed required, the allegations are denied.

112.    To the extent the allegations contained in this paragraph reflect Ms. Warren's fears

and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.

To the extent this paragraph contains legal conclusions regarding the scope of the Act and its

application to Ms. Warren, no response is required, but to the extent a response is deemed

required, the allegations are denied.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first four sentences of this paragraph, except to deny that

the Sisterhood Bookstore has an extensive website and to further aver that the Sisterhood

Bookstore in Los Angeles, California, is now closed and its former website is now defunct.  To

the extent the allegations contained in the final sentence of this paragraph reflect Sisterhood

Books' fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as

to their truth.  To the extent the final sentence of this paragraph contains legal conclusions

regarding the scope of the Act and its application to Sisterhood Books, no response is required,

but to the extent a response is deemed required, the allegations are denied, particularly because

Defendant avers that Sisterhood Books ceases to exist.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph except that, to the extent this paragraph contains legal conclusions regarding the scope of the Act, no response is required, but to the extent a response is deemed required, the allegations are denied.

115.    This paragraph contains legal conclusions to which no response is required, but to the extent a response is deemed required, the allegations are denied.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and fourth sentences of this paragraph.  Defendant admits the allegations in the second and third sentences of this paragraph except to deny that users can purchase music from the website of A Different Light.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit the allegations contained in the second sentence.

118.    Defendant admits the allegations in the first two sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining sentences of this paragraph.

119.    To the extent the allegations contained in the first sentence of this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.  Defendant admits the allegations in the second sentence of this paragraph.  Defendant denies the allegations in the third sentence of this paragraph.   Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in the final sentence of this paragraph.

120.    To the extent the allegations contained in this paragraph reflect A Different Light's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to A Different Light, no response is required, but to the extent a response is deemed required, the allegations are denied.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that Condomania is a condom store and that it has a website.

122.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that Condomania's Web site includes photographs of inflated condoms, a feature called the Condom Wizard, and a Safer Sex Manual that includes links to information on condoms and sexual practices.

124.    Admitted.

125.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  To the extent the allegations contained in the second sentence of this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To

22

the extent the second sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  To the extent the allegations contained in the remainder of this paragraph reflect Condomania's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the remainder of this paragraph contains legal conclusions regarding the scope of the Act and its application to Condomania, no response is required, but to the extent a response is deemed required, the allegations are denied.

128.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph, except to admit the existence of the websites www.femmerotic.com, www.scarleteen.com, and www.scarletletters.com.  To the extent the allegations contained in the third sentence of this paragraph reflect Heather Corrina's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the third sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to Heather Corrina, no response is required, but to the extent a response is deemed required, the allegations are denied.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that the website www.scarletletters.com contains writing including, but not limited to, fiction, nonfiction, and

23

poetry; and that it contains some nude photographs.

130. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that the website www.scarleteen.com contains information on sex and sexuality.

131. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that the website www.femmerotic.com contains photographs of nude women.

132. To the extent the allegations contained in this paragraph reflect Heather Corrina's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth. To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to Heather Corrina and her websites, no response is required, but to the extent a response is deemed required, the allegations are denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph.

133. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

134. To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth. To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

135. To the extent this paragraph contains legal conclusions regarding the scope of the

24

Act and its application to Mr. Boushka, no response is required.  To the extent a response is

deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations except to admit that there is a website for "High Productivity Publishing"

at www.hppub.com.

136.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph, except to admit the existence of a website for

Good Vibrations at www.goodvibes.com, that sells sex toys, videos, and other products.

137.    To the extent the allegations contained in the first sentence of this paragraph

reflect the fears and beliefs of individual members of Plaintiff Electronic Freedom Foundation,

defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the

extent the allegations contained in the first sentence of this paragraph are legal conclusions

regarding the scope of the Act and its application to these individuals, no response is required,

but to the extent a response is deemed required, the allegations are denied.  Defendant denies the

allegations contained in the second sentence of this paragraph.

138.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph except to admit that this Plaintiff maintains a

website at www.epic.org.

139.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

140.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph except to admit the allegations contained in

the first two sentences of this paragraph.

25

141.    To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act, no response is required, but to the extent a response is deemed required, the allegations are denied.

142.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

143.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

144.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

145.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

146.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

147.    To the extent the allegations contained in the first sentence of this paragraph reflect these Plaintiffs' fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to these Plaintiffs, no response is required, but to the extent a response is deemed required, the allegations are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in this paragraph.

148.    Defendant lacks knowledge or information sufficient to form a belief as to the

26

truth of the allegations contained in this paragraph.

149.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except that, to the extent this paragraph contains legal conclusions regarding the scope of the Act, no response is required, but to the extent a response is deemed required, the allegations are denied.

150.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that there is an online magazine at the website www.nerve.com whose content includes writing and photographs.

151.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

152.    To the extent the allegations contained in the first sentence of this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, except to admit that www.nerve.com includes some content of a sexual nature.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph, except to admit that a written piece entitled "Courting of Anatomy" is available on Plaintiff's website. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph, except to admit that a written piece

27

entitled "Mystery Tour" is available on Plaintiff's website.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of this paragraph.

153.    To the extent the allegations contained in the first and third sentences of this paragraph reflect Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first and third sentences of this paragraph contain legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of this paragraph.

154.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that the website www.urbandictionary.com contains definitions of some slang words and phrases and that it allows users to vote for favorite or least favorite definitions by clicking on a "thumbs up" or "thumbs down" icon.

155.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that www.urbandictionary.com is comprised mostly of text.

156.    To the extent the allegations contained in the first sentence of this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is

28

required, but to the extent a response is deemed required, the allegations in the first sentence of this paragraph are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph, except to admit the allegations in the fifth sentence of this paragraph.

157.    Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the next four sentences of this paragraph.  To the extent the allegations contained in the remainder of this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the remainder of this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations in the remainder of this paragraph are denied.

158.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that Philadelphia Gay News is a newspaper serving the gay community in Philadelphia and that it maintains a website at www.epgn.com.

159.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that www.epgn.com contains news, columns, and classified and personal advertisements.

160.    To the extent the allegations contained in this paragraph reflect Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth. To the extent this paragraph contains legal conclusions regarding the scope of the Act and its

29

application to this Plaintiff, no response is required, but to the extent a response is deemed

required, the allegations in this paragraph are denied, except to admit that there have been

incidents of discrimination and violence against gays and lesbians.

161.    To the extent the allegations contained in this paragraph reflect this Plaintiff's

fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their

truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and

its application to this Plaintiff, no response is required, but to the extent a response is deemed

required, the allegations are denied.

162.    To the extent the allegations contained in the first and third sentences of this

paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information

sufficient to form a belief as to their truth.  To the extent the first and third sentences of this

paragraph contain legal conclusions regarding the scope of the Act and its application to this

Plaintiff, no response is required, but to the extent a response is deemed required, the allegations

are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in the second sentence of this paragraph.

163.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph except to admit that Plaintiff PlanetOut Inc.

("PlanetOut") is an online content provider for gay, lesbian, bisexual and transgendered persons.

164.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first two sentences of this paragraph except to admit that

the websites www.planetout.com and www.gay.com contain news, as well as information

regarding health, entertainment, travel, dating, shopping, and career advice.  Defendant admits

the allegations in the final sentence of this paragraph.

165.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

166.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

167.    To the extent the allegations contained in the first two sentences of this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first two sentences of this paragraph contain legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied. Defendant admits the allegations in the third sentence of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph.

168.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of this paragraph.  To the extent the allegations contained in the remainder of this paragraph reflect Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the remainder of this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

169.    To the extent the allegations contained in the first and third sentences of this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information

31

sufficient to form a belief as to their truth.  To the extent the first and third sentences of this

paragraph contain legal conclusions regarding the scope of the Act and its application to this

Plaintiff, no response is required, but to the extent a response is deemed required, the allegations

are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in the second sentence of this paragraph.

170.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first sentence of this paragraph, except to admit that

Powell's Bookstore operates a web site, www.powells.com, through which visitors can buy

books.  Defendant denies the allegations in the second sentence of this paragraph, and avers that

Powell's operates five stores in Portland, Oregon, and one store in Beaverton, Oregon.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the remainder of this paragraph.

171.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in the first sentence of this paragraph.  Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

the second sentence of this paragraph except to admit that www.powells.com allows users to

search for books by title, author, key word, publisher, and/or section.  Defendant admits the

remainder of the allegations in this paragraph.

172.    To the extent the allegations contained in this paragraph reflect this Plaintiff's

fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their

truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and

its application to this Plaintiff, no response is required, but to the extent a response is deemed

required, the allegations are denied except to admit that www.powells.com contains reviews of the books "Joy of Gay Sex Fully Revised 3rd Edition" and "The Many Joys of Sex Toys:  The Ultimate How-To Handbook for Couples and Singles."

173.    To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

174.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, except to admit that Salon is a well-known internet magazine.

175.    To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

176.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

177.    To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

178.    Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

179.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

180.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, except to deny the description of Senator Rick Santorum's comments.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph.

181.     To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

182.     To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

183.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit the allegations contained in the first sentence.

184.     To the extent the allegations contained in the first sentence of this paragraph

reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent the first sentence of this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, except to admit that the material at www.sexualhealth.com is available for free.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph.

185.    To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of this paragraph, except to admit that www.sexualhealth.com contains a variety of information regarding human sexuality.

186.    To the extent the allegations contained in this paragraph reflect this Plaintiff's fears and beliefs, Defendant lacks knowledge or information sufficient to form a belief as to their truth.  To the extent this paragraph contains legal conclusions regarding the scope of the Act and its application to this Plaintiff, no response is required, but to the extent a response is deemed required, the allegations are denied.

35

187.    Defendant repeats and incorporates his responses to paragraphs 1-186.

188.    The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations contained in this paragraph.

189.    The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations contained in this paragraph.

190.    The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations contained in this paragraph.

191.    Defendant repeats and incorporates his responses to paragraphs 1-186.

192.    The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations contained in this paragraph.

193.    Defendant repeats and incorporates his responses to paragraphs 1-186.

194.    The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations contained in this paragraph.

195.    Defendant repeats and incorporates his responses to paragraphs 1-186.

196.    The allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, defendant denies the allegations contained in this paragraph.

WHEREFORE, having fully responded to the Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.  Defendant prays that this action be dismissed with prejudice and that the Court award Defendant his costs and such other relief as may be just and appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

PATRICK L. MEEHAN
United States Attorney

RICHARD M. BERNSTEIN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel:  (215) 861-8334
Fax:  (215) 861-8349

THEODORE C. HIRT
Assistant Branch Director

DATED: 1/27/05

KAREN STEWART
RAPHAEL O. GOMEZ
Senior Trial Counsel
Federal Programs Branch
United States Department of Justice
20 Massachusetts Ave., NW
Seventh Floor
P.O. Box 883
Washington, DC 20044
Tel:  (202) 514-2849
Fax:  (202) 616-8470

COUNSEL FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused a true and correct copy of the Defendant's

Answer to Plaintiffs' Amended Complaint to be served by first-class United States mail, postage

prepaid, upon the following:

Ann Beeson
Christopher A. Hansen
Benjamin E. Wizner
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004

Stefan Presser
7803 St. Martins Lane
Philadelphia, PA 19118

Jonathan H. Feinberg
Kairys, Rudovsky, Epstein & Messing, LLP
924 Cherry Street
Suite 500
Philadelphia, PA 19107

David L. Sobel
Electronic Privacy Information Center
1718 Connecticut Ave., NW
Suite 200
Washington, DC 20009

Lee Tien
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110

Christopher R. Harris
Michele M. Pyle
Latham & Watkins
885 Third Avenue
Suite 1000
New York, NY 10022

1/27/05
DATE

KAREN STEWART
Senior Trial Counsel
United States Department of Justice