IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

**PRETRIAL ORDER No. 15**
**(DISCOVERY DISPUTES AND DEPOSITION CONDUCT)**

**AND NOW,** this 20th day of April, 2005, it is hereby **ORDERED** that discovery disputes, after good faith efforts to resolve such dispute(s), shall be managed in the following manner and priority:

1. Single one or two short-issue, urgent disputes such as arising out of questioning at a deposition should be presented by telephone to this Court and resolved without a contemporaneous stenographic record;

2. More complicated or modestly numerous disputes without emergency implications should be resolved by a telephone conference with the Court after short letter positions of the parties have been sent to the Court one or two days in advance of the conference, also without a contemporaneous stenographic record;

3. Even more complicated or numerous issue disputes should be presented by letter positions of the parties with a request for a discovery conference in Chambers; and

4. If any party believes that party's fundamental rights will be significantly impaired or that manifest injustice or deprivation of due process will occur by any of the foregoing informal procedures, after good faith efforts to resolve the dispute, that party may file a formal motion.

**IT IS FURTHER ORDERED** that pursuant to, in addition to and complimentary to Federal Rule of Civil Procedure 30 and other Rules which govern the conduct of depositions, the following rules shall apply:

5. Generally a party's or deponent's attorney may object to a question at a deposition but shall not instruct the witness not to answer except as set forth below.

6. Deponent's counsel may instruct the witness not to answer only if the deponent's attorney objects to the form of the question on the ground or grounds stated on the record that given the context and language of the question, to require an answer would be legally inappropriate or manifestly unfair because:

> a. the question asks for legally protected privileged information or trial preparation materials and the objecting attorney articulates on the record the basis for this objection with the reasonable detail required by Fed. R. Civ. P. 26(b)(5) or states on the record a logical reason why such detailed reason cannot be provided at that time; or

> b. the question is facially unintelligible, misleading or constitutes trickery; or

> c. the question incorporates facts or opinions which are inaccurate or in dispute without qualifying them as such; and

> d. the deposing attorney is given a reasonable opportunity to rephrase the question and either refuses to do so or continues to ask the same or essentially the same question; or

> e. the deponent's attorney articulates on the record some other proper basis for making a record in anticipation of filing or defending against a discovery motion.[1]

7. In the event that a dispute arises over the need or right to depose a witness or the details surrounding the scheduling of a deposition and the use of the appropriate methods of resolving the dispute are not possible to timely make or are unsuccessful so that a motion for protective order must be filed, the filing of such a motion shall, if requested therein, act as a supersedeas and stay the taking of the deposition sought to be protected.[1]

**LOWELL A. REED, JR., S.J.**

---

[1]. If, upon the regrettable fact that a motion seeking to construe this Order is before the Court and the Court determines that this Order or any rule was misused to obtain tactical advantage or to coach a witness, the harshest of sanctions will be imposed.