THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) |
| Plaintiffs. | ) ) |
| v. | ) Civil Action No. ) 98-CV-5591 |
| ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States. | ) ) ) ) |
| Defendant. | ) ) ) |

JOINT REPORT REGARDING THE NEED FOR WAIVERS OF
THE RULES GOVERNING DEPOSITIONS AND INTERROGATORIES

    The parties, by their undersigned counsel and pursuant to paragraph 2 of Pretrial Order No. 14 (Case Management Order), hereby submit the following joint report:

    1.  The parties expect that they will seek discovery pursuant to the Federal Rules of Civil Procedure from the parties in this action; from individuals or entities not participating in this action (hereinafter "third parties"); and from individuals or entities designated as expert witnesses.

    2.  To the extent possible, written discovery pursuant to the Federal Rules of Civil Procedure will be utilized to attempt to narrow the subjects to be covered by deposition.

3. Defendant currently anticipates that given the number of parties, the need to conduct third-party and expert discovery, and the number and complexity of the issues in this case, there will be a need to exceed the limits contained in the applicable federal rules regarding the number of interrogatories, the number of depositions and the duration of certain depositions.

4. Defendant believes that he will be in a better position to more accurately assess the need for waivers after taking the depositions of some of the third parties and propounding a round of written discovery to the plaintiffs.  Accordingly, in defendant's view, the parties should allow discovery to proceed within the current limits and then confer and attempt to stipulate to an appropriate alternate limit before propounding any discovery that would require a waiver.  In any event, defendant has set below his best estimate of the need for waivers at this time.

5. Defendant seeks leave to exceed the number of depositions allowed under Fed. R. Civ. P. 30 in order to depose all of the plaintiffs to this action (16 parties); approximately 30 non-parties and a currently unknown number of plaintiffs' expert witnesses.  It may be necessary to take more than one deposition for each party or non-party deposed if the entity must speak through multiple personnel.

6.   Plaintiffs agree to an extension of the deposition limit from 10 to 35, but oppose any further extension at this time.  Plaintiffs are willing to negotiate with defendant regarding the need for additional depositions after the first 35 on a case-by-case basis.

7.   Given the number and complexity of issues, defendant estimates that the limit for interrogatories contained in Fed. R. Civ. P. 33(a) will need to be increased from 25 to 50. Plaintiffs oppose this extension, but are willing to negotiate with defendant regarding the need for additional interrogatories after the first 25 on a case-by-case basis.

8.   Defendant estimates that the limit on the duration of depositions in Fed. R. Civ. P. 30(d)(2), will need to be increased from one to two days, at 7 hours per day. Plaintiffs do not oppose this extension.

**FOR THE PLAINTIFFS**

<u>KYS5044 (With Authorization)</u>              DATE:  May 2, 2005
ANN BEESON

American Civil Liberties Union
  Foundation
125 Broad St.
New York, New York 10004
(212) 549-2500

**FOR THE DEFENDANT**

PETER D. KEISLER
Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney

Richard Bernstein
Assistant U.S. Attorney

THEODORE C. HIRT
Assistant Branch Director

<u>KYS5044</u>                                         DATE: May 2, 2005
KAREN STEWART
RAPHAEL O. GOMEZ
JAMES D. TODD, Jr.
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. N.W., Room 7200
Washington, D.C.  20530
Tel: (202) 514-2849