IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>    Plaintiffs.<br><br>    v.<br><br>ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States,<br><br>    Defendant. | Civil Action No.  98-CV-5591 |

## AGREED PROTECTIVE ORDER

Upon the consent of the parties, as evidenced by their signatures below, and for good cause shown, it is hereby ordered that:

1. This Order applies to all "Confidential Information", as defined by paragraph 2 of this Order, that is produced or supplied in anticipation of and in the presentation of the trial of this action scheduled for June 12, 2006.

2. The term "Documents" as used in this Order shall mean all written, recorded (including electronically recorded) or graphic matter whatsoever.  Such materials shall include, but not be limited to, documents produced by any party or non-party in this action, whether pursuant to subpoena or agreement; deposition transcripts and exhibits, physical objects and things; responses to requests for production of documents; and any papers, including court papers, which quote from, summarize or refer to any of the foregoing.

3. A producing entity, which can be a party, may designate as "Confidential" any document

or any portion thereof, any testimony given during any deposition taken in this action, or any other discovery material that contains or reflects trade secrets, research and development, or information of a financial, commercial or otherwise proprietary nature, or other sensitive, non-public information, which the producing entity reasonably believes would be harmful to the business of that entity if publicly disclosed. "Confidential Information," as used herein, shall refer to any document or group of documents designated by the producing entity as "Confidential," other discovery materials so designated (including deposition transcripts as specified below) and all copies and extracts thereof, and shall also refer to the information contained therein. An entire document shall not be designated as "Confidential" if only a reasonably segregable portion thereof contains information that the producing entity reasonably believes should be kept confidential.

4. Confidential Information shall not be disclosed or distributed in any form (such as the digesting or reformulation of such information) to any person or entity other than the following:

   a. the attorneys for the parties in this action and their paralegals, clerical and other assistants who have a need therefor in connection with this action;

   b. individual members or employees of the parties, provided that each such person sign a declaration under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms (hereinafter "designated representative");

   c. persons retained by a party or outside counsel to serve as expert witnesses or

        otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed a declaration under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms;

   d.   attorneys and other personnel employed by the Department of Justice who have a need therefor in connection with this action, provided that non-attorney Department of Justice personnel sign a declaration under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms;

   e.   stenographers engaged to transcribe depositions conducted in this action; and

   f.   any deponent in this case during his/her deposition where the Confidential Information was produced by the deponent or the entity the deponent represents.

   g.   a court of competent jurisdiction and its support personnel.

5.   During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information, or that an answer has disclosed Confidential Information.  Thereupon, any counsel may request all persons, except persons entitled to receive Confidential Information pursuant to this Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information.  Such Confidential Information may be so designated either:

   a.   during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information;" or

      b.    by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party, provided that any disclosure prior to the designation of material as confidential will not be deemed to be a violation of this Order.

6.    Persons described in paragraph 4 above shall be restricted to using Confidential Information only for purposes directly related to this action or any appeals therefrom and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7.    Prior to any disclosure of Confidential Information to any designated representative of a party or non-attorney Department of Justice personnel, pursuant to subparagraphs 4(b) and 4(d) above, or any person retained as an independent expert and/or consultant pursuant to subparagraph 4(c) above, counsel representing such a party or retaining such an expert and/or consultant shall cause such person(s) to read this Order and sign a Declaration in the form annexed hereto as Exhibit A. Counsel shall retain Declaration(s) signed in accordance with this paragraph. If any Plaintiff provides confidential information to Defendant in this case, counsel for the Defendant will provide counsel for Plaintiff a copy of the Declaration(s) executed by its expert and/or consultant. Counsel for the producing entity may cause any deponent referenced in subparagraph 4(f) to read

this Order and sign a Declaration in the form annexed hereto; provided, however, that no party shall be precluded from using Confidential Information in the deposition because of the refusal of a deponent to sign the acknowledgment form.

8. All Confidential Information that is filed with or submitted to the Court, and any pleadings, motions or other papers filed with or submitted to the Court disclosing Confidential Information, shall be filed or submitted under seal and kept under seal until further order of the Court.  The parties will agree, where possible, to designate only the confidential portions of filings with the Court to be filed under seal, and will also file with the Court a redacted, unsealed copy of such filings that contains all contents of the filings under seal but the Confidential Information subject to this Order.  To facilitate compliance with this Order by the Clerk's office, material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation on its front face.  In addition, the envelope shall bear the caption of the case, shall contain a concise inventory of its contents for docketing purposes that does not disclose the Confidential Information and shall state thereon that it is filed under the terms of this Order.

9. This Order shall not preclude any party from seeking a ruling from the Court regarding the validity of any claim of confidentiality asserted by a producing entity.  In the event that any party to whom Confidential Information is disclosed or produced objects to the designation by the producing entity of any document or discovery materials as "Confidential," that party's counsel shall advise counsel for the producing entity in writing of the objection and identify the document or material with sufficient specificity

to permit the other to identify it.  Within fifteen days of receiving this written objection, the producing entity shall advise whether the "Confidential" designation will be removed.  If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise.  During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information subject to the provisions of this Order.

10. If a party intends to offer into evidence, or for purposes of impeachment, any Confidential Information during trial or in connection with any hearing or other proceeding (other than a deposition, see para. 5, *supra*), counsel for the producing entity asserting confidentiality must be so informed in writing not less than five business days in advance of the party offering such Confidential Information, or within such other time period that is reasonable under the circumstances.  As long as such notification is provided, any Confidential Information may be offered in open court unless the producing entity that designated the material as confidential obtains a protective order or a ruling from the Court providing otherwise.

11. Within sixty days of the resolution of this action by settlement or final judgment, and the termination of any final appeal therefrom, all documents and discovery materials designated "Confidential" and any copies thereof shall be promptly returned to the producing entity or, with and upon the prior consent of said entity, destroyed, provided that the party to whom Confidential Information is disclosed or produced certifies in writing that all designated documents and materials have been destroyed, and further provided that defendant's counsel will retain one complete set of any such materials that

were presented in any form to the Court, which shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.  If defendant, defendant's counsel or his employing agency are requested to disclose publicly any Confidential Information pursuant to the Freedom of Information Act, a legal action, or otherwise, before doing so they will attempt to notify counsel for the producing entity in sufficient time to allow that entity a reasonable opportunity to object to, or to take legal action to prevent such disclosure.  The termination of this litigation shall not relieve any person or party provided Confidential Information of his, her or its obligations under this Order.

12. Nothing in this Agreed Order shall prevent any party from using or disclosing its own documents.

13. The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Agreed Protective Order.

14. Notwithstanding anything to the contrary that may be set forth herein, the Court shall retain the authority to modify this Order upon good cause shown.

Dated:         June ___, 2005

SO STIPULATED AND AGREED:

For Plaintiffs:


_____
ANN BEESON
CHRISTOPHER A. HANSEN
ADEN FINE

American Civil Liberties Union Foundation
125 Broad Street
New York, New York 10004
(212) 549-2500


For the Defendant:


_____
KAREN STEWART
RAPHAEL O. GOMEZ
Senior Trial Counsels
JAMES D. TODD, JR.
JOEL McELVAIN
TAMARA ULRICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C.  20044
(202) 514-3378



_____

SO ORDERED:


_____
HON. LOWELL A. REED, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., <br><br> Plaintiffs. <br><br> v. <br><br> ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States, <br><br> Defendant. | Civil Action No.  98-CV-5591 |

**<u>DECLARATION</u>**

The undersigned hereby declares under penalty of perjury that he (she) has read the Agreed Protective Order (the "Order") entered in the United States District Court for the Eastern District of Pennsylvania in the above-captioned action, understands its terms and agrees to be bound by each of those terms.  Specifically, and without limitation, the undersigned agrees not to use or disclose any confidential information made available to him (her) other than in strict compliance with the Order.

DATED:_____          BY:
                                                                              (type or print name)