

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 883, | 20 Massachusetts Ave., N.W., Room 7200 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

TH:145-12-10982
Karen Stewart
Senior Trial Counsel

Tel: (202) 514-2849
Fax: (202) 616-8470

September 27, 2005

**BY HAND DELIVERY (COPY)
    AND FEDERAL EXPRESS (ORIGINAL)**

Hon. Lowell A. Reed, Jr.
United States District Court
  for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room # 4001
Philadelphia, PA 19106-1705

        Re:    ACLU, et al. v. Gonzales, No. 98-5591 (E.D. Pa.)

Dear Judge Reed:

       The following letter and attachments are submitted in accordance with Item 1 of Pretrial Order No. 18, to update the Court on the third party discovery undertaken by the Department of Justice ("DOJ") to date, as well as further planned action with respect to third party discovery.

       DOJ began the third party discovery process by identifying specific companies that it believed could provide useful information for trial. To that end, DOJ worked to fashion document requests that would be specifically targeted to provide necessary information, without being unduly burdensome upon the third parties. To date, DOJ has sent out a total of 32 subpoenas to a variety of third parties that provide internet content filtering products for use by residential customers. For those companies that offer boxed software that customers install on their own computers, DOJ sent out identical document requests, and a sample of those document requests is attached to this letter at Tab 1. For those companies that offer filtering products directly to their customers as internet service providers, DOJ sent out identical document requests, and a sample of those document requests is attached to this letter at Tab 2. For those companies that offer filtering products through an intermediary, DOJ sent out other document requests, samples of which are attached to this letter at Tabs 3 and 4.

       As a review of the document requests demonstrates, DOJ has asked for a broad range of documents from many companies, often requiring companies to disclose confidential or proprietary information. In order to facilitate responses from the various subpoenaed companies, DOJ worked closely with each company's counsel to explain what was necessary to produce

under the document requests, to assure them of the confidentiality of the information produced that would be subject to this Court's protective order, and to work on a mutually agreed-upon schedule for producing documents, including having the documents provided on a rolling basis, if necessary. DOJ believes that the cooperative approach has been the best way to garner meaningful responses to the document requests and to expedite receipt of documents, rather than to engage in prolonged litigation over the subpoenas. This approach has largely been successful, since DOJ has received responsive documents from the majority of the companies subpoenaed, with a production to date totaling well over 18,000 pages of documents.

DOJ has received responses to its subpoenas from the following companies that were served with subpoenas related to internet filtering software:

- Verizon Online
- America Online
- Earthlink
- Microsoft (partial response received, remainder expected by 9/30/2005)
- Qwest
- Cablevision
- Time Warner
- Comcast
- Bell South
- Cox Communications
- SBC Internet Services
- AT&T
- Content Watch
- Look Smart
- McAfee
- Surf Control
- Solid Oak
- Security Software Systems
- Safe Browse
- Authentium
- Rulespace

Currently, DOJ is in the process of analyzing the material produced in response to the subpoenas and following up with third parties with respect to areas where DOJ believes the responses are insufficient. DOJ will first try to negotiate with third parties with respect to producing additional material that is responsive to its subpoenas. DOJ will file motions to compel for these companies by October 31, 2005, if DOJ is unable to receive additional documents voluntarily.

DOJ has not received responses from a handful of third parties. Below is a chart indicating which third parties have outstanding subpoenas requesting documents. For those companies which have passed their "response due" dates on the chart below, DOJ anticipates filing motions to compel responses no later than October 14, 2005. For the remainder of the companies, with whom DOJ has either negotiated an extension of time or whose time to respond to the subpoena has yet to expire, DOJ anticipates filing motions to compel within two weeks of

the expected response dates noted on the chart.

| Company | Date Response Expected |
|---|---|
| Symantec | Subpoena Return Date 7/29/2005 |
| Yahoo, Inc. | Subpoena Return Date approximately 9/22/2005 |
| United Online | Response Expected 9/27/2005 |
| Soft for You | Response Expected 9/30/2005 |
| Charter Communications | Response Expected 10/7/2005 |
| Computer Associates | Subpoena Return Date approximately 10/14/2005 |
| America Family Online | Subpoena Return Date approximately 10/26/2005 |
| 711Net d/b/a Mayberry USA | Subpoena Return Date approximately 10/26/2005 |
| S4F d/b/a Advanced Internet Management | Subpoena Return Date approximately 10/26/2005 |
| Secure Computing | Subpoena Return Date approximately 10/26/2005 |
| Internet4Families | Subpoena Return Date approximately 10/26/2005 |

In addition to third party discovery relating to internet content filtering, DOJ has served third party subpoenas on internet search engine providers. A sample copy of these document requests is attached to this letter as Tab 5. The internet search engine companies upon which DOJ has served subpoenas are:

- AOL
- Google
- MSN
- Yahoo, Inc.

With respect to the search engine subpoenas, DOJ began informal discussions with Google and Yahoo during the summer, which did not produce voluntary compliance with our requests. Therefore, DOJ issued the search engine subpoenas to Yahoo, MSN and AOL on August 3, 2005 and one to Google on August 25, 2005. The search engine subpoenas provide a unique challenge to the companies served. These subpoenas did not ask for paper production, but production of computer files consisting of millions of data points. In addition, there are detailed technical issues that go into the content and manner in which the third parties will produce files in order to be useful for DOJ's purposes. DOJ has been engaged in discussions with counsel and technical employees of the companies, and we have actively worked with these companies to negotiate a representative sample of the information we requested. AOL has provided a partial response to the subpoena and we continue to negotiate a response to the remainder of the subpoena. Yahoo's response to the search engine subpoena should be arriving in the last week of September. We continue to engage in active discussions with Microsoft and

-4-

Google with respect to how they will be able to comply with their subpoenas and the timing of such a reply. Given the fact that responding to the subpoenas has been a collaborative process involving technical expertise on both sides, we believe that continued cooperation is the most efficient means of achieving the most accurate and expedited responses to these outstanding subpoenas.

In addition, DOJ and ACLU have agreed to share third party responses to their respective subpoenas, and the parties have been engaging in this effort and sharing documents in accordance with this agreement.

Sincerely,

KAREN STEWART
Senior Trial Counsel
Federal Programs Branch
Civil Division

cc:   Aden Fine, Esq. (via electronic mail)