IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 98-CV-5591 |
| ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States, | ) ) ) ) | |
| Defendant. | ) ) | |

## DAN SAVAGE'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Dan Savage ("Plaintiff") responds and objects to Defendant Alberto R. Gonzales's First Set of Interrogatories ("Interrogatories") as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories to the extent the instructions and demands therein purport to impose obligations in addition to, beyond, or different from those set forth in the Federal Rules of Civil Procedure and the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania.

2. Plaintiff objects to the Interrogatories to the extent they call for the identification or disclosure of information that is neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff submits these responses and objections without conceding the relevance or materiality of the subject matter of any interrogatory.

3.      Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, or duplicative.

4.      Plaintiff objects to the Interrogatories to the extent they call for the identification or disclosure of privileged and protected information including, without limitation, information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for, or other representative of, Plaintiff, contains privileged attorney-client communications or is otherwise protected from disclosure under applicable privileges, laws or rules. Plaintiff hereby claims all such privileges and protections that are implicated by the Interrogatories. Any disclosure of such protected information is inadvertent and is not intended to waive those privileges or protections or any other ground for objection to discovery or use of such information.

5.      Plaintiff objects to the Interrogatories to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information. Plaintiff will produce such information, if requested and not otherwise objectionable, only pursuant to the Protective Order entered in this case (the "Protective Order").

6.      Plaintiff objects to the Interrogatories to the extent they request identification or disclosure of information that is subject to a confidentiality obligation owed to non-parties in the above-captioned action.

7.      Plaintiff objects to the Interrogatories to the extent they call for identification or disclosure of information that is in the public domain, a matter of public record, equally

or exclusively within the knowledge or possession of the Defendant, or otherwise routinely accessible to the Defendant.

8.     Plaintiff expressly reserves the right to object to the admissibility at trial of these Responses and Objections or any information identified or disclosed in response to the Interrogatories.  Plaintiff's Responses and Objections and/or the identification or disclosure of any information in response to the Interrogatories are not intended as, and shall not be deemed, an admission or concession of the relevance of any information sought by the Interrogatories.  In addition, Plaintiff's Responses and Objections and/or the identification or disclosure of any information in response to the Interrogatories are not intended to, and shall not waive or prejudice any objections as to the admissibility of any Response, Objection or information or category of responses or information, at trial of this or any other action.

9.     Plaintiff does not concede the existence of potentially responsive documents or that any such documents are in the possession, custody or control of Plaintiff by virtue of any response or objection to an Interrogatory.

10.    Plaintiff objects to the Interrogatories to the extent they assume disputed facts or legal conclusions in defining the information requested.  Plaintiff hereby denies any such disputed facts or legal conclusions assumed by the Interrogatories.  Any response or objection, including any identification or disclosure of information, by Plaintiff with respect to any such Interrogatory is without prejudice to this objection.

11.    Plaintiff objects to the Interrogatories, and to each and every individual interrogatory contained therein, to the extent they call for Plaintiff to identify privileged documents created after the filing of this lawsuit on the grounds that such interrogatories are overly

3

broad and burdensome and not relevant to the claim or defense of any party, and would

call for counsel to review all of its files and list most of the documents therein on a

privilege log.

12. Plaintiff objects to the Interrogatories as ambiguous and vague in that they define

"representative sample" by using the undefined terms "distribution of characteristics,"

"degree of explicitness of sexual content," and "population or universe." Plaintiff

interprets "representative sample" to mean "sample." Plaintiff specifically disavows the

suggestion that a "projection of results from the sample to the population or universe" can

be extrapolated from the production of this sample.

13. In responding to the Interrogatories, Plaintiff states that it has conducted a diligent search,

reasonable in scope, of those files and records in Plaintiff's possession or control believed

to be the most likely to contain information responsive to the Interrogatories and have

solicited relevant information from those individuals employed or otherwise affiliated

with Plaintiff believed to be the most likely to have information responsive to the

Interrogatories. Plaintiff has not, however, undertaken to search or review all of the files

and records in Plaintiff's possession, custody, or control, nor has Plaintiff solicited

documents from every individual employed by or otherwise affiliated with every named

plaintiff, because to do so would be unduly burdensome and expensive. In the event,

therefore, that additional information, documents, records, or files relevant to any of the

Interrogatories are identified or brought to Plaintiff's attention, Plaintiff reserves the right

to amend or supplement these responses.

14. Plaintiff reserves the right to amend or supplement their Responses and Objections to the

Interrogatories as necessary or appropriate as the litigation progresses to include

4

information which may be discovered during the course of Plaintiff's continuing investigation or during the course of discovery.

15.     All of the General Objections set forth herein are incorporated into each individual response set forth below and have the same force and effect as if fully set forth therein.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections and conditions of production, which apply to each Interrogatory as set forth fully below, Plaintiff responds and objects to the specific Interrogatories as follows:

INTERROGATORY NO. 1

Identify all witness you intend to call at trial, including the specific website plaintiffs and expert witnesses you intend to call at trial.

RESPONSE TO INTERROGATORY NO. 1

Plaintiff objects that this Interrogatory is premature.

INTERROGATORY NO. 2

Identify all documents, including webpages, you intend to introduce as evidence in this litigation.

RESPONSE TO INTERROGATORY NO. 2

Plaintiff objects that this Interrogatory is premature.

INTERROGATORY NO. 3

For each website plaintiff, identify the annual number of visitors to your website.

RESPONSE TO INTERROGATORY NO. 3

Plaintiff objects that this Interrogatory is ambiguous and vague for failing to define "visitors." Subject to the foregoing and the General Objections, Plaintiff responds as follows: Plaintiff is the most widely syndicated sex advice columnist in the United States. His column "Savage Love" appears on a wide variety of third party web sites. With regard to these web sites, Plaintiff is not a web site plaintiff as defined by Defendant's First Set of Interrogatories. In addition, plaintiff hosts a satirical web site at www.spreadingsantorum.com that is dedicated to promoting and tracking the use of the word "Santorum," which the web site defines as "that frothy mixture of lube and fecal matter that is sometimes the byproduct of anal sex." In 2004, approximately 300,000 visitors frequented the "Spreading Santorum" web site. Plaintiff's responses to this Interrogatory are CONFIDENTIAL and subject to the Protective Order.

INTERROGATORY NO. 4

Identify the date copied, as well as the minimum hardware and software requirements and necessary instructions to navigate, search, and fully access each copy of each website plaintiff's website that is provided in response to Request No. 1 of Defendant's First Request for Production of Documents.

RESPONSE TO INTERROGATORY NO. 4

Plaintiff objects that the Request cited in this Interrogatory is unduly burdensome and calls for production of documents or information in the public domain and equally accessible to Defendant. Subject to the foregoing and the General Objections, Plaintiff responds as follows: Plaintiff will respond after resolution of the issue concerning Request 1 of Defendant's First Request for the Production of Documents.

INTERROGATORY NO. 5

For each website plaintiff, identify any registration or other gathering of identifying information you ask for, require, or otherwise obtain (including information obtained by cookies, adware, spyware, or third parties) from your visitors to your website, such as name, address, phone number, e-mail address, i.p. address, etc.

RESPONSE TO INTERROGATORY NO. 5

Subject to the General Objections, Plaintiff responds as follows:  Plaintiff does not gather any registration or identifying information on his web site.

INTERROGATORY NO. 6

For each website plaintiff, identify, on an annual basis, the number of visitors to your website.

RESPONSE TO INTERROGATORY NO. 6

Plaintiff objects that this Interrogatory is unreasonably cumulative and duplicative of Interrogatory No. 3.  Subject to the General Objections, Plaintiff hereby incorporates the responses and specific objections to Interrogatory No. 3.

INTERROGATORY NO. 7

For each website plaintiff, identify, on an annual basis, the number or proportion of visitors to your website that have provided a credit card number either directly to you or to any third party with whom you have entered into an agreement to operate or maintain credit card transactions with your site.

RESPONSE TO INTERROGATORY NO. 7

Plaintiff objects that this Interrogatory is ambiguous and vague for failing to define "visitors."  Subject to the foregoing and to the General Objections, Plaintiff responds as follows:

Plaintiff is not a web site plaintiff as defined by Defendant's First Set of Interrogatories with regard to third-party web sites that publish Plaintiff's column "Savage Love." Visitors do not provide a credit card number to access Plaintiff's web site www.spreadingsantorum.com.

INTERROGATORY NO. 8

For each website plaintiff, identify the number and value of charge-backs to issuing banks of credit cards and the reason offered by the cardholder for the chargeback, including unauthorized use by a minor.

RESPONSE TO INTERROGATORY NO. 8

Subject to the General Objections, Plaintiff responds as follows: Plaintiff is not a web site plaintiff as defined by Defendant's First Set of Interrogatories with regard to third-party web sites that publish Plaintiff's column "Savage Love." Visitors do not provide a credit card number to access Plaintiff's web site www.spreadingsantorum.com.

INTERROGATORY NO. 9

For each website plaintiff, identify all federal or state threats of prosecution concerning the sexual content on that plaintiff's website and the particular webpages containing the material upon which those threats of prosecution were directed.

RESPONSE TO INTERROGATORY NO. 9

Plaintiff objects that this Interrogatory is vague and overly broad for failing to define "federal or state threats of prosecution." For purposes of responding to this Interrogatory, Plaintiff interprets the phrase "federal or state threats of prosecution" to mean "having been contacted by federal or state officials with regard to contemplated or initiated criminal proceedings." Subject to the foregoing and to the General Objections, Plaintiff responds as follows: Plaintiff is not a web site plaintiff as defined by Defendant's First Set of Interrogatories

8

with regard to third-party web sites that publish Plaintiff's column "Savage Love." Plaintiff has

not been contacted by federal or state officials with regard to contemplated or initiated criminal

proceedings concerning the sexual content on Plaintiff's website.

INTERROGATORY NO. 10

Identify the number of ACLU members.

RESPONSE TO INTERROGATORY NO. 10

Plaintiff objects to this Interrogatory because it calls for identification of information

not within the possession, custody or control of the Plaintiff. Subject to the foregoing and to the

General Objections, Plaintiff states that he has no information responsive to this request.

INTERROGATORY NO. 11

For each ACLU member, identify the number or proportion of those members who

have children under 17 and use ICF products.

RESPONSE TO INTERROGATORY NO. 11

Plaintiff objects to this Interrogatory because it calls for identification of information

not within the possession, custody or control of the Plaintiff. Subject to the foregoing and to the

General Objections, Plaintiff states that he has no information responsive to this request.

INTERROGATORY NO. 12

Identify the number or proportion of ACLU members who have provided a credit

card number to a website in order to purchase membership, online content, and/or other items for

sale, to make a donation, or to make a reservation (such as a rental car or hotel reservation).

RESPONSE TO INTERROGATORY NO. 12

Plaintiff objects to this Interrogatory because it calls for identification of information not within the possession, custody or control of the Plaintiff. Subject to the foregoing and to the General Objections, Plaintiff states that he has no information responsive to this request.

INTERROGATORY NO. 13

For each website plaintiff, identify a representative sample of webpages on your website which contains material about which you fear prosecution under COPA, as referenced in Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended Complaint that "[P]laintiffs fear prosecution under COPA for communicating, sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO INTERROGATORY NO. 13

Plaintiff objects that this Interrogatory is premature, unreasonably cumulative and duplicative of Document Request No. 1, and calls for identification of information that is in the public domain. Plaintiff also objects that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. Subject to the foregoing and to the General Objections, Plaintiff refers to the web content identified in the Amended Complaint and responds as follows:

Dan Savage's website, www.spreadingsantorum.com, is dedicated entirely to promoting and tracking the use of the word "Santorum," which the site defines as "that frothy mixture of lube and fecal matter that is sometimes the byproduct of anal sex." In addition, Dan Savage is the most widely syndicated sex advice columnist in the United States. Plaintiff's

column consists of letters from readers accompanied by Plaintiff's responses and appears, among others, in the online editions of "Philadelphia Weekly," "the Village Voice" and "The Stranger." The letters and responses routinely include graphic descriptions of sexual acts.  For example:

1)  The edition of "Savage Love" that appeared in the October 19-25, 2005 edition of Philadelphia Weekly (http://www.philadelphiaweekly.com/view.php?id=10766, last viewed October 23, 2005) contains candid and explicit discussions regarding masturbation by a teenage boy, pornography depicting bestiality, an elderly lady's desire to have a more varied sex life with her husband of thirty years, and how to deal with a situation where a woman with a history of abuse asks to playact being raped;

2)  The edition of "Savage Love" that appeared in the October 6-12, 2005 edition of The Stranger (http://www.thestranger.com/seattle/SavageLove?oid=23440, last viewed October 23, 2005) contains candid and explicit discussions regarding overcoming impotence, how to ask your boyfriend to say "nasty things" during sex, and embarrassing moments while losing your virginity.

INTERROGATORY NO. 14

For each website plaintiff, identify a representative sample of webpages on your website which you believe contains material that has serious literary, artistic, political, scientific and/or social value for adults.

RESPONSE TO INTERROGATORY NO. 14

Plaintiff objects to the extent this Interrogatory calls for the identification of information that is neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence.  COPA does not take into

11

account the subjective beliefs of speakers with regard to the content they provide on the Internet. Additionally, under COPA, it is irrelevant whether material has "social value for adults." Plaintiff further objects that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. Plaintiff also objects that this Interrogatory is premature and calls for identification of information that is in the public domain. To the extent this Interrogatory purports to inquire whether Plaintiff believes that any of the webpages on its website are obscene, Plaintiff hereby responds that it does not believe any of its webpages are obscene.

INTERROGATORY NO. 15

For each website plaintiff, identify a representative sample of webpages on your website which you believe contains material that has serious literary, artistic, political, scientific and/or social value for children under 17.

RESPONSE TO INTERROGATORY NO. 15

Plaintiff objects that this Interrogatory calls for the identification of information that is neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. COPA does not take account of the subjective beliefs of speakers with regard to the content they provide on the Internet. In addition, under COPA, it is irrelevant whether speech has "social value for children under 17." Plaintiff further objects that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. Plaintiff objects that this Interrogatory is vague and ambiguous in part because it fails to differentiate between younger and older minors. Additionally, Plaintiff objects

that this Interrogatory is vague and ambiguous to the extent it recites terms of art from COPA.

Plaintiff does not understand the recited terms of art and objects that the Interrogatory calls for

legal conclusions which, pursuant to COPA, are in the first instance made by Defendant.

Plaintiff further objects to the extent this Interrogatory asks Plaintiff to make a non-legal

determination regarding which materials are appropriate for minors during the various stages of

their development. Plaintiff believes that parents, guardians, and other adults responsible for the

care of minors are the only persons who can make that determination.

INTERROGATORY NO. 16

        For each plaintiff's website, identify a representative sample of webpages which you

believe contains material to which children under 17 should not be exposed.

RESPONSE TO INTERROGATORY NO. 16

        Plaintiff objects that this Interrogatory calls for the production of documents that are

neither relevant to the claims and defenses of any party in this action nor reasonably calculated to

lead to the discovery of admissible evidence. COPA does not take account of the subjective

beliefs of speakers with regard to the content they provide on the Internet. Plaintiff further

objects that the phrases used to define "representative sample," including "distribution of

characteristics," "degree of explicitness of sexual content," and "population or universe" are

vague and ambiguous. Plaintiff further objects that the phrase "should not" is vague and

ambiguous. Plaintiff further objects that this Interrogatory is vague and ambiguous in part

because it fails to differentiate between younger and older minors. Plaintiff also objects that this

Interrogatory calls for legal conclusions which, pursuant to COPA, are in the first instance made

by Defendant. Plaintiff further objects that this Interrogatory is irrelevant insofar as it asks

Plaintiff to make a non-legal determination regarding which materials are inappropriate for

minors under the age of 17.  In addition, Plaintiff believes that parents, guardians, and other adults responsible for the care of minors are the only persons who can make that determination.

Dated:  October 28, 2005

Christopher R. Harris
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022-4834

Counsel for Plaintiff

15