IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN CIVIL LIBERTIES UNION, )
et al., )
                                 )
           Plaintiffs, )
                                 )
        v. )          Civil Action No.
                                 )          98-CV-5591
ALBERTO R. GONZALES, in his official )
capacity as Attorney General of the United )
States, )
                                 )
           Defendant. )

## LAWRENCE FERLINGHETTI'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Lawrence

Ferlinghetti ("ACLU Member") responds and objects to Defendant Alberto R. Gonzales's First

Set of Interrogatories ("Interrogatories") as follows:

## GENERAL OBJECTIONS

1.      ACLU Member objects to the Interrogatories to the extent the instructions and demands

therein purport to impose obligations in addition to, beyond, or different from those set

forth in the Federal Rules of Civil Procedure and the Rules of Civil Procedure of the

United States District Court for the Eastern District of Pennsylvania.

2.      ACLU Member objects to the Interrogatories to the extent they call for the identification

or disclosure of information that is neither relevant to the claims and defenses of any

party in this action nor reasonably calculated to lead to the discovery of admissible

evidence.  ACLU Member submits these responses and objections without conceding the

relevance or materiality of the subject matter of any interrogatory.

3.      ACLU Member objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, or duplicative.

4.      ACLU Member objects to the Interrogatories to the extent they call for the identification or disclosure of privileged and protected information including, without limitation, information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for, or other representative of, ACLU Member, contains privileged attorney-client communications or is otherwise protected from disclosure under applicable privileges, laws or rules. ACLU Member hereby claims all such privileges and protections that are implicated by the Interrogatories. Any disclosure of such protected information is inadvertent and is not intended to waive those privileges or protections or any other ground for objection to discovery or use of such information.

5.      ACLU Member objects to the Interrogatories to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information. ACLU Member will produce such information, if requested and not otherwise objectionable, only pursuant to the Protective Order entered in this case (the "Protective Order").

6.      ACLU Member objects to the Interrogatories to the extent they request identification or disclosure of information that is subject to a confidentiality obligation owed to non-parties in the above-captioned action.

7.      ACLU Member objects to the Interrogatories to the extent they call for identification or disclosure of information that is in the public domain, a matter of public record, equally

2

or exclusively within the knowledge or possession of the Defendant, or otherwise routinely accessible to the Defendant.

8.      ACLU Member expressly reserves the right to object to the admissibility at trial of these Responses and Objections or any information identified or disclosed in response to the Interrogatories.  ACLU Member's Responses and Objections and/or the identification or disclosure of any information in response to the Interrogatories are not intended as, and shall not be deemed, an admission or concession of the relevance of any information sought by the Interrogatories.  In addition, ACLU Member's Responses and Objections and/or the identification or disclosure of any information in response to the Interrogatories are not intended to, and shall not waive or prejudice any objections as to the admissibility of any Response, Objection or information or category of responses or information, at trial of this or any other action.

9.      ACLU Member does not concede the existence of potentially responsive documents or that any such documents are in the possession, custody or control of ACLU Member by virtue of any response or objection to an Interrogatory.

10.     ACLU Member objects to the Interrogatories to the extent they assume disputed facts or legal conclusions in defining the information requested.  ACLU Member hereby denies any such disputed facts or legal conclusions assumed by the Interrogatories.  Any response or objection, including any identification or disclosure of information, by ACLU Member with respect to any such Interrogatory is without prejudice to this objection.

11.     ACLU Member objects to the Interrogatories, and to each and every individual interrogatory contained therein, to the extent they call for ACLU Member to identify

3

privileged documents created after the filing of this lawsuit on the grounds that such interrogatories are overly broad and burdensome and not relevant to the claim or defense of any party, and would call for counsel to review all of its files and list most of the documents therein on a privilege log.

12.     ACLU Member objects to the Interrogatories as ambiguous and vague in that they define "representative sample" by using the undefined terms "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe."  ACLU Member interprets "representative sample" to mean "sample."  ACLU Member specifically disavows the suggestion that a "projection of results from the sample to the population or universe" can be extrapolated from the production of this sample.

13.     In responding to the Interrogatories, ACLU Member states that it has conducted a diligent search, reasonable in scope, of those files and records in ACLU Member's possession or control believed to be the most likely to contain information responsive to the Interrogatories and have solicited relevant information from those individuals employed or otherwise affiliated with ACLU Member believed to be the most likely to have information responsive to the Interrogatories.  ACLU Member has not, however, undertaken to search or review all of the files and records in ACLU Member's possession, custody, or control, nor has ACLU Member solicited documents from every individual employed by or otherwise affiliated with every named plaintiff, because to do so would be unduly burdensome and expensive.  In the event, therefore, that additional information, documents, records, or files relevant to any of the Interrogatories are identified or brought to ACLU Member's attention, ACLU Member reserves the right to amend or supplement these responses.

14.    ACLU Member reserves the right to amend or supplement their Responses and
Objections to the Interrogatories as necessary or appropriate as the litigation progresses to
include information which may be discovered during the course of ACLU Member's
continuing investigation or during the course of discovery.

15.    All of the General Objections set forth herein are incorporated into each individual
response set forth below and have the same force and effect as if fully set forth therein.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections and conditions of production, which
apply to each Interrogatory as set forth fully below, ACLU Member responds and objects to the
specific Interrogatories as follows:

INTERROGATORY NO. 1

Identify all witness you intend to call at trial, including the specific website plaintiffs
and expert witnesses you intend to call at trial.

RESPONSE TO INTERROGATORY NO. 1

ACLU Member objects that this Interrogatory is premature.

INTERROGATORY NO. 2

Identify all documents, including webpages, you intend to introduce as evidence in
this litigation.

RESPONSE TO INTERROGATORY NO. 2

ACLU Member objects that this Interrogatory is premature.

INTERROGATORY NO. 3

For each website plaintiff, identify the annual number of visitors to your website.

RESPONSE TO INTERROGATORY NO. 3

ACLU Member objects that this Interrogatory is ambiguous and vague for failing to define "visitors." Subject to the foregoing and the General Objections, ACLU Member responds as follows: From January 1, 2005 through October 17, 2005, there have been 562,471 visitors to ACLU Member's website www.citylights.com (the "City Lights Books website"). In 2004, there were 143,558 visitors to the City Lights Books website. These figures do not necessarily reflect the number of unique visitors to the City Lights Books website. ACLU Member's responses to this Interrogatory are CONFIDENTIAL and subject to the Protective Order.

INTERROGATORY NO. 4

Identify the date copied, as well as the minimum hardware and software requirements and necessary instructions to navigate, search, and fully access each copy of each website plaintiff's website that is provided in response to Request No. 1 of Defendant's First Request for Production of Documents.

RESPONSE TO INTERROGATORY NO. 4

ACLU Member objects that the Request cited in this Interrogatory is unduly burdensome and calls for production of documents or information in the public domain and equally accessible to Defendant. ACLU Member will respond after resolution of the issue concerning Request 1 of Defendant's First Request for the Production of Documents.

INTERROGATORY NO. 5

For each website plaintiff, identify any registration or other gathering of identifying information you ask for, require, or otherwise obtain (including information obtained by cookies, adware, spyware, or third parties) from your visitors to your website, such as name, address, phone number, e-mail address, i.p. address, etc.

RESPONSE TO INTERROGATORY NO. 5

Subject to the General Objections, ACLU Member responds as follows:  ACLU Member does not ask for, require or otherwise obtain any information from visitors to view the City Lights Books website.  To receive a newsletter from City Lights Books, users must provide an email address.  In addition, to make a purchase through the website, users are directed to the PayPal website, where they must enter a name and address.

INTERROGATORY NO. 6

For each website plaintiff, identify, on an annual basis, the number of visitors to your website.

RESPONSE TO INTERROGATORY NO. 6

ACLU Member objects that this Interrogatory is unreasonably cumulative and duplicative of Interrogatory No. 3.  Subject to the General Objections, ACLU Member hereby incorporates the responses and specific objections to Interrogatory No. 3.

INTERROGATORY NO. 7

For each website plaintiff, identify, on an annual basis, the number or proportion of visitors to your website that have provided a credit card number either directly to you or to any third party with whom you have entered into an agreement to operate or maintain credit card transactions with your site.

RESPONSE TO INTERROGATORY NO. 7

ACLU Member objects that this Interrogatory is ambiguous and vague for failing to define "visitors."  Subject to the foregoing and to the General Objections, ACLU Member responds as follows:  ACLU Member does not process any credit card transactions through the City Lights Books website.  Anyone wishing to purchase an item through the website is directed

to the PayPal website, over which ACLU Member has no control. ACLU Member does not have information about how many total Internet users have provided credit card information to PayPal to purchase items from the City Lights bookstore. ACLU Member has information that in May 2005, the website had 58,701 visitors, and 70 purchase orders were made via PayPal. ACLU Member further states that in June 2005, the website had 51,692 visitors, and 57 purchase orders were made via PayPal. ACLU Member has no information about how many of these orders were made with a credit card. ACLU Member's responses to this Interrogatory are CONFIDENTIAL and subject to the Protective Order.

INTERROGATORY NO. 8

For each website plaintiff, identify the number and value of charge-backs to issuing banks of credit cards and the reason offered by the cardholder for the chargeback, including unauthorized use by a minor.

RESPONSE TO INTERROGATORY NO. 8

Subject to the General Objections, ACLU Member responds as follows: ACLU Member does not process any credit card transactions through the City Lights Books website. Anyone wishing to purchase an item through the website is directed to the PayPal website, over which ACLU Member has no control. ACLU Member does not have information about how many, if any, chargebacks have occurred, but is not aware of any chargebacks that have occurred.

INTERROGATORY NO. 9

For each website plaintiff, identify all federal or state threats of prosecution concerning the sexual content on that ACLU Member's website and the particular webpages containing the material upon which those threats of prosecution were directed.

8

RESPONSE TO INTERROGATORY NO. 9

ACLU Member objects that this Interrogatory is vague and overly broad for failing to define "federal or state threats of prosecution." For purposes of responding to this Interrogatory, ACLU Member interprets the phrase "federal or state threats of prosecution" to mean "having been contacted by federal or state officials with regard to contemplated or initiated criminal proceedings." Subject to the foregoing and to the General Objections, ACLU Member responds as follows: ACLU Member has not been contacted by federal or state officials with regard to contemplated or initiated criminal proceedings concerning the sexual content on ACLU Member's website.

INTERROGATORY NO. 10

Identify the number of ACLU members.

RESPONSE TO INTERROGATORY NO.10

ACLU Member objects to this Interrogatory because it calls for identification of information not within the possession, custody or control of the ACLU Member. Subject to the foregoing and to the General Objections, ACLU Member states that it has no information responsive to this request.

INTERROGATORY NO. 11

For each ACLU member, identify the number or proportion of those members who have children under 17 and use ICF products.

RESPONSE TO INTERROGATORY NO. 11

ACLU Member objects to this Interrogatory because it calls for identification of information not within the possession, custody or control of the ACLU Member. ACLU Member further objects to the extent this Interrogatory calls for the identification of information

9

that is neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and to the General Objections, ACLU Member responds as follows: ACLU Member does not have any children under the age of 17. ACLU Member has no information responsive to this request for other ACLU members.

INTERROGATORY NO. 12

Identify the number or proportion of ACLU members who have provided a credit card number to a website in order to purchase membership, online content, and/or other items for sale, to make a donation, or to make a reservation (such as a rental car or hotel reservation).

RESPONSE TO INTERROGATORY NO. 12

ACLU Member objects to this Interrogatory because it calls for identification of information not within the possession, custody or control of the ACLU Member. ACLU Member further objects to the extent this Interrogatory calls for the identification of information that is neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and to the General Objections, ACLU Member responds as follows: To the best of his recollection, ACLU Member has not provided a credit card to any websites. ACLU Member has no information responsive to this request for other ACLU members.

INTERROGATORY NO. 13

For each website plaintiff, identify a representative sample of webpages on your website which contains material about which you fear prosecution under COPA, as referenced in Paragraph 2 in the section titled "The Impact of COPA on ACLU Members" on page 24 of the Amended Complaint that "[P]laintiffs fear prosecution under COPA for communicating,

10

sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO INTERROGATORY NO. 13

ACLU Member objects that this Interrogatory is unreasonably cumulative and duplicative of Document Request No. 1, and calls for identification of information that is in the public domain. ACLU Member also objects that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. ACLU Member further objects that this Interrogatory calls for legal conclusions and is premature. Subject to the foregoing and to the General Objections, ACLU Member refers Defendant to the web content identified in the Amended Complaint and responds as follows: Examples of material that might be deemed "harmful to minors" by some community in the United States include:

1) The City Lights Books website has a section with a history of the "Howl" obscenity trial and photographs from the trial, located at http://www.citylights.com/His/CLhowl.html;

2) ACLU Member's work, which is available on a variety of poetry sites on the web, including the City Lights Books website.

INTERROGATORY NO. 14

For each website plaintiff, identify a representative sample of webpages on your website which you believe contains material that has serious literary, artistic, political, scientific and/or social value for adults.

11

RESPONSE TO INTERROGATORY NO. 14

ACLU Member objects to the extent this Interrogatory calls for the identification of information that is neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. COPA does not take into account the subjective beliefs of speakers with regard to the content they provide on the Internet. Additionally, under COPA, it is irrelevant whether material has "social value for adults." ACLU Member further objects that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. ACLU Member also objects that this Interrogatory is premature and calls for identification of information that is in the public domain. To the extent this Interrogatory purports to inquire whether ACLU Member believes that any of the webpages on its website are obscene, ACLU Member hereby responds that it does not believe any of its webpages are obscene.

INTERROGATORY NO. 15

For each website plaintiff, identify a representative sample of webpages on your website which you believe contains material that has serious literary, artistic, political, scientific and/or social value for children under 17.

RESPONSE TO INTERROGATORY NO. 15

ACLU Member objects that this Interrogatory calls for the identification of information that is neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. COPA does not take account of the subjective beliefs of speakers with regard to the content they provide on the Internet. In addition, under COPA, it is irrelevant whether speech has "social value for children

under 17." ACLU Member further objects that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. ACLU Member objects that this Interrogatory is vague and ambiguous in part because it fails to differentiate between younger and older minors. Additionally, ACLU Member objects that this Interrogatory is vague and ambiguous to the extent it recites terms of art from COPA. ACLU Member does not understand the recited terms of art and objects that the Interrogatory calls for legal conclusions which, pursuant to COPA, are in the first instance made by Defendant. ACLU Member further objects to the extent this Interrogatory asks ACLU Member to make a non-legal determination regarding which materials are appropriate for minors during the various stages of their development. ACLU Member believes that parents, guardians, and other adults responsible for the care of minors are the only persons who can make that determination.

<u>INTERROGATORY NO. 16</u>

For each plaintiff's website, identify a representative sample of webpages which you believe contains material to which children under 17 should not be exposed.

<u>RESPONSE TO INTERROGATORY NO. 16</u>

ACLU Member objects that this Interrogatory calls for the production of documents that are neither relevant to the claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. COPA does not take account of the subjective beliefs of speakers with regard to the content they provide on the Internet. ACLU Member further objects that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. ACLU Member further objects that the phrase "should not"

13

is vague and ambiguous.  ACLU Member further objects that this Interrogatory is vague and

ambiguous in part because it fails to differentiate between younger and older minors.  ACLU

Member also objects that this Interrogatory calls for legal conclusions which, pursuant to COPA,

are in the first instance made by Defendant.  ACLU Member further objects that this

Interrogatory is irrelevant insofar as it asks ACLU Member to make a non-legal determination

regarding which materials are inappropriate for minors under the age of 17.  In addition, ACLU

Member believes that parents, guardians, and other adults responsible for the care of minors are

the only persons who can make that determination.


Dated:  October 28, 2005


Christopher R. Harris
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022-4834

Counsel for ACLU Member

## VERIFICATION

I, Lawrence Ferlinghetti, hereby affirm that I have read the foregoing Objections and Responses to Defendant Alberto R. Gonzales' First Set of Interrogatories, and that the responses are true and correct to the best of my knowledge, information, and belief.

Dated: October 28, 2005

Lawrence Ferlinghetti