Christopher R. Harris
Direct Dial: (212) 906-1880

LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200  Fax: (212) 751-4864
www.lw.com

FIRM / AFFILIATE OFFICES

| Boston | New York |
| Brussels | Northern Virginia |
| Chicago | Orange County |
| Frankfurt | Paris |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| New Jersey | Washington, D.C. |

November 17, 2005

**VIA FEDERAL EXPRESS & ELECTRONIC MAIL**

Raphael O. Gomez, Esq.
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W. Suite 6144
Washington, D.C. 20530

      Re:    *ACLU, et al, v. Attorney General Alberto R. Gonzales*,
            Docket # 02:98-CV-05591-LR

Dear Mr. Gomez:

    This is in response to your letter of November 3, addressed to Aden Fine. As you know, the first Request of Defendant's First Set of Requests for the Production of Documents asks Plaintiffs to produce "each website plaintiff's entire website." The instructions accompanying this Request require each Plaintiff to provide a copy of its entire website "in such a format so as to allow navigation through your entire website." We have since discussed with you the technical difficulties inherent in responding to this Request. In none of those conversations did we indicate that we would "provide backup copies of certain of the plaintiffs' websites," as you asserted in your November 3rd letter. In fact, we expressed our inability to provide backup copies of all the websites and repeatedly questioned the relevance of the Request even for those Plaintiffs who do have backups.

    Requiring Plaintiffs to create materials to be produced in response to a document request is beyond the scope of permissible discovery. Thus, Plaintiffs are not obligated to create any materials that did not already exist as of the date of Defendant's First Set of Requests for the Production of Documents, August 26, 2005. Several of the Plaintiffs do not make full backup copies of their websites in the ordinary course of business, or only backup certain portions of their websites. To the best of our understanding, none of the Plaintiffs possesses a backup copy of its website that will easily "allow navigation" as per Defendant's Request. To the extent that an individual Plaintiff does not keep a backup copy of its website that conforms with Request Number 1, it is under no obligation to create, and will not create, a new backup for the purposes of this litigation.

    In addition, Plaintiffs are not required to respond to Requests for which the requested documents are equally accessible to Defendant because they are available in the public domain. Plaintiffs' websites are, with minor exceptions, equally accessible to Defendant and to the public at large. Where an individual Plaintiff's website contains a password-protected section, as is the case for Plaintiffs Salon, Heather Corinne Rearick, and Nerve, Plaintiffs have indicated a

LATHAM&WATKINS LLP

willingness to provide Defendant with a username and password to allow Defendant to access those non-public areas.

Even assuming that some form of website backup existed as of the date of Plaintiffs' response and the information sought was not in the public domain on that date, as we have explained to you, there are significant obstacles to producing backup copies of Plaintiffs' websites in navigable form. Overcoming these obstacles would impose an unreasonable burden on many Plaintiffs because it would require, among other things, the retention of consultants and the purchase of software. For example, at least one Plaintiff, Heather Corinne Rearick, only possesses backup copies of some of the static content on her websites. Plaintiffs Dan Savage and Sexual Health Network do not possess any backup copies of their websites. Several Plaintiffs, such as Condomania, Powell's and Free Speech Media, only archive the databases and/or templates underlying their websites. The backup copy of ACLU member Lawrence Ferlinghetti's website contains content not available on the website.

For the Plaintiffs that do have a navigable backup of their websites, you will not be able to view the backups unless you are using the same kind of server the Plaintiff used when creating the backup. We understand that over 100 kinds of servers exist. For example, A Different Light Bookstores runs its website on a ColdFusion server. The backup copy of its website is only viewable on a computer running a ColdFusion server.

We have previously discussed with you computer programs designed to copy and later make accessible portions of websites, including the computer program Onfolio. You discussed the technical shortcomings of this computer program and its competitors in your November 3rd letter. We understand the limitations of Onfolio and its competitors. We understand that Onfolio and similar computer programs were not designed to capture the entirety of websites as large and complex as many of the Plaintiffs' websites. In particular, this kind of computer software does not consistently capture dynamic content, JavaScript and embedded PHP. We suggested this kind of software merely as a courtesy with the hope that you would find it adequate.

While you have been adamant about your need for these navigable backups, you have not disclosed why you need them. We do not understand your insistence on this particular format, the purpose underlying this Request, or the implicit assumption that Plaintiffs can easily respond to this Request. For Plaintiffs who do not possess a navigable backup copy of their website, the difficulties faced by Plaintiffs and Defendant in providing a navigable version of the website are substantially the same. Plaintiffs can use software such as Onfolio, as can Defendant. Plaintiffs can print screen shots of every page on their websites, as can Defendant. Plaintiffs can hire an outside expert to address the request, as can Defendant.

Defendant apparently believes that Plaintiffs' response to this Request will contain information that Defendant is otherwise unable to obtain. We have been unable to discern from the Request itself or from our conversations with you the nature or relevance of this additional information. For example, if Defendant seeks copies of individual Plaintiff websites to establish the authenticity of exhibits at trial, we anticipate that we would be able to stipulate to their authenticity. If Defendant seeks the backups to support an argument based on the "as a whole"

**LATHAM&WATKINS**LLP

language in COPA, then much of the material you seek beyond that which is publicly available is irrelevant. In addition, because the websites change very frequently, a complete navigable copy of a website on October 28, 2005 at 9:00 AM does nothing but establish the "whole" of the website as of that time and not as of any other time.

Because we cannot discern the scope of or reason for Defendant's Request, we are unable to propose a practicable alternative that might satisfy Defendant's concerns. To the extent Defendant is able to explain why this information is in fact relevant to this case, Plaintiffs remain open to alternate solutions.

We hope the foregoing information is helpful and will launch productive conversations on this topic.

Best regards,

*Christopher Harris /gw*

Christopher R. Harris
of LATHAM & WATKINS LLP