UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN CIVIL LIBERTIES UNION, et al.

                    Plaintiffs,

v.

ALBERTO R. GONZALES, in his official capacity as
ATTORNEY GENERAL OF THE UNITED STATES

                      Defendant.

Civil Action No. 98-CV-5591

**PLAINTIFF AMERICAN CIVIL LIBERTIES UNION'S INITIAL INTEROGATORIES TO ALBERTO R. GONZALES, IN HIS CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES**

**PLEASE TAKE NOTICE** that the undersigned, Latham & Watkins, of counsel to the Plaintiff American Civil Liberties Union Foundation, in accordance with *Fed. R. Civ. P.* 33 hereby requests and demands that Alberto R. Gonzales, in his capacity as Attorney General of the United States, answer the following Interrogatories within 30 days of the date of service. Responses should be sent to the offices of Latham and Watkins, LLP, of counsel to Plaintiff American Civil Liberties Union Foundation ("ACLU"), addressed as follows:

        Latham & Watkins, LLP
        885 Third Avenue
        New York, NY 10022

## DEFINITIONS

As used herein:

A.    "Child Online Protection Act" or "COPA" means 47 U.S.C. § 231.

B.    "Misleading Domain Name Statute" means 18 U.S.C. § 2252B.

C.    Any term in the singular shall be deemed to include the plural where appropriate and vice versa.

D.  All terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include in the response any information that might be deemed non-responsive by any other construction.

E.  "Identify," "identity," or "identification" means, when used in reference to:

(1) a natural person, his or her:
   (a) full name;
   (b) home address;
   (c) business address; and
   (d) present or last known position, business affiliation, and job title or description.

(2) a company, corporation, association, partnership, or any legal entity other than a natural person:
   (a) its full name;
   (b) a description of the type of organization or entity;
   (c) the address of its principal place of business;
   (d) the jurisdiction of its incorporation or organization; and
   (e) the date of its incorporation or organization.

(3) a document:
   (a) its description (for example, letter, memorandum, report, etc.);
   (b) its title;
   (c) its date;
   (d) the number of pages thereof;
   (e) its subject matter;
   (f) the identity of its author, signer, and any person who participated in its preparation;
   (g) the identity of its addressee or recipient;

 (h) the identity of each person to whom copies were sent and each person by whom copies were received;

 (i) its present location; and

 (j) the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

(4) an oral communication:

 (a) the date and time when it occurred;

 (b) the place where it occurred;

 (c) the complete substance of the communication;

 (d) the identity of each person:

  (1) to whom such communication was made;

  (2) by whom such communication was made; and

  (3) who was present when such communication was made.

 (e) if by telephone:

  (1) the identity of each person:

   (A) who made each phone call;

   (B) who participated in each call;

  (2) the place where each person participating in each call was located;

 (f) the identity of all documents memorializing, referring or relating in any way to the subject matter of the communication.

(5) a meeting or conference:

 (a) the date and time when it occurred;

 (b) the place where it occurred;

 (c) the subject of the meeting or conference;

 (d) the identity of each person:

  (1) in attendance;

3

    (2)  by who participated in the meeting or conference;

    (3)  who assisted in preparations for the meeting or conference.

  (e)  if by telephone or video:

    (1)  the identity of each person:

      (A)  who made each phone call;

      (B)  who participated in each call;

    (2)  the place where each person participating in each call or video conference was located;

  (f)  the identity of all documents memorializing, referring or relating in any way to the subject matter of the meeting or conference.

F.  "Concerning" means relating to, referring to, describing, evidencing or constituting.

G.  "Person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

H.  "You," "your," "Department of Justice", "DOJ", and "Alberto R. Gonzales" mean Alberto R. Gonzales in his official capacity as Attorney General of the United States, the United States Department of Justice, its agents, employees and all persons acting on its behalf, including each respective United States Attorney's office.

I.  "United States" or "U.S." means the government of the United States, its agents, officers and employees.

J.  "Local" in reference to government means any governmental entity beneath the State level including, without limitation: counties, municipalities, cities, town, townships, villages, local public authorities, school districts, special districts, intra-State districts, councils of government (whether or not incorporated as a nonprofit corporation under State law), or any other regional or interstate government entity.

K.  "Communication" means any written or verbal communication or other statement from one person to another including, without limitation, any letter, electronic mail, facsimile, interview, conference, meeting or telephone conversation.

L.  "Computer files" means information stored in, or accessible through, computer or other information retrieval systems. This includes documents that exist in machine-readable form including, without limitation: documents stored in personal computers, portable computers, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage.

M.  "Document" means all communications, computer files and written, recorded and graphic materials of every kind including, without limitation: electronic mail messages; electronic correspondence; drafts of documents; metadata and other bibliographic or historical data describing or relating to documents created, revised, or distributed on computer systems; copies of documents that are not identical duplicates or the originals; and copies of documents the originals of which are not in your possession, custody or control.

N.  "Internet" means the combination of computer facilities and electromagnetic transmission media, and related equipment and software, comprising the interconnected worldwide network of computer networks that employ the Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information.

O.  "Internet Service Provider" or "ISP" means a person, corporation or entity that provides access to the Internet.

P.  "Web site" means a set of interconnected Web pages which are prepared and maintained as a collection of information on the Internet.

Q. "Web page" means a document with text, images or other content that is available on the Internet.

R. "Age Verification Service" or "AVS" means any technological product, download, software, hardware, service in any medium that is used to verify the age of any person attempting to access content on the Internet including, without limitation: the use of a credit card, debit account, adult access code, or adult personal identification number.

S. "ICF Product" means a technological filtering product, download, service, whether software, hardware or other medium that is used to filter, restrict, or limit access to content on the Internet, that is either installed on the computer or network of the end-user or computers or networks of an ISP, that has been marketed, sold, or distributed between June 12, 1996 and the present.

## INSTRUCTIONS

A. Pursuant to *Fed. R. Civ. P.* 30, you are to furnish all information available to you, and to your agents and employees, in answering the following Interrogatories. You are to designate which of such information is not within your personal knowledge, and as to that information you are to state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document including its location.

B. If you cannot answer in full any one or more of the following Interrogatories, including subparts thereof, after exercising due diligence to secure the information requested:

    a. Clearly state your inability to answer the interrogatory in full;

    b. Answer the interrogatory or subpart to the extent possible;

    c. Specify your inability to answer the remainder; and

    d.    State whatever information or knowledge you have concerning the unanswered portion, including, without limitation, the identity of each document containing material that reasonably might lead to discovery of the information sought, and the identity of each person who you believe may have knowledge concerning the information sought.

C.    If any information required to answer any Interrogatory is withheld because you claim such information is privileged or is contained in a privileged document and/or communication, provide a statement of the claim of privilege and all facts relied upon in support thereof and the paragraph of the Interrogatory to which the privileged information is responsive.

D.    Whenever an Interrogatory herein requires you to describe an act or action, omission, meeting, conference, discussion, occurrence, happening, instance or event, you are to provide a full description thereof, including a statement setting forth:

    a.    the date and place thereof;

    b.    the identity of each oral communication involved and each document that refers to or that was prepared or made during the course thereof or as a consequence thereof; and

    c.    the identity of all persons who were witnesses or participants.

E.    Whenever an Interrogatory calls for information with respect to "each" one of a particular type or class of matters, events, persons, or entities, of which there is more than one, you are requested to separately list, set forth, or identify for each one all of the information called for.

F.    These Interrogatories shall be deemed continuing so as to require further supplementation in the event that the you or any attorney, agent or representative working on your behalf

obtains or discovers additional information or documents between the time of the initial response and the time of trial.

## INTERROGATORIES

A. Identify all persons whom you expect to call at trial as expert witnesses and for each expert set forth the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds for each such opinion, and identify and attach hereto true copies of any and all documents reviewed or relied upon by the expert in forming his or her opinion.

B. Identify all persons employed by the DOJ responsible for bringing prosecutions under laws proscribing or regulating the production, distribution, or possession of material considered to be obscene.

C. Identify all persons employed by the DOJ responsible for bringing prosecutions under laws proscribing or regulating the production, distribution, or possession of material considered to be harmful or potentially harmful to minors but not obscene.

D. Identify all persons employed by the DOJ responsible for the selection of ICF Products and services used by the DOJ.

E. Identify all ICF Products considered or tested by the DOJ for use in DOJ offices.

F. Set forth the substance of any oral communications, meetings or telephone or video conferences regarding the installation of ICF Products employed by the DOJ.

G. Identify any "digital certificate" within the meaning of COPA known to you that can be used to verify age.

H. Identify any "other reasonable measures that are feasible under available technology" within the meaning of section 231(c)(1)(C) of COPA that can be used as a successful affirmative defense to prosecution under COPA under section 231(a)(1).

I.  Identify any AVS products known to you that can be used to establish a successful affirmative defense within the meaning section 231(c) of COPA to prosecution under section 231(a)(1) of COPA.

J.  Identify any meetings, phone calls, and telephone or video conferences concerning COPA, attended by DOJ employees, that included any person not employed by the DOJ.

K.  Identify any meetings, phone calls, oral communications, and telephone or video conferences concerning AVS products.

L.  Identify any meetings, phone calls, oral communications, and telephone or video conferences concerning ICF Products.

M.  Identify any meetings, phone calls, oral communications, and telephone or video conferences concerning the Misleading Domain Name Statute.

N.  Identify any meetings, phone calls, oral communications, and telephone or video conferences concerning the interpretation or enforcement of state, Local, or federal laws proscribing or regulating the production, distribution, or possession of material considered harmful or potentially harmful to minors but not obscene, attended by DOJ employees, that included any person not employed by the DOJ.

O.  Identify any forms of speech available on the Internet that are not covered by COPA because they do not employ Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information.

P.  Identify any speech on the Internet that is "harmful to minors" under the definition in COPA but not obscene.

Q.  State whether any speech on the Plaintiffs' web sites is "harmful to minors" under the definition in COPA and identify any such speech.

R.  Identify each person who participated in the preparation of answers to these Interrogatories.

Dated: New York, New York
       August 26, 2005

LATHAM & WATKINS LLP

By _____
   Christopher R. Harris

885 Third Avenue
Suite 1000
New York, New York  10022
Tel.: (212) 906-1200
Fax: (212) 751-4864

*Of Counsel to Plaintiff American Civil Liberties Union Foundation*

To: Karen Stewart, Esq
    U.S. Department of Justice
    Civil Division (Federal Programs Branch)
    20 Massachusetts Ave, N.W.
    Suite 7200
    Washington, DC 20530