IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION,** *et al.,* | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **ALBERTO R. GONZALES**, in his official capacity as Attorney General of the United States, | ) ) ) ) |
| **Defendant.** | ) ) ) |

Civil Action No. 98-CV-5591

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

The Defendant, Alberto R. Gonzales, in his official capacity as Attorney General of the United States, hereby submits his objections and responses to Plaintiffs' Requests for Production of Documents.

### General Objections

1. Defendant objects to each Request to the extent that it seeks information which exceeds the scope of discovery as set forth in Fed. R. Civ. P. 26(b).

2. Defendant objects to the Requests to the extent that they could be construed as seeking information protected by the attorney-client privilege, attorney work-product doctrine, law enforcement privilege, deliberative process privilege, and/or any other applicable privilege, and asserts the protection(s) provided in the foregoing privileges and doctrines to the fullest extent permitted by law. Defendant does not waive any applicable privilege through the inadvertent disclosure of any otherwise privileged information in response to these Requests.

-2-

3. Defendant objects to the Requests to the extent that they could be construed as seeking information from a system of records protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or might otherwise invade personal privacy.

4. Defendant objects to the Requests to the extent that they are duplicative and cumulative and seek information that has already been provided to Plaintiff by Defendant, or request publicly available information or information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome and/or less expensive.

5. Defendant objects to the Requests on grounds of overbreadth and undue burden, particularly in that they purport to require Defendant to respond with respect to multiple offices within the United States Department of Justice, United States Attorney's Offices, and field offices of the Federal Bureau of Investigation, and in that they do not place any reasonable temporal limitation on the scope of the response that they purport to require from Defendant. Due to this overbreadth and burden, Defendant has not yet completed the search for and review of responsive documents. Defendant reserves the right to supplement his response and assert additional objections should Defendant discover additional information or grounds for objections.

6. Defendant objects to the Instructions set forth in the Requests to the extent that they improperly expand, alter or modify the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

7. Defendant objects to the Requests on the grounds that the manner in which they are worded, when read with their definitions and instructions, are so vague, broad, general

-3-

and all-inclusive that they do not permit a proper or reasonable response and are therefore unduly burdensome.

8. The foregoing objections are incorporated in each of the responses set forth below as if the same had been repeated in full and neither are limited nor waived by the recital of similar or different objections in each of the responses, nor by the provision of information – in addition to the objections – in any of the responses.

<u>Responses to Requests for Production of Documents</u>

A.    All documents concerning the constitutionality of COPA.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrase "concerning the constitutionality of COPA," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search many offices of the Department of Justice for documents that are related in any way to the constitutionality of COPA.  Defendant also objects that this Request addresses the ultimate legal question to be decided by the Court and that any documents in the possession of the Department of Justice regarding the constitutionality of COPA are irrelevant to the Court's legal determination, and, therefore, not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

B.    All documents concerning the interpretation or enforcement of state, Local and federal obscenity laws including, without limitation, documents concerning:

1)    content determined to be obscene under such laws;
2)    documents initiating prosecution under such laws;

-4-

   3)    the results of such prosecution; and

   4)    content reviewed for possible prosecution, but which did not result in prosecution.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrase "interpretation or enforcement of state, Local and federal obscenity laws," that it is unduly burdensome in that it seeks to require Defendant to search every United States Attorney's office and many offices of the Department of Justice for documents relating in any way to the enforcement of federal, state and local obscenity laws, that it seeks information in a format not ordinarily maintained by the Department of Justice, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.  Defendant further objects to the extent that this request calls for the production of documents protected from disclosure under the Privacy Act and the privilege protecting against the disclosure of personal information, as well as 18 U.S.C. § 3509, and the production of materials that are contraband, and thus, under 18 U.S.C. § 2252, may not lawfully be reproduced or distributed.  Subject to and without waiving any objections, Defendant is providing with this response non-privileged documents that he understands to be responsive to this Request that have been located.

      C.    Documents sufficient to identify the resources expended by you or the United States over the last ten years on obscenity prosecutions including, without limitation, money appropriated and spent, hours worked, and number of government employees involved, by year.

-5-

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrase "resources expended," that it is overly broad, that it is unduly burdensome in that it seeks information in a format not ordinarily maintained by the Department of Justice and thus requires a burdensome and expensive search, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to the production of records relating to the number of hours worked on, and/or number of government employees involved in, obscenity prosecutions under the law enforcement privilege.  Subject to and without waiving any objections, Defendant is providing with this response non-privileged documents that he understands to be responsive to this Request that have been located.

> D.    All documents concerning procedures, guidelines or policies governing the
> initiation of an obscenity prosecution by a United States Attorney.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrase "governing the initiation," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search every United States Attorney's office and many offices of the Department of Justice for documents that may relate to procedures for the initiation of an obscenity prosecution, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.  Defendant further objects that this Request appears to call for the production of the United States Attorney's

-6-

Manual, which is a publicly available document. Subject to and without waiving any objections,

Defendant is providing with this response non-privileged documents that he understands to be

responsive to this Request that have been located.

E.      All documents concerning the interpretation or enforcement of state, Local, or
        federal laws proscribing or regulating the production, distribution, or possession
        of material considered harmful or potentially harmful to minors but not obscene
        including, without limitation, documents concerning:

        1)      content determined to be harmful to minors under such laws;
        2)      documents initiating prosecution under such laws:
        3)      documents detailing the results of such prosecutions; and
        4 )     content reviewed for possible prosecution, but which did not result in
                prosecution.

Defendant incorporates his General Objections by reference. Defendant further objects

that this Request is vague in its use of the phrase "interpretation or enforcement of state, Local

and federal laws" and the undefined phrase "harmful or potentially harmful to minors but not

obscene," that it is overly broad, that it is unduly burdensome in that it seeks to require

Defendant to search every United States Attorney's office of many offices of the Department of

Justice for any documents relating to the interpretation of various undefined federal, state, or

local laws, and that it seeks information that is not relevant to the claim or defense of any party

and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also

objects that this Request seeks the production of documents protected by the attorney-client

privilege, the attorney work product doctrine, the deliberative process privilege, and the law

enforcement privilege.

F.      Documents sufficient to identify the resources expended by you or the United
        States over the last ten years on prosecutions under laws proscribing or regulating
        the production, distribution, or possession of material considered harmful or
        potentially harmful to minors but not obscene including, without limitation,

-7-

money appropriated and spent, hours worked, and number of government
employees involved, by year.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Request is vague in its use of the phrase "resources expended" and the undefined phrase

"harmful or potentially harmful to minors but not obscene," that it is overly broad, that it is

unduly burdensome in that it seeks information in a format not ordinarily maintained by the

Department of Justice and thus requires a burdensome and expensive search, and that it seeks

information that is not relevant to the claim or defense of any party and not reasonably calculated

to lead to the discovery of admissible evidence.  Defendant also objects to the production of

records relating to the number of hours worked on, and/or number of government employees

involved in, obscenity prosecutions under the law enforcement privilege.

G.     All documents concerning procedures, guidelines or policies governing the
       initiation of a prosecution under laws proscribing or regulating the production,
       distribution, or possession of material considered harmful or potentially harmful
       to minors but not obscene by a United States Attorney.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Request is vague in its use of the phrase "governing the initiation" and the undefined

phrase "harmful or potentially harmful to minors but not obscene," that it is overly broad, that it

is unduly burdensome in that it seeks to require Defendant to search every United States

Attorney's office and many offices of the Department of Justice for documents that may relate to

procedures for the initiation of a prosecution in cases relating to material that is harmful to

minors, and that it seeks information that is not relevant to the claim or defense of any party and

not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects

that this Request seeks the production of documents protected by the attorney-client privilege, the

-8-

attorney work product doctrine, the deliberative process privilege, and the law enforcement

privilege. Defendant further objects that this Request appears to call for the production of the

United States Attorney's Manual, which is a publicly available document.

> H.    All documents concerning the criteria or standards used to identify material
>        considered harmful or potentially harmful to minors but not obscene under state,
>        Local and federal law.

Defendant incorporates his General Objections by reference. Defendant further objects

that this Request is vague and ambiguous in its use of the undefined phrase "harmful or

potentially harmful to minors but not obscene under state, local and federal law," that it is unduly

burdensome in that it seeks to require Defendant to search every United States Attorney's office

and many offices of the Department of Justice for material relating to the criteria for identifying

material "considered harmful or potentially harmful to minors but not obscene" under multiple

undefined federal, state, or local laws. Defendant also objects that this Request seeks

information that is not relevant to the claim or defense of any party and not reasonably calculated

to lead to the discovery of admissible evidence. Defendant also objects that this Request seeks

the production of documents protected by the attorney-client privilege, the attorney work product

doctrine, the deliberative process privilege, and the law enforcement privilege.

> I.    All documents concerning communications within the Department of Justice or
>        communications between you and any other United States governmental body or
>        any international organization, law enforcement agency, coalition or foreign
>        government regarding materials that are harmful or potentially harmful to minors
>        but not obscene.

Defendant incorporates his General Objections by reference. Defendant further objects

that this Request is vague in its use of the undefined phrase "harmful or potentially harmful to

minors but not obscene," that it is overly broad, that it is unduly burdensome in that it seeks to

-9-

require Defendant to interview the employees of many offices within the Department of Justice to determine any communications that might have been held with other United States or foreign governmental bodies, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.

      J.     All documents regarding the extraterritorial or potential extraterritorial application of internet gaming statutes or regulations.

Defendant incorporates his General Objections by reference. Defendant further objects that this Request is vague in its use of the phrase "potential extraterritorial application," that it is overly broad, that it is unduly burdensome in that it seeks information in a format not ordinarily maintained by the Department of Justice. Defendant also objects that this Request seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that the subject matter of this Request is purely a question of law and, as such, is improper.

      K.     All documents regarding the extraterritorial or potential extraterritorial application of anti-spam statutes or regulations.

Defendant incorporates his General Objections by reference. Defendant further objects that this Request is vague in its use of the phrase "potential extraterritorial application," that it is overly broad, that it is unduly burdensome in that it seeks information in a format not ordinarily maintained by the Department of Justice. Defendant also objects that this Request seeks information that is not relevant to the claim or defense of any party and not reasonably calculated

-10-

to lead to the discovery of admissible evidence.  Defendant also objects that the subject matter of

this Request is purely a question of law and, as such, is improper.

      L.      All documents regarding the extraterritorial or potential extraterritorial application
           of internet obscenity statutes or regulations.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Request is vague in its use of the phrase "potential extraterritorial application," and

"internet obscenity statutes or regulations," that it is overly broad, that it is unduly burdensome in

that it seeks information in a format not ordinarily maintained by the Department of Justice.

Defendant also objects that this Request seeks information that is not relevant to the claim or

defense of any party and not reasonably calculated to lead to the discovery of admissible

evidence.  Defendant also objects that the subject matter of this Request is purely a question of

law and, as such, is improper.

      M.     All documents concerning the extraterritorial or potential extraterritorial
            application of COPA.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Request is vague in its use of the phrase "potential extraterritorial application," that it is

overly broad, that it is unduly burdensome in that it seeks to require Defendant to search every

office within the Department of Justice for any documents relating to the potential extraterritorial

application of COPA.  Defendant also objects that this Request seeks information that is not

relevant to the claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence.  Defendant also objects that the subject matter of this Request

is purely a question of law and, as such, is improper.

-11-

N.    All documents concerning material posted to or placed on the Internet by a person outside the United States that is harmful or potentially harmful to minors but not obscene including, without limitation, documents concerning the rationale for concluding such material or content is harmful or potentially harmful to minors but not obscene.

Defendant incorporates his General Objections by reference. Defendant further objects that this Request is vague in its use of the undefined phrase "harmful or potentially harmful to minors but not obscene," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search every United States Attorney's office and many offices within the Department of Justice to locate any documents relating to material on the Internet that is "harmful or potentially harmful to minors but not obscene." Defendant also objects that this Request seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.

O.    All documents concerning material posted to or placed on the Internet by a computer or server outside of the United States that is harmful or potentially harmful to minors but not obscene including, without limitation, documents concerning the rationale for concluding such material or content is harmful or potentially harmful to minors but not obscene.

Defendant incorporates his General Objections by reference. Defendant further objects that this Request is vague in its use of the undefined phrase "harmful or potentially harmful to minors but not obscene," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search every United States Attorney's office and many offices within the Department of Justice to locate any documents relating to material on the Internet that is

-12-

"harmful or potentially harmful to minors but not obscene." Defendant also objects that this Requests asks for documents that are publicly available and may be obtained by Plaintiffs through other sources. Defendant also objects that this Request seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.

P. All documents concerning material determined by the Department of Justice to be harmful to minors but not obscene including, without limitation, all documents reflecting the content of such material and all documents concerning the rationale for that conclusion.

Defendant incorporates his General Objections by reference. Defendant further objects that this Request is vague in its use of the phrase "determined by the Department of Justice" and the undefined phrase "harmful to minors but not obscene," that it is overly broad, that it is unduly burdensome to the extent it seeks to require Defendant to search every United States Attorney's office and many offices within the Department of Justice for any documents relating to material that is harmful to minors but not obscene. Defendant also objects that this Request seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.

Q. All documents concerning community standards or criteria regarding what is harmful to minors including, without limitation, geographic variations in community standards or what is harmful or potentially harmful to minors but not obscene.

-13-

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the undefined phrases "harmful to minors" and "harmful or potentially harmful to minors but not obscene," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search every United States Attorney's office and many offices within the Department of Justice for any documents relating to community standards, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.

R.     All documents concerning the possible effects of COPA including, without limitation, documents concerning:

1)     the quantity and nature of material on the Internet that is obscene;
2)     the quantity and nature of material on the Internet that is harmful or potentially harmful to minors but not obscene; and
3)     the quantity and nature of material on the Internet that is not harmful to minors.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrases "possible effects" and "quantity and nature of material," as well as the undefined phrases "harmful or potentially harmful to minors but not obscene" and "not harmful to minors," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search many offices within the Department of Justice for documents relating to any such "possible effects" of COPA.  Defendant also objects that the Request seeks information that is not relevant to the claim or defense of any party and not

-14-

reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects

that this Request seeks the production of documents protected by the attorney-client privilege, the

attorney work product doctrine, and the deliberative process privilege. Subject to and without

waiving any objections, Defendant is providing with this response non-privileged documents that

he understands to be responsive to this Request that have been located.

> S.      All documents received by the United States urging the government to take action
> by prosecuting or otherwise pressuring the removal of speech on the Internet
> deemed by the writer/sender to be unsuitable for minors as well as all documents
> concerning subsequent government action including, without limitation,
> prosecutions, communications and internal memoranda.

Defendant incorporates his General Objections by reference. Defendant further objects that this

Request is vague in its use of the phrases "received by the United States," "take action,"

"pressuring the removal of speech," and "subsequent government action," that it is overly broad,

that it is unduly burdensome in that it seeks to require Defendant to search many offices within

the Department of Justice, as well as all other components of the United States government, for

any such documents and in that in that it seeks information in a format not ordinarily maintained

by the Department of Justice. Defendant also objects that this Request seeks information that is

not relevant to the claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence. Defendant also objects that this Request seeks the production

of documents protected by the attorney-client privilege, the attorney work product doctrine, the

deliberative process privilege, and the law enforcement privilege. Subject to and without

waiving any objections, Defendant is providing with this response non-privileged documents that

he understands to be responsive to this Request that have been located.

-15-

T.     All documents concerning the interpretation, implementation and enforcement of the Misleading Domain Name Statute including, without limitation:

   1)     All documents concerning past and pending criminal, civil or administrative proceedings;

   2)     All communications regarding the enforcement of the Misleading Domain Name Statute with any other United States governmental body, such as the U.S. Postal Service, the Federal Communications Commission, and the Federal Trade Commission; and

   3)     All documents concerning the role of ICANN and the National Center for Missing & Exploited Children in enforcing the Misleading Domain Name Statute.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrases "interpretation, implementation, and enforcement" and "role of ICANN and the National Center for Missing & Exploited Children," that it is overly broad, that it is unduly burdensome in that it seeks information in a format not ordinarily maintained by the Department of Justice, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the law enforcement privilege, the attorney work product doctrine, and the deliberative process privilege.

U.     All documents concerning the technological methods by which Web sites block access by using an AVS product including, without limitation, all documents concerning any limitations on the location within a Web site that an age verification screen can be established.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrases "block access by using an AVS product" and "location within a Web site," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search many offices within the Department of Justice for documents

-16-

relating to AVS products, and that it seeks information that is not relevant to the claim or defense

of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects that this Request seeks the production of documents protected by the

attorney-client privilege, the attorney work product doctrine, and the deliberative process

privilege.

> V.    Documents sufficient to identify all AVS products known to the Department of
>        Justice.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Request is vague in its use of the phrase "known to the Department of Justice," that it is

overly broad, that it is unduly burdensome in that it seeks to require Defendant to interview every

employee of every office of the Department of Justice to determine his or her knowledge of AVS

products, and that it seeks information that is not relevant to the claim or defense of any party

and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also

objects that this Request seeks the production of documents protected by the attorney-client

privilege, the attorney work product doctrine, and the deliberative process privilege.

> W.    All documents concerning the use of AVS products by minors, including but not
>        limited to documents concerning the use of online payment methods (such as
>        debit and credit cards) by minors and documents concerning the use by minors of
>        adult access codes or personal identification numbers that were provided by AVS
>        providers.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Request is vague in its use of the phrases "block access by using an AVS product" and

"location within a Web site," that it is overly broad, that it is unduly burdensome in that it seeks

to require Defendant to search many offices within the Department of Justice for documents

relating to the use of AVS products by minors, and that it seeks information that is not relevant to

the claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant also objects that this Request seeks the production of documents

protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative

process privilege.

      X.     All documents concerning the length of time that adult access codes and personal
               identification codes remain valid and operational.

Defendant incorporates his General Objections by reference.  Defendant further objects that this

Request is vague in its use of the phrases "adult access codes and personal identification codes,"

"length of time" and "valid and operational," that it is overly broad, that it is unduly burdensome

in that it seeks to require Defendant to search many offices within the Department of Justice for

documents relating to adult access codes or personal identification codes without limitation to the

use of such codes, and that it seeks information that is not relevant to the claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant

also objects that this Request seeks the production of documents protected by the attorney-client

privilege, the attorney work product doctrine, and the deliberative process privilege.

      Y.     All documents concerning protection of the confidentiality of identifying
               information supplied by persons using AVS products.

Defendant incorporates his General Objections by reference.  Defendant further objects that this

Request is vague in its use of the phrase "identifying information," that it is overly broad, that it

is unduly burdensome in that it seeks to require Defendant to search many offices within the

Department of Justice for documents relating to the confidentiality of such identifying

information, and that it seeks information that is not relevant to the claim or defense of any party

-18-

and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also

objects that this Request seeks the production of documents protected by the attorney-client

privilege, the attorney work product doctrine, and the deliberative process privilege.

> Z.      All documents concerning the willingness of financial institutions (including,
> without limitation, debit and credit card issuers, card associations such as Visa
> and Matercard, and intermediary information processors) to verify information in
> the absence of a financial transaction.

Defendant incorporates his General Objections by reference. Defendant further objects that this

Request is vague in its use of the phrases "willingness of financial institutions," "intermediary

information processors," and "verify information," that it is overly broad, that it is unduly

burdensome in that it seeks to require Defendant to search many offices within the Department of

Justice for documents relating to financial institutions' practices, and that it seeks information

that is not relevant to the claim or defense of any party and not reasonably calculated to lead to

the discovery of admissible evidence. Defendant also objects that this Request seeks the

production of documents protected by the attorney-client privilege, the attorney work product

doctrine, and the deliberative process privilege.

> AA.     All documents concerning the number of Web sites that use any type of AVS
> product, including, without limitation:
>
> 1)      all documents that classify such Web sites by content or any other method;
> 2)      all documents concerning the number and frequency of visitors who access
>         content placed behind AVS products and the number and frequency of
>         visitors to such Web sites who only access content placed in front of AVS
>         products;
> 3)      all documents concerning consumer demand, or interest in purchasing an
>         AVS product or subscribing to AVS services.

Defendant incorporates his General Objections by reference. Defendant further objects that this

Request is vague in its use of the phrases "number of Web sites," "any type of AVS product,"

-19-

"classify such Web sites by content or any other method," "visitors who access content," and

"consumer demand or interest," that it is overly broad, that it is unduly burdensome in that it

seeks to require Defendant to search many offices within the Department of Justice for

documents relating to AVS products, and that it seeks information that is not relevant to the

claim or defense of any party and not reasonably calculated to lead to the discovery of admissible

evidence. Defendant also objects that this Request seeks the production of documents protected

by the attorney-client privilege, the attorney work product doctrine, and the deliberative process

privilege. Subject to and without waiving any objections, Defendant is providing non-privileged

documents with this response that he understands to be responsive to this Request that have been

located.

> BB.   All documents concerning the effectiveness, ineffectiveness, safety, security, and other strengths or weaknesses of particular AVS products or AVS products in general.

Defendant incorporates his General Objections by reference. Defendant further objects

that this Request is vague in its use of the phrase "other strengths or weaknesses," that it is overly

broad, that it is unduly burdensome in that it seeks to require Defendant to search many offices

within the Department of Justice for documents relating to AVS products. Defendant also

objects that this Request seeks the production of documents protected by the attorney-client

privilege, the attorney work product doctrine, and the deliberative process privilege.

> CC.   All documents identifying methods of communication over the Internet other than Web sites including, without limitation, chat, bulletin boards, audio, video and blogs, and the means by which AVS products can or cannot be used to restrict access to content harmful to minors available on these forms of communications.

-20-

Defendant incorporates his General Objections by reference. Defendant further objects that this Request is vague in its use of the phrase "methods of communication," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search many offices within the Department of Justice for documents relating to "chat," "bulletin boards," "audio," "video," and "blogs," and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

DD.   All documents concerning ICF Products including, without limitation, documents concerning:

   1)   the effectiveness of ICF Products in restricting access to material considered harmful or potentially harmful to minors;
   2)   analyses of or comparisons between individual ICF Products and services;
   3)   analyses of or comparisons between ICF products that are installed on the computer or network of a person accessing the Internet and ICF products that are installed on the computer or network of an ISP;
   4)   analyses of or comparisons between ICF Products and AVS products; and
   5)   the effectiveness of ICF Products when combined with other means of restricting access to material harmful or potentially harmful to minors including, without limitation, gTLDs, ccTLDs and parental control.

Defendant incorporates his General Objections by reference. Defendant further objects that this Request is vague in its use of the undefined phrase "harmful or potentially harmful to minors," that it is overly broad, and that it is unduly burdensome in that it seeks to require Defendant to search many offices within the Department of Justice for documents relating to ICF products. Defendant also objects that this request seeks to require Defendant to search any of the components of the Department of Justice other than the Justice Management Division, which is

-21-

the component that is charged with implementing policy with regard to ICF products on behalf of

the Department as a whole.  Defendant also objects that this Request seeks the production of

documents protected by the attorney-client privilege, the attorney work product doctrine, and the

deliberative process privilege.  Subject to and without waiving any objections, Defendant is

providing with this response non-privileged documents that he understands to be responsive to

this Request that have been located.

EE.    All documents concerning the use of ICF Products on computers at the
Department of Justice and other U.S. governmental bodies and agencies
including, without limitation:

1)    any and all memoranda or notices that were prepared as part of the
decision to install ICF products, including those advocating use of filters
as well as those opposing such use or expressing intermediate views;
2)    names and versions of the ICF product chosen;
3)    all documents explaining the rationale for selecting the chosen ICF
product;
4)    all documents explaining the settings blocking criteria in use with the
chosen ICF products; and
5)    all documents from employees asserting that the chosen ICF product has
been ineffective in blocking access to material consider to be
inappropriate.

Defendant incorporates his General Objections by reference.  Defendant further objects that this

Request is vague in its use of the phrases "willingness of financial institutions," "intermediary

information processors," and "verify information," that it is overly broad, that it is unduly

burdensome in that it seeks to require Defendant to search offices of many components of the

Department of Justice for documents relating to every agency of the United States government

and their ICF product use.  Defendant also objects that this Request seeks information that is not

relevant to the claim or defense of any party and not reasonably calculated to lead to the

discovery of admissible evidence.  Defendant also objects that this request seeks to require

-22-

Defendant to search any of the components of the Department of Justice other than the Justice

Management Division, which is the component that is charged with implementing policy with

regard to ICF products on behalf of the Department as a whole.  Defendant also objects that this

Request seeks the production of documents protected by the attorney-client privilege, the

attorney work product doctrine, and the deliberative process privilege.

FF.  All documents concerning Global Top Level Domains and Country Code Top Level Domains, including, without limitation, documents concerning:

1) the effectiveness of a gTLD or a ccTLD with material not considered harmful or potentially harmful to minors (such as ".kids" or ".us.kids") in restricting access to materials considered harmful or potentially harmful to minors;

2) the determination of which materials are appropriate to be made available on a gTLD or a ccTLD with materials not considered harmful or potentially harmful to minors;

3) communications with or about ICANN concerning assignment of a gTLD or a ccTLD with materials not considered harmful or potentially harmful to minors;

4) communications with or about ICANN concerning policies for determining which materials are appropriate to be made available on a gTLD or ccTLD or concerning enforcement of those policies;

5) the effectiveness of a gTLD with materials considered harmful potentially harmful to minors (such as ".xxx") in restricting access to materials considered harmful or potentially harmful to minors;

6) the determination of which materials are appropriate to be made available on a gTLD or a ccTLD with materials considered harmful or potentially harmful to minors;

7) communications with or about ICANN concerning assignment of a gTLD or a ccTLD with materials considered harmful or potentially harmful to minors;

8) communications with or about ICANN concerning policies for determining which materials are appropriate to be made available on a gTLD or a ccTLD with materials considered harmful or potentially harmful to minors and enforcement of those policies;

9) communications with or about the International Foundation For Online Responsibility

-23-

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrases "potentially harmful to minors," "appropriate to be made available," and "concerning assignment" that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search office of many offices within the Department of Justice for any and all documents relating to Top Level domains.  Defendant also objects that the Request seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.  Subject to and without waiving any objections, Defendant is providing with this response non-privileged documents that he understands to be responsive to this Request that have been located.

GG.    All documents concerning any of the plaintiffs in this action.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Request is vague in its use of the phrase "concerning any of the plaintiffs," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to search every office of every component of the Department of Justice for documents relating in any way to any of the plaintiffs in this action, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects that this Request seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, and the law enforcement privilege.

-24-

Dated: October 28, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney

RICHARD BERNSTEIN
Assistant U.S. Attorney

THEODORE C. HIRT
Assistant Branch Director
United States Department of Justice

KAREN STEWART
RAPHAEL O. GOMEZ
Senior Trial Counsels
JOEL McELVAIN
JAMES D. TODD, JR.
TAMARA ULRICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C. 20044

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that I have made service of the foregoing Defendant's Objections

and Responses to Plaintiffs' Request for Production of Documents by depositing in Federal

Express at Washington, D.C., on October 28, 2005, true, exact copies thereof, enclosed in

an envelope with postage thereon prepaid, addressed to:

> Christopher R. Harris
> Latham & Watkins
> 885 Third Avenue, Suite 1000
> New York, NY 10022

KAREN STEWART