IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN CIVIL LIBERTIES UNION,** *et al.,* | ) ) ) | |
| **Plaintiffs,** | ) ) | Civil Action No. 98-CV-5591 |
| v. | ) ) | |
| **ALBERTO R. GONZALES,** in his official capacity as Attorney General of the United States, | ) ) ) ) | |
| **Defendant.** | ) ) | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INITIAL INTERROGATORIES

Defendant, Alberto R. Gonzales, in his official capacity as Attorney General of the United States, hereby submits his objections and responses to Plaintiffs' Initial Interrogatories.

### General Objections

1. Defendant objects to each Interrogatory to the extent that it seeks information which exceeds the scope of discovery as set forth in Fed. R. Civ. P. 26(b).

2. Defendant objects to the Interrogatories to the extent that they could be construed as seeking information protected by the attorney-client privilege, attorney work-product doctrine, law enforcement privilege, deliberative process privilege, and/or any other applicable privilege, and asserts the protection(s) provided in the foregoing privileges and doctrines to the fullest extent permitted by law. Defendant does not waive any applicable privilege through the inadvertent disclosure of any otherwise privileged information in response to these Interrogatories.

-2-

3. Defendant objects to the Interrogatories to the extent that they could be construed as seeking information from a system of records protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or might otherwise invade personal privacy.

4. Defendant objects to providing information that is otherwise publicly available, obtainable from other sources that are more convenient, less burdensome and/or less expensive, or has been previously made available by Defendant to Plaintiffs, or by Plaintiffs to Defendant, on the grounds that such production would be unduly burdensome and unreasonably cumulative.

5. Defendant objects to the Interrogatories on the grounds of overbreadth and undue burden, particularly in that they purport to require Defendant to respond with respect to every office within the United States Department of Justice, including all components of the Department of Justice, all United States Attorney's Offices, and all field offices of the Federal Bureau of Investigation, and in that they do not place any reasonable temporal limitation on the scope of the response that they purport to require from Defendant.

6. Defendant objects to the Instructions set forth in the Interrogatories to the extent that they purport to require Defendant to take any action not required under the Federal Rules of Civil Procedure, the Local Rules, or the Court's Orders.

7. Defendant objects to the Interrogatories on the grounds that the manner in which they are worded, when read with their Definitions and Instructions, are so vague, broad, general, and all-inclusive that they do not permit a proper or reasonable response and are therefore unduly burdensome.

8. The foregoing objections are incorporated in each of the responses set forth below as if the same had been repeated in full and neither are limited nor waived by the recital of similar or

-3-

different objections in each of the responses, nor by the provision of information – in addition to

the objections – in any of the responses.

<u>Responses to Interrogatories</u>

A.      Identify all persons whom you expect to call at trial as expert witnesses and for
each expert set forth the substance of the facts and opinions to which the expert is
expected to testify, a summary of the grounds for each such option, and identify
and attach hereto true copies of any and all documents reviewed or relied upon by
the expert in forming his or her opinion.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is premature.  Defendant will identify the persons whom he expects to call

at trial as expert witnesses and provide appropriate documentation in accordance with, and at the

time contemplated under, this Court's Case Management Order.

B.      Identify all persons employed by the DOJ responsible for bringing prosecutions
under laws proscribing or regulating the production, distribution, or possession of
material considered to be obscene.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is vague in its use of the phrase "responsible for bringing prosecutions,"

and that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to

list every person in every United States Attorney's Office and many offices within the

Department of Justice who may have a role in bringing such prosecutions, and that it seeks

information that is not relevant to the claim or defense of any party and not reasonably calculated

to lead to the discovery of admissible evidence.  Subject to and without waiving any objections,

Defendant responds as follows.  One or more of the following individuals may have the authority

to authorize the filing of a criminal indictment alleging the violation of laws regulating the

production or distribution of obscene material: the Chief of the Child Exploitation and Obscenity

-4-

Section or his principal deputy;  the United States Attorney for the district in which the

indictment is filed; the Chief of the Criminal Division of that United States Attorney's Office;

the First Assistant United States Attorney for that office; and the chief of any special unit or task

force charged with prosecuting obscenity.

      C.      Identify all persons employed by the DOJ responsible for bringing prosecutions
              under laws proscribing or regulating the production, distribution, or possession of
              material considered to be harmful or potentially harmful to minors but not
              obscene.

      Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is vague in its use of the phrases "responsible for bringing prosecutions"

and the undefined phrase "harmful or potentially harmful to minors," that it is overly broad, that

it is unduly burdensome in that it seeks to require Defendant to list every person in every United

States Attorney's Office and many offices within the Department of Justice who may have a role

in bringing such prosecutions, and that it seeks information that is not relevant to the claim or

defense of any party and not reasonably calculated to lead to the discovery of admissible

evidence.  Subject to and without waiving any objections, Defendant responds as follows.  One

or more of the following individuals may have the authority to authorize the filing of a criminal

indictment alleging the violation of laws regulating the production or distribution of material that

is alleged to be harmful to minors: the Chief of the Child Exploitation and Obscenity section or

his principal deputy; the United States Attorney for the district in which the indictment is filed;

the Chief of the Criminal Division of that United States Attorney's Office; the First Assistant

United States Attorney for that office; and the chief of any special unit or task force charged with

prosecuting the production or distribution of material alleged to be harmful to minors.

-5-

D.    Identify all persons employed by DOJ responsible for the selection of ICF
       Products and services used by the DOJ.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is vague in its use of the phrase "responsible for the selection," that it is

overly broad, that it is unduly burdensome in that it seeks to require Defendant to list every

person in many offices within the Department of Justice who may hold some responsibility for

the selection of ICF products and services, and that it seeks information that is not relevant to the

claim or defense of any party and not reasonably calculated to lead to the discovery of admissible

evidence.  In particular, Defendant objects that this Interrogatory is unduly burdensome, and

seeks information beyond the scope of permissible discovery, to the extent that it seeks

information regarding components of the Department of Justice other than the Justice

Management Division, the component that is generally charged with implementing policy with

regard to the use of ICF products in the Department of Justice.  Subject to and without waiving

any objections, Defendant responds as follows.  The following persons employed by the

Department of Justice participate in decision-making with respect to the selection of ICF

products and services used by the Department of Justice: Paul R. Corts, Assistant Attorney

General for Administration; R. Carrie Gilbert, Operations Service Staff, Justice Management

Division; John R. Cooley, OSS/Customer Services, Justice Management Division; and Vance

Hitch, Chief Information Officer, Justice Management Division.

E.    Identify all ICF Products considered or tested by the DOJ for use in DOJ offices.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is vague in its use of the phrase "considered or tested," that it is overly

-6-

broad, that it is unduly burdensome in that it seeks to require Defendant to identify any ICF

product that has been considered by employees of various components of the Department of

Justice, and that it seeks information that is not relevant to the claim or defense of any party and

not reasonably calculated to lead to the discovery of admissible evidence.  In particular,

Defendant objects that this Interrogatory is unduly burdensome, and seeks information beyond

the scope of permissible discovery, to the extent that it seeks information regarding components

of the Department of Justice other than the Justice Management Division, the component that is

generally charged with implementing policy with regard to the use of ICF products in the

Department of Justice.  Subject to and without waiving any objections, Defendant responds as

follows.  The following ICF products have been considered or tested by the Department of

Justice for use in Department of Justice offices:  Websense Enterprise v.4.3; SurfControl

SuperScout for Windows NT/2000; and Secure Computing SmartFilter 3.01.

> F.    Set forth the substance of any oral communications, meetings or telephone or
>        video conferences regarding the installation of ICF Products employed by the
>        DOJ.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is vague in its use of the phrase "regarding the installation," that it is overly

broad, that it is unduly burdensome in that it seeks to require Defendant to interview many

employees of multiple components of the Department of Justice and to seek their recollections of

any potentially responsive communications and to catalog any or all such communications, and

that it seeks information that is not relevant to the claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence.  In particular, Defendant

objects that this Interrogatory is overly burdensome, and seeks information beyond the scope of

-7-

permissible discovery, to the extent that it seeks information regarding components of the

Department of Justice other than the Justice Management Division, the component that is

generally charged with implementing policy with regard to the use of ICF products in the

Department of Justice.

G.     Identify any "digital certificate" within the meaning of COPA known to you that
       can be used to verify age.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory seeks a legal conclusion.  To the extent that Defendant is under any

obligation to respond to this Interrogatory, Defendant also objects that this Interrogatory is

premature, and Defendant will supplement his response as appropriate after the completion of his

investigation with respect to this issue.

H.     Identify any "other reasonable measures that are feasible under available
       technology" within the meaning of section 231(c)(1)(C) of COPA that can be used
       as a successful affirmative defense to prosecution under COPA under section
       231(a)(1).

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory seeks a legal conclusion, and that it calls for speculation as to what a

court's determination in a hypothetical lawsuit in which a "successful affirmative defense" is

presented.  To the extent that Defendant is under any obligation to respond to this Interrogatory,

Defendant also objects that this Interrogatory is premature, and Defendant will supplement his

response as appropriate after the completion of his investigation with respect to this issue.

-8-

I.      Identify any AVS products known to you that can be sued to establish a successful affirmative defense with the meaning section 231(c) of COPA to prosecution under section 231(a)(1) of COPA.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Interrogatory seeks a legal conclusion, and that it calls for speculation as to what a court's determination in a hypothetical lawsuit in which a "successful affirmative defense" is presented.  To the extent that Defendant is under any obligation to respond to this Interrogatory, Defendant also objects that this Interrogatory is premature, and Defendant will supplement his response as appropriate after the completion of his investigation with respect to this issue.

J.      Identify any meetings, phone calls, and telephone or video conferences concerning COPA, attended by DOJ employees, that included any person not employed by the DOJ.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Interrogatory is vague in its use of the phrase "concerning COPA," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to interview many employees of multiple components of the Department of Justice and to seek their recollections of any potentially responsive communications and to catalog any or all such communications, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

K.      Identify any meetings, phone calls, oral communications, and telephone or video conferences concerning AVS products.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Interrogatory is vague in its use of the phrase "concerning AVS products," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to interview

-9-

many employees of multiple components of the Department of Justice and to seek their

recollections of any potentially responsive communications and to catalog any or all such

communications, and that it seeks information that is not relevant to the claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence.

      L.      Identify any meetings, phone calls, oral communications, and telephone or video
conferences concerning ICF products.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is vague in its use of the phrase "concerning ICF products," that it is overly

broad, that it is unduly burdensome in that it seeks to require Defendant to interview many

employees of multiple components of the Department of Justice and to seek their recollections of

any potentially responsive communications and to catalog any or all such communications, and

that it seeks information that is not relevant to the claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence.

      M.     Identify any meetings, phone calls, oral communications, and telephone or video
conferences concerning the Misleading Domain Name Statute.

Defendant incorporates his General Objections by reference.  Defendant further objects

that this Interrogatory is vague in its use of the phrase "concerning the Misleading Domain Name

Statute," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant

to interview many employees of multiple components of the Department of Justice and to seek

their recollections of any potentially responsive communications and to catalog any or all such

communications, and that it seeks information that is not relevant to the claim or defense of any

party and not reasonably calculated to lead to the discovery of admissible evidence.

-10-

N.    Identify any meetings, phone calls, oral communications, and telephone or video conferences concerning the interpretation or enforcement of state, Local, or federal laws proscribing or regulating the production, distribution, or possession of material considered harmful or potentially harmful to minors but not obscene, attended by DOJ employees, that included any person not employed by the DOJ.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Interrogatory is vague in its use of the phrases "concerning the interpretation or enforcement" and the undefined phrase "harmful or potentially harmful to minors," that it is overly broad, that it is unduly burdensome in that it seeks to require Defendant to interview many employees of every United States Attorney's Office and of multiple components of the Department of Justice and to seek their recollections of any potentially responsive communications and to catalog any or all such communications, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

O.    Identify any forms of speech available on the Internet that are not covered by COPA because they do not employ Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information.

Defendant incorporates his General Objections by reference.  Defendant further objects that this Interrogatory is vague in its use of the phrases "forms of speech," "available on the Internet" and "covered by COPA," that it is overly broad, that it is unduly burdensome and improper to the extent that it seeks to require Defendant to perform independent research to respond to this request, that it seeks information that is equally available to both parties, and that it seeks information that is not relevant to the claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  In particular, Defendant objects that

-11-

this Interrogatory seeks information beyond the scope of permissible discovery because it is

premised upon an inaccurate interpretation of COPA.

      P.     Identify any speech on the Internet that is "harmful to minors" under the definition in COPA but not obscene.

Defendant incorporates his General Objections by reference. Defendant further objects

that this Interrogatory is overly broad, that it is unduly burdensome in that it seeks to require

Defendant to perform independent research to respond to this request, and that it seeks

information that is equally available to both parties. Defendant also objects that this

Interrogatory seeks a legal determination that is a matter for the determination of a court and not

that of Defendant.

      Q.     State whether any speech on the Plaintiffs' web sites is "harmful to minors" under the definition in COPA and identify any such speech.

Defendant incorporates his General Objections by reference. Defendant further objects

that this Interrogatory is overly broad, that it is unduly burdensome in that it seeks to require

Defendant to perform independent research to respond to this request, and that it seeks

information that is equally available to both parties. Defendant also objects that this

Interrogatory seeks a legal determination that is a matter for the determination of this Court and

not that of Defendant. Further, to the extent that Defendant is under any obligation to respond to

this Interrogatory, the Interrogatory is premature.

      R.     Identify each person who participated in the preparation of answers to these Interrogatories.

Defendant incorporates his General Objections by reference. Defendant further objects

that this Interrogatory is overly broad, that it is unduly burdensome in that it seeks to require

-12-

Defendant to identify every person who participated in any way in the preparation of the answers

to these Interrogatories, and that it seeks information that is not relevant to the claim or defense

of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objections, Defendant responds as follows.  The following

individuals participated in the preparation of these answers: Sara Gottori, Attorney, Child

-13-

Exploitation and Obscenity Section; Lisa Walsh, Assistant General Counsel, FBI; and John

Caterini, Attorney, Justice Management Division.


Dated: October 28, 2005                    Respectfully submitted,


                                           PETER D. KEISLER
                                           Assistant Attorney General


                                           PATRICK L. MEEHAN
                                           United States Attorney


                                           RICHARD BERNSTEIN
                                           Assistant U.S. Attorney


                                           THEODORE C. HIRT
                                           Assistant Branch Director
                                           United States Department of Justice

                                           KAREN STEWART
                                           RAPHAEL O. GOMEZ
                                           Senior Trial Counsels
                                           JOEL McELVAIN
                                           JAMES D. TODD, JR.
                                           TAMARA ULRICH
                                           Trial Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Ave., N.W.
                                           P.O. Box 883
                                           Washington, D.C.  20044

                                           *Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that I have made service of the foregoing Defendant's Objections

and Responses to Plaintiffs' Initial Interrogatories by depositing in Federal Express at

Washington, D.C., on October 28, 2005, true, exact copies thereof, enclosed in an

envelope with postage thereon prepaid, addressed to:

> Christopher R. Harris
> Latham & Watkins
> 885 Third Avenue, Suite 1000
> New York, NY 10022

KAREN STEWART