LEGAL DEPARTMENT



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

KENNETH B. CLARK
CHAIR, NATIONAL
*ADVISORY COUNCIL*

RICHARD ZACKS
*TREASURER*

October 20, 2005

*Via E-Mail*

Karen Stewart
Senior Trial Counsel
U.S. Department of Justice
20 Massachusetts Ave., N.W., Room 7200
Washington, D.C., 20001

    re: *ACLU, et al. v. Gonzales*, Civil Action No. 98-5591 (E.D. Pa.)

Dear Karen:

This letter follows up on our telephone conversation from Friday, October 14, 2005, in which we discussed defendant's concerns with four of plaintiffs' document requests.

### Document Request GG

This request seeks documents concerning the plaintiffs in this action. Defendant proposed to limit this request to cover only documents concerning the sexual content of the websites of the plaintiffs and to exclude the four organizational plaintiffs (ABFFE, ACLU, EFF, EPIC). These limitations are fine, with one minor variation: the request should cover all documents concerning the content of plaintiffs' websites, not just the sexual content of the websites. In addition, given that defendant will not be producing information regarding the organizational plaintiffs because they are not "website plaintiffs," it makes no sense to treat any of them as "website plaintiffs" for purposes of defendant's discovery to plaintiffs. We trust that this clarification will be agreeable.

### Document Request B

This request seeks documents concerning the interpretation or enforcement of obscenity laws. Defendant indicated that the bulk of obscenity prosecutions have primarily been child pornography/exploitation cases, with the obscenity laws only used as a secondary charge, and that there is no way, absent reviewing each of the files, to determine whether the obscenity charges in those cases are based on separate material that is not the basis of the child pornography claim. Based on this representation, plaintiffs will agree that, for now, it is sufficient for defendant merely to

provide plaintiffs with the total number of all such cases, and to produce documents only in connection with those instances where obscenity is the sole charge (i.e., not in those situations where child pornography is also charged). To the extent plaintiffs subsequently determine that they need documents relating to the other cases in which obscenity charges have been brought, plaintiffs reserve the right to obtain such documents.

<u>Document Requests DD and EE</u>

These requests seek documents concerning internet content filtering products and defendant's use of filtering products on government computers. Although defendant grouped these two categories together in our call, the discussion primarily focused on Request EE only. Defendant proposed to limit this request to cover only documents from its "Justice Management Division" and only documents in connection with the procurement of filtering products by that internal department. As we explained on the call, given the clear relevance of documents concerning, among other things, the effectiveness of filtering products, plaintiffs need to obtain all responsive documents, not just those concerning defendant's purchase or procurement of such products. (For the same reason, all documents responsive to Request DD also need to be produced.) In addition, given that defendant indicated that only three other internal departments besides JMD – the ATF, the Bureau of Prisons and the FBI – have procured filtering products, the burden to review and produce documents from those entities as well seems minimal and reasonable in view of the relevance of such information.

Please let us know if you have any additional questions. We look forward to receiving documents from defendant shortly.

Sincerely,

Aden Fine

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

cc:   Chris Harris