LEGAL DEPARTMENT



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
LEGAL DEPARTMENT
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
F/212.549.2651
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
NADINE STROSSEN
PRESIDENT

ANTHONY D. ROMERO
EXECUTIVE DIRECTOR

KENNETH B. CLARK
CHAIR, NATIONAL
ADVISORY COUNCIL

RICHARD ZACKS
TREASURER

November 4, 2005

*Via E-mail*

Karen Stewart
Senior Trial Counsel
U.S. Department of Justice
20 Massachusetts Ave., N.W., Room 7200
Washington, D.C. 20001

re: *ACLU, et al. v. Gonzales*, Civil Action No. 98-5591 (E.D. Pa.)

Dear Karen:

Plaintiffs have received Defendant's Objections and Responses to Plaintiffs' Initial Interrogatories and Defendant's Objections and Responses to Plaintiffs' Request for Production of Documents. We have also reviewed your supplemental submissions received on November 3, 2005. Pursuant to Federal Rule of Civil Procedure 37 (a)(2) and Local Rule 26.1(f), I am writing to seek to confer with you in an effort to secure disclosure without court action. As you know, Pretrial Order No. 20 requires that any motions be filed no later than November 10, 2005. Accordingly, we need to confer as soon as possible. Our interpretation of the deadline requirement, when reconciled with Pretrial Order No. 15, is that the Court requires us to confer and, if we are unable to agree, to file letters with a request for a discovery conference no later than November 10, 2005.

We have at least one general problem with the production. Although we agreed to both of your requests for extensions of time to respond and during those conversations emphasized the requirement that you produce a privilege log for any material which you withhold because of privilege, and although virtually every response in both the Interrogatories and Requests cites four specific assertions of privilege, you have not supplied a privilege log. See Fed. R. Civ. Pro. 26(b)(5). Please supply such a log no later than the end of the day Tuesday, November 8th or confirm that no privileged documents were withheld.

RTP A. You refused to answer this Request even though we know that some responsive documents exist and are not privileged. For example, we know that the DOJ sent a letter to Congress prior to the passage of COPA

1

that addressed this issue. In our view, you have to advise us that after conducting a thorough search there are either no additional documents or provide any additional non-privileged documents.

RTP B. We seem to be missing section 1 of the Manual "Investigating and Prosecuting an Obscenity Case Symposium" (000552 et seq.) and section 1 of the "Investigating and Prosecuting an Obscenity Case Seminar" (000043 et seq). In addition, during our pre-disclosure meetings about the scope of the requests, we understood that you were agreeable to providing the number of obscenity prosecutions, including both those linked to child porn and those not. In addition, we understood that you would provide documents about each actual pure obscenity prosecution. We don't appear to have received the documents that fit these categories.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

RTP I-M. These Requests relate to the potential extra-territorial scope of COPA. It should come as no surprise that one of Plaintiffs' arguments will be that COPA is ineffective because it does not reach speech originating overseas. If you are prepared to stipulate to that conclusion, we do not need the documents responsive to these Requests. However, if you are not prepared to so stipulate, we are surely entitled to any documents by the defendant or his subordinates evaluating the ability of the United States to reach overseas conduct in this and the related areas. The two documents you supplied in response to RTP I seem only barely relevant. If for no other reason, the documents are relevant in case defendant intends to argue for an extra-territorial reach but he or his subordinates have made prior inconsistent conclusions about that issue. Accordingly, we request that you supply these documents.

RTP N, P and Interrogatories P and Q. These Requests and Interrogatories ask you to identify speech you have identified as harmful to minors. If there is none, please say so. If there is some, it is impossible for us to believe that this is irrelevant to the issues in the case as you assert. After all, prior DOJ briefs in this case have been perfectly willing to identify such speech. The scope of COPA is a central issue in this case.

RTP Z. This item asks for information about the use of credit cards to verify age in the absence of a transaction. As you know, both sides argued about this fact and it was discussed in several prior court opinions. If you have any documents that indicate either that credit card companies will or will not verify age in the absence of a transaction, it seems to us clear that you must produce them.

RTP EE. These ask for information about the use of filtering products on DOJ computers. You provided nothing. Obviously, filtering products are an essential part of this case. If DOJ has evaluated filters outside the context of litigation (such as for its own use), that is clearly relevant and

discoverable. In addition, if DOJ uses filtering, there must be documents indicating which product is used and why. Those documents are clearly relevant to the DOJ evaluation of the usefulness of filtering. In addition, if DOJ's experience with the products has been positive, that is also obviously relevant. We request that you respond with documents responsive to this item. Finally, in our prior discussions, you stated that you were agreeable to producing documents regarding the use of filtering products on DOJ computers; you just expressed a concern over from which DOJ entities you would collect the documents.

RTP GG. This Request seeks DOJ documents about the Plaintiffs. During conversations with us about this item, you asked us to limit it to exclude the organizational Plaintiffs and to respond only as to the content of the other Plaintiffs' web sites. We expressly agreed with your request. Notwithstanding that discussion, you have provided nothing. We request that you respond within the agreed-upon limitations.

Interrogatories G, H, I. We are at a loss to see why these are premature. If you currently know of an effective digital certificate, for example, we see no reason why you can't and shouldn't provide information about that certificate and the other similar requests.

Interrogatory O. Please advise us the basis for your conclusion that the question is "premised on an inaccurate interpretation" of COPA.

Sincerely,

*Christopher A. Hansen*

Christopher A. Hansen

CC: All Plaintiffs' Counsel

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

3