

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

———

**Via First-Class Mail**　　**Via Overnight Delivery**
P.O. Box 883　　　　　　20 Massachusetts Ave., N.W., Room 7200
Washington, D.C. 20044　Washington, D.C. 20001

———

TH:145-12-10982
Karen Stewart　　　　　　　　　　　　　　　　　　Tel: (202) 514-2489
Senior Trial Counsel　　　　　　　　　　　　　　　Fax: (202) 616-8470


November 7, 2005


**BY FACSIMILE AND ELECTRONIC MAIL**

Christopher R. Harris
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022

　　　　Re:　ACLU, et al. v. Gonzales, No. 98-5591 (E.D. Pa.)

Dear Mr. Harris:

　　　　This responds to your letter of October 24, 2005, which does not accurately recount the history of our discussions concerning the burden of providing privilege logs and the extent to which defendant would need to provide them.  We disagree that our stated concern about providing privilege logs for documents was solely or primarily with regard to plaintiffs' request for documents concerning the constitutionality of COPA.  As we marched through plaintiffs' requests, one by one, we repeatedly expressed concern about the burden of providing privilege logs for documents that, by their very nature, would be privileged.  Each time we raised the issue, your response was to disavow any interest in such privileged materials.  Accordingly, our letter of September 27 expressed our understanding that the parties were in agreement that there was no need to identify privileged information as to plaintiffs' requests generally.  Despite the fact that the purpose of our September 27 letter was to memorialize an agreement, you did not dispute our description of the agreement's contours when you responded on September 29, except insofar as such privileged information encompassed documents protected by the deliberative process privilege.  Accordingly, after receiving your correspondence dated September 29, we believed that we had an agreement to exclude as non-responsive, documents protected by the work-product doctrine and attorney client privilege that could otherwise be viewed as within the scope of plaintiffs' requests.  It was not until your letter of October 13, that you articulated the position that plaintiffs had agreed to relieve defendant from having to create privilege logs <u>only for documents created after the initiation of this litigation</u>.  Incredibly, your letter of October 24 reflects a further retreat by suggesting that the agreement is even more limited and only relieves defendant of an obligation to provide privilege logs for material responsive to your vague request for documents concerning the constitutionality of COPA.  Even with this so called accommodation, there would still be a significant burden associated with providing privilege

logs.

In any event, at this point, we simply want to determine once and for all what remains in dispute regarding the need to provide privilege logs. Accordingly, please state expressly whether or not we are correct that plaintiffs agree that defendant need not create a privilege log for any documents created after the initiation of this lawsuit covered by the work product doctrine and/or attorney client privilege that would otherwise be encompassed by plaintiffs' production requests.

Finally, inasmuch as we have objected to plaintiffs' discovery requests on numerous other grounds beyond the claim of privilege, we were not obligated to provide any privilege logs when we served our discovery response on October 28, and will provide privilege logs to the extent necessary at the appropriate time.

Sincerely,

KAREN STEWART
Senior Trial Counsel
Federal Programs Branch
Civil Division

cc:   Aden Fine, Esq. (via facsimile)
      Christopher A. Hansen (via facsimile)