

**U.S. Department of Justice**
Civil Division, Federal Programs Branch

| Via First-Class Mail | Via Overnight Delivery |
|---|---|
| P.O. Box 883, | 20 Massachusetts Ave., N.W., Room 7200 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

TH:145-12-10982
Karen Stewart                                                Tel: (202) 514-2849
Senior Trial Counsel                                         Fax: (202) 616-8470

November 15, 2005

By Electronic Mail


Mr. Christopher A. Hansen, Esquire
American Civil Liberties Union
  Foundation
125 Broad Street
New York, New York, 10004

      Re:    ACLU, et al. v. Gonzales, No. 98-5591 (E.D. Pa.)

Dear Chris:

      This responds to your letter of November 4, 2005, which seeks to confer regarding defendant's objections and responses to plaintiffs' initial interrogatories and requests for production of documents to determine if outstanding disagreements concerning plaintiffs' discovery can be resolved without court action. First, defendant rejects your proposal that the parties' discovery disputes should be resolved pursuant to the informal procedures outlined in Pretrial Order No. 15, paragraph 3. Nor does Pretrial Order No. 20 contemplate such an informal process. As we made clear when we stipulated to an extension of the discovery motions deadline in Pretrial Order No. 20, defendant has not agreed to proceed informally by filing letter briefs. Rather, the filing of formal motions is the proper vehicle by which to present the discovery disputes to the Court for resolution.

      Second, as defendant's discovery response indicates, defendant maintains that virtually all of your discovery requests are objectionable because they seek, in whole or in part, information that is beyond the scope of permissible discovery under Rule 26(a). However, subject to the objections in his discovery response and in the interest of reaching an accommodation without the intervention of the court, defendant is willing to provide certain information to the plaintiffs to the extent set forth below.

      RTP A. This request seeks information concerning the constitutionality of COPA. You have cited a letter that DOJ sent to Congress prior to the passage of COPA as an example of the type of information that is responsive to this request. Such pre-enactment statements are not binding on DOJ, however, and are not relevant to the ultimate legal conclusion regarding COPA's constitutionality. DOJ is bound in this case by its final legal positions articulated in this litigation and not by letters to Congress or others either before or after the initiation of this

lawsuit. In any event, for purposes of resolving this matter, defendant is willing to search for and provide any press releases or other public statements discussing the constitutionality of COPA.

RTP B. This request seeks information concerning obscenity prosecutions. We remain unpersuaded that your inquiry regarding the extent to which DOJ has prosecuted adult obscenity has any relevance to COPA, inasmuch as this lawsuit challenges only COPA's restrictions as to materials that are obscene for minors. In any event, in the interest of resolving this matter, defendant is willing to provide statistics on the number of cases filed by DOJ since 1996 that have charged at least one violation of a federal obscenity statute. In addition, for cases involving "pure obscenity" defendant is willing to provide copies of the indictments and at least one other publicly filed document that more specifically describes the content at issue in the case. These documents will be provided to the extent they are not under seal and are maintained by the Child Exploitation and Obscenity Section of DOJ for cases filed since 2001. Also, if we are able to locate the missing sections of the symposium materials you cited, we will provide them.

RTP I-M. We understand you to have challenged defendant's responses to these requests insofar as they seek documents about the extraterritorial scope of COPA. Whether and the extent to which COPA has an extraterritorial scope is a question of statutory construction and purely a legal issue. Any opinions the DOJ might have expressed on the extraterritorial application of COPA are clearly irrelevant. Moreover, the relevance of DOJ's views concerning the extraterritorial scope of statutes other than COPA is even more remote. Subject to our objection and for purposes of resolving this matter, defendant will search appropriate sections of the Criminal Division and provide non privileged documents it locates regarding extraterritoriality issues in response to RTP J, K, L, or M.

RTP N, P and Interrogatories P and Q. You allege that these requests and interrogatories seek identification of speech identified as harmful to minors. We maintain that these requests are unreasonable in their scope. Subject to his objections and for purposes of resolving the dispute concerning these requests, defendant is willing to respond as follows. For RTP N, defendant is willing to search appropriate sections of the Criminal Division for documents in which the author expresses the view that particular material placed on the Internet by a person outside of the United States meets the definition of harmful to minors material under COPA or the Misleading Domain Name Statute and provide any non privileged documents that are located. For RTP P and Interrogatories P and Q, defendant is willing to identify all prosecutions by DOJ of material alleged to meet the definition of harmful to minors under COPA or the Misleading Domain Name Statute.

RTP Z. The wording of this request is exceedingly vague and overbroad. We have interpreted this request as seeking documents discussing whether or the extent to which financial institutions are willing to verify debit or credit card information as part of an arrangement where no further financial transaction is contemplated. We believe that the only responsive documents that exist are work product created since the initiation of this lawsuit, which plaintiffs have agreed may be withheld by defendant without providing a privilege log. *See, e.g.*, Letter from Christopher Harris, dated November 8, 2005. Of course, to the extent that plaintiffs seek to ascertain the position of financial institutions on this issue, they are free to ask them.

-3-

RTP EE. Subject to his objections, noting specifically that defendant does not agree with the statements in your letter regarding the relevance of these materials, defendant is willing to provide non privileged documents concerning the procurement of ICF products on behalf of DOJ for use generally on DOJ computers, and non privileged documents discussing whether ICF products in use by DOJ have been effective in accurately blocking material deemed inappropriate for the workplace from relevant DOJ components.

RTP GG. As we indicated in our letter of November 7, 2005, prior negotiations have not produced any agreement with respect to this request and there is no proposal under consideration. Defendant maintains all of his objections to this request.

Interrogatories G, H, I. As we have indicated, defendant is in the process of investigating the issues covered by these interrogatories with its experts and will respond when its investigation has been completed.

Interrogatory O. The premise of Interrogatory O – that speech is not covered by COPA because it does not employ Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information – is not self evident from the language of COPA.

Sincerely,

KAREN STEWART
Senior Trial Counsel
Federal Programs Branch
Civil Division

cc:   Aden Fine
      Christopher Harris