November 20, 2005

*Via E-Mail*

Karen Stewart
Senior Trial Counsel
U.S. Department of Justice
20 Massachusetts Ave., N.W., Room 7200
Washington, D.C., 20001

      Re:  *ACLU, et al. v. Gonzales*, Civil Action No. 98-5591

Dear Karen

  I am replying to your letter of November 15, 2005, concerning defendant's responses to plaintiffs' Requests to Produce and Interrogatories.  Your letter does narrow the issues, but does not completely resolve them.  As I previously advised you, if disputes remain, it is our intention to file a letter Tuesday asking the Court to resolve these issues at the December 6, 2005, conference.  Accordingly, if there is an opportunity to resolve the issues, we need to discuss it Monday.

  RPT A:  This Request seeks any documents "concerning the constitutionality of COPA."  You have now agreed to give us any "press releases or other public statements" responsive to this item.  I'm not sure what the exact scope of this restriction means.  First, are there non-privileged documents that you will still withhold because although non-privileged, they are also not "press releases or other public statements?"  Second, does "press releases or other public statements" include statements made to Members of Congress, outside advocacy groups, or others who are not employed by the Department?  Finally, given the scheduling orders, we need to reach agreement on a date by which the documents responsive to these and all subsequent items you have agreed to provide will be produced.

  RTP B, I-M:  Your responses to these items are very helpful and might eliminate the need to pursue these items.  As we indicated previously, if after we review the responses to B (documents relevant to the defendant's prosecution of obscenity) and find they are insufficient, we reserve the right to seek additional discovery on that item.  I do have two questions relevant to RTP B.  First, you indicate you will refuse to provide documents "under seal."  Do you mean documents placed under seal by a court or by DOJ itself?  If the former, the response is satisfactory at least until we can further review it.  If the latter, it is not satisfactory and our disagreement remains.
  I also note that you agreed to provide documents responsive to J, K, L, or M, but said nothing about I.  As you know I concerns the extraterritoriality of "harmful to minors" materials and communications between DOJ and foreign governments or organizations about harmful to minors materials.  This seems the most directly relevant of

this sequence of Requests. Was your omission of I an oversight or do you continue to refuse to produce even non-privileged documents in response to this Request?

  RTP N, P and Interrogatories P, Q: Your response to RTP N seems generally satisfactory, but I'm not sure the significance of your restriction to the "criminal division" of DOJ. What documents are excluded because of that restriction?

  We are in substantial disagreement based on your response to RTP P and Interrogatories P and Q, each of which asks you to identify speech that is "harmful to minors." You have objected to identifying any speech on the Internet that you believe to be "harmful to minors" on the grounds that it is an "unreasonable" request. More significantly, you have raised the same objection to identifying any speech on plaintiffs' web sites on the same basis. And, you have done so while at the same time insisting that plaintiffs identify speech on their websites that they believe risks prosecution. The relevance of this discovery ought to be self-evident. There has been considerable litigation in this case over the scope of the statute and defendant has in the past been willing to identify speech it thinks is vulnerable under the statute and speech that is not. If the number of web pages (or other web speech) that is harmful to minors is small, then the identification of them is hardly "unreasonable." If the number is huge, then at a minimum, you should state explicitly either that you have identified so many pages that production would be oppressive or that there are so many pages that you can't identify them all.

  You propose to limit the Request to those pages that have been actually prosecuted as harmful to minors. This might produce some results, but given that COPA has been enjoined since its inception, it can hardly be sufficient. Unless you are willing to respond more fully to these items, we will have to seek the Court's assistance.

  RTP Z: We agree with your interpretation of this item. If you have no non-privileged documents, then of course there is nothing further to be done. We also agree that to the extent the documents were produced "since the initiation of this lawsuit" that no privilege log is necessary.

  RTP EE: I think we have reached agreement on this item. I understand from Aden's letter to you dated October 20, 2005, that DOJ itself, ATF, the Bureau of Prisons, and the FBI separately use filtering products. I assume that your response that you will provide documents from "relevant DOJ components" includes those sections of DOJ as well as the Management Division. If this understanding is correct, your response would appear to be satisfactory.

  RTP GG: This item asks you to provide any documents about the plaintiffs. We have reached no agreement on this item. I find it difficult to believe you will not provide any documents in the custody of the defendants that are about the plaintiffs, particularly given our willingness to limit the reach of this item as discussed in Aden's letter of October 20, 2005, to you. In addition, because your only remaining objections are that the documents are privileged, your obligation to supply a privilege log seems inescapable. It appears we will have to ask the Court's assistance on this item.

Interrogatories G, H, I: As you know, these items as for information about the COPA defenses. You adhere to your view that it is premature for you to respond to this item. We adhere to our view that if you have answers today, you must provide them. If your answer is meant to indicate that at present, you do not know the answers to these Interrogatories, you should say so. If your answer is meant to indicate that you know the answers, but don't want to provide those answers now, the answer is unsatisfactory and we will seek the Court's assistance.

Interrogatory O: As you know, this Interrogatory seeks information about forms of Internet speech that are not covered by COPA. As you know, COPA applies only to speech "in a computer server-based file archive so that it is publicly accessible over the Internet, using hypertext transfer protocol or any successor protocol." 47 U.S.C. 231(e)(1). Because of this section, the parties reached factual stipulations at the stage of the preliminary injunction concerning speech and speech protocols that were covered by COPA and those that were not. See *ACLU v. Reno*, 31 F. Supp. 2d 473, 483 (E.D. Pa. 1999). Interrogatory O does nothing more than seek to determine if those Stipulations remain both true and comprehensive in light of changes in technology. In that respect, it is directly responsive to the command of the Supreme Court. *Ashcroft v. ACLU*, 124 S.Ct. 2783, 2794-95 (2004).

I understand your response to be a legal argument that speech is covered by COPA even if it does not employ the protocols in 231(e)(1). If so, this is obviously a change in your position. We adhere to our prior position. If we have a legal dispute, we are entitled to discovery until such time as the Court resolves that dispute. Accordingly, it is our view that you must answer this Interrogatory. If the answer is that all speech is covered by COPA regardless of protocol, then you must provide that answer. If some speech is not covered, you must identify which speech and which protocols that includes. We will find it necessary to request the Court's assistance if we cannot resolve this matter.

Finally, we have had considerable correspondence about the defendant's need to provide a privilege log. As we noted above with regard to RTP GG where your only substantial objection is privilege. At the very least for any such items, your obligation under Fed. R. Civ. Pro. 26(b)(5) seems inescapable. Adding routine relevance objections, or other objections that are patently frivolous cannot be used to avoid your obligations. Therefore, we would like you to agree to provide a privilege log (as limited by our prior agreement) for any item, such as GG, for which your objections are predominantly privilege.

               Sincerely yours,

               Chris Hansen

cc: All counsel