UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------x
:
AMERICAN CIVIL LIBERTIES UNION, et al., :
:
                    Plaintiffs, :
:
               v. : Civ. Act. No. 98-CV-5591
:
ALBERTO R. GONZALES, in his official capacity as :
ATTORNEY GENERAL OF THE UNITED STATES, :
:
                    Defendant. :
:
------------------------------------------------------------------x

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Plaintiffs' discovery requests seek to narrow the number of contested issues in this case and to gather evidence relevant to disputed issues. Identifying with precision the scope of the parties' disagreement and gathering information relevant to the disagreement are central purposes of discovery. *See, e.g., United States v. City of Philadelphia*, 644 F.2d 187, 206 (3d Cir. 1980) ("one function of discovery in federal court litigation is to narrow the issues"). *See also Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir.1993) ("[T]he purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice."); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) (describing the purpose of discovery as "to narrow the issues for trial and avoid litigation of unessential facts."). The protective order Defendant seeks would prevent Plaintiffs from obtaining virtually any information regarding many of the central issues in this case.

The disputes that remain concerning Plaintiffs' discovery all go to key issues in this case. Document Requests I-M address the extra-territorial reach of COPA, i.e. whether COPA applies to overseas speech. If Internet filtering products block access to overseas web pages and COPA does not, then as the Supreme Court and this Court have found, COPA may be unconstitutional because it is not narrowly tailored. Requests I and P and Interrogatories P and Q address the scope of speech covered by COPA, another issue sharply contested in this case and relevant to the decision of both this Court and the Supreme Court at the preliminary injunction stage. Interrogatories G, H, and I address the defenses that might be available to web speakers, about which there was testimony at the preliminary injunction hearing. Defendant is resisting giving Plaintiffs any information on any of these topics. If Defendant is forced to identify facts that establish that COPA has no extraterritorial reach, or to provide evidence regarding speech that meets COPA's definition, or that the defenses are unavailable, those facts will greatly narrow the issues that need to be tried in this case.

**I.      Document Requests I-M**

The purpose of requests I-M is to determine whether COPA has extraterritorial application. Thus, requests I-M ask for documents regarding the extraterritorial application of COPA and a few closely analogous laws regulating conduct on the Internet, which cannot geographically be controlled. Request I directly addresses harmful to minors laws, request J addresses internet gaming laws, request K addresses anti-spam laws, request L addresses internet obscenity laws, and request M addresses COPA. Whether COPA covers overseas speech has previously been a central issue in this case.

Defendant has resisted providing any information on the extra-territorial reach of COPA, largely arguing that these requests ask for legal opinions. These requests do not ask Defendant to make or create statements regarding Defendant's legal opinions; they simply seek any pre-existing evidence that may shed light on the extra-territorial reach of COPA. Defendant relies on the advisory committee's note to Federal Rule of Civil Procedure 33, specifically its language that "interrogatories may not extend to issues of 'pure law.'" *See* Memorandum in Support of Defendant's Motion for a Protective Order at 7. Rule 33 discusses interrogatories, not requests to produce, the type of discovery sought here. The Court should reject Defendant's attempt to conflate these two unique forms of discovery. Interrogatories are fundamentally different from requests for production in that they ask respondents to create new materials. In contrast, requests for production are backward-looking, because they only require a respondent to produce evidence that already exists.

If Defendant possesses documents in which Defendant or others have concluded that these laws cannot reach Internet speech that is hosted overseas, those statements, and the facts discussed to support those statements, are directly relevant to the scope of necessary testimony at the trial. In addition, if the Defendant has reached that conclusion, but argues contradictorily in this case, the documents may contain admissions or prior inconsistent statements and would be admissible for impeachment purposes.

This case is somewhat unusual in that the Defendant's views on specific issues, such as extraterritoriality, are relevant factual determinations. A critical factual issue pervading many aspects of the case is how Defendant will enforce COPA. For instance, whether Defendant thinks COPA has extraterritorial application is a factual contention

3

relevant to consideration of whether filters, which do reach overseas material, are a less restrictive alternative to COPA. If Defendant has taken the position that COPA does not apply to overseas websites, then it will not prosecute overseas individuals for violations under the statute. As this Court and the Supreme Court have recognized, this fact would therefore strengthen the argument that filters are relatively effective.

Defendant resists responding to three requests, J, K and L, on a second ground. Defendant argues the information sought in these requests is irrelevant. These requests concern the extraterritorial application of closely analogous statutes, each limited to U.S. criminal statutes that seek to regulate Internet speech. Evidence concerning the extra-territorial reach of these statutes is likely to bear on the extra-territorial application of COPA.

Finally, Defendant argues that he cannot answer requests J, K, and L because he does not know what laws expressly or directly regulate Internet gaming, spam or Internet obscenity. If this argument is sincere, then Plaintiffs would be willing to provide Defendants a list of citations to the relevant provisions of the United States Code.

## II.     Requests I and P and Interrogatories P, Q

In requests I and P and Interrogatories P and Q, Plaintiffs ask for evidence relevant to the term "harmful to minors." Defendant makes the remarkable objection that because these requests use the term "harmful to minors," they are "far too vague to permit an intelligent response." Plaintiffs agree that the phrase "harmful to minors" as used in COPA is unconstitutionally vague. However, as the citations contained in Plaintiffs' initial motion demonstrate, Defendant has previously been willing to identify materials that are or are not harmful to minors in the absence of a criminal prosecution

4

both in this Court and in the Supreme Court. *See* Letter of Plaintiffs to Court, dated November 22, 2005, at 3. Indeed, it was in part Defendant's shifting and contradictory interpretations of "harmful to minors" that precipitated this discovery. *Id.* Moreover, Defendant's motion indicates that he may seek to challenge Plaintiffs' standing, presumably based on an argument that few if any of the Plaintiffs have a reasonable fear of prosecution. If Defendant intends to make that argument, then Defendant clearly can (and indeed will) make the judgment called for specifically in Interrogatory Q (do any of Plaintiffs' web pages constitute material that is harmful to minors).

Defendant's vagueness claim, however, simply masks Defendant's real point, that it seeks to limit its response to identify only speech that has been the subject of prosecution under COPA or the Truth in Domain Name Statute. Because COPA was immediately enjoined, however, *no* materials "have been the subject of prosecution" under COPA. It is also unlikely the Truth in Domain Name Statute will yield much material as a search of all federal cases on Westlaw yields only one citation to the statute, the Supreme Court's second opinion in this case. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 124 S. Ct. 2783, 2789 (2004).

Moreover, the purpose of this discovery is to determine the boundaries of the term "harmful to minors," which is relevant to the strength of the government's interest, the relative effectiveness of the statute versus alternatives such as filters or obscenity prosecutions, and the overbreadth of the statute. Thus, for the discovery to be complete, the Defendant must produce documents identifying (1) speech which it has concluded can be prosecuted as obscene (thus making harmful to minors laws unnecessary), (2) speech which it has concluded is not "harmful to minors," and (3) speech determined to be

5

harmful to minors. Only such a full response will allow the Court to determine the scope of the speech that COPA uniquely addresses.

### III.   Request GG

In Request GG, Plaintiffs have limited the request to "all documents concerning the content of Plaintiffs' websites." Plaintiffs allege in this lawsuit that they are afraid that the content of their websites will trigger prosecution under COPA. Extensive testimony on this very issue was previously presented to the Court, and has been the subject of dispute throughout litigation. Obviously, if Defendant has considered prosecuting (or not prosecuting) any of the Plaintiffs, or categorized the Plaintiffs in some manner which would suggest their content is harmful to minors, or otherwise analyzed their content, Plaintiffs' fear of prosecution would be strengthened. As narrowed, this request is neither vague nor burdensome.

### IV.   Interrogatories G, H, and I

Plaintiffs move to compel responses to these requests, which ask for information about the three affirmative defenses in COPA. Although Defendant moved for a protective order on all of the other requests that are the subject of Plaintiffs' motion, Plaintiffs have been advised that although Defendant did not seek a protective order on these items, he opposes responding. Plaintiffs refer the Court to the arguments in the initial motion, which explain why discovery on these central issues should be required. *See* Letter of Plaintiffs to Court, dated November 22, 2005, at 4-5.

## CONCLUSION

For the reasons stated above, Defendant's motion for a protective order should be denied, and Plaintiffs' motion to compel should be granted.

Respectfully submitted,

DATE:  December 1, 2005                    /s/_____
Christopher A. Hansen
Aden J. Fine
Benjamin E. Wizner
Catherine Crump
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, New York 10004
(212) 549-2500

Christopher R. Harris
Jeroen van Kwawegen
Andrew M. Purdy
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------------x
:
AMERICAN CIVIL LIBERTIES UNION; :
AMERICAN BOOKSELLERS FOUNDATION FOR : Civil Action
FREE EXPRESSION; ANDROGYNY BOOKS, INC. : No. 98-CV-5591
d/b/a A DIFFERENT LIGHT BOOKSTORES; :
ADDAZI, INC. d/b/a CONDOMANIA; :
HEATHER CORINNA REARICK; ELECTRONIC :
FRONTIER FOUNDATION; ELECTRONIC PRIVACY :
INFORMATION CENTER; FREE SPEECH MEDIA; :
NERVE.COM, INC.; AARON PECKHAM d/b/a URBAN :
DICTIONARY; PHILADELPHIA GAY NEWS; :
PLANETOUT, INC.; POWELL'S BOOKSTORES; :
PUBLIC COMMUNICATORS, INC.; SALON :
MEDIA GROUP, INC; DAN SAVAGE; :
and SEXUAL HEALTH NETWORK; :
:
        Plaintiffs, :
:
v. :
:
ALBERTO R. GONZALES, in his official capacity as :
ATTORNEY GENERAL OF THE UNITED STATES, :
:
        Defendant. :
:
---------------------------------------------------------------------------x

## PRE-TRIAL ORDER NO. ___

AND NOW, this ___ day of _____, 2005 upon consideration of Defendant's Motion for a Protective Order and Plaintiffs' Opposition, and Plaintiffs' Motion to Compel and Defendant's Opposition, it is hereby ORDERED:

1. Defendant's Motion for a Protective Order is DENIED.

2. Plaintiffs' Motion to Compel is GRANTED. Defendant is hereby ordered to provide complete responses to Plaintiffs' Requests to Produce I, J, K, L, M, P, and GG, and Interrogatories G, H, I, O, P, and Q. Defendant is further ordered to provide a privilege log for each of these items.

8

IT IS SO ORDERED.

> _____
> LOWELL A. REED, S.J.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2005, a true and correct copy of Plaintiffs' Response to Defendant's Motion for a Protective Order and Order Denying Defendant's Motion for a Protective Order was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

> Karen Stewart
> United States Department of Justice
> Civil Division, Room 7200
> 20 Massachusetts Avenue NW
> Washington, D.C. 20530

_____/s/_____
Aden J. Fine