# EXHIBIT 3

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200  Fax: (212) 751-4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Boston | New York |
| Brussels | Northern Virginia |
| Chicago | Orange County |
| Frankfurt | Paris |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| London | Shanghai |
| Los Angeles | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| New Jersey | Washington, D.C. |

November 21, 2005

**BY ELECTRONIC MAIL**

Karen Stewart
Senior Trial Counsel
U.S. Department of Justice, Federal Programs Branch
P.O. Box 883
Washington D.C. 20044

Re:  *ACLU, et al, v. Attorney General Alberto R. Gonzalez*
Docket # 02:98-CV-05591-LR

Dear Ms. Stewart:

I am writing in response to your letter dated November 17, 2005 regarding your request for a meet and confer to discuss Plaintiffs' responses to your discovery requests.

### Harmful to Minors Material on Each Plaintiff's Website
### (Document Request Nos. 1, 13-16 and Interrogatory Nos. 4 & 13-16)

You stated in your letter that you seek "both the particular material about which each plaintiff fears prosecution and a permanent copy of each plaintiff's website in its entirety as it exists on the date of your response."

With respect to the first part, Plaintiffs' responses to Interrogatory 13 of Defendants' First Set of Interrogatories identify content for which they fear prosecution.[1] For example, Plaintiff

---

[1]  As per our tentative agreement, non-website Plaintiffs (the ACLU, American Booksellers, EPIC and EFF) did not respond to these Requests and Interrogatories. In your letter dated November 8, 2005 to Christopher Hansen, you wrote: "To the extent that the organizational plaintiffs will stipulate that they will not be contending that they are subject to prosecution under COPA, defendant would be willing to agree that the organizational plaintiffs need not answer requests for production numbers 1, 13-25 and Interrogatories 1-2, 9, 13-16 on behalf of themselves. However, the foregoing discovery requests would still need to be answered by the organizational plaintiffs for any of their members identified in the amended complaint or who will be testifying in this action." With the understanding that this agreement eliminates the organizational Plaintiffs' need to respond to Requests 1, 13-17, 20-35, 37 and Interrogatories 3-9, 13-16, Plaintiffs are willing to stipulate that organizational Plaintiffs (as distinguished from website Plaintiffs and from members of the organizational Plaintiffs) do not

LATHAM&WATKINS LLP

Powell's Books identified generally the nature of material on its website for which it fears prosecution and listed a sample of eight web pages for which it fears prosecution. Similarly, Plaintiff Urban Dictionary generally described the kinds of content on its website for which it fears prosecution and listed a sample of ten web pages for which it fears prosecution. Plaintiffs did not print the identified web pages because they are in the public domain and thus accessible by Defendant.

With respect to the second part, your explanation of why you need documents reflecting the website "as a whole," we directly addressed your concerns in our letter of November 17, 2005 to Raphael Gomez. I have attached that letter hereto for your convenience. Your statement that "each plaintiff can easily provide defendant both with the most recent backup copy of their website and can easily identify the necessary hardware and software requirements to operate that copy" is far from accurate. As explained in our letter, aside from our legal objections, there are significant practical obstacles to producing backup copies of Plaintiffs' websites in navigable form. Overcoming these obstacles would impose an unreasonable burden on many Plaintiffs. We have never indicated that we would provide "most, if not all, permanent copies of each website," as asserted in your letter. In fact, we have consistently expressed our inability to provide backup copies of all the websites and repeatedly questioned the relevance of the Request even for those Plaintiffs who do have backups.

### Other Allegations in Plaintiffs' Amended Complaint (Document Requests 2-12)

Despite our various objections to Requests 2-12, Plaintiffs agreed to produce all non-privileged documents in their possession responsive to these Requests. Plaintiffs produced numerous documents in response to Requests 8, 10 and 12.[2] Plaintiffs did not produce documents in response to the other Requests because, after conducting a reasonable search, they did not locate any such documents. Plaintiffs intend to produce additional documents as may be discovered during the course of Plaintiffs' continuing investigation or during the course of discovery.[3] Plaintiffs do not waive these allegations and fully intend to prove them at trial.

### Financial Information, Customer Information, and Credit Card Usage
### (Document Request Nos. 26-37 and Interrogatory Nos. 3, 5, 7-8)

Your letter states that you would like Plaintiffs' stipulation regarding compliance costs to prevent Plaintiffs from "challenging any aspect of COPA's compliance costs, except those imposed by a potential 'heckler's veto.'" Plaintiffs already have stipulated that they no longer

---

fear prosecution under COPA for content on their websites, subject to Plaintiffs' claim that COPA is vague.

[2] As a courtesy to Defendant, by letter dated November 8, 2005, Plaintiffs provided Defendant with a chart identifying the requests to which documents produced by Plaintiffs are responsive.

[3] Plaintiffs reserved the right to supplement their document production in General Objection 15 to Defendant's First Set of Requests for Production of Documents and General Objection 14 to Defendant's First Set of Interrogatories.

## LATHAM&WATKINS LLP

claim that it will be prohibitively expensive for individual plaintiffs to redesign their web site in order to comply with COPA. Documents sought by Requests 26-30 are therefore neither relevant to claims or defenses of any party in this action, nor reasonably calculated to the discovery of admissible evidence.

Plaintiffs continue to contend, however, that compliance with COPA's affirmative defenses will impose a financial burden on online providers of content that is potentially harmful to minors. There is no reason to believe that complying with COPA would be more expensive for Plaintiffs than for any other content providers. The presence of a financial burden can be demonstrated without requiring Plaintiffs to disclose sensitive financial information.

Your letter takes issue with our responses to Requests 31-37 and Interrogatory numbers 3, 5, and 7-8. Subject to our tentative agreement that non-website Plaintiffs are not required to produce documents in response to these Requests, and subject to our various objections, Plaintiffs agreed to produce all non-privileged documents in their possession responsive to Requests 31-35 and Request 37. Plaintiffs produced numerous documents in response to Requests 31, 33 and 34. Plaintiffs did not produce documents in response to the other Requests because, after conducting a reasonable search, they did not locate any such documents. Plaintiffs intend to produce additional documents as may be discovered during the course of Plaintiffs' continuing investigation or during the course of discovery.

Plaintiffs objected to Request 36 (seeking documents sufficient to show how website visitors "use" Plaintiffs' websites) because we do not understand what documents Defendant is seeking with this Request. As indicated in our responses and objections, we welcome an explanation from Defendant of what kinds of documents he is seeking. With respect to Interrogatory numbers 3, 5, 7, and 8, all website Plaintiffs except for Planet Out responded to these Interrogatories. The non-website Plaintiffs did not respond to these Interrogatories pursuant to our tentative agreement that they are not required to do so.[4]

### Studies in Each Plaintiff's Possession (Document Request Nos. 38-49)

Subject to our various objections, Plaintiffs agreed to produce all non-privileged documents in their possession responsive to Requests 38-47 and Request 49. Plaintiffs have produced documents in response to Requests 46 and 49. Plaintiffs did not produce documents in response to the other Requests because, after conducting a reasonable search, they did not locate

---

[4] In this heading of your letter, you identify Interrogatory numbers 3, 5, 7-8, but in the corresponding paragraph, you identify Interrogatory numbers 2, 5, 7-8. Based on the content of the paragraphs, we suspect you listed Interrogatory 2 inadvertently. Interrogatory number 2 seeks Plaintiffs' identification of "all documents, including web pages, you intend to introduce as evidence in this litigation." Assuming that you intended to take issue with our response to this Interrogatory, Plaintiffs objected that this Interrogatory is premature. Plaintiffs' intentions regarding possible evidence to be introduced at trial are preliminary and thus are not a proper subject matter for an Interrogatory at this stage.

**LATHAM&WATKINS**LLP

any such documents. Plaintiffs intend to produce additional documents as may be discovered during the course of Plaintiffs' continuing investigation or during the course of discovery.

With respect to Request 48, seeking "[a]ll documents plaintiffs expect to introduce as evidence in this litigation," Plaintiffs objected that this Request is premature. Plaintiffs' expectations regarding possible evidence to be introduced at trial are preliminary and thus are not a proper subject matter for a document request at this stage.

Please feel free to contact me at (212) 906-1880 if you would like to discuss these matters.

Sincerely,

*Christopher Harris/jw*

Christopher R. Harris

Attachment

cc:   All counsel (by electronic mail)