`

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN CIVIL LIBERTIES UNION, )
et al., )
                                   )
               Plaintiffs,         )
                                   )
    v.                             )          Civil Action No.
                                   )          98-CV-5591
ALBERTO R. GONZALES, in his official )
capacity as Attorney General of the United )
States, )
                                   )
               Defendant.          )

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT ALBERTO
GONZALES'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

American Civil Liberties Union, et al. ("Plaintiffs") respond and object to Defendant Alberto

Gonzales' First Set of Requests for Production of Documents ("Requests") as follows:

**GENERAL OBJECTIONS**

1.     Plaintiffs object to the Requests to the extent the instructions and demands therein

       purport to impose obligations in addition to, beyond, or different from those set forth in

       the Federal Rules of Civil Procedure and the Rules of Civil Procedure of the United

       States District Court for the Eastern District of Pennsylvania.

2.     Plaintiffs object to the Requests to the extent they call for the disclosure of documents or

       communications that are neither relevant to claims and defenses of any party in this

       action nor reasonably calculated to lead to the discovery of admissible evidence.

       Plaintiffs submit these responses and objections without conceding the relevance or

       materiality of the subject matter of any Request.

3.      Plaintiffs' responses and objections to the Requests and accompanying document production are based upon documents and matters within the scope of Rule 34(a) of the Federal Rules of Civil Procedure. Plaintiffs object to the Requests that they purport to require Plaintiffs to search for and produce, or to identify, documents or communications not within the possession, custody or control of the Plaintiffs.

4.      Plaintiffs do not concede the existence of potentially responsive documents or that any such documents are in the possession, custody or control of Plaintiffs by virtue of any response or objection to a Request, including any production of documents.

5.      Plaintiffs object to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, unreasonably cumulative, or duplicative.

6.      Plaintiffs object to the Requests to the extent they require production of all documents under circumstances in which production of a subset of all documents would be sufficient to provide the Requested information.

7.      Plaintiffs object to the Requests to the extent they call for production of documents or information that are in the public domain, a matter of public record, equally or exclusively within the knowledge or possession of the Defendant, or otherwise routinely accessible to the Defendant.

8.      Plaintiffs object to the Requests to the extent they assume disputed facts or legal conclusions in defining the documents Requested. Plaintiffs hereby deny any such disputed facts or legal conclusions that assumed by the Requests. Any response or objection, including any production of documents, by Plaintiffs with respect to any such Request is without prejudice to this objection.

9.      Plaintiffs object to the Requests to the extent they call for the production of privileged and protected materials including, without limitation, documents that were prepared in anticipation of litigation, constitute attorney work product, disclose mental impressions, conclusions, opinions or legal theories of any attorney for, or other representative of, Plaintiffs, contain privileged attorney-client communications or are otherwise protected from disclosure under applicable privileges, laws or rules. Plaintiffs hereby claim such privilege and protections that implicated by the Requests. Plaintiffs will exclude privileged and protected materials from any documents produced pursuant to the Requests. Any disclosure of such protected information is inadvertent and is not intended to waive those privileges or protections or any other ground for objection to discovery or use of such document, the information contained therein, or the subject matter thereof.

10.      Plaintiffs objects to the Requests to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business information. Plaintiffs will produce such information, if requested and not otherwise objectionable, only pursuant to the Protective Order entered in this case (the "Protective Order").

11.      Plaintiffs object to the Requests that they request documents or information subject to a confidentiality obligation owed to non-parties in the above-captioned action.

12.      Plaintiffs object to the Requests as vague and ambiguous in that they define "representative sample" by reference to the undefined terms "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe." Plaintiffs interpret "representative sample" to mean "sample." Plaintiffs specifically disavow the suggestion that a "projection of results from the sample to the population or universe" can be extrapolated from the production of any produced sample.

13.   Plaintiffs object to the Requests to the extent they define "website plaintiff" to include the following Plaintiffs: the American Civil Liberties Union ("ACLU"), the American Booksellers Foundation for Free Expression ("American Booksellers"), Electronic Frontier Foundation ("EFF"), and Electronic Privacy Information Center ("EPIC"). The ACLU, American Booksellers and EFF are Plaintiffs on behalf of their respective members. EPIC is a Plaintiff because its access to constitutionally protected speech will be impaired if COPA were to take effect. Requests regarding these Plaintiffs' respective websites therefore call for the production of documents and information that are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents as "website plaintiffs."

14.   Plaintiffs expressly reserve the right to object to the admissibility at trial of these Responses and Objections or any documents produced in response to the Requests. Plaintiffs' Responses and Objections and/or the production of any documents in response to the Requests are not intended as, and shall not be deemed, an admission or concession of the relevance of any document sought by the Requests. In addition, Plaintiffs' Responses and Objections and/or the production of any documents in response to the Requests are not intended to, and shall not waive or prejudice any objections as to the admissibility of any Response, Objection or document, or category of responses or documents, at trial of this or any other action.

15.   Plaintiffs reserve the right to amend or supplement their Responses and Objections to the Requests as necessary or appropriate as the litigation progresses to include documents

4

which may be discovered during the course of Plaintiffs' continuing investigation or during the course of discovery.

16.     All of the General Objections set forth herein are incorporated into each individual response set forth below and have the same force and effect as if fully set forth therein.

## SPECIFIC RESPONSES AND OBJECTIONS

In addition to the foregoing General Objections and conditions of production which apply to each document Request as set forth fully below, Plaintiffs respond and object to the specific Requests for production as follows:

REQUEST NO. 1

Each website plaintiff's entire website.

RESPONSE TO DOCUMENT REQUEST NO. 1

Plaintiffs object to the extent this Request calls for the production of websites of the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce websites in response to this Request. Plaintiffs further object that this Request is unduly burdensome and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce documents in response to this Request.

REQUEST NO. 2

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 9 in the section titled "Impact of COPA" on page 21 of the Amended Complaint that "[b]ecause the vast majority of content on the web is available for free, most web users will not provide credit cards or adult access codes to obtain access to web content."

RESPONSE TO DOCUMENT REQUEST NO. 2

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 3

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 9 in the section titled "Impact of COPA" on page 21 of the Amended Complaint that "[r]equiring users to provide a credit card or adult access code before they can browse a web page to determine what it offers will deter most users from ever accessing those pages."

RESPONSE TO DOCUMENT REQUEST NO. 3

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 4

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 10 in the section titled "Impact of COPA" on page 22 of the Amended Complaint that "[w]eb users are even less likely to provide a credit card or adult access code in order to gain access to sensitive, personal, controversial or stigmatized content on the web."

6

RESPONSE TO DOCUMENT REQUEST NO. 4

Plaintiffs object that this Request is premature.  Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 5

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 14 in the section titled "Impact of COPA" on page 22 of the Amended Complaint that "[m]any web content providers would not set up credit card or adult access code systems because they know that few if any of their users would use them."

RESPONSE TO DOCUMENT REQUEST NO. 5

Plaintiffs object that this Request is premature.  Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 6

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 15 in the section titled "Impact of COPA" on page 22 of the Amended Complaint that "web content providers depend on attracting a high level of traffic to their sites to attract and retain advertisers and investors."

RESPONSE TO DOCUMENT REQUEST NO. 6

Plaintiffs object that this Request is premature.  Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 7

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 16 in the section titled "Impact of COPA" on page 22 of the Amended Complaint that "[m]ost web content providers want to reach the widest possible audience for their speech, and do not want to require adults to provide credit cards or adult access codes before accessing their speech."

RESPONSE TO DOCUMENT REQUEST NO. 7

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 8

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 17 in the section titled "Impact of COPA" on page 22 of the Amended Complaint that "[m]any content providers could not afford the substantial start-up and per-transaction costs associated with setting up and maintaining credit card and adult access code systems."

RESPONSE TO DOCUMENT REQUEST NO. 8

Plaintiffs object to this Request on the grounds that it is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 9

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 18 in the section titled "Impact of COPA" on page 22 of the Amended Complaint that "[f]inancial institutions will not verify credit cards in the absence of a financial transaction."

8

RESPONSE TO DOCUMENT REQUEST NO. 9

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 10

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 20 in the section titled "Impact of COPA" on page 23 of the Amended Complaint that "[i]mplementing COPA's credit card or adult access codes defenses would fundamentally alter the nature of communications on the web, which is characterized by spontaneous, instantaneous, seamless and unrestricted access to information."

RESPONSE TO DOCUMENT REQUEST NO. 10

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 11

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 21 in the section titled "The Ineffectiveness of COPA and the Effectiveness of Alternative Means" on page 23 of the Amended Complaint that "[a] significant portion of the content provided on the web, including sexually explicit material, originates abroad."

RESPONSE TO DOCUMENT REQUEST NO. 11

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

9

REQUEST NO. 12

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 22 in the section titled "The Ineffectiveness of COPA and the Effectiveness of Alternative Means" on page 23 of the Amended Complaint that "there are many alternative means that are more effective at assisting parents in limiting a minor's access to certain material if desired."

RESPONSE TO DOCUMENT REQUEST NO. 12

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 13

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended Complaint that "[p]laintiffs fear prosecution under COPA for communicating, sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO DOCUMENT REQUEST NO. 13

Plaintiffs object that this Request is premature, unduly burdensome and calls for production of documents or information in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiffs refers Defendant to its response to Interrogatory No. 13 for documents responsive to this Request.

10

REQUEST NO. 14

For each website plaintiff, each webpage on your website which you assert as the basis for the allegations of Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended Complaint that "[p]laintiffs fear prosecution under COPA for communicating, sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO DOCUMENT REQUEST NO. 14

Plaintiffs object to the extent this Request calls for the production of webpages of the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce webpages in response to this Request. Plaintiffs further object that this Request is premature, unreasonably cumulative and duplicative of Request No. 1, and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiff refers Defendant to its response to Interrogatory No. 13 for documents responsive to this request.

REQUEST NO. 15

For each website plaintiff, a representative sample of webpages on your website which contains material about which you fear prosecution under COPA, as referenced in Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended

11

Complaint that "[P]laintiffs fear prosecution under COPA for communicating, sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO DOCUMENT REQUEST NO. 15

Plaintiffs object to the extent this Request calls for the production of webpages of the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce webpages in response to this Request. Plaintiffs further object that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. Plaintiffs also object that this Request is premature, unreasonably cumulative and duplicative of Request No. 1, and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiff refers Defendant to its response to Interrogatory No. 13 for documents responsive to this request.

REQUEST NO. 16

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended Complaint that "[p]laintiffs and/or their members all provide for free on the web 'for commercial

purposes' material that they believe to be valuable for adults, but that they fear could be

construed as 'harmful to minors' in some communities."

RESPONSE TO DOCUMENT REQUEST NO. 16

Plaintiffs object to the extent this Request calls for the production of documents

from the ACLU, American Booksellers, EFF, and EPIC because such requests are neither

relevant to any claim or defense of any of the parties in the above-captioned action nor

reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative

agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce

documents in response to this Request. Plaintiffs further object that this Request is premature

and calls for production of documents or information that are in the public domain. During the

ongoing negotiations, Plaintiffs have proposed the use of specific computer applications

permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of

these negotiations, Plaintiffs will not produce webpages in response to this Request. Subject to

the foregoing and the General Objections, Plaintiffs will produce any non-privileged documents

responsive to this Request. Plaintiff refers Defendant to its response to Interrogatory No. 13 for

documents responsive to this request.

REQUEST NO. 17

For each website plaintiff a representative sample of webpages which you believe

contains material that has serious literary, artistic, political, scientific and/or social value for

adults.

RESPONSE TO DOCUMENT REQUEST NO. 17

Plaintiffs object to the extent this Request calls for the production of webpages from

the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to

13

any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce webpages in response to this Request. Plaintiffs also object that this Request is premature and calls for the production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. COPA does not take into account the subjective beliefs of speakers with regard to the content they provide on the Internet. In addition, under COPA it is irrelevant whether material has "social value for adults." Moreover, to the extent this Request purports to inquire whether Plaintiffs' websites are obscene, Plaintiffs hereby respond that they are not. Plaintiffs further object that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous, and that this Request calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiff refers Defendant to its response to Interrogatory No. 13 for documents responsive to this request.

REQUEST NO. 18

For each website plaintiff, a representative sample of webpages which you believe contains material that has serious literary, artistic, political, scientific and/or social value for children under 17.

14

RESPONSE TO DOCUMENT REQUEST NO. 18

Plaintiffs object that this Request calls for the production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. COPA does not take account of the subjective beliefs of speakers with regard to the content they provide on the Internet. In addition, under COPA it is irrelevant whether speech has "social value for children under 17." Plaintiffs further object that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. Plaintiffs object that this Request is also vague and ambiguous in part because it fails to differentiate between younger and older minors. In addition, Plaintiffs object that this Request is vague and ambiguous to the extent it recites terms of art from COPA. Plaintiffs do not understand the recited terms of art and object that the Request calls for legal conclusions which, pursuant to COPA, are in the first instance made by Defendant. Plaintiffs further object to the extent this Request asks Plaintiffs to make a non-legal determination regarding which materials are appropriate for minors during the various stages of their development. Plaintiffs believe that parents, guardians, and other adults responsible for the care of minors are the only persons who can make that determination.

REQUEST NO. 19

For each website plaintiff, a representative sample of webpages which you believe contains material to which children under 17 should not be exposed.

RESPONSE TO DOCUMENT REQUEST NO. 19

Plaintiffs object that this Request and calls for the production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to

15

lead to the discovery of admissible evidence. COPA does not take account of the subjective

beliefs of speakers with regard to the content they provide on the Internet. Plaintiffs further

object that the phrases used to define "representative sample," including "distribution of

characteristics," "degree of explicitness of sexual content," and "population or universe" are

vague and ambiguous. Plaintiffs further object that the phrase "should not" is vague and

ambiguous. Plaintiffs object that this Request is also vague and ambiguous in part because it

fails to differentiate between younger and older minors. Plaintiffs also object that this Request

calls for legal conclusions which, pursuant to COPA, are in the first instance made by Defendant.

Plaintiffs further object that this Request is irrelevant insofar as it asks Plaintiffs to make a non-

legal determination regarding which materials are inappropriate for minors under the age of 17.

In addition, Plaintiffsbelieve that parents, guardians, and other adults responsible for the care of

minors are the only persons who can make that determination.

REQUEST NO. 20

For each website plaintiff, all webpages containing material which you assert as the

basis for the allegations of Paragraph 5 in the section titled "The Impact of COPA on Plaintiffs"

on page 25 of the Amended Complaint that "[p]laintiffs also fear liability for material created by

others that is available on their websites and web-based online discussion groups and chat

rooms."

RESPONSE TO DOCUMENT REQUEST NO. 20

Plaintiffs object to the extent this Request calls for the production of webpages from

the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to

any claim or defense of any of the parties in the above-captioned action nor reasonably

calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement

with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce webpages in

response to this Request. Plaintiffs also object that this Request is premature, unreasonably

cumulative and duplicative of Request No. 1, and calls for production of documents or

information that are in the public domain. During the ongoing negotiations, Plaintiffs have

proposed the use of specific computer applications permitting Defendant to inspect and copy

Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not

produce webpages in response to this Request.

REQUEST NO. 21

   For each website plaintiff, the documents sufficient to show both all complaints you

received about the sexual content of "material created by others that is available on their

websites and web-based online discussion groups and chat rooms" as alleged at paragraph 5 of

the section titled "The Impact of COPA on Plaintiffs" on page 25 of the Amended Complaint,

and the particular webpages containing the material to which each complaint was referring.

RESPONSE TO DOCUMENT REQUEST NO. 21

   Plaintiffs object to the extent this Request calls for the production of documents

from the ACLU, American Booksellers, EFF, and EPIC because such requests are neither

relevant to any claim or defense of any of the parties in the above-captioned action nor

reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative

agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce

documents in response to this Request. To the extent this Request calls for the production of

webpages, Plaintiffs also object that this Request is unreasonably cumulative and duplicative of

Request No. 1 and calls for production of documents or information that are in the public

domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer

applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the

conclusion of these negotiations, Plaintiffs will not produce webpages in response to this

Request. Plaintiffs further object to the extent this Request calls for production of privileged

documents or information, or for documents or information that are subject to a confidentiality

obligation owed to non-parties in the above-captioned action. Subject to the foregoing and to the

General Objections, Plaintiffs will produce non-privileged documents and documents not subject

to other confidentiality obligations that are responsive to this Request, if any.

REQUEST NO. 22

For each website plaintiff, the documents sufficient to show all complaints you

received about the sexual content on your website, and the particular webpages containing the

material to which each complaint was referring.

RESPONSE TO DOCUMENT REQUEST NO. 22

Plaintiffs object to the extent this Request calls for the production of documents

from the ACLU, American Booksellers, EFF, and EPIC because such requests are neither

relevant to any claim or defense of any of the parties in the above-captioned action nor

reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative

agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce

documents in response to this Request. To the extent this Request calls for the production of

webpages, Plaintiffs also object that this Request is unreasonably cumulative and duplicative of

Request No. 1 and calls for production of documents or information that are in the public

domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer

applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the

conclusion of these negotiations, Plaintiffs will not produce webpages in response to this

Request. Plaintiffs further object to the extent this Request calls for production of privileged documents or information, or for documents or information that are subject to a confidentiality obligation owed to non-parties in the above-captioned action. Subject to the foregoing and to the General Objections, Plaintiffs will produce non-privileged documents and documents not subject to other confidentiality obligations that are responsive to this Request, if any.

REQUEST NO. 23

For each website plaintiff, the documents sufficient to show all federal, state, or local threats of prosecution concerning the sexual content on your website and the particular webpages containing the material upon which those threats of prosecution were directed.

RESPONSE TO DOCUMENT REQUEST NO. 23

Plaintiffs object to the extent this Request calls for the production of documents from the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request. To the extent this Request calls for the production of webpages, Plaintiffs also object that this Request is unreasonably cumulative and duplicative of Request No. 1 and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiffs further object to the extent this Request calls for production of privileged documents or information, or for documents or information that are subject to a confidentiality

19

obligation owed to non-parties in the above-captioned action. Subject to the foregoing and to the General Objections, Plaintiffs will produce non-privileged documents and documents not subject to other confidentiality obligations that are responsive to this Request, if any.

REQUEST NO. 24

For each website plaintiff, the documents sufficient to show all federal, state, or local investigations concerning the sexual content on your website and the particular webpages containing the material upon which those investigations were focused.

RESPONSE TO DOCUMENT REQUEST NO. 24

Plaintiffs object to the extent this Request calls for the production of documents from the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request. To the extent this Request calls for the production of webpages, Plaintiffs also object that this Request is unreasonably cumulative and duplicative of Request No. 1 and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiffs further object to the extent this Request calls for production of privileged documents or information, or for documents or information that are subject to a confidentiality obligation owed to non-parties in the above-captioned action. Subject to the foregoing and to the

20

General Objections, Plaintiffs will produce non-privileged documents and documents not subject to other confidentiality obligations that are responsive to this Request, if any.

REQUEST NO. 25

For each website plaintiff, the documents sufficient to show all federal, state, or local legal actions filed against you concerning the sexual content on your website and the particular webpages containing the material upon which each legal action was based.

RESPONSE TO DOCUMENT REQUEST NO. 25

Plaintiffs object to the extent this Request calls for the production of documents from the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request. To the extent this Request calls for the production of webpages, Plaintiffs also object that this Request is unreasonably cumulative and duplicative of Request No. 1 and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiffs further object to the extent this Request calls for production of privileged documents or information, or for documents or information that are subject to a confidentiality obligation owed to non-parties in the above-captioned action. Subject to the foregoing and to the General Objections, Plaintiffs will produce non-privileged documents and documents not subject to other confidentiality obligations that are responsive to this Request, if any.

REQUEST NO. 26

For each website plaintiff, the documents sufficient to show your financial accounting and federal tax returns, including annual budgets and monthly financial statements.

RESPONSE TO DOCUMENT REQUEST NO. 26

Plaintiffs object that this Request calls for production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Although compliance with COPA would impose a financial burden on Plaintiffs, Plaintiffs no longer claim that it will be prohibitively expensive for individual plaintiffs to redesign their web sites in order to comply with COPA. Plaintiffs also object that this Request is overly burdensome, intrusive and unnecessarily infringes on privacy rights, particularly of the non-incorporated. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request.

REQUEST NO. 27

For each website plaintiff, the documents sufficient to show all costs of setting up or establishing your website, including contracts and/or agreements with third parties.

RESPONSE TO DOCUMENT REQUEST NO. 27

Plaintiffs object that this Request calls for production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Although compliance with COPA would impose a financial burden on Plaintiffs, Plaintiffs no longer claim that it will be prohibitively expensive for individual plaintiffs to redesign their web sites in order to comply with COPA. Pursuant to the

22

tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request.

REQUEST NO. 28

For each website plaintiff, the documents sufficient to show all annual costs of administering, operating, and maintaining your website, including contracts and/or agreements with third parties.

RESPONSE TO DOCUMENT REQUEST NO. 28

Plaintiffs object that this Request calls for production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Although compliance with COPA would impose a financial burden on Plaintiffs, Plaintiffs no longer claim that it will be prohibitively expensive for individual plaintiffs to redesign their web sites in order to comply with COPA. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request.

REQUEST NO. 29

For each website plaintiff, the documents sufficient to show all costs of any redesign of your website, including contracts and/or agreements with third parties.

RESPONSE TO DOCUMENT REQUEST NO. 29

Plaintiffs object that this Request calls for production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Although compliance with COPA would impose a financial burden on Plaintiffs, Plaintiffs no longer claim that it will be prohibitively expensive for individual plaintiffs to redesign their websites in order to comply with COPA. Pursuant to the

23

tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request.

## REQUEST NO. 30

For each website plaintiff, the documents sufficient to show the annual revenue generated by your website.

## RESPONSE TO DOCUMENT REQUEST NO. 30

Plaintiffs object that this Request calls for production of documents that are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Although compliance with COPA would impose a financial burden on Plaintiffs, Plaintiffs no longer claim that it will be prohibitively expensive for individual plaintiffs to redesign their web sites in order to comply with COPA. Plaintiffs also object that this Request is overly burdensome, intrusive and unnecessarily infringes on privacy rights, particularly of the non-incorporated. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request.

## REQUEST NO. 31

For each website plaintiff, the documents sufficient to show your annual credit card revenue, including credit card revenue from your website.

## RESPONSE TO DOCUMENT REQUEST NO. 31

Plaintiffs' responses to this Request are CONFIDENTIAL and subject to the Protective Order. Plaintiffs further object that this Request calls for the production of documents or information showing the annual credit card revenue generated by websites of the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or

defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request. Plaintiffs object to the extent this Request calls for the production of documents regarding credit card revenue other than credit card revenue from Plaintiffs' website because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and to the General Objections, Plaintiffs will produce non-privileged documents regarding credit card revenue from Plaintiffs' website, if any.

REQUEST NO. 32

For each website plaintiff, the documents sufficient to show your credit card agreements with issuing banks.

RESPONSE TO DOCUMENT REQUEST NO. 32

Plaintiffs' responses to this Request are CONFIDENTIAL and subject to the Protective Order. Plaintiffs object that this Request calls for the production of documents or information showing credit card agreements between issuing banks and the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request. Plaintiffs further object to the extent this Request calls for production of documents or information that are subject to a confidentiality obligation owed to non-parties in the above-

25

captioned action. Subject to the foregoing and to the General Objections, Plaintiffs will produce
non-privileged documents responsive to this Request, if any.

REQUEST NO. 33

For each website plaintiff, the documents sufficient to show your contracts and/or
agreements with third parties to facilitate credit card transactions on your website.

RESPONSE TO DOCUMENT REQUEST NO. 33

Plaintiffs' responses to this Request are CONFIDENTIAL and subject to the
Protective Order. Plaintiffs object that this Request calls for the production of documents or
information showing "contracts and/or agreements with third parties to facilitate credit card
transactions" from the ACLU, American Booksellers, EFF, and EPIC because such requests are
neither relevant to any claim or defense of any of the parties in the above-captioned action nor
reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative
agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce
documents in response to this Request. Plaintiffs further object to the extent this Request calls
for production of documents or information that are subject to a confidentiality obligation owed
to non-parties in the above-captioned action. Subject to the foregoing and to the General
Objections, Plaintiffs will produce non-privileged documents responsive to this Request, if any.

REQUEST NO. 34

For each website plaintiff, the documents sufficient to show the statistics on charge
backs to issuing banks of credit cards by cardholder reason, including, but not limited to,
unauthorized use by a minor.

RESPONSE TO DOCUMENT REQUEST NO. 34

Plaintiffs' responses to this Request are CONFIDENTIAL and subject to the Protective Order. Plaintiffs object that this Request calls for the production of documents or information showing "statistics on charge backs to issuing banks of credit cards by cardholder reason" for the ACLU, American Booksellers, EFF, or EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request. Subject to the foregoing and to the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request, if any.

REQUEST NO. 35

For each website plaintiff, the documents sufficient to show the annual number visitors to your website, including, separately, the number or proportion of visitors that have provided a credit card number.

RESPONSE TO DOCUMENT REQUEST NO. 35

Plaintiffs' responses to this Request are CONFIDENTIAL and subject to the Protective Order. Plaintiffs object that this Request calls for the production of documents or information showing the annual number of visitors to the websites of the ACLU, American Booksellers, EFF, or EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this

27

Request. Subject to the foregoing and to the General Objections, Plaintiffs will produce non-privileged documents responsive to this Request, if any.

REQUEST NO. 36

For each website plaintiff, the documents (including studies) sufficient to show how your website visitors use your website.

RESPONSE TO DOCUMENT REQUEST NO. 36

Plaintiffs object that this Request is overly broad, unduly burdensome, vague, and ambiguous for failing to define "use." Plaintiffs are open to discussions in an effort to resolve this and other ambiguities in Defendant's requests.

REQUEST NO. 37

For each website plaintiff, all studies indicating feasibility of costs of compliance with the requirements of the Child Online Protection Act, including installation and/or administration of a webpage containing credit card number or Adult Identification barrier.

RESPONSE TO DOCUMENT REQUEST NO. 37

Plaintiffs' responses to this Request are CONFIDENTIAL and subject to the Protective Order. Plaintiffs object to the extent this Request calls for production of documents regarding "indicating feasibility of costs of compliance with the requirements of the Child Online Protection Act" with regard to Plaintiffs. Such requests are neither relevant to claims and defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiffs no longer claim that it will be prohibitively expensive for them to redesign their websites in order to comply with COPA. Plaintiffs further object to the extent this Request calls for the production of documents showing "feasibility of costs of compliance with the requirements of the Child Online Protection Act" for the ACLU, American

28

Booksellers, EFF, or EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce documents in response to this Request. Plaintiffs also object that this Request is vague and ambiguous for failing to define "Adult Identification barrier." Subject to the foregoing and to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 38

All studies indicating the number or proportion of residential users that use, respectively, broadband and/or dial-up connections to access the Internet.

RESPONSE TO DOCUMENT REQUEST NO. 38

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 39

All studies indicating residential uses of ICF products, including studies that provide separate information for broadband and/or dial-up users.

RESPONSE TO DOCUMENT REQUEST NO. 39

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 40

All studies indicating the number or proportion of residential users that have installed ICF products on more than one computer.

29

RESPONSE TO DOCUMENT REQUEST NO. 40

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 41

All studies indicating the number and other demographic characteristics of households with Internet access and with one or more children.

RESPONSE TO DOCUMENT REQUEST NO. 41

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 42

All studies indicating projected demand for ICF products, and/or consumer attitudes towards adult content on the Internet as it relates to children.

RESPONSE TO DOCUMENT REQUEST NO. 42

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 43

All studies indicating consumer satisfaction or dissatisfaction with ICF products.

RESPONSE TO DOCUMENT REQUEST NO. 43

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 44

All studies indicating the percent of time that households with ICF products employ the products.

RESPONSE TO DOCUMENT REQUEST NO. 44

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 45

All studies indicating the effectiveness of ICF products in general and at various setting levels, including but not limited to discussions of under blocking and over blocking.

RESPONSE TO DOCUMENT REQUEST NO. 45

Subject to the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 46

All studies indicating the number of websites with pornographic content available on the World Wide web, the proportion of such websites in comparison to the number of all websites on the World Wide web, and/or the proportion of websites with pornographic content produced or created in the United States in comparison to such websites produced or created elsewhere.

RESPONSE TO DOCUMENT REQUEST NO. 46

Plaintiffs object that this Request is vague in that it requires Plaintiffs to determine the meaning of the subjective and undefined term "pornography." Subject to the foregoing and to the General Objections, Plaintiffs will produce all documents responsive to this Request, if any.

REQUEST NO. 47

All documents relied upon or referred to in answering Defendant's First Set of Interrogatories to Plaintiffs in this case.

31

## RESPONSE TO DOCUMENT REQUEST NO. 47

Subject to the General Objections, Plaintiffs will produce all non-privileged

documents responsive to this Request, if any.

## REQUEST NO. 48

All documents plaintiffs expect to introduce as evidence in this litigation.

## RESPONSE TO DOCUMENT REQUEST NO. 48

Plaintiffs object that this Request is premature.

## REQUEST NO. 49

All documents obtained by third party subpoenas.

## RESPONSE TO DOCUMENT REQUEST NO. 49

Subject to the General Objections, Plaintiffs will produce all documents responsive

to this Request as per the separate agreement of the parties.

32

Dated:  October 28, 2005

Christopher R. Harris
Latham & Watkins, LLP
885 Third Avenue
New York, NY 10022-4834

Counsel for Plaintiffs