# EXHIBIT 14



**U.S. Department of Justice**
Civil Division, Federal Programs Branch

| | |
|---|---|
| **Via First-Class Mail** | **Via Overnight Delivery** |
| P.O. Box 883, | 20 Massachusetts Ave., N.W., Room 7200 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

TH:145-12-10982
Karen Stewart                                                    Tel: (202) 514-2849
Senior Trial Counsel                                          Fax: (202) 616-8470

November 8, 2005

By Electronic Mail

Mr. Christopher A. Hansen, Esquire
American Civil Liberties Union
 Foundation
125 Broad Street
New York, New York, 10004

Re:    ACLU, et al. v. Gonzales, No. 98-5591 (E.D. Pa.)

Dear Chris:

Your letter of November 4, 2005, indicates that you have been misinformed regarding certain aspects of the discussions that we have had with your co-counsel regarding party discovery and the extent to which agreements have been reached altering the scope of the requests. So that there is no misunderstanding, defendant's position on the issues that have been discussed is set forth below.

1. As to Plaintiffs' Request for Production B, defendant has not agreed to produce any documents whatsoever in response to this request. As we made clear in the discussions prior to serving defendant's discovery response, defendant does not consider the information sought by the RFP B to be within the scope of permissible discovery. Moreover, the wording of the request is so vague and expansive as to not be susceptible to a reasonable search. In the interest of resolving disputes regarding this request, however, we proposed to provide statistics, not documents, regarding the total number of obscenity cases that have been filed. Defendant further proposed that the scope of RFP B should be limited to documents regarding cases involving "pure obscenity", i.e., obscenity cases that do not involve child pornography or child exploitation, solely for purposes of formulating a reasonable search request that would enable defendant to determine what information might exist that might form the basis for a proposal to provide documents. Plaintiffs have countered that they are willing to accept the statistics if defendant also provides documents on the pure obscenity cases, although plaintiffs also wish to reserve the right to seek additional information. We are considering a proposal regarding information that we might be willing to provide to resolve this issue and expect to contact you shortly to discuss this matter further.

-2-

2. As to Plaintiffs' Request for Production GG, defendant proposed that he perform a search for information regarding the sexual content on plaintiffs' websites. We noted that the amended complaint does not allege that the plaintiff organizations fear prosecution under COPA but, rather, that they are suing on behalf of members allegedly subject to COPA based on the material that appears on their members' websites. Accordingly, we recommended that the organizations be excluded entirely from the scope of GG, as we proposed to narrow it. Plaintiffs counter proposed that the scope of GG should be limited to information regarding any content on plaintiffs'sites, not just sexual content. Defendant disagrees with plaintiffs' view that this effects a "minor" change to defendant's initial proposal and we have not accepted this change. Accordingly, we have not yet reached agreement as to GG.

Plaintiffs have also proposed that the organizational plaintiffs be excluded from the definition of "website plaintiffs' for purposes of defendant's discovery, despite the fact that they operate websites and hence fall within defendant's definition of that phrase. To the extent that the organizational plaintiffs will stipulate that they will not be contending that they are subject to prosecution under COPA, defendant would be willing to agree that the organizational plaintiffs need not answer requests for production numbers 1, 13-25 and Interrogatories 1-2, 9, 13-16 on behalf of themselves. However, the foregoing discovery requests would still need to be answered by the organizational plaintiffs for any of their members identified in the amended complaint or who will be testifying in this action. We also note that defendant's Interrogatory No. 6 inadvertently duplicates the request in Interrogatory No. 3 and, accordingly, is withdrawn as to all plaintiffs and plaintiffs' members.

3. As to party discovery, defendant agrees that the parties need not produce publicly available material or documents. However, this agreement does not apply to plaintiffs' websites, which has been under separate negotiation. Defendant has neither explicitly or implicitly agreed to narrow or forego its requests for plaintiffs' websites.

Sincerely,

KAREN STEWART
Senior Trial Counsel
Federal Programs Branch
Civil Division

cc:    Aden Fine
       Christopher Harris