IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION**, *et al.*, </br></br> **Plaintiffs**, </br></br> v. </br></br> **ALBERTO R. GONZALES**, in his official capacity as Attorney General of the United States, </br></br> **Defendant.** | Civil Action No. 98-CV-5591 |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Plaintiffs' Motion to Compel challenges the sufficiency of Defendant's response to seven document requests and six interrogatories served by Plaintiffs on Defendant, and further seeks the production of privilege logs for the challenged requests. With the exception of four interrogatories, all of the discovery requests challenged in Plaintiffs' Motion to Compel already have been addressed by Defendant in his Motion for a Protective Order, filed on November 22, 2005 (Docket No. 224). Accordingly, Defendant incorporates by reference the arguments raised in the memorandum supporting his Motion for a Protective Order and addresses in this memorandum the four remaining interrogatories.

The production of privilege logs should await a ruling on Defendant's Motion for Protective Order, which will resolve the question as to whether, or the extent to which, the information sought by Plaintiffs is even within the scope of permissible discovery. Indeed, under Federal Rule of Civil Procedure 26(b)(5), the obligation to provide a privilege log is only with respect to information that is "otherwise discoverable." Accordingly, Defendant respectfully reiterates his request that the Court first determine the proper scope of discovery

through resolution of Defendant's Motion for a Protective Order and, thereafter, allow adequate time for Defendant to complete any required search for responsive documents, prepare any necessary privilege logs and complete the administrative process attendant to the formal assertion of the deliberative process and/or law enforcement privilege that might be necessary.

## BACKGROUND

Pursuant to the Case Management Order, on August 28, 2005, Plaintiffs propounded Requests for Production of Documents and Interrogatories upon Defendant. After reviewing Defendant's discovery responses, counsel conferred regarding Defendant's responses to twelve of the document requests (A, B, I, J, K, L, M, N, P, Z, EE, and GG) and six of Defendant's responses to Plaintiffs' interrogatories (G, H, I, O, P, and Q). After conferring with Plaintiffs several times with respect to Plaintiffs' document requests, the parties have been unable to resolve certain disputes. Defendant thereafter filed a Motion for a Protective Order addressing seven document requests (I, J, K, L, M, P, and GG) and two interrogatories (P and Q). Plaintiffs raised no issues in their Motion to Compel with respect to the issues addressed in Defendant's Motion for a Protective Order that require further response from Defendant. Accordingly, Defendant incorporates by reference the arguments raised in the Motion for a Protective Order.

This motion will address Defendant's objections to the following interrogatories:

INT. G.     Identify any "digital certificate" within the meaning of COPA known to you that can be used to verify age.

INT. H.     Identify any "other reasonable measures that are feasible under available technology" within the meaning of section 231(c)(1)(C) of COPA that can be used as a successful affirmative defense to prosecution under COPA under section 231(a)(1).

      INT. I.      Identify any AVS products known to you that can be used to establish a successful affirmative defense within the meaning [of] section 231(c) of COPA to prosecution under section 231(a)(1) of COPA.

      INT. O.     Identify any forms of speech available on the Internet that are not covered by COPA because they do not employ Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information.

Interrogatories G-I improperly seek legal conclusions from Defendant about the availability of affirmative defenses. Defendant already has answered in full the question posed in Interrogatory O. The Court should refuse Plaintiffs' request to rewrite Interrogatory O on their behalf.

Finally, Plaintiffs raise the issue of privilege logs. If the Court rules that the disputed document requests seek discoverable material, then Defendant will complete his search, determine which documents are entitled to protection through the law enforcement and/or deliberative process privileges, and complete and serve on Plaintiffs the appropriate privilege logs.

## ARGUMENT

**I.    INTERROGATORIES G-I IMPROPERLY SEEK LEGAL CONCLUSIONS FROM DEFENDANT ABOUT THE AVAILABILITY OF AFFIRMATIVE DEFENSES**

Interrogatories G-I inquire about the COPA defenses described in 47 U.S.C. § 231(c)(1). Plaintiffs improperly seek legal conclusions from Defendant about what technologies would satisfy the requirements for a successful affirmative defense. Interrogatories may not be used to ask for legal conclusions. *See Eoppolo v. Nat'l R.R. Passenger Corp.*, 108 F.R.D. 292, 294 (E.D. Pa. 1985) ("Defendant is not required to supply counsel's view of the case, identify the facts which counsel considers significant, or the specific questions asked by the agents of the

defendant. . ."). Plaintiffs are not entitled to a response to these legal questions. For example, Interrogatory G asks Defendant to "[i]dentify any 'digital certificate' *within the meaning of COPA*" (emphasis added). Defendant should not be required to opine on what qualifies as a digital certificate, thus establishing an affirmative defense. That is a matter for courts to decide.

Interrogatory H also improperly asks Defendant to offer a legal conclusion about what "'reasonable measures [] are feasible under available technology' within the meaning of section 231(c)(1)(C) of COPA that can be used to establish a successful affirmative defense." Interrogatory I asks the same question about available "AVS products." Interrogatories H and I request a legal conclusion about successful affirmative defenses under COPA. Interpreting a term of art such as "reasonable" is a quintessential judicial function. Moreover, Interrogatories H and I require Defendant to make legal assessments based on knowledge of "available technology," a matter that has not been explored fully at this stage of litigation. Defendant should not be required to offer legal conclusions on questions that can be resolved only after a legal challenge in court.

Defendant has informed Plaintiffs that his objection to Interrogatories G-I is not based solely on his understanding of what the law requires with respect to interrogatories. Defendant simply has not reached any determination about what "digital certificates," "AVS products," or "other reasonable measures [] are available" to satisfy the legal standard for an affirmative defense under COPA.[1]

---

[1] Both parties are equally positioned to research the technology available for age verification services. Defendant should not be required to do extensive research at this stage of discovery for the sole purpose of answering an interrogatory. *See Lugo v. Heckler*, 98 F.R.D. 709, 714 (E.D. Pa. 1983) ("Where an alternative is available, no party should be required to do independent research in order to acquire information with which to answer interrogatories.").

To the extent that Defendant will present evidence on the affirmative defenses, it will be through expert testimony.  Therefore, the responses that Plaintiffs seek in their interrogatories will be available, if ever, only after the preparation of Defendant's expert reports.  Plaintiffs should not be permitted to circumvent the pre-trial schedule that governs this case.  If Defendant does reach a judgment about affirmative defenses, any legitimate concerns that Plaintiffs may have about the need to gather information from Defendant's technology experts are adequately protected by the mandatory disclosure requirements for expert testimony in Federal Rules of Civil Procedure.  Rule 26 requires that an expert report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions. . ."  Fed. R. Civ. P. 26(a)(2)(B).

Interrogatories G-I improperly seek legal conclusions from Defendant about the availability of affirmative defenses.  Therefore, Plaintiffs' motion to compel a response to Interrogatories G-I should be denied.

## II. PLAINTIFFS' MOTION TO COMPEL A RESPONSE TO INTERROGATORY O SHOULD BE DENIED BECAUSE AN ANSWER ALREADY HAS BEEN PROVIDED TO PLAINTIFFS

A motion to compel is appropriate only when "a party fails to answer an interrogatory submitted under Rule 33."  Fed. R. Civ. P. 37(a)(2)(B).  Plaintiffs' motion to compel an answer to Interrogatory O is misleading because the question already has been answered.  Plaintiffs asked whether any internet speech was not covered by COPA because it does "not employ Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information."  Through this question, Plaintiffs conflated two distinct concepts in COPA.  COPA

prohibits certain communications "by means of the World Wide Web," which is defined as "placement of material in a computer server-based file archive so that it is publicly accessible, over the Internet, using hypertext transfer protocol or any successor protocol." 47 U.S.C. §§ 231(a)(1), (e)(1). COPA separately defines the "Internet" as "the interconnected worldwide network of computer networks that employ the Transmission Control Protocol/Internet Protocol [("TCP/IP")] or any successor protocol to transmit information," *id*. at § 231(e)(3), but does not require that such a protocol be used for material to be covered by the statute. Whether TCP/IP or any successor protocol is used does not determine whether something is covered by COPA. Defendant responded that the interrogatory was "premised upon an inaccurate interpretation of COPA," since there is no speech outside the scope of COPA *because* it does not employ TCP/IP. *See* Def.'s Objections and Responses to Pls.' Initial Interrogatories; Ltr. from Karen Stewart to Christopher A. Hansen (Nov. 15, 2005) (attached as Ex. 9 to Def.'s Mot. for Protective Order).

Plaintiffs are not seeking to compel a further response to Interrogatory O as presently worded. Rather, they request that the Court re-write the interrogatory for them and compel Defendant to respond to their new interrogatory without citing any authority for the Court to do so. Therefore, Plaintiffs' motion to compel an answer to a reconstructed Interrogatory O should be denied.

**III.    DEFENDANT SHOULD NOT BE REQUIRED TO PROVIDE PRIVILEGE LOGS FOR DOCUMENT REQUESTS THAT LIE OUTSIDE THE PROPER SCOPE OF DISCOVERY**

Defendant requests that the Court rule on Defendant's non-privilege-based objections to discovery before requiring Defendant to begin the time-consuming process of preparing privilege logs. In his motion for a protective order, Defendant objected that Document Requests

J-M seek purely legal information that is not within the scope of permissible discovery under Rule 26(a) and that Request GG does not relate to any of the allegations of the complaint.  In addition, Defendant proposed a narrowing construction for Requests I and P that would permit an intelligible response to those requests.

Under Rule 26(b)(5), the obligation to provide a privilege log is only with respect to information that is "otherwise discoverable."  Defendant cannot catalog the withholding of "otherwise discoverable" documents until there is a ruling on what is "otherwise discoverable."  *See, e.g., CACI Field Servs., Inc. v. United States*, 12 Cl. Ct. 680, 684 (1987) ("[B]efore examining the executive privilege claim, the court must inquire whether the information sought is relevant. . ."); *Jupiter Painting Contracting, Co. v. United States*, 87 F.R.D. 593, 599 (E.D. Pa. 1980) (holding that "the burden of establishing minimal relevance is on the requesting party" when governmental privileges are invoked).

Defendant has never refused to provide privilege logs.  Instead, Defendant has insisted that the provision of privilege logs is premature until the Court has ruled on whether certain of Plaintiffs' requests are even within the proper scope of discovery.[2]  This common-sense approach will serve to limit the burdens of discovery on the Court and on the parties:

> [M]atters of privilege can appropriately be deferred for definitive ruling until after the production demand has been adequately bolstered by a general showing of relevance and good cause, and at least the rough dimensions of the [government's] burden have been set.  This technique may, as to particular items, eliminate a 'showdown' on privilege.  Perhaps also the frequently, and in this

---

[2] For example, Document Request GG seeks "[a]ll documents concerning any of the plaintiffs in this action."  The patent overbreadth of this request illustrates the needless burden of requiring Defendant to prepare privilege logs before the Court has ruled on Defendant's legitimate objections.

7

> case almost certain, laborious page-by-page examination which
> assertions of privilege will require, certainly of the [government]
> and perhaps also of the court, may be avoided or curtailed.

*Freeman v. Seligson*, 405 F.2d 1326, 1338 (D.C. Cir. 1968) (citations omitted).

As the Court undoubtedly recognizes, the preparation of a privilege log is no small task. Case law and regulations require an extensive process for the assertion of government privileges. The procedures set forth in 28 C.F.R. §§ 16.21 *et seq.*, prevent an employee from producing documents or revealing Department information without prior approval of certain specified Department officials. If the Court rules against Defendant and orders disclosure of non-privileged documents deemed responsive to any of Plaintiffs' discovery requests, then Defendant will need time to gather the documents and present them for review to the appropriate official. Certain claims of governmental privileges by the Executive Branch, of course, are ordinarily accompanied by an affidavit from a high-ranking agency official.

Therefore, Defendant requests that the Court rule first on Defendants' Motion for a Protective Order and provide adequate time for Defendant to search for any documents deemed responsive and to prepare privilege logs for any documents that are entitled to protection through the law enforcement and/or deliberative process privileges.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiffs' Motion to Compel be denied.

Dated: December 1, 2005                         Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney

RICHARD BERNSTEIN
Assistant U.S. Attorney

THEODORE C. HIRT
Assistant Branch Director
United States Department of Justice

         /s/
KAREN STEWART
RAPHAEL O. GOMEZ
Senior Trial Counsels
ERIC J. BEANE
JOEL McELVAIN
JAMES D. TODD, JR.
TAMARA ULRICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, D.C.  20044
(202) 616-2035
Eric.Beane@usdoj.gov

*Attorneys for Defendant*