IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

**ORDER**

**AND NOW,** this 28th day of December, 2005, upon consideration of the motion of the defendant for a protective order (Doc. No. 224), the motion of plaintiffs to compel (Doc. No. 226), and the responses thereto (Doc. Nos. 230, 232), the court makes the following findings and conclusions:

1.    The plaintiffs in this action, including the four institutional plaintiffs, the American Civil Liberties Union ("ACLU"), the American Booksellers Foundation for Free Expression ("ABFFE"), the Electronic Frontier Foundation ("EFF"), and the Electronic Privacy Information Center ("EPIC"), and thirteen individual, non-institutional plaintiffs, brought this action challenging the constitutionality of the Child Online Protection Act, 47 U.S.C. § 231 ("COPA"). On February 2, 1999, I granted a preliminary injunction against the enforcement of COPA. (Doc. No. 121). Eventually, the preliminary injunction was affirmed by the Supreme Court on June 29, 2004, and remanded to me for a trial on the merits. Ashcroft v. ACLU, 542 U.S. 656 (2004). For a more detailed description of the history and background of this case, see the Supreme Court's opinion at 542 U.S. 656. The parties are now in the midst of discovery and certain disagreements have arisen. As a result, on November 22, 2005, defendant filed a motion for a protective order against certain discovery requests of plaintiffs. (Doc. No. 224). On the same date, pursuant to Pretrial Order 15, plaintiffs sent to chambers a letter requesting the court

to compel defendant to answer their discovery requests. By order dated November 23, 2005 (Doc. No. 227), I construed the plaintiffs' letter as a formal motion and the letter was docketed on that date. (Doc. No. 226). Defendant's motion for a protective order and plaintiffs' motion to compel regard the same discovery requests. Therefore, both motions shall be discussed simultaneously.

    2  The filing of defendant's motion for a protective order violated Pretrial Order 15 (Doc. No. 186) as defendant did not allege that the less formal discovery dispute resolution measures outlined therein would significantly impair his fundamental rights or that manifest injustice or deprivation of due process would occur from such procedures. In the future, the parties shall adhere to Pretrial Order 15;

    3.  Once a party opposing discovery raises an objection to a discovery request, the party seeking the discovery must demonstrate that the information sought is relevant. When this showing of relevance is made, the burden shifts back to the party opposing discovery to show why the discovery should not be permitted. <u>Northern v. City of Philadelphia</u>, No. 98-6517, 2000 WL 355526, at *2 (E.D. Pa. April 4, 2000). The court may limit discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2);

    4.  The first set of disputed discovery requests are plaintiffs' requests to produce I through M. The text of the requests are as follows:

    **Request to produce I**: All documents concerning communications within

the Department of Justice or communications between you and any other United States governmental body or any international organization, law enforcement agency, coalition or foreign government regarding materials that are harmful or potentially harmful to minors but not obscene;

**Request to produce J**:  All documents regarding the extraterritorial or potential extraterritorial application of internet gaming statutes or regulations;

**Request to produce K**:  All documents regarding the extraterritorial or potential extraterritorial application of anti-spam statues or regulations;

**Request to produce L**:  All documents regarding the extraterritorial or potential extraterritorial application of internet obscenity statutes or regulations;

**Request to produce M**:  All documents regarding the extraterritorial or potential extraterritorial application of COPA;

A. Plaintiffs contend that their request to produce I is relevant to show the scope of the speech covered by COPA and defendant's stated views regarding the extraterritorial reach of COPA.  Defendant counters that the request is overly broad and too vague to permit an intelligible response since, *inter alia,* "harmful to minors" is not defined. Defendant further contends that this request should be limited to only materials that have been the subject of prosecution under either COPA or the Truth in Domain Name Statutes ("TDNS"). I find that plaintiffs' request to produce I is overly broad and unduly burdensome since it is not limited, *inter alia*, by date or relevant statute and includes materials "potentially harmful to minors" which in itself is a vague and undefined phrase.  Nonetheless, I find defendant's proposed limitation too narrow, since it encompasses only materials that have already been the subject of prosecutions under COPA, which has never been in effect, and TDNS, which,

according to plaintiffs, has not been widely litigated.  Perhaps some compromise could be reached limiting the request to documents concerning communications regarding the possibility of prosecution or an action, including preliminary investigations, under COPA, the Truth in Domain Name Statutes ("TDNS") or other statutes which defines "harmful to minors" and which regard materials that are harmful to minors but not obscene.  However, this court will not re-cast plaintiffs request to produce I to reach such a result.  I leave that task to plaintiffs or the agreement of the parties.  Therefore, I will not compel defendant to answer either version of plaintiffs' request to produce I.

                B.      Plaintiffs contend that their requests to produce J through M are also relevant to show the scope of the speech covered by COPA and defendant's stated views regarding the extraterritorial reach of COPA.  Defendant argues that these requests to produce seek only advisory opinions and defendant's legal research regarding statutory construction.  Defendant also contends that plaintiffs' requests to produce J through L regard laws distinct from COPA and do not list the relevant statutes about which plaintiffs seek information.  Contrary to defendant's argument, these requests do not solicit legal conclusions, but seek the fact of whether such documents regarding these topics exist.  In addition to plaintiffs' request to produce M, regarding the extraterritorial reach of COPA, plaintiffs' requests to produce J through L, regarding the extraterritorial reach of internet gaming, anti-spam and obscenity statutes, are also relevant because the issue of whether a law similar to COPA has extraterritorial reach could also have impact on whether COPA has extraterritorial reach.  See Northern, 2000 WL 355526, at *1 (stating that discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action) (internal quotation marks omitted).  Therefore, defendant shall respond to plaintiffs' requests to produce J through M.

However, it is necessary for plaintiffs to list specifically what statutes they seek documents regarding in their requests to produce J through L, which they have agreed to do. (Doc. No. 232, p. 4).

       5.    The second set of disputed discovery requests are plaintiffs' request to produce P and interrogatories P and Q. The text of the requests are as follows:

**Request to produce P**: All documents concerning materials determined by the Department of Justice to be harmful to minors but not obscene including, without limitation, all documents reflecting the content of such material and all documents concerning the rationale for that conclusion;

**Interrogatory P**: Identify any speech on the internet that is "harmful to minors" under the definition in COPA but not obscene;

**Interrogatory Q**: State whether any speech on the Plaintiffs' web sites is "harmful to minors" under the definition in COPA and identify any such speech;

       A.    Like plaintiffs' request to produce I, plaintiffs claim that their request to produce P is relevant to the scope of speech covered by COPA. Defendant again counters that the request is overly broad and vague, just like plaintiffs' request to produce I. Defendant further argues that this request to produce should be similarly limited to materials which have been subject to prosecution under COPA or TDNS. Like plaintiffs' request to produce I, I find that their request to produce P is overly broad and unduly burdensome since it is not limited, *inter alia*, by date or relevant statute, but again, I find defendant's proposed limitations too narrow. As with plaintiffs' request to produce I, perhaps request to produce P could be reformed. Nonetheless, I do not view the court's task to include re-wording plaintiffs request to produce P. I leave this task to plaintiffs or the agreement of the parties. As a result, I

5

will not compel defendant to answer plaintiffs' request to produce P.

                B.      While plaintiffs contend that their interrogatories P and Q are relevant to determining the scope of speech covered by COPA, defendant counters that these interrogatories seek advisory opinions, go beyond the Complaint, and are premature. I find that these interrogatories, which seek to discover what materials are "harmful to minors", a key concept in COPA, are relevant to the scope of speech covered by COPA. I also disagree with defendant that plaintiffs' interrogatories P and Q request legal conclusions and, thus are impermissible. Under Federal Rule of Civil Procedure 33, an interrogatory is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or to the application of law to fact. Fed. R. Civ. P. 33(c); see <u>Russo v. Abington Memorial Hosp.</u>, No. 94-195, 1996 WL 165493, at *1-2 (E.D. Pa. April 3, 1996) (citing the 1970 comments to Rule 33 indicating that the rule was intended to permit a party to narrow and sharpen the issues through interrogatories seeking the application of law to fact, but not to allow interrogatories seeking purely legal conclusions) (internal quotation marks omitted); <u>Deloach v. Companhia De Navegacao Lloyd Brasileiro</u>, No. 84-0947, 1985 WL 2659, at *3 (E.D. Pa. Sept. 11, 1985) (stating that the contentions of the parties as to the application of law to facts is discoverable). Here, these two interrogatories do not call for purely legal conclusions, but seek the defendant's contentions as applied to the facts of this case under COPA. Nonetheless, I find that interrogatory P is over-broad because it is not limited to speech defendant has already determined to be "harmful to minors" under COPA but appears to command defendant to search for all speech over the entire internet and determine whether it is harmful to minors. As a result, defendant need not respond to plaintiffs' interrogatory P. However, plaintiffs' interrogatory Q is proper and shall be responded to by defendant. To the extent that plaintiffs' interrogatory Q is

premature in that defendant has not yet determined all of the speech on plaintiffs' websites he contends is harmful to minors, defendant shall provide what knowledge he has now and timely provide such further information as it becomes available. Fed. R. Civ. P. 26(e).

   6. The third discovery request at issue is plaintiffs' request to produce GG, which states:

   **Request to Produce GG**: All documents concerning any of the plaintiffs in this action;

   A. Plaintiffs contend that this request is relevant because the plaintiffs fear prosecution under COPA due to the content of their websites. As a result, plaintiffs are willing to limit their request to produce GG to "all documents concerning the content of plaintiffs' websites." (Doc. no. 226, p. 4). Defendant contends that this request seeks irrelevant information in an overly broad and unduly burdensome manner since it is not tied to any allegation in the Complaint or limited to documents regarding COPA. I agree with defendant that even with plaintiffs' proposed limitation, the request is still over-broad. Plaintiffs' request to produce GG could possibly be limited to all documents concerning COPA or material harmful to minors which also concerns plaintiffs or their websites, but I will not recast the question to reach such a result. I leave that task to plaintiffs or the agreement of the parties. Therefore, defendant need not respond to plaintiffs' request to produce GG.

   7. The fourth set of disputed discovery requests are plaintiffs' interrogatories G through I. The text of the interrogatories are as follows:

   **Interrogatory G**: Identify any "digital certificate" within the meaning of COPA known to you that can be used to verify age;

   **Interrogatory H**: Identify any "other reasonable measures that are

7

feasible under the available technology" within the meaning of section 231(c)(1)(C) of COPA that can be used as a successful affirmative defense to prosecution under COPA under section 231(a)(1);

**Interrogatory I**: Identify any AVS products known to you that can be used to establish a successful affirmative defense within the meaning [of] section 231(c) of COPA to prosecution under section 231(a)(1) of COPA;

A. Plaintiffs contend that the information sought by their interrogatories G through I is relevant and does not merely call for legal conclusions since there has already been factual testimony regarding these questions and the Supreme Court remanded the case to determine, in part, whether technology had changed since the preliminary injunction. Plaintiffs also contend that these interrogatories are necessary to identify relevant third parties. Defendant claims that these interrogatories seek legal conclusions regarding what technology would satisfy COPA's affirmative defenses. Moreover, defendant claims that he "simply has not reached any determination about what 'digital certificates,' 'AVS products,' or 'other reasonable measures [] are available' to satisfy the legal standard for an affirmative defense under COPA. To the extent that Defendant will present evidence on the affirmative defenses, it will be though expert testimony." (Doc. No. 232, pp. 4-5). I find that the information sought by plaintiffs' interrogatories G through I is relevant to what technology is available to satisfy the affirmative defenses in COPA. Furthermore, these interrogatories do not call for purely legal conclusions, but for defendant's contentions regarding the facts of this case as they apply to the defenses available under COPA. Russo, 1996 WL 165493, at *1-2; Deloach, 1985 WL 2659, at *3. Therefore, as information relevant to plaintiffs' interrogatories G through I becomes known to the defendant, he shall timely answer plaintiffs' interrogatories G, H, and I and forward that

8

information to plaintiffs.  Fed. R. Civ. P. 26(e).

        8.      The fifth discovery request at issue is plaintiffs' interrogatory O, which states:

**Interrogatory O**:  Identify any forms of speech available on the Internet that are not covered by COPA because they do not employ Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information;

        A.      Plaintiffs contend that early in the case, the parties reached factual stipulations regarding what speech and speech protocols were covered by COPA.  Plaintiffs claim that this interrogatory merely seeks to discover if those stipulations remain true.  Defendant only contends that the use of Transmission Control Protocol/Internet Protocol ("TCP/IP") does not determine whether certain speech is covered by COPA, and, thus, the question is irrelevant.  Instead, defendant claims that COPA prohibits communications using Hypertext Transfer Protocol ("HTTP").  Plaintiffs are aware of their mistake and request the court to reform their interrogatory O to replace TCP/IP with HTTP.  Although this interrogatory is easily recast to be relevant, I decline to do so.  I leave that task to plaintiffs or the agreement of the parties.  As a result, the defendant need not respond to plaintiffs' interrogatory O.

        9.      Finally, plaintiffs contend that the defendant has failed to produce privilege logs.  Defendant counters that until his motion for a protective order is decided and the proper scope of discovery is resolved, he cannot provide privilege logs.  While identification of privilege issues could be required before all scope of discovery issues are resolved, now that the scope of discovery has been resolved through the motions at issue and this order, the defendant shall produce to the plaintiffs all appropriate privilege logs.

        As a result of the forgoing, it is hereby **ORDERED** that the motion for a

protective order filed by the defendant and the motion to compel filed by the plaintiffs are both **GRANTED** in part and **DENIED** in part and that:

  10. Defendant need not respond to plaintiffs' requests to produce I, P, and GG; and interrogatories P and O;

  11. By **January 27, 2006**, defendant shall respond to plaintiffs' request to produce J through M.  By **January 6, 2006,** plaintiffs shall supplement their requests to produce J through L with the names and citations of any statutes regarding internet gaming, anti-spam and obscenity statutes which they wish defendant to include in his search;

  12. By **January 27, 2006**, defendant shall respond to plaintiffs' interrogatory Q to the extent possible and shall timely supplement such responses as relevant information becomes available pursuant to Federal Rule of Civil Procedure 26(e);

  13. By **January 27, 2006**, defendant shall respond to plaintiffs' interrogatories G through I to the extent possible and shall timely supplement such responses as relevant information becomes available pursuant to Federal Rule of Civil Procedure 26(e); and

  14. Defendant shall timely provide the appropriate privilege logs to plaintiffs as necessary.

                 _____
                 LOWELL A. REED, JR., S.J.