IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*,<br><br>       Plaintiffs<br><br>v.<br><br>ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States.<br><br>       Defendant. | Civil Action No.<br>98-CV-5591 |

**DECLARATION OF JAMES D. TODD, JR. IN SUPPORT OF DEFENDANT'S MOTION TO QUASH PLAINTIFFS' DEPOSITION PURSUANT TO RULE 30(b)(6) OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

I, James D. Todd, Jr., do hereby state and declare as follows:

1. I am one of the attorneys for Defendant, the Attorney General of the United States, in this case. I submit this declaration pursuant to Local Rule 26.1(f).

2. On January 10, 2006, plaintiffs served defendant with a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), requesting defendant to designate one or more persons to testify on his behalf and are knowledgeable as to:

> The Department of Justice's definitions of "obscene" and "harmful to minors" as established in federal criminal statutes 18 U.S.C. § 1460 and 47 U.S.C. § 231, including but not limited to information concerning content determined to be obscene or not to be obscene under such laws and rationale for that conclusion; content determined to be harmful to minors or not to be harmful to minors under such laws and rationale for that conclusion; enforcement of such laws, including territorial enforcement, with regard to obscene and harmful to minors material; number of investigations and/or prosecutions for obscenity or harmful to minors; and criteria that distinguish "obscene" from "harmful to minors," and "harmful to minors" from non-criminal material.

Pls.' Ntc. of Depo. (Jan. 10, 2006) [Attached as Ex. 3 to Def.'s Mot.]. The notice set the deposition for 12:00 P.M. on February 3, 2006. *See id.*

3. On or about January 26, 2006, defendant, through counsel, informed plaintiffs that he would be unable to produce officials on the date set forth in plaintiffs' deposition notice. Plaintiffs agreed to continue the date of the deposition. Plaintiffs did not re-notice the deposition for another date.

4. On February 9, 2006, defendant, through counsel, informed plaintiffs by letter that the Department had "serious concerns regarding the topics identified in your notice," and stated his "formal objection to the notice." Ltr. fr. Raphael Gomez to Christophen Hansen (Feb. 9, 2005) [Attached as Ex. 4 to Def.'s Mot.]. In an effort to resolve this matter informally, defendant asked that plaintiffs "reformulate your topics, either through interrogatories under Rule 33, or through specific written questions, proceeding under Rule 31 (deposition on written questions)." *Id.* In addition, defendant stated that it would "work with you so that the process for responding to proper inquiries could be done efficiently." *Id.* Defendant concluded by asking to "resolve these issues without the need for formal court involvement." *Id.*

5. On February 15, 2006, plaintiffs informed defendant by letter that they "do not find your proposed alternatives (Interrogatories or Written Questions) to be acceptable." Ltr. fr. Christopher Hansen to Raphael Gomez (Feb. 15, 2006) [Attached as Ex. 5 to Def.'s Mot.]. Plaintiffs stated that if defendant did not "intend to supply a witness prior to the end of the discovery period, [defendant] should file the appropriate motion." *Id.* Plaintiffs indicated their willingness to discuss this further only if defendant thought "it would be helpful." *Id.* However, plaintiffs did not propose any accomodation to resolve this matter without the need for formal court involvement. *See id.*

6. On February 24, 2006, defendant informed plaintiffs by letter that plaintiffs had not "suggested any alternative accommodation for [defendant's] concerns other than to invite [defendant] to file a motion with the Court." Ltr. fr. Raphael Gomez to Christopher Hansen (Feb. 24, 2006) [Attached as Ex. 6]. Defendant "again invited [plaintiffs] to accept [defendant's] offer to accept service of interrogatories or a deposition of written questions." *Id.*

7. Rather than respond to defendant, on February 27, 2006, plaintiffs informed the Court by letter that plaintiffs "anticipated filing a letter pursuant to Pre-Trial Order 15." *See* Ltr. fr. Christopher Hanser to the Hon. Lowell A. Reed, Jr. (Feb. 27, 2006), at 1.

8. On February 27, 2006, defendant contacted plaintiffs by telephone in one last attempt to resolve this matter without involvement of the Court. The parties discussed their respective positions in further detail and agreed to resolve this matter by defendant addressing the Court first and plaintiffs later responding.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based on my information and belief.

_____
JAMES D. TODD, JR.

Executed on February 27, 2006