

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| | |
|---|---|
| **Via First-Class Mail** | **Via Overnight Delivery** |
| P.O. Box 883, | 20 Massachusetts Ave., N.W., Room 6144 |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

---

145-12-10982
Raphael O. Gomez
Senior Trial Counsel

Tel: (202) 514-1318
Fax: (202) 616-8470

February 9, 2006

Via Federal Express & Electronic Mail

Christopher A. Hansen
ACLU Foundation
125 Broad Street
New York, NY 10004

    Re:    <u>ACLU, et al. v. Gonzales (E.D. Pa. No. 98-5591)</u>

Dear Mr. Hansen:

    I am writing with regard to your notice of deposition that seeks testimony under Rule 30(b)(6) as to, *inter alia*, "the Department of Justice's definitions of 'obscene' and 'harmful to minors'." As we have previously agreed, this deposition has been continued from the February 3 date that you had scheduled in the notice.

    I want to advise you now, however, that the Department has serious concerns regarding the topics identified in your notice, and I wish to state our formal objection to that notice as currently formulated. As we interpret the topics listed in the notice, it would appear that your deposition will include an effort to elicit testimony from Department officials as to their interpretation of federal criminal statutes (including the federal obscenity statute, 18 U.S.C. 1460), and the scope and coverage of such statutes. To our knowledge, Department officials have not been subjected to depositions of this kind in previous litigation. Questioning such officials on the potential application of criminal law therefore would be unprecedented. Of course, your notice is quite unspecific as to what questions you may ask, but we assume that your deposition would include seeking opinions as to whether the obscenity statutes apply in hypothetical situations or to specific fact patterns. Asking such officials to opine on whether a federal criminal statute would be, or had been, violated in a particular case, is inappropriate at a deposition.

    In addition, a deposition seeking this sort of testimony would infringe on central principles of the independence of prosecutorial decision making from judicial review. For example, statements made by Department officials at a deposition as to the obscenity statutes could be used by future criminal defendants seeking dismissal of their specific indictments. Moreover, the deposition apparently seeks testimony regarding pure questions of law, e.g., the

meaning of federal statutes, and such a line of inquiry is an inappropriate subject for a deposition.

Your deposition notice also appears to seek testimony regarding factual matters, such as the number of prosecutions brought under certain statutes. Some of these potential lines of questioning – such as questioning regarding the number of pending investigations under a particular statute – would be objectionable under the law-enforcement privilege or related privileges. In contrast, some potential questioning on factual matters, such as the numbers of prosecutions brought within a particular time frame, may not necessarily be objectionable, and, therefore, could be subject to legitimate discovery. Unfortunately, the topic list does not illuminate what questions you may ask. In addition, we already have provided you the information that yields the numbers of obscenity prosecutions initiated by the Department.

In order to focus your discovery into areas that would not be objectionable, we ask that you reformulate your topics, either through interrogatories under Rule 33, or through specific written questions, proceeding under Rule 31 (deposition on written questions). We would work with you so that the process for responding to proper inquiries could be done efficiently. In addition, proceeding under Rule 31 would enable the parties to make a clear record of any disagreements as to the proper scope of questioning.

I look forward to your response to this proposal. I hope that we can resolve these issues without the need for formal court involvement.

Sincerely,

Raphael O. Gomez
Senior Trial Counsel
Federal Programs Branch
Civil Division