IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 98-CV-5591 ) ) |
| v. | ) ) ) |
| ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States, | ) ) ) ) |
| Defendant. | ) ) |

### DECLARATION OF LAURA PARSKY IN SUPPORT OF DEFENDANT'S MOTION TO QUASH PLAINTIFFS' DEPOSITION PURSUANT TO RULE 30(b)(6) OR, IN THE ALTERNATIVE; FOR PROTECTIVE ORDER

I, Laura Parsky, do hereby state and declare as follows:

1. I am a Deputy Assistant Attorney General of the Criminal Division, United States Department of Justice ("Department"). I have held this position for approximately two years.

2. The Criminal Division ("Division") is charged with, *inter alia*, the development, enforcement, and supervision of the application of all federal criminal laws except those specifically assigned to other divisions. The Division, and the 93 U.S. Attorneys, have the responsibility for overseeing criminal matters under the more than 900 statutes. In addition to its direct litigation responsibilities, the Division formulates and implements criminal enforcement policy.

3. More specifically, as it relates to the instant case, the Criminal Division, with

the U.S. Attorneys' Offices, prosecutes violations of federal law related to producing, distributing, receiving, or possessing child pornography and actively enforces federal laws against transporting obscene materials in interstate or foreign commerce. Additionally, the Division is involved in policy and legislative matters involving the areas of sexual abuse and exploitation of minors and obscenity.

4    One of the duties of my current position is to supervise the Child Exploitation and Obscenity Section of the Criminal Division. I also help to implement the policies under which the Criminal Division operates.

5.    I make this declaration in support of Defendant's Motion to Quash Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) or, in the Alternative, for a Protective Order, in ACLU v. Gonzales, Civil Action No. 98-5591 (E.D. Pa.). This declaration is based on my personal knowledge or upon knowledge that I have learned in the course of my official duties at the Department.

6.    On January 10, 2006, Plaintiffs sent to the Department a Notice of Deposition. Plaintiffs' Notice of Deposition requests that the Department designate an individual who can address the following subjects: "the Department of Justice's definition(s) of 'obscene' and 'harmful to minors' as established in federal criminal statutes 18 U.S.C. § 1460 and 47 U.S.C. § 231, including, but not limited to, information concerning content determined to be obscene or not to be obscene under such laws and rationale for that conclusion; content determined to be harmful to minors or not to be harmful to minors under such laws and rationale for that conclusion; enforcement of such laws, including territorial enforcement, with regards to obscene and harmful to minors material; number of investigations and/or prosecutions for obscenity or harmful to minors [material]; and criteria that distinguish

2

'obscene' from 'harmful to minors,' and 'harmful to minors' from non-criminal material."

7. The Department's definition of obscenity is guided by 18 U.S.C. § 1460 and related caselaw, specifically the test for obscenity set forth by the U.S. Supreme Court in Miller v. California, 413 U.S. 15 (1973). Under Miller, material is obscene if (a) an average person applying contemporary community standards finds that the material taken as a whole appeals to the prurient interest; (b) an average person applying contemporary community standards finds that the material depicts sexual conduct in a patently offensive manner; and (c) a reasonable person, viewing the material as a whole, finds that the material lacks serious literary, artistic, political or scientific value. 47 U.S.C. § 231(e)(6) (the "COPA" statute) similarly employs a modified version of the Miller test, stating that "harmful to minors" material is that which is obscene or that: (a) the average person, applying contemporary community standards, would find, taking the material as a whole and with respect to minors, is designed to appeal to, or is designed to pander to, the prurient interest; (b) depicts, describes, or represents, in a manner patently offensive with respect to minors, an actual or simulated sexual act or sexual contact, an actual or simulated normal or perverted sexual act, or a lewd exhibition of the genitals or post-pubescent female breast; and (c) taken as a whole, lacks serious literary, artistic, political, or scientific value for minors.

8. As the salient tests for determining whether material is "obscene" and/or "harmful to minors" necessarily depend on the contemporary community standards in the jurisdiction of potential prosecution, these determinations are made on a case-by-case basis by individual prosecutors familiar with the contemporary community standards of the jurisdiction of potential prosecution.

3

9. The COPA statute was enjoined the day after it was enacted. Consequently, I am not aware of any investigations or prosecutions under COPA's "harmful to minors" provision by the Department.

10. The disclosure of information involving the Department's investigations, and the rationales for conclusions therefrom, would reveal the Department's processes and techniques that it uses to determine whether to bring a prosecution. The destruction of the confidentiality of investigative records and its subsequent evaluative opinions would have a "chilling effect" upon Departmental decision-making about which prosecutions to seek.

4

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Laura Parsky, Deputy Assistant Attorney General

Executed on February 27, 2006