Not Reported in F.2d Page 1
Not Reported in F.2d, 1987 WL 49611 (C.A.3), 126 L.R.R.M. (BNA) 3250, 108 Lab.Cas. P 10,327
**(Cite as: Not Reported in F.2d)**

H

United States Court of Appeals, Third Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
STAMBAUGH'S AIR SERVICE, INC., Respondent.
**No. 87-3298.**

Nov. 16, 1987.

Before GIBBONS, STAPLETON and MANSMAN, Circuit Judges.

[*Statement of Case*]

GIBBONS, Chief Justice.
***1** The petitioner has filed a motion for a protective order, and a brief in support. A statement and a brief in opposition have been filed.

The motion involves the respondent's desire to depose three NLRB investigators.

The respondent asserts that the investigators might have relevant information in the following general categories:

1. Knowledge of the bargaining process;

2. Knowledge of admissions made by representatives of the respondent;

3. Knowledge of statements or admissions made by representatives of the union; and

4. Knowledge of the NLRB's theories underlying its contempt contention.

The petitioner NLRB has cited a number of cases addressing the question of the right of a company involved in a proceeding involving the company's good faith in bargaining to depose NLRB representatives on their views and findings through inquiries on the questions and matters involved in the proceeding. The courts have found that there is no valid purpose to be served by such depositions and that the hearsay statements to which these investigators might testify and their thought processes are immaterial to the contempt proceeding. The petitioner has also opposed the depositions by relying upon a doctrine of privilege as to the deliberative process of government agents.

[*Respondents Oppositions*]

In opposing the motion for a protective order, the respondent demonstrates no likelihood that depositions of the Board's investigators will lead to the discovery of admissible evidence. The respondent does not articulate the reasoning process by which it calculates that the depositions may lead to the discovery of admissible evidence.

The respondent asserts that the Board's deliberations and thought processes are relevant to the subject matter of the contempt proceeding. The Board's deliberations and thought processes would be discoverable, if not privileged, if they supported relevant evidentiary inferences. We do not see how they might, and the respondent has not adequately explained how they would. The respondent cites a history of changing attitudes on the part of the Board towards the respondent's bargaining efforts. The contempt proceeding will not inquire into the Board's attitudes, but will be confined to a determination whether the respondent violated a court order. The respondent notes that the NLRB once “closed its file” on the respondent, and it seeks to discover the information presumably favorable to it which causes the Board to close its file. The NLRB's decision to close the file and its underlying reasons are immaterial to our inquiry. *NLRB v. Whittier Mills Co.*, [5 LC ¶ 60,774] 123 F.2d 725 (5th Cir.1941).

The respondent asserts that it should be permitted to discover the substance of statements given to these investigators by persons who will testify at trial. The Board responds that these statements are not discoverable because of the deliberations and thought processes privilege of government agencies. If prospective witnesses made statements to Board investigators, the disclosure of these statements for purposes of the contempt proceeding would not appear likely to have an effect upon the Board's deliverative process. Such compilations of facts rather than advisory opinions or recommendations are not privileged. *Cf. EPA v. Mink*, 410 U.S. 73, 85-94 (1973). To the extent such statements were reduced to writing in preparation for litigation, however, they are not discoverable absent a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.2d Page 2
Not Reported in F.2d, 1987 WL 49611 (C.A.3), 126 L.R.R.M. (BNA) 3250, 108 Lab.Cas. P 10,327
**(Cite as: Not Reported in F.2d)**

showing of substantial need and inability to obtain the substantial equivalent by other means. Fed.R.Civ.P. 26(b)(3); *Hickman v. Taylor*, 379 U.S. 495 (1947).

***2** The Board asserts that a Jencks Act sort of procedure for the production of witnesses' prior statements would be proper, citing *NLRB v. Truck Drivers Local 282*, [59 LC ¶ 13,368] 70 LPRM 2793 (2d Cir.1969). The Board's own regulations have adopted such a procedure for disclosing witnesses' statements made to investigators after the witnesses have testified for purposes of cross-examination, 28 C.F.R. § 102.118, and the Board represents that they will do so in this proceeding. Such disclosure procedures have been approved in contempt proceedings. *NLRB v. Truck Drivers Local 282*, 70 LRRM 2793 (2d Cir.1969).

In a similar situation in *NLRB v. Schill Steel Products, Inc.*, [59 LC ¶ 13,298] 408 F.2d 803 (5th Cir.1969), the court permitted pretrial discovery of statements in the Board's possession which had been given by witnesses the Board expected to examine at the contempt proceeding. The court found the danger of coercion by an employer against such testifying witnesses to be no greater if pretrial discovery of their statements is permitted than if their statements are disclosed after they have testified pursuant to 29 C.F.R. § 102.118.

[*Conclusion*]

The court in *Schill* did not consider whether such statements are subject to the conditions imposed on discovery of such materials by Fed.R.Civ.P. 26(b)(3). The respondent has not shown substantial need for the statements. A mere surmise or hope that evidence useful to impeach the witnesses will be found in their statements does not constitute substantial need. *Stephens Produce Co., Inc. v. NLRB*, [76 LC ¶ 10,856] 575 F.2d 1373, 1377 (8th Cir.1975). Moreover, because the petitioner will disclose the statements of witnesses testifying at trial so that they may be used for impeachment purposes, the respondent will be able to obtain the statements at a time when they may be used for the purposes for which the respondent seeks them.

C.A.3,1987.
N.L.R.B. v. Stambaugh's Air Service, Inc.

Not Reported in F.2d, 1987 WL 49611 (C.A.3), 126 L.R.R.M. (BNA) 3250, 108 Lab.Cas. P 10,327

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.