IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Civil Action No. 98-CV-5591 |
| ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States. | ) ) ) ) ) | Oral Argument Requested |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6), OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

In his opening brief, defendant demonstrated that all testimony sought by plaintiffs' deposition notice is not relevant to this litigation, is protected by the law enforcement and deliberative process privileges, or has been or may be obtained through interrogatories or deposition by written questions. *See* Def.'s Mot. Plaintiffs do not respond directly to any of these showings but have instead mistakenly asserted both that defendant waived assertion of these privileges and that the privileges do not apply. In addition, in order to justify the relevance of their notice, plaintiffs have proposed a new line of questioning not covered by the deposition notice, but which would still be irrelevant and privileged. Moreover, because plaintiffs fail to argue that they cannot obtain this information except through oral deposition testimony, this Court should treat that issue as conceded.

# ARGUMENT

### A. Defendant's Standing Argument Does Not Constitute a Waiver of the Law Enforcement and Deliberative Process Privileges

Plaintiffs mistakenly claim that defendant has waived any assertion of the law enforcement and deliberative process privilege over content determined to be obscene or harmful to minors. Pls.' Response at 3. In essence, plaintiffs claim that defendant's citation to web pages of specific plaintiffs in asserting his standing arguments in this litigation constitutes subject matter waiver of defendant's ability to assert the law enforcement and deliberative process privileges over any determination defendant may make about whether *any* material on *any* website may be obscene or harmful to minors.

Plaintiffs' claim overreaches; to defendant's knowledge, no court has ever ruled that asserting standing arguments waives the government's ability to protect its decision-making process about whether any *other* conduct or speech does or does not fall within the ambit of a governing statute. Rather, defendant's only determinations as to whether specific materials have been (or have not been) "harmful to minors" have been limited to two discrete contexts – in specific briefs that either challenge plaintiffs' standing – whether their materials fall within the "harmful to minors" definition, or, more recently, in response to a specific interrogatory (Interrogatory Q). The Court has directed a response by defendant to that interrogatory, *see* Order (Dec. 28, 2005) [Dkt. No. 240] ("Dec. 28 Order") at 6-7, and defendant has responded as to some of plaintiffs, *see* Def.'s Supp. Response to Pls.' Interrogs. [Attached as Ex. 1], and will supplement that response as it makes further determinations. Plaintiffs have not objected to the

sufficiency of that response, nor indicated that the deposition would address that response.[1]  In any event, plaintiffs fail to show how defendant waived assertion of privilege about any other determinations that he may have made, or that plaintiffs want a Department official to make at a deposition, about whether some other content on other third-party web sites may or may not be obscene.  See Pls.' Response at 2-3.  Thus, no non-privileged deposition testimony from a Department official could lead to the discovery of admissible evidence about any determination defendant has made or conceivably might make either about content on plaintiffs' web sites or about content on third-party web sites.[2]

>    **B.    The Law Enforcement and Deliberative Process Privileges Preclude any Inquiry into the Department's Determination of Whether Unidentified Content on Third Party Web Sites Is Obscene or Harmful to Minors and Preclude Any Inquiry into Defendant's Rationale for Any Determinations**

Ignoring well-settled case law, plaintiffs claim that neither the law enforcement nor deliberative process privileges apply to the testimony they seek because they want to know the Department's determinations about whether or not certain content may be obscene or harmful to minors under COPA, as well as the rationale for those determinations.  Pls.' Response at 3.  Apart from the obscenity indictments that defendant has already provided to plaintiffs in response to their written discovery requests, however, there is no non-privileged information

---

[1] In addition, any inquiry into the rationale for these determinations would be protected by the mental process privilege.  *United States v. Morgan*, 313 U.S. 409, 422 (1941); *Gomez v. City of Nashua, NH*, 126 F.R.D. 432, 435 (D.N.H. 1989).

[2] Because COPA has been enjoined since it was signed into law, defendant has made no other harmful-to-minors determinations.  *See* Declaration of Laura Parsky ("Parsky Dec.") ¶ 9 [Attached as Ex. 7 to Def.'s Mot.].

about the Department's determinations about whether or not other content on other third party web sites may be obscene or harmful to minors.[3]

It is well settled that no inquiry into a government official's rationale for his or her determination is permissible. "[C]ourts will not entertain an inquiry into [an official's] investigation and knowledge of the points decided, or as to the methods by which he reached his determination." *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1145 (2d Cir. 1974). Federal courts have long recognized a policy against exploratory inquiries into the mental processes of governmental decision makers. *Morgan*, 313 U.S. at 422. Courts protect the mental processes of high level officials because subjecting them to interrogation about how they reached particular decisions would impair that decision making by making officials less willing to explore all available options, no matter how controversial. *See Thomas v. Baker*, 925 F.2d 1523, 1525 (D.C. Cir. 1991). Rather, a court must confine its review to the legal validity of the statute in question. *In re Ofc. of Inspector Gen., RR Retirement Bd.*, 933 F.2d 276, 278 (5th Cir. 1991).

---

[3] *See* Parsky Dec. ¶ 9; *see also Wayte v. U.S.*, 470 U.S. 598, 607 (1985); *In re Franklin Nat'l Sec. Litig.*, 478 F. Supp. 577, 581 (E.D.N.Y. 1979); *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324-37 (D.D.C. 1966), *aff'd sub nom., VEB Carl Zeiss, Jena v. Clark*, 384 F.2d 979 (D.C. Cir.), *cert. denied*, 389 U.S. 92 (1967); *see also Gomez*, 126 F.R.D. at 435. To be clear, not all determinations about whether content may or may not be obscene are final decisions and thus are the routine sorts of non-final deliberations protected by the deliberative process privilege. Moreover, the cases cited above establish that the decision not to prosecute is also protected by the deliberative process privilege. And of course, materials presented to a grand jury that do not result in an indictment are protected by Fed. R. Crim. P. 6(e). Thus, apart from indictments, all other determinations are protected by the deliberative process or law enforcement privileges.

Accordingly, no non-privileged deposition testimony from a Department official could lead to the discovery of admissible evidence about any determination it may have made or conceivably might make about other content on third-party web sites.[4]

### C. A Department Official's Personal Opinion About Whether Unidentified Content Is Obscene or Harmful to Minors Is Not Relevant to This Litigation And, in Any Event, Would be Privileged

Plaintiffs claim that they "would be likely to display certain content from the Internet and ask the government if that content was obscene or harmful to minors or neither." Pls.' Response at 4. Plaintiffs' proffered line of questioning is beyond the scope of their deposition notice; the notice seeks testimony from a Department official about "content *determined* to be obscene or not to be obscene under such laws and rationale for that conclusion; [and] content *determined* to be harmful to minors or not to be harmful to minors under such laws and rationale for that conclusion." Pls.' Depo. Ntc. at 1-2 (emphasis added). The notice clearly seeks testimony about content that the Department has *already* determined to be obscene or not obscene or to be harmful to minors or not harmful to minors under COPA. Thus, by the terms of the deposition notice itself, plaintiffs cannot now seek to require the Department to produce an official to testify about content about which the Department has *not* made any determination. This Court has already declined to compel a response to plaintiffs' Request to Produce P ("All documents concerning materials determined by the Department of Justice to be harmful to minors but not obscene including, without limitation, all documents reflecting the content of such material and

---

[4] For these same reasons, there is no relevant non-privileged information that plaintiffs could obtain about the Department's definition of "as a whole" or its enforcement of 18 U.S.C. § 1460 and COPA, or if there is, there is no reason why plaintiffs could not obtain this information by written discovery. *See* Section D and note 9, *infra*.

all documents concerning the rationale for that conclusion.") because it was over broad.  *See* Dec. 28 Order at 5.  Moreover, this Court held that it did "not view the court's task to include re-wording plaintiffs' request to produce P."  *Id.*[5]  Plaintiffs' attempt to require a Department official to provide his or her opinion about certain unidentified web pages from unidentified web sites is beyond the scope of the deposition notice, and in any event would be over broad.[6]

Second, plaintiffs' attempt to seek a Department official's opinion about whether certain unidentified web pages on unidentified third party web sites may be obscene or harmful to minors is not relevant to this litigation.  Contrary to plaintiffs' suggestion, asking a Department official to make his or her own determination about whether certain content is obscene or harmful to minors at a deposition could not constitute the *Department's* determination because it would not reflect the recommendations, viewpoints, and/or discussion that are part of the Department's collegial decision-making process – a process that is protected by the deliberative process privilege.  Because any such testimony would be a personal, rather than an institutional,

---

[5] In addition, this Court has already held that plaintiffs' Interrogatory P ("Identify any speech on the internet that is "harmful to minors" under the definition of COPA but not obscene.") "is over broad because it is not limited to speech defendant has already determined to be harmful to minors under COPA but appears to command defendant to search for all speech over the entire internet and determine whether it is harmful to minors."  *Id.* at 5.

[6] Similarly, plaintiffs' deposition notice seeks testimony about "the number of investigations and/or prosecutions for obscenity or harmful to minors."  Pls.' Depo. Ntc. at 2.  However, plaintiffs' Response states that plaintiffs "would likely ask questions about the reasons for the statistics."  Pls.' Response at 9.  Further, although the notice seeks testimony about "enforcement of such laws, including territorial enforcement . . ." Pls' Depo. Ntc. at 2, plaintiffs' Response states that plaintiffs seek testimony about "extraterritorial enforcement."  Pls.' Response at 8.  Plaintiffs' proposed line of questioning is beyond the scope of the deposition notice in both instances, and this Court should not re-write plaintiffs' notice for them in order to require testimony about the reasons for the statistics or about extraterritorial enforcement.

opinion, the official's determination would not be relevant to this litigation, and thus should not be permitted.[7]

Even if the Department official's opinion were somehow deemed relevant to this litigation, it would be privileged. *See id.* (plaintiffs may not inquire into an official's personal opinions); *Foster v. United States*, 12 Cl. Ct. 492 (1987) (denying official's deposition because plaintiffs' purpose in seeking deposition testimony could not be accomplished without probing the official's mental impressions or intruding on privileged information).[8] Accordingly, plaintiffs should not be permitted to pursue this line of questioning.

### D. By Failing to Respond to Defendant's Arguments That Discovery Should Proceed By Alternative Means, Plaintiffs Concede This Point

By failing to respond to defendant's arguments that discovery should proceed by alternative methods, *compare* Def.'s Mot. at 5, 14 *with* Pls.' Response *passim*, plaintiffs have conceded them. *See Day v. D.C. Dep't of Consumer & Reg. Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a

---

[7] *NEC Corp. v. U.S. Dep't of Commerce*, 958 F. Supp. 624, 635 (Ct. of Int'l Trade 1997) (plaintiffs' deposition of high level officials may not delve into matters not relevant to the proceeding).

[8] To be clear, if plaintiffs' proffered line of questioning were deemed relevant to this litigation, it would seem to seek the appearance of innumerable United States Attorneys from unspecified districts, since they are the ones who might make these kinds of determinations. *See* Parsky Dec. ¶ 8. However, "exceptional circumstances must exist before the involuntary deposition of high agency officials are permitted." *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (internal quotation marks and citation omitted); *In re U.S.*, 985 F.2d 510, 511 (11th Cir. 1993) (same). Plaintiffs have, of course, failed to make any showing of exceptional circumstances that would permit this type of deposition to go forward.

motion, the court may treat that argument as conceded.") (citation omitted).[9] As courts have explained, "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986).

In any event, plaintiffs have failed to demonstrate that the information they seek is not available from some other source, such as interrogatories or deposition by written questions. *See, e.g., Kyle Engr'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). Courts will not tolerate a broad allegation or general assertion that a high level official is the only person with the information sought. *See Tower Press Bldg., Inc. v. White*, 165 F.R.D. 73, 75 (N.D. Ohio 1996) (broad allegations insufficient); *Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 12-13 (D. Mass. 1990) (general assertions insufficient). Instead, the party seeking deposition testimony must demonstrate that the official's testimony is the only source of information that will "likely lead to the discovery of admissible evidence and is essential to that party's case." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994). Plaintiffs have failed to show any need for oral deposition testimony. Any additional relevant, non-privileged information sought by plaintiffs may be obtained by written discovery pursuant to Fed. R. Civ. P. 33 or 31.[10]

---

[9] *See also Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) (same); *So. Nev. Shell Dealers Ass'n v. Shell Oil Co.*, 725 F. Supp. 1104, 1109 (D. Nev. 1989) (same).

[10] For these reasons, plaintiffs' attempt to seek oral testimony both about the Department's enforcement of obscenity laws, including either territorial or extraterritorial enforcement, and about the numbers of prosecutions should not be permitted.

## CONCLUSION

For the reasons set forth herein, as well as those set forth in defendant's opening brief, this Court should grant defendant's motion to quash plaintiff's deposition notice, or, in the alternative, should issue a protective order.

Dated: March 10, 2006

                                      Respectfully Submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      PATRICK L. MEEHAN
                                      United States Attorney

                                      RICHARD BERNSTEIN
                                      Assistant U.S. Attorney

                                      THEODORE C. HIRT
                                      Assistant Branch Director

                                      <u>/s/ James D. Todd, Jr.</u>
                                      RAPHAEL O. GOMEZ
                                      Senior Trial Counsel
                                      JAMES D. TODD, JR.
                                      Trial Attorney
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch
                                      20 Massachusetts Ave. N.W
                                      Washington, D.C. 20001
                                      Tel: (202) 514-3378

                                      Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2006, a copy of Defendants' Reply in Support of Motion to Quash Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6) was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

>Aden Fine
>American Civil Liberties Union Foundation
>125 Broad Street
>New York, NY 10004
>
>Attorney for Plaintiffs

/s/ James D. Todd, Jr.
JAMES D. TODD, Jr.
