**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

## ORDER

      **AND NOW,** this 23rd day of March, 2006, upon consideration of the motion by defendant to quash plaintiffs' notice of deposition pursuant to Rule 30(b)(6) or, in the alternative, for protective order (Doc. No. 255), the response and reply thereto (Doc. Nos. 260, 262), and the oral arguments held on March 22, 2006, the court makes the following findings and conclusions:

      1.     Plaintiffs served upon defendant a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) dated January 10, 2006, which requested that defendant designate a knowledgeable individual to testify regarding:

> The Department of Justice's definition(s) of "obscene" and "harmful to minors" as established in federal criminal statutes 18 U.S.C. § 1460 and 47 U.S.C. § 231, including, but not limited to, information concerning content determined to be obscene or not to be obscene under such laws and rationale for that conclusion; content determined to be harmful to minors or not to be harmful to minors under such laws and rationale for that conclusion; enforcement of such laws, including territorial enforcement, with regards to obscene and harmful to minors material; number of investigations and/or prosecutions for obscenity or harmful to minors; and criteria that distinguish "obscene" from "harmful to minors" and "harmful to minors" from non-criminal material.  In each instance, plaintiffs seek relevant information only for the last five (5) years;

(Doc. No. 255, Ex. 3).

      2.     On, February 27, 2006, defendant filed the instant motion claiming that the information sought by plaintiffs in the notice of deposition was irrelevant, protected by the deliberative process and the law enforcement privileges ("executive privileges"), and that he had already provided relevant, non-privileged material to plaintiffs.  Defendant requested that the court quash the notice of deposition or in the alternative enter a protective order to limit further inquiry into the listed topics to either written interrogatories pursuant to Federal Rule of Civil Procedure 33 or to a deposition upon written questions pursuant to Federal Rule of Civil Procedure 31;

3.      The information sought by plaintiffs in their notice of deposition may be relevant to this case, but as worded (except for the definitions of obscene and "harmful to minors" and the number of obscenity prosecutions)[1], the probe is so broad that inquiry at a deposition would be unwieldy and rife with parties seeking court intervention;

4.      Plaintiffs have not adequately proven to me that oral deposition testimony on the topics listed in their notice of deposition is the least intrusive or burdensome means by which to garner discoverable information from defendant.  Instead, I find that a less onerous method by which plaintiffs could gather the requested information is through contention interrogatories.  See Gomez v. City of Nashua, N.H., 126 F.R.D. 432, 436 (D.N.H. 1989) (finding that "Courts generally refuse to compel the deposition of a government witness if the plaintiff may obtain discovery by an alternative and less burdensome method to the government"); and

5.      The issue of the application of the executive privileges to the topics about which plaintiffs' seek information is not properly before this court and is premature at this time because the court does not have the necessary detailed information with which to analyze the issues as required by law.  "The Third Circuit Court of Appeals has set forth the proper procedure for invocation of executive privilege: 'The head of the agency claiming the privilege must personally review the material, there must be a specific designation and description of the documents claimed to be privileged, and there must be precise and certain reasons for preserving the confidentiality of the communication. Usually such claims must be raised by affidavit.'" Totton v. Keller, 2005 WL 2035226, *4 (M.D. Pa 2005) (quoting United States v. O'Neill, 619 F.2d 222, 226 (3d Cir. 1980).  It is not currently possible for defendant to establish the requisite level of specificity needed to invoke these privileges because the topics listed in plaintiffs' notice of deposition are broad and without necessary underlying detail.  As a result, defendant will only be able to properly raise the privileges once the questions asked and information requested by plaintiffs becomes concrete and specific.

As a result of the forgoing, it is hereby **ORDERED** that:

6.      Defendant's motion is **GRANTED**.  To the extent that inquiry by plaintiffs is to be pursued regarding the topics raised in plaintiffs' January 10, 2006, notice of deposition, such inquiry shall be limited at this time to contention interrogatories and an inquiry into whether such rationales, practices, policies or internal rules exist or existed at an appropriate time in the past; and

7.      If necessary, defendant may object to individual interrogatories and raise, with the requisite specificity, any applicable executive privilege.


_____S/ Lowell A. Reed, Jr.____
LOWELL A. REED, JR., S.J.

---

[1] Defendant has already provided his definition of obscene and "harmful to minors" (see Doc. No. 255, Ex. 7, ¶¶ 7-8) and has previously supplied plaintiffs with a list of "pure" obscenity prosecutions.