**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

AMERICAN CIVIL LIBERTIES UNION, et al.

      Plaintiffs,

    v.

ALBERTO R. GONZALES, in his official capacity as
ATTORNEY GENERAL OF THE UNITED STATES

      Defendant.

Civil Action No.
98-CV-5591

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL RESPONSES TO CERTAIN CONTENTION INTERROGATORIES**

Several of the disputed issues in this case involve the scope of speech covered by COPA. Because defendant has inconsistently defined the covered speech, Plaintiffs initially sought to depose a witness pursuant to Fed. R. Civ. P. 30(b)(6) to obtain authoritative answers to those issues. The Court found that such information should be sought, at least initially, through contention interrogatories. Plaintiffs quickly filed contention interrogatories. Defendant has refused to answer all but two of the interrogatories. Plaintiffs filed a motion to compel answers to certain interrogatories. Defendant has filed an opposition and has further indicated that he does not oppose Plaintiffs filing a reply. This memorandum replies to Defendant's opposition.

**I.**    **PLAINTIFFS' CONTENTION INTERROGATORIES FALL WITHIN
THE SCOPE OF PERMISSIBLE DISCOVERY**

    **A.**    **Defendant Has Waived Any Objection That the Contention
Interrogatories Are Outside the Scope of the January 10, 2006
Deposition**

Defendant is simply mistaken that his interrogatory responses objected that the interrogatories were outside the scope of the January 10, 2006 deposition notice (*see* Doc. No. 279 or "Opposition Brief" at 9, 11, 14, 15, 16, 19, 20, 22). In fact, his interrogatory responses

largely ignore the topics raised by the January 10, 2006 deposition notice.  Not surprising, Defendant provides no cites whatsoever to support his claim that he had raised this objection in his interrogatory responses.  (*See id.*)  Rather, Defendant objected that the interrogatories were outside the scope of discovery set forth in the Court's March 23, 2006 Order.  (*see* Doc. No. 278 or "Motion to Compel" at 6, 7, 8, 9, 10, 11, 13, 14, 16-17, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29).  Likewise, Defendant's quote from the meet-and-confer makes perfectly clear that Defendant did not assert that the interrogatories were outside the scope of the deposition notice, but quite the opposite instead said that the deposition notice was irrelevant ("[T]here is no reason that the deposition notice has any further relevance beyond what the [C]ourt held about it in the March 24th Order."  Opp. Br. at 10.)

      **B.**    **Defendant Is Mistaken That His Interpretation of "Harmful To Minors" and "Obscene" Falls Outside the Scope of Permissible Discovery**

Defendant misconstrues both the January 10 deposition notice and the Court's March 23 Order in pursuit of his narrow interpretation of permissible discovery.  First, Defendant asserts that Plaintiffs' contention interrogatories fall outside the scope of the January 10 deposition notice because the deposition notice "clearly sought testimony about content that Defendant has *already* determined to be obscene or not obscene or to be harmful to minors or not harmful to minors under COPA."  (Doc. No. 279 at 12, 16).  In addition to having been waived, Defendant's argument is contradicted by the plain language of the January 10 deposition notice.  As restated in the Court's March 23 Order, the deposition notice informed Defendant that Plaintiffs intended to inquire into "the Department of Justice's definition(s) of "obscene" and "harmful to minors."  (Doc. No. 264 at 1).  The deposition notice was not limited to prior determinations, but rather asked about the defendant's definitions, interpretations, and rationales for these interpretations, which could arise in the context of prior or present determinations.  This is exactly what

Plaintiffs' contention interrogatories do.  Using concrete examples and specific questions, Plaintiffs ask Defendant to state and explain whether and why communications are "obscene" or "harmful to minors."

Second, Defendant asserts that Plaintiffs "cannot now inquire into content about which the Department has *not* made any prior determination" because "this Court's March 24, 2006 Order only permits plaintiffs to inquire into rationales, practices, policies, or internal rules that *exist* or *existed* at an appropriate time in the past." (Doc. No. 279 at 12) (internal quotation marks omitted).  According to Defendant, "plaintiffs are not entitled to an advisory opinion about hypothetical situations." (Doc. No. 279 at 14).  Defendant confuses existing or past *determinations* with existing or past *rationales, practices, policies, or internal rules*.  The March 23 Order expressly permits Plaintiffs to ask Defendant about his existing or past rationales, practices, policies, or internal rules "regarding the topics raised in plaintiffs' January 10, 2006, notice of deposition." (Doc. No. 264 at 2).  Rather than seeking advisory opinions about hypothetical situations, this is exactly what Plaintiffs' contention interrogatories do:  using concrete examples and specific questions, Plaintiffs inquire into Defendant's rationales, practices, policies, or internal rules for determining whether and why communications are "obscene," "harmful to minors," or non-criminal.

      **C.**    **Defendant Is Mistaken That The Contention Interrogatories Do Not Inquire Into His Prior Determinations And Rationales**

Even if the Court were to accept that Defendant is only required to answer contention interrogatories inquiring into "content *determined* to be obscene or not obscene under such laws and rationale for that conclusion; [and] content *determined* to be harmful to minors or not to be harmful to minors under such laws and rationale for that conclusion" (Doc. No. 279 at 11, 16), Defendant should still answer Contention Interrogatories 1 through 5, 7 through 20, and 34

through 36.

It is clear that Defendant has already made determinations as to what constitutes harmful to minors content and obscenity. For example, Defendant admitted in his Answer to the Amended Complaint for Declaratory and Injunctive Relief that "[a]lthough the vast majority of the information on the Web is not sexually oriented, there is a broad range and quantity of material available on the Web that might be considered 'harmful to minors' in some communities." (*See* Answer at ¶ 68). He further admitted that "[c]ontent on the Web is provided by millions of Web users worldwide, and that content ranges from art, to humor, to literature, to medical information, to music, to news, to sexually oriented material." (Id. at ¶ 67).

During the preliminary injunction proceedings, Defendant further challenged that "at least with respect to some of the materials offered by plaintiffs, no reasonable factfinder would find that they meet the test set forth in prong in one" of §231(e)(6)(A). (Defendant Brief in Support of Motion to Dismiss, Dec. 29, 1998, at 22-23). Defendant thus determined that some but not all of the plaintiffs' material is not harmful to minors. In addition, Defendant entered a CD ROM and ten printouts with sexually explicit materials into evidence.[1] (Hearing Tr., Jan. 25, 1999, at 208:23-211:3, *referring to* Exhibits 48 through 58).

Defendant has also previously made many determinations regarding obscenity prosecutions that fall squarely within the contention interrogatories. In fact, in 2005, Defendant apparently launched an Obscenity Task Force which is "dedicated exclusively to the protection

---

[1] Contention Interrogatories 17 and 18 inquire into Defendant's determinations whether the sexually explicit communications on the CD ROM which *Defendant* previously entered into evidence as Defendant Exhibit 48 are "obscene," "harmful to minors" or non-criminal. Defendant now asserts that he has not made *any* determination whether these materials are "obscene," "harmful to minors" or not criminal. (Doc. No. 279 at 21). Defendant has either wasted time by introducing irrelevant evidence during the preliminary injunction phase of this action or is providing an inaccurate answer in response to Plaintiffs' Motion to Compel Responses to Contention Interrogatories 17 and 18. Either way, Plaintiffs and the Court would benefit from an answer.

of America's children and families through the enforcement of our Nation's obscenity laws." (*See* http://www.usdoj.gov/criminal/OPTF/index.html, last viewed June 26, 2006).  Thus, it is clear that Defendant has made determinations, as to which Defendant can explain the rationale, etc. behind those determinations.

**II.     PLAINTIFFS' CONTENTION INTERROGATORIES WERE TIMELY AND NOT ABUSIVE**

Defendant asserts that "plaintiffs served additional interrogatories more than two weeks after close of party discovery, and without even petitioning this Court to extend the deadline." (Doc. 279 at 23, *referring to* Doc. No. 258).  Defendant cites a number of irrelevant cases denying motions to reopen discovery after discovery was closed.  See, e.g., Kulkani v. CUNY, 2003 WL 23319, at *4 (S.D.N.Y. Jan. 3, 2003) (court denies motion to reopen discovery "months after the close of discovery and after [plaintiff was] served with a motion for summary judgment"). However, Plaintiffs plainly complied with the terms of Pretrial Order No. 24, which provides that all requests for factual discovery "shall be noticed, responded to, and completed by" March 31, 2006.  (*See* Doc. No. 258 at 1).  Defendant concedes that he had been placed on notice regarding the topics of Plaintiffs' discovery by the January 10 deposition notice.  (*See* Doc. No. 279, Tr. 22:15-21).  Defendant's response, and by extension the completion of discovery, was outside Plaintiffs' control.  Moreover, nothing in the Court's Order suggested that the Court expected or required Plaintiffs to serve their contention interrogatories within one week of that order.

**III.    PLAINTIFFS SERVED A PERMISSIBLE, NON-ABUSIVE NUMBER OF CONTENTION INTERROGATORIES**

Although Defendant cites Comments to the Fed. R. Civ. P. 33(a) suggesting that judicial scrutiny is warranted before parties make potentially excessive use of interrogatories,

5

Defendant conceded that the number of interrogatories that were served on Defendant is not abusive. (*See* Doc. No. 279, Tr. 21:19-22:8). Defendant further studiously ignores that the Court specifically authorized Plaintiffs to serve contention interrogatories in lieu of a deposition to cover the topics of the January 10 deposition notice. (*See* Doc. No. 264 at 2). In this regard, the Court adopted Defendant's argument that Plaintiffs' notice of deposition should be quashed because "plaintiffs [had] failed to demonstrate that the information they seek is not available from some other source, such as interrogatories or deposition by written questions." (Doc. No. 262 at 8). Defendant's suggestion that Plaintiffs were subsequently limited to five contention interrogatories because they had previously served twenty factual interrogatories rings hollow. (*See* Doc. No. 279 at 1). Moreover, Plaintiffs have already reduced the number of contention interrogatories to which they seek meaningful responses.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion should be granted and Defendant should be compelled to answer contention interrogatories 1 – 5, 7 – 20, and 34 – 36 within seven days of the date of the attached Order.

Dated: New York, New York

June 28, 2006

                                      LATHAM & WATKINS, LLP

                                      By: <u>/s/ Jeroen van Kwawegen</u>

                                      Christopher R. Harris
                                      Seth L. Friedman
                                      Katharine E. Marshall
                                      Jeroen van Kwawegen
                                      Elan R. Dobbs

                                      885 Third Avenue
                                      Suite 1000
                                      New York, New York 10022
                                      (212) 906-1200

                                      Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 28, 2006, a true and correct copy of the foregoing Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Compel Responses to Certain Contention Interrogatories, Order, and Declaration of Jeroen van Kwawegen was delivered by e-mail transmission and Federal Express delivery, addressed as follows:

Raphael Gomez, Esq.
U.S. Department of Justice
Civil Division (Federal Programs Branch)
20 Massachusetts Avenue, N.W.
Suite 6144
Washington, DC 20530
Raphael.Gomez@usdoj.gov

                                                /s/ Jeroen van Kwawegen
                                                Jeroen van Kwawegen