**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

**MEMORANDUM**

**LOWELL A. REED, Jr, Sr. J.**                                    **JULY 12, 2006**

This court considers in this adjudication, the motion to compel responses to contention interrogatories filed by plaintiffs, and the response and reply thereto (Doc. Nos. 278, 279, 281) and the unopposed motion to stay justification of privileges filed by defendant (Doc. No. 280).  In their motion, plaintiffs seek the court's intervention to compel defendant to respond to twenty-two contention interrogatories which were served on April 17, 2006 pursuant to this court's March 23, 2006 order.  See (Doc. No. 264).  In defendant's unopposed motion, he seeks to delay his duty to *justify* any claim of privilege until after the court rules on plaintiffs' motion to compel.  I note that the motion does not address defendant's duty to properly *assert* any privileges.  For the reasons set forth below, plaintiffs' motion will be granted in part and denied in part and defendant's motion will be granted with conditions.

**I.      RELEVANT PROCEDURAL AND SUBSTANTIVE HISTORY**

The plaintiffs in this action include the four institutional plaintiffs, the American Civil Liberties Union ("ACLU"), the American Booksellers Foundation for Free Expression ("ABFFE"), the Electronic Frontier Foundation ("EFF"), and the Electronic Privacy Information Center ("EPIC"), and ten individual, non-institutional plaintiffs.  Plaintiffs brought this action to

challenge the constitutionality of the Child Online Protection Act, 47 U.S.C. § 231 ("COPA").

On February 2, 1999, I granted a preliminary injunction against the enforcement of COPA. (Doc.

No. 121). After an interim trip to the Supreme Court, the preliminary injunction was finally

affirmed by the Supreme Court on June 29, 2004, and remanded to this court for a trial on the

merits. Ashcroft v. ACLU, 542 U.S. 656 (2004). For a more detailed description of the history

and background of this case, see the Supreme Court's opinion at 542 U.S. 656. The parties are

now in the midst of discovery and certain disagreements have arisen.

On January 10, 2006, plaintiffs served defendant with a deposition notice pursuant

to Federal Rule of Civil Procedure 30(b)(6) requesting defendant to designate one or more

persons to testify on his behalf who are knowledgeable as to:

> The Department of Justice's definition(s) of "obscene" and
> "harmful to minors" as established in federal criminal statutes 18
> U.S.C. § 1460 and 47 U.S.C. § 231, including, but not limited to,
> information concerning content determined to be obscene or not to
> be obscene under such laws and rationale for that conclusion;
> content determined to be harmful to minors or not to be harmful to
> minors under such laws and rationale for that conclusion;
> enforcement of such laws, including territorial enforcement, with
> regards to obscene and harmful to minors material; number of
> investigations and/or prosecutions for obscenity or harmful to
> minors; and criteria that distinguish "obscene" from "harmful to
> minors" and "harmful to minors" from non-criminal material. In
> each instance, plaintiffs seek relevant information only for the last
> five (5) years.

(Doc. No. 255, Ex. 3). On February 27, 2006, defendant moved to quash plaintiff's deposition

notice. (Doc. No. 255). On March 23, 2006, after a March 22, 2006 hearing on the matter, this

court granted defendant's motion to quash and found that "[p]laintiffs ha[d] not adequately

proven to me that oral deposition testimony on the topics listed in their notice of deposition [was]

2

the least intrusive or burdensome means by which to garner discoverable information from defendant" and that the requested information could instead be gained through contention interrogatories.  (Doc. No. 264).  I also found that "[i]t [was] not currently possible for defendant to establish the requisite level of specificity needed to invoke [the executive] privileges because the topics listed in plaintiffs' notice of deposition [were] broad and without necessary underlying detail" and that "defendant will only be able to properly raise the privileges once the questions asked and information requested by plaintiffs becomes concrete and specific."  (Id.).  As a result, I ordered that: "[t]o the extent that inquiry by plaintiffs is to be pursued regarding the topics raised in plaintiffs' January 10, 2006, notice of deposition, such inquiry shall be limited at this time to contention interrogatories and an inquiry into whether such rationales, practices, policies or internal rules exist or existed at an appropriate time in the past" and "[i]f necessary, defendant may object to individual interrogatories and raise, with the requisite specificity, any applicable executive privilege."  (Id.).

On March 31, 2006, the fact discovery deadline passed.  (Doc. No. 258).  On April 17, 2006, plaintiffs served defendant 42 contention interrogatories pursuant to this court's March 23, 2006 order.  On May 22, 2006, defendant served his objections and response to the contention interrogatories.[1]  On June 9, 2006, plaintiffs submitted the instant letter brief, which was subsequently filed with the Clerk by this court, requesting that I compel defendant to respond to the following twenty contention interrogatories: 1 through 5, 7 through 20, and 34

---

[1] Contrary to plaintiffs' contention, it appears that defendant's response was timely as defendant received 30 days in which to serve a response to the contention interrogatories pursuant to Federal Rule of Civil Procedure 33(b)(3) and three additional days because plaintiffs served the contention interrogatories on defendant by mail or other consented to means such as electronic means pursuant to Federal Rule of Civil Procedure 6(e).  Therefore, pursuant to Federal Rule of Civil Procedure 6(a), defendant's last day to serve his response was May 22, 2006, which was the first business day after the 33 day service period.

through 36.  (Doc. No. 278).  On June 20, 2006, defendant filed his motion to stay justification of privilege simultaneously with his response to plaintiffs' motion to compel.  (Doc. Nos. 279 & 280).  After receiving consent from this court and after meeting no opposition from defendant, plaintiffs' filed their reply brief on June 28, 2006.

II.      **DISCUSSION**

      A.      **Plaintiffs' Motion to Compel Responses to Contention Interrogatories**

            1.      **A Discussion of General Issues**

            In his response to plaintiffs' motion to compel, defendant raises three general objections to plaintiffs' contention interrogatories.  Each of these three objections will be discussed below.  However, upon review, I find that none of the three arguments are meritorious.

            a.      First, defendant argues that the majority of the contention interrogatories at issue fall outside the scope of the plaintiffs' initial deposition notice and the court's March 23, 2006 order because they ask defendant to make determinations which he has not yet made.  Specifically, defendant argues that because the January 10, 2006 notice of deposition asks for information concerning content *determined* to be obscene and harmful to minors and the court's order limited the relevant inquiry "to contention interrogatories and an inquiry into whether such rationales, practices, policies or internal rules *exist or existed* at an appropriate time in the past" plaintiffs may not now inquire into content about which defendant has not yet made any prior determination.  (Doc. Nos. 255, Ex. 3 & 264) (emphasis added).  As a result, defendant claims that the majority of these contention interrogatories ask for impermissible advisory opinions.

            I disagree as such a theory contradicts the purpose of contention interrogatories.

Since Federal Rule of Civil Procedure 33 was amended to provide that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact", litigants have used contention interrogatories to, *inter alia*, ask questions regarding:  evidence on which an opposing party bases some specified contention; a position taken by a party and an explanation or defense for that position with respect to how the law applies to the facts; and the legal basis for, or theory behind, some specified contention.  Fed. R. Civ. P. 33(c); In re Convergent Tech. Sec. Litig., 108 F.R.D. 328, 332 (N.D. Cal. 1985); 10 Fed. Proc., L. Ed. § 26:363.  Indeed, the 1970 Advisory Committee Notes for subsection b of Rule 33 (now subsection c) provides that "[a]s to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.  Fed. R. Civ. P. 33, 1970 cmt. b; see also Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 111 (D.N.J. 1990) (stating that the objective of contention interrogatories is to "ferret out and narrow the issues"); Leksi, Inc. v. Fed. Ins. Co., 129 F.R.D. 99, 107 (D.N.J. 1989) (concluding that "[i]nterrogatories seeking to elicit what a party's contentions will be at the time of trial are not objectionable, as responses to these questions will help narrow the issues to be tried"); Hockley v. Zent, Inc., 89 F.R.D. 26, 31 (M.D. Pa. 1980) (finding that "there is no doubt that the federal rules allow a litigant to require an opponent to answer interrogatories asking for a delineation of legal theories so long as the question is calculated to serve a 'substantial purpose' in prosecution of the suit, such as a narrowing of issues"); McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 59 (E.D. Pa. 1979) (stating that if a contention interrogatory "eliminates unnecessary testimony, avoids wasteful preparation,

narrows the issues, leads to relevant evidence or generally expedites fair disposition of the

lawsuit and serves any other substantial purpose sanctioned by discovery, the court should

require response"); Scovill Mfg. Co. v. Sunbeam Corp., 357 F. Supp. 943, 948 (D.C. Del. 1973)

(finding that an interrogatory is proper if it "might refine the actual issue of fact").

        Here, it is clear that the contention interrogatories seek to narrow the issues at trial

and provide fair notice to plaintiffs of what issues will be relevant at trial.  Unlike in many cases,

this case is very, very mature and the time is ripe for the parties to solidify their contentions.  See

Fischer and Porter Co. v. Tolson, 143 F.R.D. 93, 95 (E.D. Pa. 1992) (stating that "[t]he interests

of judicial economy and efficiency for the litigants dictate that 'contention interrogatories are

more appropriate after a substantial amount of discovery has been conducted.'") (quoting Nestle

Foods Corp., 135 F.R.D. at 110-111); In re Convergent Tech. Sec. Litig., 108 F.R.D. at 338

(limiting the use of contention interrogatories early in the case).  Moreover, both the plaintiffs'

January 10, 2006 deposition notice and this court's March 23, 2006 order are worded very

broadly and were not intended to be limiting.  My own interpretation of my order is that the

plaintiffs were allowed to propound contention or other interrogatories which sought to uncover

defendant's current or past rationales, practices, policies or internal rules regarding the topics

raised in the January 10, 2006 deposition notice.  Therefore, it was perfectly acceptable for the

plaintiffs to ask defendant (and defendant to answer) interrogatories seeking contentions

defendant will assert at trial and as well, defendant's current rationales, practices, policies or

internal rules, to the extent that they exist, to a given scenario set forth in the interrogatories.  As

a result, defendant's contention on this first issue must fail.[2]

**b.**      Second, defendant contends that plaintiffs' contention interrogatories are untimely because they were served approximately two weeks after the close of discovery.  My order quashing plaintiffs' deposition notice and ordering plaintiffs to serve contention interrogatories was signed on March 23, 2006.  Fact discovery ended eight days later on March 31, 2006.  The court anticipated the likely possibility that it would take more than one week for plaintiffs to craft and serve their contention interrogatories in lieu of the deposition.  As part of my inherent power to manage this court's affairs and to achieve the orderly and expeditious disposition of cases, my order implicitly allowed plaintiffs to serve their contention interrogatories in lieu of the deposition within a reasonable time after the order was entered.  U.S. v. Bertoli, 994 F.2d 1002, 1016 (3d Cir. 1993) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).  To the extent that my order was unclear, I hereby use my discretion and will grant plaintiffs an extension of time in which to serve the interrogatories at issue *nunc pro tunc*.

Moreover, even though the discovery deadline was looming, at no time did defendant raise a timing issue with the court after the order was entered.  Defendant was also well aware of the issues that plaintiffs would raise in the subject interrogatories after: (1) having been served on January 10, 2006 with the notice of deposition; (2) having filed a motion to quash that deposition; (3) having participated in oral argument on that motion, and (4) having been served with this court's March 31, 2006 order granting his motion.  Defendant has simply failed

---

[2] Defendant raises this argument in his brief in opposition to plaintiffs' motion while discussing individually almost every contention interrogatory.  In fact, it is often the only argument raised by defendant against a certain contention interrogatory or group of interrogatories.  However, in the next section of this opinion, in which I discuss each specific contention interrogatory, I will not discuss this argument again as it is adequately addressed here.

to show any actual substantive prejudice from plaintiffs serving their interrogatories two weeks after the close of discovery.  To the extent that this decision creates procedural issues, these may be addressed through case management techniques.  Therefore, defendant's argument on this second issue must fail.

        **c.**      Third, defendant contends that because plaintiffs had already served twenty interrogatories previously, pursuant to Federal Rule of Civil Procedure 33(a), plaintiffs could only serve five additional interrogatories without leave of court.  Therefore, defendant claims that fifteen of the twenty contention interrogatories at issue in the current motion were wrongly served upon him.  However, defendant forgets that not only did I order plaintiff to serve contention interrogatories in lieu of the deposition, I did so at *defendant's* request.  See (Doc. No. 255, pp. 1-2) (stating that "[i]n the alternative, defendant moves this Court for a protective order to limit further inquiry regarding the topics listed in the 'definitions' notice to written interrogatories pursuant to Fed. R. Civ. P. 33").  The parties are well aware of Rule 33 and plaintiffs did not feel it was necessary during the proceedings leading up to the March 23, 2006 order to seek leave of court to serve more than twenty-five interrogatories and defendant did not argue during those proceedings that these interrogatories should be limited in number.  I conclude that defendant is held to have reasonably anticipated that, in lieu of a deposition, plaintiffs would serve upon him more than five interrogatories.

        Pursuant to Federal Rule of Civil Procedure 26(b)(2), I may, on my own initiative after reasonable notice, alter the limits of the number of interrogatories parties may serve.  In my March 23, 2006 order granting defendant's alternative relief, I never intended to restrict plaintiffs to serving only five interrogatories in lieu of the deposition.  Furthermore, my March 23, 2006

order served as reasonable notice to the parties that plaintiffs were permitted to serve upon

defendant a reasonable number of interrogatories.  To the extent that my order was unclear, I

hereby use my discretion and will grant plaintiffs an enlargement of the number of interrogatories

they may serve upon defendant *nunc pro tunc*.  As a result, defendant's argument on this third

issue is unavailing.

### 2.        A Discussion of Each Specific Contention Interrogatory

### a.        Contention Interrogatories 1 and 11 through 14

**Contention Interrogatory 1**:  State whether you contend that any
of the Plaintiffs in this action lack standing to bring suit and
identify any such Plaintiffs, stating the basis for your contention.

Plaintiffs claim that this contention interrogatory seeks information regarding

defendant's rationales, practices, policies or internal rules for determining whether

communications are subject to COPA and specifically whether defendant believes content on

plaintiffs' web sites violates COPA.  Contrary to defendant's argument, it is not premature for

defendant to answer this question.  As discussed above, this case is very mature and this issue is

quite ripe for disclosure.  I find that this contention interrogatory is proper as it further delves into

defendant's thought process regarding whether content on plaintiffs' web sites violates COPA.

Moreover, Contention Interrogatory 1 is not duplicative of Interrogatory Q ("State whether any

speech on the Plaintiffs' web sites is 'harmful to minors' under the definition in COPA and

identify any such speech"), see (Doc. No. 240, p. 5), which I compelled defendant to answer in

my December 28, 2005 order, because Contention Interrogatory 1 goes further by asking

defendant to declare his position on standing and by requesting the reasoning behind defendant's

contentions.  To the extent that defendant has not yet made a final determination regarding the

standing of the plaintiffs, he will be ordered to do so by answering this interrogatory by August

14, 2006.[3]

> **Contention Interrogatory 11**:  For each of the Web pages
> attached hereto as Exhibit A, state whether you contend that the
> Web page includes material that is harmful to minors, and state the
> basis for your contention.

> **Contention Interrogatory 12**:  For each of the Web pages
> attached hereto as Exhibit A, state whether you contend that the
> average person, applying contemporary community standards,
> would find, taking the material as a whole, that the Web page is
> designed to appeal to, or designed to pander to, the prurient
> interests of:
>> a.      16 year-olds, and state the basis for your contention.
>> b.      17 year-olds, and state the basis for your contention.

> **Contention Interrogatory 13**:  For each of the Web pages
> attached hereto as Exhibit A, state whether you contend that the
> Web page depicts, describes, or represents an actual or simulated
> sexual act or sexual contact, an actual or simulated normal or
> perverted sexual act, or a lewd exhibition of the genitals or post-
> pubescent female breasts in a manner that is patently offensive
> with respect to:
>> a.      16 year-olds, and state the basis for your contention.
>> b.      17 year-olds, and state the basis for your contention.

> **Contention Interrogatory 14**:  For each of the Web pages
> attached hereto as Exhibit A, state whether you contend that the
> Web page, when taken as a whole, lacks serious literary, artistic,
> political, or scientific value for:
>> a.      16 year-olds, and state the basis for your contention.
>> b.      17 year-olds, and state the basis for your contention.

> These four interrogatories request contentions regarding Exhibit A which,

---

[3] Defendant has already made an assertion regarding plaintiffs' standing.  See (Doc. No. 176, p. 1) (the Second Defense in defendant's answer to the Amended Complaint contending that the plaintiffs in this action lack standing).  Plaintiffs are entitled to know the basis of that assertion.

according to plaintiffs,[4] "consists of printouts of Web pages that have been posted on-line by Plaintiffs in this action.  The content in Exhibit A has not been screened from minors by a credit card screen or other COPA-compliant screening process."  (Doc. No. 278, p. 9).  Plaintiffs claim that these contention interrogatory also seek information regarding defendant's rationales, practices, policies or internal rules for determining whether communications are subject to COPA.  I agree.  These contention interrogatories seek to refine the issues which will be presented at trial and, thus, as discussed above, are proper.  Furthermore, contrary to defendant's suggestion, unlike Request to Produce P ("All documents concerning materials determined by the Department of Justice to be harmful to minors but not obscene including, without limitation, all documents reflecting the content of such material and all documents concerning the rationale for that conclusion"), <u>see</u> (Doc. No. 240, p. 5), which I previously found to be over-broad in my December 28, 2005 order, these contention interrogatories seek information on only a limited number of provided sample web pages and do not require defendant to search through vast amounts of information.  Defendant shall review Exhibit A and will be ordered to answer these four contention interrogatories by August 14, 2006.

### b.      Contention Interrogatories 2 and 3

**Contention Interrogatory 2**:  State whether you contend that all Web Site Operators whose Web sites include any material that is harmful to minors, and who do not restrict access to such material, are subject to liability under COPA, and state the basis for your contention.

**Contention Interrogatory 3**:  State whether you contend that a Web Site Operator whose website includes one thousand Web

---

[4] I note that defendant does not contest the relevance or authenticity of plaintiffs' use or description of Exhibit A.

pages but only one Web page includes material that is harmful to
minors and who does not restrict access to this Web page is subject
to liability under COPA.

Plaintiffs argue that these two contention interrogatories seek information
regarding defendant's rationales, practices, policies or internal rules for determining when a web
site operator is liable under COPA.  Defendant claims that these two interrogatories are fatally
vague and that he sufficiently responded to Contention Interrogatory 2 by referring plaintiffs to
the text of COPA and by giving examples of such web site operators who would nonetheless not
be liable under COPA.  I agree with defendant.  Defendant sufficiently answered Contention
Interrogatory 2 because the basis for his decision regarding what web site operators are subject to
liability under COPA is the wording of the statute itself.  I further agree that Contention
Interrogatory 3 is fatally vague as it does not provide sufficient detail regarding the web site
operator or his/her web site to allow defendant to create an intelligent response and I do not view
the court's task to include re-wording these interrogatories.  See e.g. McClain, 85 F.R.D. at 59
(stating that contention interrogatories "must be phrased with particularity").  Therefore,
defendant need not further respond to these two contention interrogatories.

### c.  Contention Interrogatories 4 though 5 and 7 through 10

**Contention Interrogatory 4**:  State whether you contend that on
the Internet there is material that is harmful to minors but not
prosecutable as obscenity in any jurisdiction in the United States
under 18 U.S.C. § 1460 et. seq., and if so, provide 10 examples and
state the basis for your contention.

**Contention Interrogatory 5:**  State whether you contend that
there is any material or content on the Internet prosecutable as
obscenity in any jurisdiction in the United States under 18 U.S.C.
§ 1460 et. seq., and if so, provide 10 examples, explain whether
they are being prosecuted, and if not, explain why not.

12

Plaintiffs claim that Contention Interrogatories 4 and 5 seek defendant's rationales, practices, policies or internal rules regarding what is harmful to minors, what is obscene, and what is non-criminal and how to distinguish between these categories.  Plaintiffs also contend that the interrogatories are relevant to the alleged vagueness of COPA and whether lesser restrictive alternatives to COPA exist.  Defendant claims that the information sought by Contention Interrogatory 4 is protected by the law enforcement privilege and the information sought by Contention Interrogatory 5 is protected by the deliberative process, law enforcement and work-product privileges and the Privacy Act of 1974, 5 U.S.C. § 552a.  The privilege issue will be discussed below at the end of this opinion.  Regarding the Privacy Act, plaintiffs have stated that they do not wish to receive any personal information and that any such information may be redacted by defendant.

Defendant further contends that, like Interrogatory P ("Identify any speech on the Internet that is 'harmful to minors' under the definition in COPA but not obscene"), which I previously protected defendant from answering in my December 28, 2005 order, see (Doc. No. 240, p. 6), these two contention interrogatories are over-broad in that they demand that defendant scour the Internet searching for examples.  I disagree.  Instead of identifying all speech on the Internet which is harmful to minors or obscene, these two contention interrogatories merely request ten examples of such material.  I find that, given the huge volume of material that is harmful to minors or obscene allegedly available on the Internet, such a burden is not too onerous.[5]

---

[5] At least one Internet source claims that there are 4.2 million pornographic web sites on the Internet, or 12% of all web sites.  http://internet-filter-review.toptenreviews.com/internet-pornography-statistics.html.

Finally, defendant contends that the phrase "prosecutable as obscenity in any jurisdiction" is vague. While the word "prosecutable" is somewhat general, it is not so vague as to defy comprehension in the unique setting in which it is utilized by plaintiffs. Prosecutable means "subject to prosecution; capable of being prosecuted." Black's Law Dictionary (8th ed. 2004). I hold that these contention interrogatories seek defendants contentions regarding jurisdiction. Such an interpretation does not require the re-wording of the interrogatories and is proper. Moreover, plaintiffs specifically limited jurisdiction to the United States and cited to 18 U.S.C. § 1460 et. seq., in defining obscenity. As a result, I find that this phrase is not fatally vague. Answering these two contention interrogatories will greatly assist this court and the parties in the management of the issues likely to be raised in the trial and pre-trial motions by narrowing and defining said issues. Thus, defendant will be ordered to answer or respond to Contention Interrogatories 4 and 5 and assert any applicable privilege with the legally required specificity by August 14, 2006.

> **Contention Interrogatory 7**: State whether you contend that there is material on the Internet that the average person, applying contemporary community standards, would find, taking the material as a whole is designed to appeal to, or designed to pander to, the prurient interest of 16 year-olds but not to 17 year olds, and if so provide 10 examples and state the basis for your contention. If you do so contend, but are unaware of examples, describe the characteristics of such material.
>
> **Contention Interrogatory 8**: State whether you contend that there is material on the Internet that depicts, describes, or represents an actual or simulated sexual act or sexual contact, an actual or simulated normal or perverted sexual act, or a lewd exhibition of the genitals or post-pubescent female breasts in a manner that is patently offensive with respect to 16 year-olds but not to 17 year-olds, and if so provide 10 examples and state the basis for your contention. If you do so contend, but are unaware of

14

examples, describe the characteristics of such material.

**Contention Interrogatory 9:**  State whether you contend that there is material on the Internet that, when taken as a whole, lacks serious literary, artistic, political, or scientific value for 16 year-olds, but does not lack such value for 17 year-olds, and if so provide 10 examples and state the basis for your contention.  If you do so contend, but are unaware of examples, describe the characteristics of such material.

**Contention Interrogatory 10**:  State whether you contend that material on the Internet that:

       a.      the average person, applying contemporary community standards, would find, taking the material as a whole is designed to appeal to, or designed to pander to, the prurient interests of 10 year-olds, but not 16 year-olds;

       b.      that depicts, describes, or represents an actual or simulated sexual act or sexual contact, an actual or   simulated normal or perverted sexual act, or a lewd exhibition of the genitals or post-pubescent female breasts in a manner that is patently offensive with respect to 10 year-olds but not 16 year olds;

       c.      that when taken as a whole, lacks serious literary, artistic, political, or scientific value for 10 year-olds but has such value for 16 year-olds

is material that is harmful to minors, and state the basis for your contention.

Plaintiffs claim that these contention interrogatories seek rationales, practices, policies or internal rules for distinguishing material that is harmful to minors from non-criminal material.  Defendant claims that these contention interrogatories are over-broad and require him to search the Internet for materials.  I disagree.  Unlike Interrogatory P ("Identify any speech on the Internet that is 'harmful to minors' under the definition in COPA but not obscene"), see (Doc. No. 240, p. 6), Contention Interrogatories 7 through 9 do not require defendant to identify all

speech on the Internet which is harmful to minors or obscene, but merely require defendant to

produce ten examples of the requested material *or* describe the characteristics of such material.

Similarly, Contention Interrogatory 10 does not require a search for, or an identification of,

material but a simple contention regarding whether such material exists along with defendant's

basis for the answer.  Moreover, these contention interrogatories are proper because responses

thereto will serve the substantial purpose of narrowing and defining the issues at trial.  Therefore,

defendant will be ordered to answer Contention Interrogatories 7 though 9 by August 14, 2006.

### d.    Contention Interrogatories 15 through 18

**Contention Interrogatory 15**:  For each of the Web pages
attached hereto as Exhibit B state whether you contend that each
page includes material that is harmful to minors, and state the basis
for your contention.

**Contention Interrogatory 16**:  For each of the Web pages
attached hereto as Exhibit B, state whether you contend that each
page is prosecutable as obscenity in any jurisdiction in the United
States under 18 U.S.C. § 1460, et. seq., and state the basis for your
contention.

**Contention Interrogatory 17**:  For each of the Web pages located
on the CD-ROM submitted as Defendant's Exhibit 48, and printed
out as Defendant's Exhibits 49-58 and entered into evidence in this
matter on January 25, 1999 during the examination of Damon
Hecker, state whether you contend that each page includes material
that is harmful to minors, and state the basis for your contention.

**Contention Interrogatory 18:**  For each of the Web pages located
on the CD-ROM submitted as Defendant's Exhibit 48, and printed
out as Defendant's Exhibits 49-58 and entered into evidence in this
matter on January 25, 1999 during the examination of Damon
Hecker, state whether you contend that each page is prosecutable
as obscenity in any jurisdiction in the United States under 19
U.S.C. § 1460 et. seq., and state the basis for your contention.

Contention Interrogatories 15 and 16 request opinions regarding Exhibit B which,

according to plaintiffs, "consists of printouts of Web pages posted online by Playboy.com and

Penthouse.com.  The content in Exhibit B has not been screened from minors by a credit card

screen or other COPA-compliant screening process."  (Doc. No. 278, p. 22).  Similarly,

Contention Interrogatories 17 and 18 request opinions regarding Exhibit 48 which, according to

plaintiffs,[6] consists of web pages previously introduced by defendant while contending that there

was a great deal of unscreened material on the Internet that is harmful to minors.  (Id. at 24).

Plaintiffs acknowledge that defendant did not actually assert whether the web pages in Exhibit 48

were, in fact, harmful to minors.  However, I cannot understand why defendant would introduce

irrelevant material that he did not believe was harmful to minors in conjunction with this

contention.

Plaintiffs claim that these contention interrogatories seek information regarding

defendant's rationales, practices, policies or internal rules for determining whether

communications are harmful to minors, obscene or non-criminal and that they will assist in

resolving the issues of the alleged vagueness of COPA and whether there are lesser restrictive

alternatives to the statute.  Defendant claims that, like Contention Interrogatories 4 and 5, the

phrase "prosecutable as obscenity in any jurisdiction" is vague.  As discussed above, I find that

this phrase is not impermissibly vague in this setting.  Furthermore, I agree with plaintiffs that

proper answers to these four contention interrogatories could help narrow the issues at trial and

help prepare the parties for trial.  Therefore, defendant will be ordered to answer Contention

Interrogatories 15 through 18 by August 14, 2006.

---

[6] I note that defendant does not contest the relevance or authenticity of plaintiffs' use or description of
Exhibit B or his own Exhibit 48.

17

### e.    Contention Interrogatories 19-20

**Contention Interrogatory 19**:  In your original Motion to Dismiss this matter of December 29, 1998, you contended that only one of plaintiffs had speech that provided even a credible threat of prosecution.  Defendant's Motion to Dismiss at 30, n. 16 (Dec. 29, 1998).  In your Proposed Findings of Fact and Conclusions of Law after the hearing, you contended that the materials identified by plaintiffs were not covered by COPA.  Defendant's Proposed findings of Fact at 6 para. 28, 31 para. 20 (Jan. 14, 1999).  State the basis for this change in contention

**Contention Interrogatory 20:**  In your reply brief before the Supreme Court in this matter in 2001, Reply Br. for the Pet'r (U.S. Supreme Court, No. 00-1293) Oct. 2001, at 9, you contended that two of plaintiffs' exhibits contained material that is harmful to minors.  In a subsequent Reply brief, in February, 2004, Reply Br. For the Pet'r (U.S. Supreme Court, No. 03-218), Feb. 2004, at 5-6, you contended that the same pages do not contain material that is harmful to minors.  State the basis for this change in contention.

Plaintiffs argue that these two contention interrogatories plumb inconsistencies in defendant's rationales, practices, policies or internal rules regarding what materials violate COPA which would reflect on the breadth and vagueness of COPA.  I agree with this assessment and find that, as a result, they are proper contention interrogatories which will help narrow the issues in this case.  Defendant contends that he has not changed his positions and attempts to explain the positions in his brief in opposition to plaintiffs' motion.  Therefore, it is plainly evident that these questions are answerable by defendant as he has already provided a partial answer to them.  (Doc. No. 279, p. 21).  As a result, defendant will be ordered to answer in full Contention Interrogatories 19 and 20 by August 14, 2006.

### f.    Contention Interrogatories 34 through 36

**Contention Interrogatory 34**:  State whether you contend that Web Site Operators who are not residents of the United States and

who host a website on a server located outside of the United States
but whose Web sites are viewable in the United States can be
prosecuted under COPA, and state the basis for your contention.

**Contention Interrogatory 35**:  State whether you contend that
Web Site Operators who are residents of the United States, and
who host a website on a server located outside the United States
and whose Web sites are viewable in the United States can be
prosecuted under COPA, and state the basis for your contention.

**Contention Interrogatory 36**:  State whether you contend that
Web Site Operators who are not residents of the United States and
who host a website on a server located in the United States and
whose Web sites are viewable in the United States can be
prosecuted under COPA, and state the basis for your contention.

Plaintiffs claims that these three contention interrogatories regard defendant's

rationales, practices, policies or internal rules concerning the extra-territorial enforcement of

COPA which relates to, *inter alia*, whether COPA is the least restrictive alternative.  I agree.

These three contention interrogatories attempt to divine the legal efficaciousness of COPA and

whether there is jurisdiction to prosecute such web site operators which will help narrow the

issues in this case.  As a result, these contention interrogatories are proper.  Moreover, contrary to

defendant's argument, the word "residents" is not vague or ambiguous as this is a readily

definable legal term with a long precedential history.  See e.g. Black's Law Dictionary (8th ed.

2004) (defining resident as "[a] person who lives in a particular place or "has a home in a

particular place").  Defendant has also already partially answered whether COPA has extra-

jurisdictional reach in his brief in opposition to plaintiffs' motion, which shows that he can

answer these questions.  (Doc. No. 279 p. 23, n. 7).  Therefore, defendant will be ordered to

answer in full Contention Interrogatories 34-36 by August 14, 2006.

19

B.      **Defendant's Motion to Stay**

Defendant, in his unopposed motion to stay the justification of privileges,

contends that plaintiffs, in their motion to compel, request that defendant be directed to provide

any support he has to justify his claims of privilege.  Defendant argues that unless and until the

court orders him to respond to any of plaintiffs' contention interrogatories to which he as already

asserted privileges and plaintiffs then specifically challenge the use of the privileges, he should

not be required fully justify his claims of privilege.  I agree that defendant should not have to

expend his resources to perfect the invocation of the applicable privileges until I have ordered

him to answer the subject interrogatories to which he previously raised the privileges.

However, I further hold that to the extent that defendant has not specifically raised

privileges in his opposition to the individual contention interrogatories, he may not do so for the

first time at this late date.  In my March 23, 2006 order authorizing the contention interrogatories,

I found that defendant would "only be able to properly raise the privileges once the questions

asked and information requested by plaintiffs becomes concrete and specific" through the

contention interrogatories and, thus, I ordered that "[i]f necessary, defendant may object to

individual interrogatories and raise, with the requisite specificity, any applicable executive

privilege."  (Doc. No. 264).  Moreover, according to Federal Rule of Civil Procedure 33 (b)(4),

"[a]ll grounds for an objection to an interrogatory shall be stated with specificity.  Any ground

not stated in a timely objection is waived unless the party's failure to object is excused by the

court for good cause shown."  Cases interpreting this rule have held that specific objections must

be tied to a particular interrogatory or a class thereof and, thus, general objections to an entire set

of interrogatories are improper.  <u>Josephs v. Harris Corp.</u>,  677 F.2d 985, 991-992 (3d Cir. 1982);

Woods v. Kornfeld, 9 F.R.D. 196, 197 (M.D. Pa. 1949).

Therefore, I find that defendant's general objections listed at the beginning of his objections and response to plaintiffs' contention interrogatories are a nullity and legally ineffective.  Although I am inclined to grant defendant's motion, he may only articulate the specifics of the asserted privileges which he previously raised specifically in his objections to the individual contention interrogatories.[7]  Now that the court has determined to which contention interrogatories defendant must respond, defendant may articulate the specific basis for his preserved privilege objections by August 14, 2006.[8]

## III.   CONCLUSION

For the forgoing reasons, by August 14, 2006, defendant will be ordered respond to or answer, as appropriate, plaintiffs' Contention Interrogatories 1, 4 and 5, 7 through 20, and 34 through 36.  However, defendant need not further respond to Contention Interrogatories 2 and 3.  Furthermore, by August 14, 2006, defendant will be ordered to more fully assert any privileges which he initially asserted while objecting to plaintiffs' individual contention interrogatories but may not assert any new privileges or privileges merely raised in his general objections.

An appropriate order follows.

---

[7]  I also note that defendant's only relevancy objection to the contention interrogatories is found in his general objections.  Therefore, I have not considered the relevancy of any of plaintiffs' contention interrogatories.

[8]  Defendant must fully support his privilege claims by August 14, 2006.  I am not requiring, as requested by defendant, that plaintiff object to any asserted privilege before defendant fully supports his claim.  Regardless of whether plaintiffs will object to the privileges, this court must be able to properly and fully evaluate defendant's claims at the time that they are properly raised.  Moreover, plaintiffs may only be able to properly evaluate their position regarding defendant's invocation of privileges after receiving his fully supported and specific invocation thereof.  Woods, 9 F.R.D. at 197 (stating that "objections to interrogatories should be sufficiently specific so that the [plaintiff] may, in considering such objections with the interrogatories propounded, ascertain therefrom their claimed objectionable character.")

21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

### ORDER

**AND NOW,** this 12th day of July, 2006, upon consideration of the motion to compel responses to contention interrogatories filed by plaintiffs, and the response and reply thereto (Doc. Nos. 278, 279, 281), and the unopposed motion to stay justification of privileges filed by defendant (Doc. No. 280), and based upon the foregoing analysis, it is hereby **ORDERED** that:

1. the motion to compel is **GRANTED** in part and **DENIED** in part; and

  a. plaintiffs are **GRANTED**, *nunc pro tunc*, a reasonable extension of time in which to serve their contention interrogatories upon defendant;

  b. plaintiffs are **GRANTED**, *nunc pro tunc*, a reasonable enlargement of the number of contention interrogatories they may serve upon defendant in lieu of a deposition;

  c. defendant shall answer, or raise specific privileges to, if appropriate, and if preserved, plaintiffs' Contention Interrogatories 1, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 34, 35, and 36 by August 14, 2006;

  d. defendant is not required to further answer plaintiffs' Contention Interrogatories 2 and 3;

  e. to the extent that the parties believe that this order will create conflicts with the current scheduling order (Doc. No. 258), or create severe hardships, the parties shall meet and discuss the perceived conflicts and/or hardships and jointly submit by letter to the court a list of the conflicts and/or hardships and a proposed resolution by August 14, 2006; and

2. the motion to stay perceived privilege justification is **GRANTED**.  To the extent that defendant specifically (not generally) raised privilege-based objections in his responses to individual contention interrogatories, those objections are preserved and, if pursed by defendant, must be elaborated upon by written objections by August 14, 2006.  However, defendant shall not now raise any privilege objection that he did not specifically raise in his individual objections to plaintiffs' individual contention interrogatories.

       S/ Lowell A. Reed, Jr.
      LOWELL A. REED, JR., S.J.