# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN CIVIL LIBERTIES UNION,       )
et al.,                               )
                                      )
                    Plaintiffs,       )
                                      )
          v.                          )          Civil Action No.
                                      )          98-CV-5591
ALBERTO R. GONZALES, in his official  )
capacity as Attorney General of the United )
States,                               )
                                      )
                    Defendant.        )

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT ALBERTO GONZALES'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

American Civil Liberties Union, et al. ("Plaintiffs") respond and object to Defendant Alberto

Gonzales' First Set of Requests for Production of Documents ("Requests") as follows:

## GENERAL OBJECTIONS

1.    Plaintiffs object to the Requests to the extent the instructions and demands therein

      purport to impose obligations in addition to, beyond, or different from those set forth in

      the Federal Rules of Civil Procedure and the Rules of Civil Procedure of the United

      States District Court for the Eastern District of Pennsylvania.

2.    Plaintiffs object to the Requests to the extent they call for the disclosure of documents or

      communications that are neither relevant to claims and defenses of any party in this

      action nor reasonably calculated to lead to the discovery of admissible evidence.

      Plaintiffs submit these responses and objections without conceding the relevance or

      materiality of the subject matter of any Request.

REQUEST NO. 12

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 22 in the section titled "The Ineffectiveness of COPA and the Effectiveness of Alternative Means" on page 23 of the Amended Complaint that "there are many alternative means that are more effective at assisting parents in limiting a minor's access to certain material if desired."

RESPONSE TO DOCUMENT REQUEST NO. 12

Plaintiffs object that this Request is premature. Subject to the foregoing and the General Objections, Plaintiffs will produce all non-privileged documents responsive to this Request, if any.

REQUEST NO. 13

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended Complaint that "[p]laintiffs fear prosecution under COPA for communicating, sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO DOCUMENT REQUEST NO. 13

Plaintiffs object that this Request is premature, unduly burdensome and calls for production of documents or information in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiffs refers Defendant to its response to Interrogatory No. 13 for documents responsive to this Request.

10

REQUEST NO. 14

For each website plaintiff, each webpage on your website which you assert as the basis for the allegations of Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended Complaint that "[p]laintiffs fear prosecution under COPA for communicating, sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO DOCUMENT REQUEST NO. 14

Plaintiffs object to the extent this Request calls for the production of webpages of the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce webpages in response to this Request. Plaintiffs further object that this Request is premature, unreasonably cumulative and duplicative of Request No. 1, and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiff refers Defendant to its response to Interrogatory No. 13 for documents responsive to this request.

REQUEST NO. 15

For each website plaintiff, a representative sample of webpages on your website which contains material about which you fear prosecution under COPA, as referenced in Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended

Complaint that "[P]laintiffs fear prosecution under COPA for communicating, sending, displaying, or distributing material that might be deemed 'harmful to minors' by some community in the United States."

RESPONSE TO DOCUMENT REQUEST NO. 15

Plaintiffs object to the extent this Request calls for the production of webpages of the ACLU, American Booksellers, EFF, and EPIC because such requests are neither relevant to any claim or defense of any of the parties in the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuant to the tentative agreement with Defendant, the ACLU, American Booksellers, EPIC and EFF will not produce webpages in response to this Request. Plaintiffs further object that the phrases used to define "representative sample," including "distribution of characteristics," "degree of explicitness of sexual content," and "population or universe" are vague and ambiguous. Plaintiffs also object that this Request is premature, unreasonably cumulative and duplicative of Request No. 1, and calls for production of documents or information that are in the public domain. During the ongoing negotiations, Plaintiffs have proposed the use of specific computer applications permitting Defendant to inspect and copy Plaintiffs' entire websites. Pending the conclusion of these negotiations, Plaintiffs will not produce webpages in response to this Request. Plaintiff refers Defendant to its response to Interrogatory No. 13 for documents responsive to this request.

REQUEST NO. 16

All documents indicating each fact upon which each plaintiff bases the allegations of Paragraph 2 in the section titled "The Impact of COPA on Plaintiffs" on page 24 of the Amended Complaint that "[p]laintiffs and/or their members all provide for free on the web 'for commercial