IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, <br><br>      Plaintiffs, <br><br>    v. <br><br>ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States, <br><br>      Defendant. | Civil Action No. <br> 98-CV-5591 |

**DEFENDANT'S CONCISE STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE OF COURT TO DESIGNATE DR. DAVID FINKELHOR AS AN EXPERT FOR DEFENDANT**

Dr. Finkelhor's expert report, released on August 9, 2006, is attached hereto as Exhibit 1. In support of defendant's motion, defendant states as follows:

1. On August 9, 2006, the National Center for Missing and Exploited Children (NCMEC) issued a report entitled Online Victimization of Youth: Five Years Later (2006 Online Victimization report).

2. This report is based on a comprehensive and detailed new national survey which was conducted by the Crimes against Children Research Center (CCRC) at the University of New Hampshire. In its press release regarding this comprehensive survey, the CCRC states that it "is devoted to providing statistics, research and policy analysis to the public and professionals concerned about victimized children. It has conducted a number of studies of youth Internet use and Internet sex crimes." Youth Online Exposed to More Porn but Fewer Sexual Solicitations,

according to New Study, issued August 9, 2006, http://www.unh.edu/news/cj_nr/2006/august/em_060809porn.cfm?type=n. (Attached as Exhibit 2 at 2).

3.  In carrying out this survey, the CCRC conducted telephone surveys of representative national samples of 1500 youth Internet users, ages 10 through 17.  2006 Online Victimization report at 4.  Parents or guardians were interviewed first, for about 10 minutes, and with the consent of the parents or guardians, the youths were interviewed for about 30 minutes.  Id.  The interviews involved dozens, if not more than a hundred questions.  The interviews were conducted from March to June 2005.  Id.

4.  The survey addressed, inter alia, the following topics: (a) "experiences of sexual solicitation, unwanted exposure to sexual material, and harassment via the Internet in the past year and reactions to those experiences;" (b) "knowledge of Internet safety practices among youth Internet users and their parents or guardians;" and, (c) "assessment of factors that might make some youth more vulnerable than others to sexual solicitation, unwanted exposure to sexual material, and harassment via the Internet."  Id.

5.  With respect to the topic of unwanted exposure to sexual material, the survey focused, inter alia, on the level of Internet use both in terms of number of days online per week and the number of hours per day; the number of youth who had access at home, school and in other locations; the type of Internet access – dial-up or broad-band; marketing of sexual material via the Internet; and the efficacy of filters and spam blockers on computers in youths' homes and in other locations.  Id. at 9-10.

6.  Given the date on which the 2006 Online Victimization report was issued (August 9,

2006), defendant is confident that the Congressionally-funded report[1] provides the most recent and timely data concerning children's (ages 10-17) unwanted exposure to sexually explicit material that is transmitted over the World Wide Web.

7.  Counsel for defendant has carefully reviewed the report, and concluded that the report contains relevant and timely data concerning the exposure of minors to unwanted sexual material on the World Wide Web and the use of filters in attempting to block such material.

8.  On August 25, 2006, counsel for defendant was able to meet with NCMEC President Ernie Allen to discuss the report and to obtain information concerning the authors of the report.

9.  Defendant's counsel attempted to reach Dr. Finkelhor, the principal author of the report, but was not able to discuss the report with him until his return from vacation.

10.  On August 29, 2006, upon Dr. Finklehor's return from vacation, counsel for defendant was able to reach him to begin directly discussing the 2006 Online Victimization report.

11.  Two days later, on August 31, 2006, Dr. Finklehor agreed to serve as an expert witness for defendant.

12.  While the 2006 Online Victimization survey addresses sexual solicitation and harassment of youth online, the relevant inquiries which defendant seeks to present are the results and analysis regarding exposure of youth to unwanted sexual material online and the efficacy of filters and other blocking software.

13.  Defendant can, of course, submit the factual results of this survey and the method by which the results were obtained. However, defendant seeks also to present the analysis and

---

[1] The Report was supported by grants awarded by the U.S. Department of Justice, U.S. Secret Service, and U.S. Department of Homeland Security.

considered opinion set forth in the report through the expert testimony of Dr. Finkelhor, noted sociologist, regarding online victimization of youth.

14. Inclusion of such analysis is imperative in light of the Supreme Court's remand of this action to address, inter alia, the "effectiveness of filtering software" and the "current technological reality" involved in accessing the World Wide Web. Ashcroft v. ACLU, 542 U.S. 656, 671 (2004). Accordingly, defendant will limit presentation of expert testimony of Dr. Finkelhor to the inquiry set forth in the report regarding exposure of unwanted sexual material to youth, Internet usage regarding this topic, and filtering and other software which attempts to block such material.

15. Consequently, the Court's consideration of the merits would be substantially assisted by Dr. Finkelhor's testimony and its review of the new and highly relevant data contained in the 2006 Online Victimization report.

16. Because the Online Victimization report was independently prepared, and not at the behest of any counsel to this litigation, and because of the proposed limitation of Dr. Finkelhor's testimony, any prejudice to plaintiffs would be outweighed by the value of both Dr. Finkelhor's testimony and the underlying report in the Court's determination of this case. In that regard, defendant has attached the Online Victimization report, over objection from plaintiffs, as the report is publicly available, not prepared by defendant, and should assist the Court in determining defendant's instant motion.

17. On September 8, defendant's counsel informed plaintiffs' counsel that defendant would (1) make Dr. Finkelhor available for deposition, (2) provide plaintiffs' counsel with Dr. Finkelhor's database, subject to maintaining the confidentiality of all identifying information of

the respondents to the survey, and (3) not oppose plaintiffs presenting a rebuttal expert to the topics Dr. Finkelhor plans to discuss, so long as defendant may depose him and receive his supporting material and/or database.

Pursuant to Local Rule 26.1(f), defendant certifies that the parties, after reasonable effort, are unable to resolve the issue of defendant's request for leave of court to designate Dr. Finkelhor. Plaintiffs oppose this motion.

WHEREFORE, defendant respectfully requests that this motion be granted.

Dated: September 12, 2006

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney

RICHARD BERNSTEIN
Assistant U.S. Attorney

THEODORE C. HIRT
Assistant Branch Director

/s/ Kenneth E. Sealls
RAPHAEL O. GOMEZ
Senior Trial Counsel
KENNETH E. SEALLS
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. N.W. Rm. 6136
Washington, D.C. 20530
Tel: (202) 305-1953

Attorneys for Defendant