IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity as Attorney General of the United States | : : | |

**MEMORANDUM AND ORDER**

**AND NOW,** this 18th day of September, 2006, upon consideration of plaintiffs' August 29, 2006 letter motion to compel further responses to the contention interrogatories (Doc. No. 300), defendant's September 5, 2006 letter response thereto (Doc. No. 301), plaintiffs' September 13, 2006 letter in further support of their motion (Doc. No. 302), defendant's September 13, 2006 letter in further opposition thereto (Doc. No. 303), and the parties' arguments before the court at the September 6, 2006 discovery conference, and after having been advised by plaintiffs that only two issues from the August 29, 2006 letter motion remain outstanding, the court concludes the following:

1. The first remaining issue is whether defendant adequately responded to Contention Interrogatories 7 through 9 regarding whether there is material on the Internet that meets each of the three prongs of COPA's "harmful to minors" definition as to 16 year-olds but not 17 year-olds. Defendant did not answer these contention interrogatories but instead stated that "it is irrelevant for purposes of this litigation whether the answer to each prong would be different for a 17 year-old than a 16 year-old. Accordingly, Defendant denies making the contention that there is material" on the Internet that meets each of the three prongs of COPA's "harmful to minors" definition as to 16 year-olds but not 17 year-olds. (Doc. No. 300, pp. 8-10). I ordered defendant to respond to these contention interrogatories in my July 12, 2006 opinion.

(Doc. No. 282). Defendant failed to adequately respond thereto. Instead of making a contention, defendant merely denied making a contention. Moreover, the relevancy of these questions was previously waived by defendant. (Id. pp. 20-21). Defendant must now specifically contend whether there is material on the Internet that meets each of the three prongs of COPA's "harmful to minors" definition as to 16 year-olds but not 17 year-olds, and provide the requested examples or descriptions of such materials.[1]

      2.     The second remaining issue is whether, in responding to Contention Interrogatories 11 through 18, defendant adequately stated his reasoning for determining whether the examples in the exhibits to the contention interrogatories met the individual prongs of the "harmful to minors" definition or were harmful to minors. Defendant did respond to these contention interrogatories and cited to COPA, the legislative history, and Supreme Court case law as his reasoning for his contentions. However, because of inconsistencies in how defendant categorized the different examples in the exhibits, his mere use of statutory and case-law language to justify his contentions is insufficient to expose his true rationale.

      As noted by plaintiffs, defendant contended that all of the example web pages from plaintiffs' websites attached to the contention interrogatories as Exhibit A, containing "descriptions of bondage, discipline, and anal sex, as well as drawings and photographs of sexual

---

[1] Similarly, Contention Interrogatories 12 through 14 require contentions regarding whether plaintiffs' web pages in Exhibit A to the contention interrogatories meet each of the three prongs of COPA's "harmful to minors" definition as to 16 year-olds but not 17 year-olds. Defendant again stated that "it is irrelevant for purposes of this litigation whether the answer to each prong would be different for a 17 year-old than a 16 year-old. Accordingly, Defendant does not contend that" the web pages in Exhibit A meet each of the three prongs of COPA's "harmful to minors" definition as to 16 year-olds but not 17 year-olds. (Doc. No. 300, pp. 14-16). For the same reasons stated above regarding Contention Interrogatories 7 through 9, these contention interrogatories were also insufficiently answered.

acts", and the Playboy.com materials in Exhibit B, containing "photographs of women naked from the waist up", were not harmful to minors. (Doc Nos. 302, p. 2; 301, pp. 1-2). However, defendant further contended that the Penthouse.com materials in Exhibit B, also containing photographs of women naked from the waist up and one full-body photograph of a naked woman, and the ten websites from Exhibit C, similarly containing photographs of women naked from the waist up, were harmful to minors. (Id.). Defendant's stated reasoning, in the form of quoted statutory and case-law language, is inadequate to decipher why such seemingly similar materials were categorized differently by him. As a result, defendant must specifically give the rationales and bases which led him to decide whether each of the exhibits or sets of examples therein violated the relevant prong of the "harmful to minors" definition, were harmful to minors, or were prosecutable as obscenity.

   3. Because of the intricacies of the discovery sought by plaintiffs, I remain of the opinion that plaintiffs' preferred relief, compelling the deposition of a Department of Justice witness pursuant to Federal Rule of Civil Procedure 30(b)(6), would lead to overwhelming complications.

   4. I reiterate that requiring the defendant to respond to the interrogatories in the specified detail will further narrow the issues at trial and provide fair notice to plaintiffs of what issues will be relevant at trial.

   **NOW THEREFORE** it is hereby **ORDERED** that plaintiffs' letter motion is **GRANTED** and:

   1. By September 27, 2006, defendant shall more fully respond to plaintiffs' Contention Interrogatories 7 through 9 and 12 through 14 by specifically contending whether

there is material on the Internet or in Exhibit A to the contention interrogatories that meets the individual prongs of COPA's "harmful to minors" definition as to 16 year-olds but not 17 year-olds, and by providing the requested examples or descriptions of such materials or the basis of his contentions as appropriate; and

    2.    By September 27, 2006, defendant shall more fully respond to plaintiffs' Contention Interrogatories 11 through 18 by specifically giving the rationales, bases, and criteria which led him to decide whether each of the exhibits or sets of examples therein violated the relevant prong of the "harmful to minors" definition, were harmful to minors, or were prosecutable as obscenity.

   S/ Lowell A. Reed, Jr.  
   LOWELL A. REED, JR., S.J.