UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------x
:
AMERICAN CIVIL LIBERTIES UNION,          :     CIVIL ACTION
:
Plaintiffs,          :     NO. 98-5591
:
v.                   :
:
ALBERTO R. GONZALES, in his official capacity as  :
ATTORNEY GENERAL OF THE UNITED STATES,   :
:
Defendant.           :
:
---------------------------------------------------------------------x

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
FOR LEAVE OF COURT TO DESIGNATE DR. DAVID FINKELHOR AS AN
EXPERT FOR DEFENDANT

Plaintiffs oppose defendant's motion for leave to designate Dr. David Finkelhor as an expert. Defendant submits a 73-page study of which Dr. Finkelhor is third author, "Online Victimization of Youth: Five Years Later," in apparent substitution for the usual signed expert report tailored to the topics on which the expert will provide testimony. Because the addition of Dr. Finkelhor to defendant's expert case at this late date is neither harmless nor substantially justified, defendant's motion should be denied.

The Court required the parties to disclose their experts by May 8, 2006. Pretrial Order No. 24 (as modified by the Court's April 27, 2006 Order). Defendant first notified plaintiffs that it had retained Dr. Finkelhor on September 5, 2006, almost four months after the deadline. Defendant has therefore failed to comply with this Court's Order and, by extension, Federal Rule of Civil Procedure 26(a). Fed. R. Civ. P. 26(a)(2)(C) (requiring the parties to make expert disclosures "at the times and in the sequence

1

directed by the court" or, in the absence of direction and in the case or principal experts, 90 days before trial.)

Federal Rule of Civil Procedure 37(c)(1) states that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Unless defendant's failure to disclose Dr. Finkelhor is harmless or substantially justified, Rule 37 bars absolutely defendant's reliance on his expert testimony. [1]

Defendant does not argue that the designation of Dr. Finkelhor is harmless. Nor could he. The addition of a new expert witness after the entire expert discovery timetable has run is precisely the sort of development that courts have recognized as prejudicial in the past. *See Thibeault v. Square D Co.*, 960 F.2d 239, 246-47 (1st Cir. 1992) ("Many courts---this court included---have recognized that the introduction of new expert testimony on the eve of trial can be seriously prejudicial to the opposing party."); *Freund v. Fleetwood Enter., Inc.*, 956 F.2d 354, 358 (1st Cir. 1992) (explaining that had defendants "known about [an expert's] testimony sooner, they might well have decided to counter it, though cross-examination or other expert testimony . . . ."); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989) (holding that a district court abused its discretion by designating two additional expert witnesses shortly before trial, reasoning that the move put the opposing party "at a distinct disadvantage throughout the trial," and

---

[1] Another way to conceptualize defendant's late selection of an expert is as a violation of Pretrial Order No. 24, which triggers the sanctions provision of Rule 16. Fed. R. Civ. P. 16(b) ("If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . . ."). Because the considerations of prejudice to plaintiffs and the necessity of the testimony to defendant come into play regardless how the inquiry is framed, the analysis contained in this opposition is equally applicable if the court chooses to construe defendant's late selection of an expert as a violation of Rule 16.

noting that the opposing party "had very little time in which to prepare their cross-examination.").

The reluctance of courts to permit reliance on expert witnesses designated out of time is perhaps driven by the advisory committee commentary accompanying Rule 26. The committee explained that the disclosure deadline is in place so that "opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2)(B), advisory committee's note.

Plaintiffs lack such a reasonable opportunity here. Although plaintiffs have not had sufficient time to completely analyze the study, it is apparent from defendant's motion that the study depends on an elaborate data set:

> In carrying out this survey, the CCRC conducted telephone surveys of representative national samples of 1500 youth Internet users, ages 10 through 17. 2006 Online Victimization Report at 4. Parents or guardians were interviewed first, for about 10 minutes, and with the consent of the parents or guardians, the youths were interviewed for about 30 minutes. *Id.* The interviews involved dozens, if not more than a hundred questions.

(Def. Mot. at ¶ 3). There is little time left between now and trial. Plaintiffs have not begun to analyze the data set upon which the study depends. They have not had an opportunity to depose Dr. Finkelhor. They have not had an opportunity to determine whether retention of a rebuttal expert is necessary and, if so, who that expert ought to be. Defendant exacerbated this prejudice by securing Dr. Finkelhor as an expert on August 31, 2006, but failing to inform plaintiffs of this fact until September 5, 2006. (Def. Mot. ¶ 11). Although plaintiffs probably could carry the burden of countering Dr. Finkelhor's testimony, having to spend the next weeks scrambling to address defendant's new expert will sap resources from the preparation of other aspects of plaintiffs' case. The

imposition of this dilemma is precisely what Rule 26 and the Court's Pretrial Order are designed to avoid.

Because the late addition of Dr. Finkelhor to defendant's expert case is not harmless, it must be substantially justified in order to overcome the bar on admissibility of experts designated out of time. Defendant's conclusory brief does not offer specific reasons why the addition of Dr. Finkelhor is substantially justified, and therefore defendant's motion must be denied.

Defendant does not explain why he needs to present Dr. Finkelhor *as an expert*. Defendant states that he could, "of course, submit the factual result of this survey and the method by which the results were obtained." (Def. Mot. ¶ 13). Assuming defendant is correct, defendant must demonstrate why he is substantially justified in presenting Dr. Finkelhor's expert testimony in addition to the report's factual results. Defendant's brief does not contain a single argument addressing this topic. The closest defendant comes is the conclusory statement that "defendant seeks also to present the analysis and considered opinion set forth in the report through the expert testimony of Dr. Finkelhor, noted sociologist, regarding online victimization of youth." (Def. Mot. ¶ 13). It is unreasonable to expect plaintiffs or the Court to pick through the 73-page study to identify Dr. Finkelhor's opinions and surmise how they relate to the claims and defenses arising in this litigation.

The recent publication date of the study does not "substantially justify" defendant's late designation of Dr. Finkelhor as an expert. Defendant's motion does not indicate when defendant learned of the study, which seems to have been funded in part by the Department of Justice. *Online Victimization of Youth* at ii. In the absence of such an

4

argument, the publication date of the study is not a fact supporting the designation of Dr. Finkelhor as an expert. Defendant also suggests that Dr. Finkelhor's expert testimony is imperative because of the study contains the "most recent and timely data." (Def. Mot. ¶ 6). Assuming without conceding that this is true, defendant offers no argument that Dr. Finkelhor's expert opinion is needed in addition to the factual results and methodology.

Even if the Court were prepared to overlook defendant's late designation of Dr. Finkelhor, defendant's other violations of the Rule 26(a) disclosure requirements undermine any argument that such designation should be permitted. Crucially, defendant has not supplied plaintiff with "a written report prepared and signed by the witness." Instead, defendant supplied a voluminous study. Dr. Finkelhor is not the sole author of the study, but rather the third of three listed authors. It is unclear how the contents of the report relate to Dr. Finkelhor's proposed testimony. Defendant only loosely and somewhat inconsistently describes the topics on which Dr. Finkelhor will testify. Defendant first states that Dr. Finkelhor will present expert testimony regarding "online victimization of youth." (Def. Mot. ¶ 13). The title of the study Dr. Finkelhor co-authored is "Online Victimization of Youth," suggesting that all topics within the report are fair game for Dr. Finkelhor's testimony. Later, defendant states that he "will limit presentation of expert testimony of Dr. Finkelhor to the inquiry set forth in the report regarding exposure of unwanted sexual material to youth, Internet usage regarding this topic, and filtering and other software which attempts to block such material." (Def. Mot ¶ 14). Defendant has not identified specific portions of the 73-page study to which Dr. Finkelhor will opine, and the Court should not permit defendant to force plaintiffs to guess at what Dr. Finkelhor will testify. In addition, defendant has failed to supply "the

qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years," and the "listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." F.R.C.P. 26(a)(2)(B).

     For the foregoing reasons, designation of Dr. Finkelhor as an expert is neither harmless nor substantially justified.  Defendant's motion should be denied.

Respectfully submitted,

DATE:  September 19, 2006

_____/s/_____
CATHERINE CRUMP
American Civil Liberties Union
    Foundation
125 Broad St., 18th Floor
New York, New York 10004
(212) 549-2500