IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al, | : CIVIL ACTION |
| | : |
| v. | : NO. 98-5591 |
| | : |
| ALBERTO GONZALES in his official capacity | : |
| as Attorney General of the United States | : |

**PRETRIAL ORDER NO. 26**

AND NOW, this 20th day of September 20, 2006, after holding a pretrial conference with the parties on September 6, 2006, and in accordance with Paragraph 14 of Pretrial Order No. 14 (Case Management Order) (Doc. No. 185) and having found that further case management for trial preparation is necessary,  IT IS ORDERED as follows:

      1.  All discovery is complete.

      2.  No further dispositive motions shall be filed.

      3.  On or before September 29, 2006 each party shall provide the opposing party with the names of witnesses intended to be presented in the proponent's case in chief by deposition in lieu of live testimony.

      4.  No later than October 2, 2006 each party intending to present witness(es) by deposition in its case in chief shall file a stipulation agreeing to such presentation or in lieu thereof a motion seeking court approval pursuant to Fed. R. C. P. 32.

      5.  On or before October 2, 2006,  each party shall serve upon every other party:

      (A)  the original or a paper or electronic copy of each exhibit they expect to offer at trial in furtherance of their respective contentions.  Each party shall mark their trial exhibits <u>in</u>

<u>advance of trial</u> with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice (i.e., P-1, P-2; D-1, D-2); (B) curriculum vitae for each expert witness expected to testify; and, (C) a specific designation of each discovery item, including specific lines of deposition testimony, answers to interrogatories, requests for admission, documents, photographs and the like, to be offered into evidence and (D) a list of trial witnesses.

6. Not later than October 9, 2006**,** each party shall file with the Clerk, serve upon the opposing party, and submit in duplicate to the Court (Chambers), the following:

(A) Precise and detailed proposed findings of fact, annotated to the record (the record consisting of items such as expected testimony with the name of the witness, exhibits by number, designated discovery papers, affidavits, and pleadings), and conclusions of law in support of its case.

(B) The names and addresses of all witnesses whom the party actually intends to call at trial during its case in chief, and in rebuttal if known. Witnesses shall be listed in the order they will be called. Each witness shall be identified and there shall be a brief statement of the evidence that the witness will give.

7. No later than October 17, 2006, each party shall file and serve and submit in duplicate to the Court (Chambers) a trial memorandum setting forth, as to the issues of fact and law, a detailed discussion of legal authorities in support of its case.

8. Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; (B) the adequacy of the qualifications of an expert witness expected to testify; (C) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered; or (D) the calling of any witness, shall set forth separately each such objection, clearly and concisely, in a separate section, in the proposed pretrial order required by Paragraph 12 of

Pretrial Order No. 21 (Doc. No. 235).  Such objection shall describe <u>with</u> <u>particularity</u> the ground and the authority for the objection.  Unless the Court concludes at trial that manifest injustice will result, the Court can be expected to <u>overrule</u> any objection offered <u>at trial</u> in respect to any matter covered by Paragraph 5(A), (B), (C) and/or (D) above, if the Court concludes that the objection should have been made as required by this Order.

        9(A) **No later than September 29, 2006**, any party expecting to offer <u>opinion</u> <u>testimony from lay witnesses</u> pursuant to Federal Rule of Evidence 701 shall declare such intent in a written offer of proof filed and served on all opposing parties (with a courtesy copy to Chambers).  Such declaration must include at least the name of each such witness, the opinion to be offered, the basis for the opinion, and if not disclosed by prior discovery, the background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion.

        (B)  Any party objecting to the admissibility of any proffered opinion shall include an objection clearly and concisely in a separate section of the proposed pretrial order.  No party shall include any such objection on the basis that the expert opinion or lay opinion provided is vague, incomplete or ambiguous unless counsel for the objecting party has attempted to resolve such perceived failings with the offering party and certifies to that effort and the results in the written objection.

        10.  **No later than October 12, 2006**, the Court shall be supplied in Chambers by each party with a copy of each trial exhibit and an electronic disc thereof, appropriately marked with its exhibit number and in addition a list or schedule of such exhibits, in duplicate, which shall briefly describe each exhibit.

11. If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior to trial</u> for such information. If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial. THE COURT WILL NOT INTERRUPT TRIAL PROCEEDINGS ON THE APPLICATION OF ANY PARTY FOR AN "OFFER OF PROOF."

12. Only the testimony of those witnesses and those exhibits, designated discovery items, and testimony of expert witnesses whose reports, depositions, and qualifications or lay opinion testimony have been furnished in the manner set forth in the Federal Rules of Civil Procedure and this Order, shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court, <u>or</u> by Order of Court so as to avoid manifest injustice.

13. Presentation of testimony by all witnesses in person in the Courtroom is preferred and expected by the Court  <u>A stipulation of counsel that deposition testimony may be used at trial is not binding on the Court</u>. If any party expects to contend that a witness is unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), and if the Court rules that deposition testimony may be used, the Court expects use of oral or videotape depositions at trial of <u>any such witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness <u>will not be a ground to delay</u> the commencement or progress of an ongoing trial. In the event leave of court is secured and an oral or videotape deposition is to be offered because of the unavailability of a witness, the offering party shall deliver to Chambers (Room 4001) prior to the commencement of the trial, TWO COPIES of the deposition

transcript, together with that counsel's certification that all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a <u>covering list</u> of such objections supplied therewith.

   14. <u>Deposition transcripts for use at trial</u>: Transcripts of all depositions in this case shall be submitted to chambers in hard copy <u>and</u> in WordPerfect 8.0 (or lower version) or ASCII format on 3.5" floppy disk no later than two days before the trial date.

   Each deposition should be saved on a disk under the deponent's last name and the date of the deposition.  For example, if it is Jane Smith's deposition from May 9, 2005, it should be saved as "smith509."  The name given to each deposition on the disk should make the deposition readily identifiable to the user.  Multiple depositions may be saved on the same disk and that procedure is encouraged.

   The basic purpose of these disks is to allow me to search for and monitor the use of impeachment material when raised by counsel during cross examination of a party or witness. I will be searching the depositions on a lap top computer for specific pages using a combination of letters and the page number.  Thus, I would prefer if the page numbers of the depositions on the disks be designated as "Page 4," "PG 4," "P 4," or some other combination of letter(s) and page number.

   If use of the page numbers is not possible, then the page breaks of the depositions on the disks <u>must match the page breaks of the depositions in the hard copies</u>.  For example, if counsel refers to page 26 of a deposition in hard copy, that page should be page 26 <u>in Word</u>

Perfect when I call up the deposition on the computer.  You may have to re-format the deposition in order to achieve this result.

I recognize that you may have to obtain these disks from a court reporting service. If you encounter undue technical problems in obtaining these disks, please contact my chambers as soon as possible.  The Court will expect counsel to comply with this order unless excused by the Court.

15. **EXTENSIONS OF TIME:** Any necessary application for extension of any time deadlines, change in conference(s) or trial date(s) shall be made by written motion in conformity with Local Rule of Civil Procedure 7.1, filed and served no later than ten days prior to the date sought to be changed or extended.  Any such motion shall include a factual verification of counsel or relevant party or witness showing good cause for the request and shall contain a statement of the position of all other parties as to the request.

    S/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.