# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

## ORDER

**AND NOW,** this 25th day of September, 2006, upon consideration of defendant's motion *in limine* to exclude certain proposed testimony of Michael A. Russo and Henry Reichman (Doc. Nos. 288 (original motion filed under seal), 289 (redacted version of motion)) and the plaintiffs' response thereto (Doc. No. 299), the court finds the following:

1. Messrs. Russo and Reichman possess specialized knowledge, well beyond that of laymen, in the areas detailed in the offer of proof set forth in plaintiffs' response.

2. Messrs. Russo and Reichman have also established the requisite reliability of their testimony by demonstrating that their testimony and conclusions are properly grounded in their experience, are well-reasoned and not speculative and by reliably applying their experience to the facts.

3. The testimony of Messrs. Russo and Reichman is relevant and will assist in my understanding of the facts and issues in this case.

4. As a result, under Federal Rule of Civil Procedure 702 and <u>Daubert v. Merrel Dow Pharms.</u>, 509 U.S. 579 (1993) and its progeny, Messrs. Russo and Reichman are qualified to testify as experts in the areas detailed in plaintiffs' response.

Therefore, it is hereby **ORDERED** that:

5. The motion (Doc. Nos. 288 and 289) is **DENIED**. Messrs. Russo and Reichman may testify as expert witnesses on the subjects set forth in plaintiffs' response, subject to cross-examination and the appropriate objections at the time of trial and.

                                                     S/ Lowell A. Reed, Jr.
                                                    LOWELL A. REED, JR., S.J.