IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

## ORDER

**AND NOW,** this 27th day of September, 2006, upon consideration of defendant's motion for leave to designate Dr. David Finkelhor as an expert, the response thereto (Doc. Nos. 294 & 305) and defendant's letter request to file a reply[1], the court finds the following:

      1.    On August 9, 2006[2], the National Center for Missing and Exploited Children issued a report entitled <u>Online Victimization of Youth: Five Years Later</u> ("the Online Victimization Report"). Dr. David Finkelhor ("Dr. Finkelhor") was one of three authors of the report[3];

      2.    On August 31, 2006, Dr. Finkelhor agreed to serve as an expert witness for defendant;

      3.    On September 5, 2006, defendant notified plaintiffs that he had retained Dr. Finkelhor as an expert;

      4.    On September 12, 2006, defendant filed the instant motion and instead of attaching a proper, narrowly tailored, expert report pursuant to Federal Rule of Civil Procedure 26(a)(2), attached only the Online Victimization Study consisting of 79 pages;

---

[1] Upon consideration of this request, it is hereby **ORDERED** that the request is **GRANTED** and the defendant's reply brief, attached hereto, shall be filed by the Clerk of Court.

[2] It is of some note that although defendant, who is in charge of the Department of Justice, claims that he had no notice of the Online Victimization Report until it was published or the 2005 survey from which the results were taken, a division of the Department of Justice is prominently displayed on the cover of the report along with two other sponsors, the title page references the grant received from the Department of Justice, the acknowledgments page offers "special thanks" to an employee of a division of the Department of Justice for his review of the report, and the foreword section contains thanks to staff members from a division of the Department of Justice for "their work on ths much-needed report." (Doc. No. 294, Ex. 1, pp. v, ix).

[3] Defendant contends that Dr. Finkelhor "is the principal and supervisory author of the report and wrote large portions of it." (Def.'s reply brief, ¶ 2). However, there is no indication in the report that this is correct.

       5.      Pursuant to Federal Rule of Civil Procedure 16(b)(4), this court identified and limited the time frame for expert witness discovery in Paragraph 7 of Pretrial Order 24, as amended by this court's April 27, 2006 order (Doc. Nos. 258; 276). That paragraph provides that:

> The cut-off date for expert discovery shall be **Friday, August 11, 2006.** The parties shall exchange principal expert reports by **Monday, May 8, 2006**; will exchange rebuttal reports by **Thursday, July 6, 2006**; and will commence expert depositions by **Monday, July 17, 2006**;

       6.      By attempting to designate an expert witness at this late date, defendant has failed to obey the deadlines set forth in Paragraph 7 of Pretrial Order 24, as amended and, thus, has violated Federal Rule of Civil Procedure 16(b). Therefore, under Rule 16(f), this court is authorized to "make such orders [regarding the failure to obey a pretrial order] as are just and among others any of the orders provided in Rule 37(b)(2)(B), (C), and (D)";

       7.      Defendant also violated Federal Rule of Civil Procedure 26(a)(2)(B) because the purported expert report, *inter alia*, lacks Dr. Finkelhor's signature, fails to delineate the specific opinions Dr. Finkelhor would express at trial and the basis and reasons therefor, and fails to list Dr. Finkelhor's qualifications, his proposed compensation, and a list of other cases in which he has been an expert witness;

       8.      In ruling on this motion, the court concludes that it is not necessary to invoke the sanctions contained in Federal Rule of Civil Procedure 37. The court is merely deciding whether leave should be granted to designate an expert witness who was not designated at the appropriate time, not whether to strike a witness or evidence upon motion of plaintiff. Nonetheless, in determining what order would be just, it is appropriate to consider certain elements of Rule 37(c)(1) such as whether defendant's actions had substantial justification or whether the designation of Dr. Finkelhor would be harmless to plaintiffs;

       9.      The purpose behind requiring a "detailed and complete" expert report in Federal Rule of Civil Procedure 26(a)(2) is "the elimination of unfair surprise to the opposing party and the conservation of resources" and to prevent the disclosure of the content of an expert's proposed testimony from being "sketchy and vague." <u>Billet Promotions, Inc. v. IMI Cornelius, Inc.</u>, 1998 WL 721081, *7 (E.D. Pa.1998); <u>D&D Assoc., Inc. v. Bd. of Educ. of N. Plainfield,</u> 2006 WL 1644742, *3 (D.N.J. 2006) (quoting Fed. R. Civ. P. 26 advisory committee's note (1993 Amendments)). By attaching a fairly voluminous study instead of the proper expert report to their motion, defendants have created the exact illness sought to be cured by this rule;

       10.     Defendant has failed to adequately show why the testimony of Dr. Finkelhor is important. Defendant simply states that it is important for Dr. Finkelhor to present the analysis and opinions set forth in the Online Victimization Report regarding: (1) the

exposure of unwanted sexual material to youth; and (2) the effectiveness of filtering software. (Doc. No. 294 ¶¶ 13-14; Def's reply brief ¶ 5). It is unclear from defendant's statements what Dr. Finkelhor's testimony will add to the Online Victimization Report. Thus, defendant has failed to substantially justify the necessity of the late disclosure of Dr. Finkelhor as an expert;

11. Defendant concedes that the Online Victimization Report covers many more topics than those about which Dr. Finkelhor would testify. However, defendant fails to satisfactorily establish the exact opinions Dr. Finkelhor would espouse or the pages of the Online Victimization Report Dr. Finkelhor would testify regarding and instead simply lists the two broad areas of proposed testimony listed above. In fact, defendant did not expand upon or clarify the exact nature of the proposed testimony even though he was given the opportunity to do so in his reply brief. From defendant's sparse explanation, it is impossible for the court and plaintiffs to discern how the contents of the Online Victimization Report relate to Dr. Finkelhor's proposed testimony or how plaintiffs are to prepare for his testimony or even choose an expert to counter it. Because plaintiffs and the court are unable to anticipate the specific nature of Dr. Finkelhor's testimony, the designation of Dr. Finkelhor as an expert would be harmful to plaintiffs;

12. There is also no indication that Dr. Finkelhor is the only expert defendant will utilize regarding the effectiveness of filters or children's exposure to harmful materials online. Presumably defendant planned its defense and aligned its necessary witnesses before the Online Victimization Report was released. This factor also establishes that the late designation of Dr. Finkelhor is not substantially justified;

13. Finally, the court finds that, given the heavy schedule set forth in the extant pretrial management orders, to force plaintiffs at this late date to depose Dr. Finkelhor, prepare for cross-examination and perhaps gather rebuttal witnesses would be inordinately distracting from trial preparation and would be harmful to plaintiffs.

Therefore, it is hereby **ORDERED** that:

5. The motion is **DENIED** and leave to designate Dr. Finkelhor as an expert witness is **DENIED**. However, this court is not currently ruling on whether all or any part of the Online Victimization Report is admissible.

    S/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.