UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------------x
                                            :

AMERICAN CIVIL LIBERTIES UNION, et al.   :
                                            :   Civil Action No. 98-CV-5591
              Plaintiffs,                  :

                                            :

                v.                           :

ALBERTO R. GONZALES, in his official capacity as   :
ATTORNEY GENERAL OF THE UNITED STATES,   :

              Defendant.                   :
                                            :
------------------------------------------------------------------------x


## **DECLARATION OF CHRISTOPHER R. HARRIS**

        I, the undersigned, CHRISTOPHER R. HARRIS, do hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

        1.     I am a resident of New York City, New York and am a partner at the law firm of Latham & Watkins, LLP in New York, New York. We are of counsel to the American Civil Liberties Union Foundation in this action. I submit this declaration on the basis of my personal knowledge.

        2.     This Declaration is submitted in support of possible lay opinion testimony offered by the Plaintiffs' Deposition Designations.

        3.     As disclosed in her deposition, Ginger Bergman is a Director in the Corporate Risk and Compliance Department of VISA USA, in San Francisco, California, and was designated by VISA USA to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. She was deposed on March 6, 2006, in San Francisco, California. Plaintiffs have

designated portions of Ms. Bergman's testimony. Some of Ms. Bergman's designated testimony regards practices throughout her industry; means by virtue of which cards may be used without the cardholder's authorization; and the proportion of the population that have debit and credit payment cards. Although we do not believe this is opinion testimony, in any event Ms. Bergman would be qualified to give this testimony as a lay opinion. Ms. Bergman has the requisite background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Ms. Bergman.

        4.     As disclosed in her deposition, Patricia M. Rinchiuso is Director of Systems Management for the Cardmember Services Division of Discover Financial Services, in Riverwoods, Illinois, and was designated by Discover Financial Services to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. She was deposed on March 7, 2006, in Riverwoods, Illinois. Plaintiffs have designated portions of Ms. Rinchiuso's testimony. Some of Ms. Rinchiuso's designated testimony regards whether payment cards may be obtained and used without permission. Although we do not believe this is opinion testimony, in any event Ms. Rinchiuso would be qualified to give this testimony as a lay opinion. Ms. Rinchiuso has the requisite background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Ms. Rinchiuso.

        5.     As disclosed in his deposition, Alistair Robertson Allan is President and CEO of RuleSpace, Inc., in Portland, Oregon, and was designated by RuleSpace, Inc. to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. He was deposed on February 28, 2006, in Portland, Oregon. Plaintiffs have designated portions of Mr. Allan's testimony.

Some of Mr. Allan's designated testimony regards the effectiveness of Internet content filtering products, practices in the Internet content filtering Industry, the technologies on which RuleSpace products are based, business relationships of RuleSpace, and the behavior of RuleSpace consumers. Although we do not believe this is opinion testimony, in any event Mr. Allan would be qualified to give this testimony as a lay opinion. Mr. Allan has the requisite background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Mr. Allan.

6. As disclosed in her deposition, Annik Whittle is Project Manager for Parental Controls at America Online, in Dulles, Virginia, and was designated by America Online to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. She was deposed on March 2, 2006, in Washington, DC. Plaintiffs have designated portions of Ms. Whittle's testimony. Some of Ms. Whittle's testimony regards the effectiveness of AOL Parental Controls, the behavior of AOL customers and business plans of AOL. Although we do not believe this is opinion testimony, in any event Ms. Whitle would be qualified to give this testimony as a lay opinion. Ms. Whittle has the requisite background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Ms. Whittle.

7. As disclosed in his deposition, Jim Murphy is Vice President of Product Marketing at SurfControl, Inc. in Scotts Valley, California, and was designated by SurfControl, Inc. to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. He was deposed on March 15, 2006, in East Palo Alto, California. Plaintiffs have designated portions of Mr. Murphy's testimony. Some of Mr. Murphy's designated testimony regards the effectiveness of

SurfControl products, the technologies on which SurfControl products are based, the behavior of SurfControl's customers, business relationships of SurfControl and future plans of SurfControl. Although we do not believe this is opinion testimony, in any event Mr. Murphy would be qualified to give this testimony as a lay opinion. Mr. Murphy has the requisite background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Mr. Murphy.

8. As disclosed in his deposition, Jeffrey Howard Thaler is the director of business development at Paycom.net, LLC. He was deposed on March 9, 2006, in Los Angeles, California, and was designated to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. Plaintiffs have designated portions of Mr. Thaler's testimony. Some of Mr. Thaler's designated testimony regards credit card industry practices. Although we do not believe this is opinion testimony, in any event Mr. Thaler would be qualified to give this testimony as a lay opinion. Mr. Thaler has the requisite background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Mr. Thaler.

9. As disclosed in his deposition, Ken Meiser is the vice president of product development at Choicepoint Public Records. He was deposed on March 29, 2006, in Atlanta, Georgia, and was designated to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. Plaintiffs have designated portions of Mr. Meiser's testimony. Some of Mr. Meiser's designated testimony regards the public records industry, in addition to the processing and storing of that information within the industry. Plaintiffs have also designated portions of his testimony regarding the customers of Choicepoint and age verification processes used by those customers. Although we do not believe this is opinion testimony, in any event Mr. Meiser would

be qualified to give this testimony as a lay opinion. Mr. Meiser has the requisite background, training, experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Mr. Meiser.

10. As disclosed in his deposition James Ryan is an employee of Cingular, and was designated by Cingular to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. He was deposed on April 7, 2006, in Atlanta, Georgia. Plaintiffs have designated portions of Mr. Ryan's testimony. Some of Mr. Ryan's designated testimony regards the effectiveness of Cingular's parental control product. Although we do not believe this is opinion testimony, in any event Mr. Ryan would be qualified to give this testimony as a lay opinion. Mr. Ryan has the requisite background, training, and experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Mr. Ryan.

11. As disclosed in his deposition, Andrew Ellis is an employee of the Federal Bureau of Prisons, and was designated by the Federal Bureau of Prisons to be deposed in response to a FRCP 30(b)(6) subpoena in this matter. He was deposed on February 3, 2006, in Washington, D.C. Plaintiffs have designated portions of Mr. Ellis' testimony. Some of Mr. Ellis' designated testimony regards the effectiveness of the SurfControl product. Although we do not believe this is opinion testimony, in any event Mr. Ellis would be qualified to give this testimony as a lay opinion. Mr. Ellis has the requisite background, training, and experience and contact with the facts of the case sufficient to lay a foundation for the opinion, which has been previously disclosed through the deposition testimony of Mr. Ellis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 29th day of September, 2006.

_____
Christopher R. Harris