UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------x
                             :

AMERICAN CIVIL LIBERTIES UNION, et al.,       :
                             :

           Plaintiffs,                  :

                             :

           v.                     :  Civ. Act. No. 98-CV-5591

                             :  **REDACTED – ORIGINAL**

ALBERTO R. GONZALES, in his official capacity as  :  **FILED UNDER SEAL**
ATTORNEY GENERAL OF THE UNITED STATES,  :

                             :

           Defendant.            :

                             :
------------------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DESIGNATE DEPOSITION TESTIMONY
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 32**

# TABLE OF CONTENTS

**Page**

I.   Introduction ...................................................................................................2

II.  argument .......................................................................................................3

    **A.**   Plaintiffs Attempted To Secure Defendants' Stipulation That These
Depositions Were Admissible .................................................................3

    **B.**   Deposition Testimony May Be Admitted for Non-Party Witnesses Located
Farther Than 100 Miles from the Trial ...................................................3

    **C.**   The Designated Testimony is Admissible as Evidence Because (i) the
Testimony is Essential to the Presentation of Plaintiffs' Case and (ii) Each
of the Witnesses Will Be Over One Hundred Miles from Court at the Time
of Trial. ..................................................................................................4

        **1.**   The Testimony is Essential to the Presentation of Plaintiff's Case ............4

        **2.**   Each of the Witnesses Will Be Greater Than One Hundred Miles
Away at the Time of Trial. ..................................................................5

    **D.**   Arguments Raised By Defendants Do Not Support Exclusion of the
Designated Testimony. ...........................................................................7

III. Conclusion ....................................................................................................9

# TABLE OF AUTHORITIES[1]

**CASES**                                                                                    **Page(s)**

Coleman v. Home Depot, Inc.,
    306 F.3d 1333 (3d Cir. 2002) ...................................................................... 10

Crawford Fitting Co. v. J. T. Gibbons, Inc.,
    482 U.S. 437, 107 S. Ct. 2494 (1987) ........................................................... 3

Farmer v. Arab America Oil Co.,
    379 U.S. 227, 85 S. Ct. 411 (1964) .............................................................. 3

Forrest v. Beloit Corp.,
    424 F.3d 344 (3d Cir. 2005) ....................................................................... 10

Hartman v. U.S.,
    538 F.2d 1336 (8th Cir. 1976) ..................................................................... 4

Ikerd v. Lapworth,
    435 F.2d 197 (7th Cir. 1970) ....................................................................... 4

In re Biron, Inc.,
    28 B.R. 340 (Bankr. D. Ohio 1983) ............................................................. 4

In re Edelman,
    295 F.3d 171 (2d Cir. 2002) ........................................................................ 3

Nationwide Mutual Fire Insurance Co. v. Dunkin,
    850 F.2d 441 (8th Cir. 1988) ....................................................................... 4

New Orleans Saints v. Griesedieck,
    612 F. Supp. 59 (E.D. La. 1985) .................................................................. 4

## STATUTES

Fed. R. Civ. P. 32(a)(3) ....................................................................................... 3

Fed. R. Civ. P. 32(a)(3)(B) ............................................................................... 2, 9

Fed. R. Civ. P. 45(b)(2) ...................................................................................... 4

---

[1] May be in error due to redaction.

Fed. R. Evid. 401 ............................................................................................4

Fed. R. Evid. 402 ............................................................................................4
Fed. R. Evid. 403 ...........................................................................................10

## I.      INTRODUCTION

The Plaintiffs hereby move the Court pursuant to Federal Rules of Civil Procedure 32(a)(3)(B) and this Court's Pretrial Orders No. 26  and 27 (dated September 20, 2006 and September 26, 2006) to accept tailored portions of deposition testimony of ten different third-party witnesses.  See Plaintiff's Proffered Deposition Designations, Declaration of Christopher Harris ("Harris Decl.") Exhibit A.

Each of the following ten third-party witnesses[2] works and resides at a distance greater than 100 miles from the courthouse, and therefore under Federal Rule of Civil Procedure 32(a)(3)(B) his or her deposition testimony is admissible:

- **Annik Whittle** of America Online ("AOL"), a leading Internet Service Provider and content provider, who testified regarding AOL's use of content filtering software as a service to its customers;

- **Allistair Allan** of RuleSpace and **Jim Murphy** of SurfControl, two leading developers of filtering software, who testified regarding their product offerings;

- **James Ryan** of Cingular Wireless ("Cingular"), a provider of mobile telecommunications services, who testified regarding Cingular's technology and practices for filtering content available on cell phones and other handheld devices;

- **Patricia Rinchiuso** of Discover Financial Services ("Discover"), **Joshua Peirez** of MasterCard, and **Ginger Bergman** of VISA U.S.A. Inc. ("VISA"), three of the nation's leading payment card companies, who testified regarding their policies for age verification;

- **Ira Cadwell** of CCBill and **Jeffrey Thaler** of Paycom Billing Services ("Paycom"), providers of online payment services, who testified regarding payment card processing policies and implementation of card association rules and guidelines; and

- **Ken Meiser** of ChoicePoint Inc., a developer of data verification software, who testified regarding ChoicePoint's products and services.

In light of the fact that (i) the limited testimony of the above-listed third party witnesses is  essential to the presentation of the Plaintiffs' case and (ii) the deponents' testimony is

---

[2]      Each of these individuals testified in response to a 30(b)(6) subpoena.

admissible under Rule 32, the Plaintiffs hereby move this Court to admit the designated testimony as evidence in this case.

## II.    ARGUMENT

### A.    Plaintiffs Attempted To Secure Defendants' Stipulation That These Depositions Were Admissible

The Court ordered the parties to attempt to reach consensus regarding designation of witness testimony.  See Pretrial Order No. 26 (Sep. 20, 2006), ¶ 4.  Pursuant to Pretrial Order No. 26, on September 29, 2006, Plaintiffs informed Defendant of those portions of the deposition testimony to be designated and their relevance.  However, Defendant opposed the designation of the above discussed deposition testimony (as he had stated his intention to do in his September 18, 2006 letter to the Court, two weeks before receiving the proposed designations).  See Letter of Raphael Gomez to the Hon. Lowell A. Reed. Jr.,  Harris Decl. Ex. C. Therefore, as per this Court's order, Plaintiffs now move this Court for admission of selected portions of the depositions.  See Pretrial Order No. 26 (Sep. 20, 2006), ¶ 4.

### B.    Deposition Testimony May Be Admitted for Non-Party Witnesses Located Farther Than 100 Miles from the Trial

Federal Rule of Civil Procedure 32(a)(3) provides that:

> the deposition of a witness, whether or not a party, may be used by any party for any purpose," if the court finds:
>
> …
>
> (B) that the witness is at a *greater distance than 100 miles from the place of trial* or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition;

Fed. R. Civ. P. 32(a)(3) (emphasis added).

The 100 mile rule is "designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy, to minimize the costs of litigation, which policy is strongly emphasized in the Federal Rules of Civil Procedure." Farmer v. Arab Am. Oil Co., 379 U.S. 227, 234, 85 S. Ct. 411 (1964) *abrogated on other grounds by* Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 107 S. Ct. 2494 (1987); see also In re Edelman, 295

3

F.3d 171, 178 (2d Cir. 2002) ("the purpose of the 100 mile exception is to protect such witnesses from being subjected to excessive discovery burdens in litigation in which they have little or no interest.").[3]

Rule 32 thus provides that deposition testimony shall be admitted if a witness is not found within 100 miles of the courthouse at the time of trial.  In situations such as the current one, where the witnesses were deposed more than 100 miles from the courthouse, and neither party has any reason to believe that the witness has subsequently come within the reach of the court, trial courts admit deposition designations without making explicit findings as to the individual's location at the time of trial.  See Nationwide Mut. Fire Ins. Co. v. Dunkin, 850 F.2d 441, 443 (8th Cir. 1988); Hartman v. U.S., 538 F.2d 1336, 1345-46 (8th Cir. 1976); Ikerd v. Lapworth, 435 F.2d 197, 205 (7th Cir. 1970); New Orleans Saints v. Griesedieck, 612 F. Supp. 59, 61 (E.D. La. 1985); In re Biron, Inc., 28 B.R. 340, 342-43 (Bankr. D. Ohio 1983).

C.      The Designated Testimony is Admissible as Evidence Because (i) the Testimony is Essential to the Presentation of Plaintiffs' Case and (ii) Each of the Witnesses Will Be Over One Hundred Miles from Court at the Time of Trial.

1.      The Testimony is Essential to the Presentation of Plaintiff's Case

A proceeding to determine the constitutionality of COPA calls for a highly fact-specific inquiry regarding the effectiveness and availability of Internet filters, payment cards, age verification systems, and related technologies.  Such an inquiry necessarily implicates a broad array of America's leading Internet service providers, filtering software providers, payment card companies and Internet payment processors.   As described below, each deposition contains testimony that is relevant and essential to the presentation of Plaintiff's case and will not duplicate live witness testimony to be given at trial:[4]

---

[3] The Edelman court was discussing a similar provision contained in Rule 45, which limits the Court's ability to issue a trial subpoena to locations "within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of… trial." Fed. R. Civ. P. 45(b)(2).

[4] Under Fed. R. Evidence 402, "All relevant evidence is admissible" – relevant evidence being "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402.

As described below, each deposition designation contains testimony that is essential to the presentation of Plaintiff's case and will not duplicate live witness testimony to be given at trial:

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

- [REDACTED]

The testimony above is plainly relevant to Plaintiffs' case, and therefore is admissible as evidence at trial.[5]  This testimony is also not needlessly cumulative, particularly given that Defendant has refused to stipulate to the facts covered by this testimony.

      **2.**      Each of the Witnesses Will Be Greater Than One Hundred Miles Away at the Time of Trial.

As described in detail below, all of the witnesses whose deposition Plaintiffs seek to designate reside and work at locations greater than 100 miles from the place of trial.[6]

---

[5] Indeed, Defendant seeks to admit the exhibits from several of the above depositions, thus implicitly conceding the relevance of these topics. See Final Pre-Trial Order, Defendant's Proposed Exhibit List, Harris Decl. Ex. D ¶¶ D7, D46, D54-55.

[6] Plaintiffs represent to the Court that the absence of these witnesses was not procured by Plaintiffs.

- Annik Whittle is employed at the offices of America Online, 22070 Broderick Drive, Sterling, Virginia, approximately 163 miles from the place of trial.[7] She was deposed on March 2, 2006, at the offices of Wilmer Cutler Pickering Hale & Dorr, 1899 Pennsylvania Ave. NW., Washington D.C. <u>See</u> Harris Decl., ¶¶ 2-6.

- Alistair Allan is employed at the headquarters of Rulespace, 1925 NW Amberglen Parkway, Beaverton, Oregon, approximately 2,895 miles from the place of trial. He was deposed on February 28, 2006 at the offices of the United States Department of Justice, 1000 SW Third Ave., Portland, Oregon. <u>See</u> Harris Decl., ¶¶ 7-10.

- Jim Murphy is employed at the offices of SurfControl, 5550 Scotts Valley Drive, Scotts Valley, California, approximately 2,989 miles from the place of trial. He was deposed on March 15, 2006 at the offices of Piper Rudnick Grey Cary US LLP, 2000 University Ave., East Palo Alto, California. <u>See</u> Harris Decl., ¶¶ 11-15.

- James Ryan is employed at the offices of Cingular Wireless, 5565 Glenridge Connector, Atlanta, Georgia, approximately 794 miles from the place of trial. He was deposed on April 7, 2006, at his place of work. <u>See</u> Harris Decl., ¶¶ 16-20.

- Ginger Bergman is employed at the headquarters of VISA U.S.A. Inc., 123 Mission Street, San Francisco, California, approximately 2,904 miles from the place of trial. She was deposed on March 6, 2006 at her place of work. <u>See</u> Harris Decl., ¶¶ 21-25.

- Joshua Peirez is employed at the headquarters of MasterCard, Inc., 2000 Purchase Street, Purchase, New York, approximately 120 miles from the place of trial. He resides at 220 E. 70th St., New York, New York, approximately 104 miles from the place of trial. He was deposed on March 31, 2006, at the offices of Sidley Austin, 787 Seventh Ave., New York, New York. <u>See</u> Harris Decl., ¶¶ 26-31.

- Patricia M. Rinchiuso is employed at offices of Discover, 2500 Lake Cook Road, Riverwoods, Illinois, approximately 806 miles from the place of trial. She was deposed on March 7, 2006, at her place of work. <u>See</u> Harris Decl., ¶¶ 32-36.

- Jeffrey Thaler is employed at the headquarters of Paycom, 4215 Glencoe Avenue, Marina del Rey, California, approximately 2,805 miles from the place of trial. He was deposed on March 9, 2006, at the at the law offices of O'Melveny & Myers LLP, 200 South Hope Street, Los Angeles, California. <u>See</u> Harris Decl., ¶¶ 37-41.

---

[7] All distances represent travel distance to the point of trial, and are based on calculations by Google Maps – a commercial online mapping service. The straight-line distance to the courthouse will likely be somewhat less.

- Ira Cadwell is employed at the offices of CCBill, 1501 West 17th Street, Tempe, Arizona, approximately 2,805 miles from the place of trial.  He was deposed on March 7, 2006, at the offices of Tiffany & Bosco, P.A., 2525 East Camelback Road, Phoenix, Arizona.  See Harris Decl., ¶¶ 42-46

- Ken Meiser is employed at the headquarters of ChoicePoint, 1000 Alderman Drive, Alpharetta, Georgia,  approximately 792 miles from the place of trial.  He was deposed on March 29, 2006 at offices of King & Spaulding, 1180 Peachtree Street, N.E., Atlanta, Georgia.  See Harris Decl., ¶¶ 47-51.

Except as otherwise indicated above, we believe each of these individuals resides within a reasonable distance of his or her place of work, and therefore more than 100 miles from the place of trial.  Moreover, we have no reason to believe that these individuals would comply with a trial subpoena voluntarily, as many of these witnesses made it difficult even to schedule a deposition.  If the Court were to require live testimony, it is almost certain that many will fight a court-ordered subpoena, thus prolonging these proceedings and causing additional delay.

Therefore, admission of this limited deposition testimony under Rule 32(a)(3)(B) is appropriate.

**D.**    Arguments Raised By Defendants Do Not Support Exclusion of the Designated Testimony.

By letter dated September 18, 2006, Defendant inappropriately objected to the deposition designations (which had not yet been identified), because "both of the parties are offering live expert testimony on the various issues addressed by third parties.  Accordingly, submission of third party deposition testimony is not required and would only unnecessarily prolong the trial." See Letter of Raphael Gomez to the Hon. Lowell A. Reed. Jr.,  Harris Decl. Ex. C. Although the Government did not articulate the grounds of its objection, it appeared to be based on Fed. R. Evid. 403 (barring the "needless presentation of cumulative evidence"). However, "[t]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems in admitting it." Forrest v. Beloit Corp., 424 F.3d 344, 355 (3d Cir. 2005) (citing Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002)).  As discussed in Section II(C)(1) above, the designations are not duplicative of any live testimony and consist solely of evidence that is essential to the presentation of Plaintiff's case. The fact that expert witnesses at

trial intend to offer conclusions based on these facts does not affect the relevance of fact witnesses themselves.  While experts may possess general knowledge about the industries or technologies in question, they are no substitute for first-hand knowledge of leading professionals.

Apparently realizing that Rule 403 is a weak basis for objecting, Defendant has shifted gears and now objects to the deposition testimony because he asserts (without explanation) that it is lay opinion testimony.  See Letter of Isaac Campbell to Chris Hansen, dated October 2, 2006 (Harris Decl. Ex. B).  But this is clearly inaccurate.  All ten witnesses are testifying about their company's products, services and policies, which are areas they were qualified to speak based on their personal knowledge and experience.  Indeed, each of those witnesses was designated as their companies' 30(b)(6) representatives on these topics.  In addition, even if there were some items of lay opinion testimony within the entire designations, the proper approach would be to identify those particular line items which Defendant asserts are lay opinion, rather than objecting to the entire testimony which not even Defendant could believe is all opinion.  Finally, Plaintiffs' declaration submitted to the Court on September 29, 2006 explains why any such testimony should be admissible pursuant to Federal Rule of Evidence 701 even if it were found to be lay opinion testimony.

Moreover, in the instant case, no prejudice from admission of this evidence will result. Each side was present at every deposition and was given an opportunity to (and did) examine and cross-examine the witnesses at that time. Plaintiffs have carefully tailored their requested admissions so as not the burden the court with unnecessary or cumulative testimony.[8]  For these reasons, Defendant's arguments in favor of exclusion should be rejected.

---

[8] Should the Court allow, Plaintiffs offer to read the deposition testimony aloud into the record through a designated reader.  Indeed, even if these witnesses could be compelled to testify or would testify voluntarily, it would be more efficient to use these very limited deposition excerpts which can be quickly read into the record.  This process would also avoid the various scheduling problems these third-party witnesses will generate.

III.    **CONCLUSION**

For the reasons stated above, Plaintiffs move this Court to admit into evidence and consider the deposition transcripts of the eleven witnesses for all purposes.

Dated: October 3, 2006
New York, New York

Respectfully submitted,

Christopher R. Harris
Seth Harris
Katharine Marshall
Jeroen van Kwawegen
Elan Dobbs
Latham & Watkins
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

Of Counsel to American Civil Liberties Union
Foundation

Christopher A. Hansen
Aden Fine
Catherine Crump
Ben Wizner
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

ATTORNEYS FOR ALL PLAINTIFFS

9