IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION**, *et al.*, <br><br> **Plaintiffs**, <br><br> v. <br><br> **ALBERTO R. GONZALES**, in his official capacity as Attorney General of the United States, <br><br> **Defendant.** | Civil Action No. 98-CV-5591 |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DESIGNATE DEPOSITION TESTIMONY**

## INTRODUCTION

Plaintiffs seek to admit non-party deposition testimony into evidence, pursuant to Fed. R. Civ. P. 32(a)(3)(B). This Court has made clear that witness testimony should be provided in-person, or in limited circumstances, via oral or videotaped recording. Here, plaintiffs seek to admit testimony of ten non-party witnesses that fits into neither of the prescribed categories. Accordingly, their motion to designate deposition testimony should be denied.[1]

---

[1] The parties have agreed that Plaintiffs will not call Mr. Andrew Ellis to testify at trial or seek to designate any portions of Mr. Ellis's deposition testimony for inclusion in the record.

## ARGUMENT

**PLAINTIFFS FAIL TO OVERCOME THE COURT'S PRESUMPTION AGAINST ADMITTING DEPOSITION TESTIMONY IN LIEU OF LIVE OR RECORDED TESTIMONY**

1.  In its Non-Jury Pretrial Order form (available to both parties since the inception of discovery) and its September 20, 2006 Order, this Court has expressly stated that the "[p]resentation of testimony by all witnesses <u>in person</u> in the Courtroom is preferred and expected by the Court."[2]  See J. Reed Non-Jury Pretrial Order form, ¶ 15, dated August 24, 1999 (http://www.paed.uscourts.gov/us08001.asp); <u>see</u> also September 20, 2006 Order, ¶ 13 (Doc. No. 310) (emphasis added).

The Court's expressed desire for live testimony is reasonable in light of its role as a factfinder in this litigation. Such an expectation is essential for the Court to view the demeanor and assess the credibility of witnesses. See <u>Scully v. U.S. WATS, Inc.</u>, 238 F.3d 497, 506 (3d Cir. 2001) ("Credibility determinations are the unique province of a fact finder, be it a jury, or a judge sitting without a jury."); <u>Hill v. Beyer</u>, 62 F.3d 474, 482 (3d Cir. 1995) ("[D]eference [is given ] to the finder of fact who hears the live testimony of witnesses because of the opportunity to judge the credibility of those witnesses.")  Here, each of the ten non-party witnesses - whose deposition testimony plaintiffs seek to admit into evidence - testified about the products and/or services of the company at which the witness was employed. See Pl. Memo. in Support of Mot. to Designate Dep. Testimony at 5-7, 8 (Doc. No. 321) (providing that each of the ten non-party

---

[2] The Court's preference for live testimony is so great that even "a stipulation of counsel that deposition testimony may be used at trial is not binding on the Court." See J. Reed Non-Jury Pretrial Order form, ¶ 15; <u>see also</u> September 20, 2006 Order, ¶ 13 (Doc. No. 310).

witnesses was a representative of his or her employer). Their statements may reflect some degree of self-interest for their companies. There is a greater need, therefore, for live testimony so that the Court may properly assess each of the witnesses.

The Court's need for in-person testimony is further increased by the plaintiffs' attempt to designate the ten non-party witnesses as lay opinion witnesses.[3] See September 29, 2006 Declaration of Christopher Harris, ¶ 2 (Doc. No. 317). Given this broader use to which the testimony would be put, the need for judicial oversight regarding witness credibility becomes significantly greater.

2.  In limited circumstances, this Court has indicated that, in lieu of live testimony, parties may seek to admit testimony so long as it is recorded orally or videotaped. Prior to the inception of the discovery period, during which all of the non-party depositions took place, both parties had at least constructive notice of the Court's expectation regarding videotaped or orally recorded depositions for witnesses who were at a greater distance than 100 miles from the Court. See J. Reed Non-Jury Pretrial Order form, dated August 24, 1999; cf. September 29, 2006 Declaration of Christopher Harris, ¶ 3-10 (Doc. No. 317) (providing that all ten non-party depositions taken between February 28 and April 7, 2006).

---

[3] While plaintiffs contend in their declaration that they do not believe that the testimony of the non-party witnesses constitutes opinion testimony, they nonetheless explicitly attempt to lay a foundation for the designation of the non-parties as lay opinion witnesses. See September 29, 2006 Declaration of Christopher Harris, ¶ 3-10 (Doc. 317). Further, plaintiffs admit that the declaration is being submitted in support of lay opinion testimony should the Court find that such a designation is needed to admit any portion of the non-parties' testimony. Id. at ¶ 2.

The Court's Non-Jury Pretrial Order form provides, in pertinent part:

> If any party expects to contend that a witness is unavailable at the time of trial. . . . the Court expects use of oral or videotape depositions at trial of any such witness . . .

Id. at ¶ 15.  A plain reading of the Court's Order form reflects that the Court expected the parties to anticipate making any requests to admit deposition testimony pursuant to Fed. R. Civ. P. 32(a)(3).  Yet, despite being on notice about the Court's expectation, plaintiffs failed to properly record a single non-party deposition, even where it was readily apparent that the deponent was more than 100 miles from the Court (e.g., seven of the ten non-party deponents were based in Arizona, California, Illinois, Georgia and Oregon - all locations that are easily identifiable as being more than 100 miles for the Court).  In fact, plaintiffs do not claim that they even attempted to record any of the non-party depositions to properly preserve the opportunity to present such testimony at trial.

       3.      Plaintiffs assert that each of the ten non-party witnesses may be designated as lay opinion witnesses, see September 29, 2006 Declaration of Christopher Harris, ¶ 2 (Doc. No. 317), and that the testimony of each of the non-party witnesses is essential to their case. See Pl. Memo. of Law in Support of Mot. To Designate Dep. Testimony at 4-8 (Doc. No. 321).  Plaintiffs provide conclusory assertions that the testimony of these non-party deponents is essential to their case.  Plaintiffs' experts, however, address the major issues covered in these depositions, such as internet content filters, credit cards, and mobile technology.  For example, Dr. Lorrie Cranor addresses the effectiveness of internet content filters, Mr. Michael Russo addresses age verification services, and Russo and Ronald Mann address payment card and Internet Payment Service Providers.  See Pre-Trial Order at 146, 147-48, 150-51, 156-57.

Because plaintiffs' experts address these issues, plaintiffs have failed to make the necessary showing that the deposition testimony is essential.

4. Plaintiffs provide no evidence - indeed, plaintiffs do not even claim - that they made any effort to secure the ten non-party witnesses for trial. There is a general preference in the Federal Rules of Civil Procedure for in-person, oral testimony, which allows for live cross-examination, observation of the demeanor of the witness, and provides the Court with the opportunity to ask questions. See Fed. R. Civ. P. 43(a). Accordingly, live testimony is even more crucial where witnesses are allowed to offer opinion testimony. Here, plaintiffs seek to designate each of the third-party witnesses as a lay opinion witness. See September 29, 2006 Declaration of Christopher Harris, ¶ 2 (Doc. No. 317).

Where a potential witness has been authorized to offer opinion testimony, this Circuit has required a more demanding showing of unavailability before such testimony is admitted into evidence. See e.g., Kirk v. Raymark Indus., Inc., 61 F.3d 147, 165 (3d Cir. 1995) (finding no sufficient showing that physician offering expert opinion was unavailable for trial where the offering party had made no independent attempt to contact the physician and request his attendance at trial).[4] Here, plaintiffs have made no showing regarding their efforts to procure the attendance of any of their purported "essential" witnesses for trial.

---

[4] While the Court's holding in Kirk v. Raymark Indus., Inc., 61 F.3d 147, 165 (3d Cir. 1995), was based upon its determination that there was not the requisite showing of unavailability as required by Fed. R. Evid. 804(b)(1), Fed. R. Civ. P. 32(a)(3)(B) similarly focuses on the unavailability of a witness, albeit because the witness is at a greater distance than 100 miles from a court. Accordingly, the rationale of the Kirk court applies with equal force.

Plaintiffs themselves suggest that their ten non-party witnesses are available to testify. Plaintiffs state that if the Court denies the admittance of the non-party deposition testimony into evidence, plaintiffs reserve the right to call the ten non-party witnesses at trial. See Pre-Trial Order at 156 (Doc. No. 319) ("If the court does not permit use of any of the deposition designations . . . [p]laintiffs will seek to call each of those individuals as witnesses."). Plaintiffs' reservation of the right to call the ten non-party witnesses belies their assertions that the non-party witnesses are not available.[5]

## CONCLUSION

For the reasons stated above, Plaintiffs motion to admit the ten non-party depositions into evidence should be denied.

Dated: October 9, 2006                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney

RICHARD BERNSTEIN
Assistant U.S. Attorney

THEODORE C. HIRT
Assistant Branch Director

---

[5] Under Fed. R. Civ. P. 32(a)(3)(B), the party seeking to introduce the deposition into evidence carries the burden of proving the unavailability of the witness. Young & Assoc. v. Delta Airlines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003). Plaintiffs assert that the deponent for Mastercard resides approximately 104 miles from the Court. See Pl. Memo. Of Law In Support of Mot. To Designate Depo. Testimony at 9 (Doc. No. 321). However, plaintiffs acknowledge that this distance "represent[s] travel distance to the point of trial," and that the "straight line distance to the courthouse will likely be somewhat less." Id. at 8. Such equivocal language is insufficient to meet plaintiffs' burden of establishing that the Mastercard deponent is, in fact, outside the 100-mile border.

United States Department of Justice

   /s/ Isaac R. Campbell
RAPHAEL O. GOMEZ
Senior Trial Counsel
ERIC BEANE
ISAAC R. CAMPBELL
JOEL McELVAIN
KENNETH E. SEALLS
JAMES TODD
TAMARA ULRICH
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 6130
Washington, D.C.  20530
(202) 616-8476
isaac.campbell@usdoj.gov

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2006, I caused a true and correct copy of the Defendant's Opposition to Plaintiffs' Motion to Designate Deposition Testimony to be filed electronically with the Court's ECF system, through which a notice of this filing will be sent to:

> Ann Elizabeth Beeson
> Christopher A. Hansen
> Benjamin E. Wizner
> Aden Fine
> Catherine Crump
> American Civil Liberties Union Foundation
> 125 Broad Street
> New York, NY 10004
>
> Stefan Presser
> ACLU of Pennsylvania
> 7803 St. Martins Lane
> Philadelphia, PA 19118
>
> Jonathan H. Feinberg
> Kairys, Rudovsky, Epstein & Messing, LLP
> 924 Cherry Street, Suite 500
> Philadelphia, PA 19107
>
> David L. Sobel
> Electronic Privacy Information Center
> 1718 Connecticut Ave., NW, Suite 200
> Washington, DC 20009
>
> Christopher R. Harris
> Seth Friedman
> Katherine Marshall
> Jereon van Kwawegen
> Latham & Watkins
> 885 Third Avenue, Suite 1000
> New York, NY 10022

> /s/
> ISAAC R. CAMPBELL