**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION**, *et al.*, | )<br>)<br>) |
| **Plaintiffs**, | )<br>) |
| v. | )     Civil Action No. 98-CV-5591 |
| | ) |
| **ALBERTO R. GONZALES**, in his official capacity as Attorney General of the United States, | )<br>)<br>)<br>) |
| **Defendant**. | )<br>) |

**DEFENDANT'S SEPARATE LIST OF OBJECTIONS
TO WITNESSES, TRIAL EXHIBITS, AND DEPOSITION DESIGNATIONS**

Pursuant to this Court's Pretrial Order No. 26 and Pretrial Order No. 27, Defendant respectfully submits, through counsel, this separate list of objections to the Plaintiffs' proposed witnesses, trial exhibits, and deposition designations.

**I.     OBJECTIONS TO WITNESSES**

For the court's convenience, Defendant will list his objections to Plaintiffs' proposed fact and expert witnesses by reference to the paragraph numbers of Plaintiffs' witness list in the Proposed Pretrial Order.  (Doc. No. 319).

**A.     Proposed Fact Witnesses**

Evidence from Preliminary Injunction Hearing.  Defendant objects to Plaintiffs' proposal to include evidence from the preliminary injunction hearing in the record.  The Supreme Court determined that "the factual record [from the preliminary injunction hearing] does not reflect current technological reality – a serious flaw in any case involving the Internet."  *Ashcroft v. ACLU*, 542 U.S. 656, 671 (2004).  The Court accordingly remanded the matter for trial to "allow the parties to update and supplement the factual record to reflect current technological realities."

*Id.* at 672.  Evidence from the preliminary injunction hearing is therefore irrelevant to the matters that the Supreme Court directed would be addressed on remand, and is inadmissible under Fed. R. Evid. 402.  (Plaintiffs have previously agreed that the evidence from the prior hearing would not be placed into the record.  Tr. of Apr. 19, 2005 conference, at 57-58.)

In particular, Defendant objects to any attempt by Plaintiffs to rely on testimony, or other evidence, from Donna Hoffman in the preliminary injunction hearing.  Plaintiffs retained Ms. Hoffman as a proposed expert for this trial, but failed to produce her for deposition.  Because Defendant was denied the opportunity to examine Ms. Hoffman to determine if her views have, or should have, changed since 1998, all of her prior testimony concerning the state of the Internet in 1998 should be excluded from the record.  Defendant further objects that no evidence from the preliminary record could be relevant to the question of whether the Plaintiffs now credibly fear prosecution under COPA.

1.    <u>Rufus Griscom</u>.  Defendant objects that Mr. Griscom's proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that he will testify regarding other persons who place content on the World Wide Web.

2.    <u>Joan Walsh</u>.  Defendant objects that Ms. Walsh's proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that she will testify regarding other persons who place content on the World Wide Web.

4.    <u>Rebecca Caroline Gilbert</u>.  The parties have agreed to a stipulation of fact regarding the content of Ms. Gilbert's testimony, and have further agreed that Plaintiffs will not call Ms. Gilbert to testify at trial.

5.    <u>"DOJ Witness re Definitions in COPA."</u>  Defendant objects to this attempt to list an unspecified witness.  No provision of law permits the Plaintiffs to list an unnamed person to

testify at trial.  Moreover, this Court has already twice rejected Plaintiffs' attempts to depose a

Departmental designee regarding its policies concerning COPA.  *See* Order at 2 (Mar. 24, 2006)

(Doc. No. 264); Order at 3 (Sept. 18, 2006) (Doc. No. 304) ("I remain of the opinion that

plaintiffs' preferred relief, compelling the deposition of a Department of Justice witness pursuant

to Federal Rule of Civil Procedure 30(b)(6), would lead to overwhelming complications.").

Plaintiffs have made no attempt to show that this Court erred in those rulings.

Because courts are properly reluctant to interfere with the executive branch decision-

making process, Plaintiffs would be required to show the existence of "exceptional

circumstances" to justify compelling the testimony of a high-level governmental official.  *E.g.,*

*In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *United States v. Morgan*, 313 U.S. 409, 422

(1941).  This is particularly true where they seek such testimony at trial, in open court.  They

cannot make such a showing here.  Further, the testimony that they seek is protected by the law

enforcement privilege and the deliberative process privilege.  *E.g., Gomez v. City of Nashua*, 126

F.R.D. 432, 436 (D.N.H. 1989); *Wayte v. United States*, 470 U.S. 598, 607 (1985).  It is well

established that there is no right to seek an advisory opinion from prosecutors regarding the

application of criminal laws, which is the sort of opinion Plaintiffs seek to elicit here.  *E.g.,*

*Lawson v. Hill*, 368 F.3d 959, 977 (7th Cir. 2004).  (Defendant incorporates by reference his

arguments in his Motion to Quash, Doc. No. 262, filed Mar. 10, 2006).

The testimony that Plaintiffs seek is also cumulative, as Plaintiffs have already obtained

responses to contention interrogatories that address the matters for which they now purport to

seek testimony, and those responses will be exhibits.

9.   Adam Glickman.  Defendant objects that Mr. Glickman's proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that he will testify regarding other persons who place content on the World Wide Web.

10.   Alicia Smith.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Ms. Smith as a potential trial witness, her testimony should be excluded under Fed. R. Civ. P. 37(c).  Further, Ms. Smith's testimony regarding content she has placed on the Web is irrelevant to the issue of whether Plaintiffs credibly fear prosecution under COPA.  Her testimony is also unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.  Further, her proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that she will testify regarding other persons who place content on the World Wide Web.

11.   Mitchell Tepper.  Defendant objects that Mr. Tepper's proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that he will testify regarding other persons who place content on the World Wide Web.

14.   Aaron Peckham.  Defendant objects that Mr. Peckham's proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that he will testify regarding other persons who place content on the World Wide Web.

15.   Wayne Snellen.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Mr. Snellen as a potential trial witness, his testimony should be excluded under Fed. R. Civ. P. 37(c).  Further, Mr. Snellen's testimony regarding content that he has placed on the Web is irrelevant to the issue of whether Plaintiffs credibly fear prosecution under

COPA.  His testimony is also unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.  Further, his proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that he will testify regarding other persons who place content on the World Wide Web.

16.     <u>Marilyn Jaye Lewis</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Ms. Lewis as a potential trial witness, her testimony should be excluded under Fed. R. Civ. P. 37(c).  Further, Ms. Lewis's testimony regarding content that she has placed on the Web is irrelevant to the issue of whether Plaintiffs credibly fear prosecution under COPA.  Her testimony is also unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.  Further, her proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that she will testify regarding other persons who place content on the World Wide Web.

17.     <u>Joseph Fried</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Mr. Fried as a potential trial witness, his testimony should be excluded under Fed. R. Civ. P. 37(c).  His testimony is also unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.  His testimony also is objectionable as lay opinion testimony, to the extent that he would testify beyond his personal knowledge of his own company's product; Plaintiffs did not submit an offer of proof of lay opinion testimony regarding this witness.  Further, his proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that he will testify regarding other companies that provide filtering technology for mobile phones.

- 5 -

18.    <u>Dwight Wesley Miller</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Mr. Miller as a potential trial witness, his testimony should be excluded under Fed. R. Civ. P. 37(c).  Further, Mr. Miller's testimony regarding his mural, which was on the side of a building and not on the Web, is irrelevant to the issue of whether Plaintiffs credibly fear prosecution under COPA.  His testimony is also unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.

19.    <u>Terri Kirk</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Ms. Kirk as a potential trial witness, her testimony should be excluded under Fed. R. Civ. P. 37(c).  Defendant also objects to the relevance of Ms. Kirk's proposed testimony, because it pertains to enterprise filtering products.  Enterprise filtering products are not at issue in this case; instead, filtering products for residential use are.  These two types of software have different structures and different uses.  Ms. Kirk's testimony is therefore irrelevant and inadmissible.  Fed. R. Evid. 401, 402.  Any probative value of her testimony is outweighed by the prejudicial effect of confusion of enterprise and residential products.  Fed. R. Evid. 403.  Moreover, her proposed testimony is unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.

20.    <u>Clover Taylor</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Ms. Taylor as a potential trial witness, her testimony should be excluded under Fed. R. Civ. P. 37(c).  Defendant also objects to the relevance of Ms. Taylor's proposed testimony, because it pertains to enterprise filtering products.  Enterprise filtering products are

not at issue in this case; instead, filtering products for residential use are. These two types of software have different structures and different uses. Ms. Taylor's testimony is therefore irrelevant and inadmissible. Fed. R. Evid. 401, 402. Any probative value of her testimony is outweighed by the prejudicial effect of confusion of enterprise and residential products. Fed. R. Evid. 403. Moreover, her proposed testimony is unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.

21.     <u>Tava Smathers</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer. Because Plaintiffs have not previously identified Ms. Smathers as a potential trial witness, her testimony should be excluded under Fed. R. Civ. P. 37(c). Defendant also objects to the relevance of Ms. Smathers' proposed testimony, because it pertains to enterprise filtering products. Enterprise filtering products are not at issue in this case; instead, filtering products for residential use are. These two types of software have different structures and different uses. Ms. Smathers' testimony is therefore irrelevant and inadmissible. Fed. R. Evid. 401, 402. Any probative value of her testimony is outweighed by the prejudicial effect of confusion of enterprise and residential products. Fed. R. Evid. 403. Moreover, her proposed testimony is unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.

22.     <u>Jonjie Sena</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer. Because Plaintiffs have not previously identified Mr. Sena as a potential trial witness, his testimony should be excluded under Fed. R. Civ. P. 37(c). His testimony is also unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects. His testimony also is objectionable as lay opinion testimony, to the extent that he would testify beyond his personal

knowledge of his own company's product; Plaintiffs did not submit an offer of proof of lay opinion testimony regarding this witness.  Further, his proposed testimony is hearsay, to the extent that he will testify regarding other companies that provide filtering technology for mobile phones.

24.     <u>Barbara DeGenevieve</u>.  Defendant submitted an interrogatory to Plaintiffs asking them to identify their trial witnesses, which Plaintiffs refused to answer.  Because Plaintiffs have not previously identified Ms. DeGenevieve as a potential trial witness, her testimony should be excluded under Fed. R. Civ. P. 37(c).  Further, Ms. DeGeneveive's testimony regarding content that she has placed on the Web is irrelevant to the issue of whether Plaintiffs credibly fear prosecution under COPA.  Her testimony is also unreasonably cumulative in addition to Plaintiffs' other proposed witnesses who would testify on similar subjects.  Further, her proposed testimony is hearsay, to the extent that she will testify regarding other persons who place content on the World Wide Web.

24.     <u>Heather Corrine Rearick</u>.  Defendant objects that Ms. Rearick's proposed testimony is hearsay under Fed. R. Evid. 802, to the extent that she will testify regarding other persons who place content on the World Wide Web.

**B.      Proposed Expert Witnesses**

3.     <u>Lorrie Faith Cranor</u>.  Defendant objects that Dr. Cranor's proposed expert testimony is unreliable.  The reliability of proposed expert testimony is determined by several factors, including whether the expert's method consists of a testable hypothesis, and the existence of standards controlling the method's operation.  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 n.8 (3d Cir. 1994).  Dr. Cranor's proposed testimony regarding internet content filtering products is unreliable, as she performed no independent, objective research on the

effectiveness of the vast majority of internet content filtering products upon which she opines. *Ebenhoech v. Koppers Indus.*, 239 F. Supp. 2d 455, 465 (D.N.J. 2002).  Dr. Cranor testified at her deposition that she reviewed only studies that she believed were favorable to her conclusion; this renders her proposed testimony to be too unreliable to be admissible as expert testimony.  *In re TMI Litig.*, 193 F.3d 613, 698 (3d Cir. 1999).

      6.    <u>Henry Reichman</u>.  Defendant objects that Prof. Reichman's proposed testimony is irrelevant, as he does not address any threats of prosecution under COPA.  Defendant further objects that the analytical gap is too great between his proposed testimony concerning book banning efforts and his proposed conclusion that Plaintiffs have standing.  *E.g., GE v. Joiner*, 522 U.S. 136, 146 (1997).  Defendant further objects that the basis for Prof. Reichman's proposed opinions concerning community standards are too limited to provide "good grounds" for his opinions.  *Ebenhoech v. Koppers Indus.*, 239 F. Supp. 2d 455, 466-67 (D.N.J. 2002). Defendant further objects to this proposed testimony as to his personal beliefs regarding legal conclusions; it is an "axiomatic principle" that such legal opinions are not a proper subject of expert testimony.  *Casper v. SMG*, 389 F. Supp. 2d 618, 621 (D.N.J. 2005).  (Defendant incorporates by reference his arguments in his Motion in Limine, Doc. No. 288, filed Sept. 1, 2006, and preserves his objections in light of this Court's September 25, 2006 order, Doc. No. 312.)

      7.    <u>Michael Russo</u>.  Defendant objects to Mr. Russo's qualification as an expert to testify regarding payment cards or regarding age verification companies; his generalized knowledge of the adult entertainment industry does not qualify him as an expert regarding these separate topics.  *Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997). Defendant further objects to the reliability of his proposed expert testimony, as he reviewed only

documents provided to him by Plaintiffs' counsel.  *In re TMI Litig.*, 193 F.3d 613, 698 (3d Cir.

1999).  Defendant further objects that his proposed testimony regarding age verification services

is unreliable, as he performed no independent, objective research.  *Ebenhoech*, 239 F. Supp. at

465.  Defendant further objects that Mr. Russo lacks foundation for his proposed conclusions

concerning the provision of adult content from overseas sites, from non-commercial sites, or

from other means of Internet communication.  (Defendant incorporates by reference his

arguments in his Motion in Limine, Doc. No. 288, filed Sept. 1, 2006, and preserves his

objections in light of this Court's September 25, 2006 order, Doc. No. 312.)

      8.    <u>Matthew Zook</u>.  Defendant objects that Dr. Zook's methodology for the study that

he described in his expert report is too unreliable to form the basis for his proposed expert

testimony.  The reliability of proposed expert testimony is determined by several factors,

including whether the expert's method consists of a testable hypothesis, and the existence of

standards controlling the method's operation.  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717,

742 n.8 (3d Cir. 1994).  Dr. Zook, however, did not preserve the lists of websites that he used for

his study, rendering it impossible for Defendant's experts to evaluate the accuracy of his

reported results.  Dr. Zook's proposed expert testimony therefore should be excluded to the

extent that he would testify with regard to the study that Plaintiffs commissioned him to perform.

      12.    <u>Ronald Mann</u>.  Defendant objects that Prof. Mann's proposed expert testimony

lacks reliability.  He performed no independent research to prepare for his expert testimony, and

thus his methods fall short of the level of intellectual rigor that is required of an expert witness.

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Further, Defendant objects that Prof.

Mann lacks a foundation for his proffered opinions, particularly including his proposed opinions

concerning teenage behavior, the issuance of credit cards to children without their parents'

consent, whether children know their own or their parents' or other adults' Social Security numbers, or whether payment card companies would terminate foreign merchants that violate COPA.

13.     Edward W. Felten.   Defendant objects to Dr. Felten's proposed testimony as to the scope of coverage of COPA, and as to whether a Web page or a Web site should be viewed "as a whole."  Plaintiffs presumably offer this testimony as an interpretation of COPA's language, *see, e.g.,* 47 U.S.C. § 231(e)(6)(A).  Dr. Felten is not an expert in statutory interpretation; it is an "axiomatic principle" that such legal opinions are not a proper subject of expert testimony.  *Casper v. SMG*, 389 F. Supp. 2d 618, 621 (D.N.J. 2005).

26.     J. Christopher Racich.   Fed. R. Civ. P. 26(a)(2) requires a party to disclose all data or other information considered by a witness in forming his opinions.  Mr. Racich performed tests of four filtering products, but reported the results of only two of those tests, failing to disclose that two of the filtering products that performed particularly poorly in his tests.  Defendant learned of the undisclosed tests only in deposition and promptly requested the undisclosed materials relating to those tests.  Plaintiffs refused to respond to that request until after the close of discovery.  Mr. Racich's proposed testimony should therefore be excluded pursuant to Fed. R. Civ. P. 37(c).

## C.     Proposed Lay Opinion Witnesses

Defendant opposes the admission of depositions into the record, as stated in his opposition to Plaintiffs' motion to designate deposition testimony, which is being filed separately.  Defendant otherwise agrees with Plaintiffs that the deponents that they have listed have presented fact testimony.  To the extent that Plaintiffs seek to rely on lay opinion testimony from deponents, Defendant objects to the use of deposition transcripts for this purpose.  This

Court has expressly directed the parties to present live testimony or videotaped depositions.  This direction serves the valuable function of permitting the Court to evaluate credibility, and this function is particularly important where a party proffers opinion testimony.

## II.    OBJECTION TO EXHIBITS

Defendant's objections to Plaintiffs' proposed trial exhibits are listed in the chart below. Pursuant to paragraph 8 of this Court's Pretrial Order No. 26, Defendant reserves the right to raise additional relevance objections at trial.

| EX. NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 1. | Resume of Lorrie Faith Cranor | |
| 2. | Expert report of Lorrie Faith Cranor; Cranor Rebuttal report | FRE 403 lack of foundation see also § I.B.3 objections above |
| 3. | DOJ e-Testing Labs study, October 2001; DOJ e-Testing Labs study, March 2002 | FRE 402:  relevance |
| 4. | DOJ Finnell report, October 15, 2001; DOJ Finnell Rebuttal report, November 30, 2001 | FRE 402:  relevance |
| 5. | NetAlert study, 2001 | FRE 802:  hearsay FRE 402: relevance |
| 6. | COPA Commission report, October 2000 | |
| 7. | Munroe, Cybersitter 9.0 review, Aug. 3, 2004, PC Magazine | FRE 901:  authenticity FRE 802:  hearsay |

| EX. NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 8. | Consumer Reports, "Filtering Software: Better But still Fallible," June 2005 | FRE 802:  hearsay |
| 9. | Auld, Hampton, "Filters Work," American Libraries, Feb. 1, 2003 | FRE 402: relevance<br>FRE 802: hearsay |
| 10. | Lenhart, Pew Internet and American Life Project, "Protecting Teens Online," PEW, March 2005 | |
| 11. | Department of Commerce, Children's Internet Protection Act, Aug. 2003 | FRE 402:  relevance<br>FRE 802:  hearsay |
| 12. | Resume of Edward W. Felten | |
| 13. | Expert report of Edward W. Felten; Felten Rebuttal report | FRE 403<br>lack of foundation<br>see also § I.B.13 objections above |
| 14. | Pew Internet & American Life Project, *Generations Online* (Dec. 2005) | FRE 901:  authenticity<br>FRE 802:  hearsay |
| 15. | Pew Internet & American Life Project, *Search Engine Use* (Nov. 2005) | FRE 901:  authenticity<br>FRE 802:  hearsay |
| 16. | Pew Internet & American Life Project, *Teen Content Creators and Consumers* (Nov. 2005) | FRE 403:  Incomplete exhibit - missing pages |
| 17. | Pew Internet & American Life Project, *Teens and Technology, Youth Are Leading the Transition to a Fully Wired and Mobile Nation*, (July 2005). | |
| 18. | Edward W. Felten's Web page in HTTP, at http://cs.princeton.edu/~felten | FRE 402: relevance<br>FRE 403 |

| EX. NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 19. | Illustration of conversion of Edward W. Felten's Web page to FTP, resulting in ftp://ftp.cs.princeton.edu/pub/people/felten/ index.html | FRE 402: relevance FRE 403 |
| 20. | Alltel *Axcess Web*, at http://www.alltel.com/axcess/mobile_web.html | FRE 901: authenticity FRE 802: hearsay |
| 21. | Resume of Henry Reichman | |
| 22. | Expert report of Henry Reichman | FRE 402: relevance FRE 403 lack of foundation see also § I.B.6 objections above |
| 23. | Newsletters on Intellectual Freedom, Jan. 2004-March, 2006 | FRE 402: relevance FRE 802: hearsay FRE 403 |
| 24. | Resume of Michael Russo | |
| 25. | Expert report of Michael Russo | lack of foundation FRE 403 see also § I.B.7 objections above |
| 26. | Testimony of Mark McCarthy, Visa USA before the Commission on Online Protection | FRE 901: authentictiy FRE 402: relevance |
| 27. | GAO Report to Congressional Requesters:  File Sharing Programs, The Use of Peer-to-Peer Networks to Access Pornography, 2005 | FRE 402: relevance |
| 28. | Resume of Matthew Zook | |
| 29. | Expert report of Matthew Zook | see § I.B.8 objections above |

| EX. NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 30. | Zook tables 1-9 | lack of foundation<br>FRE 403 |
| 31. | Zook figures 1-3 | lack of foundation<br>FRE 403 |
| 32. | Zook, M. *Underground globalization*, <u>Environment and Planning</u>, Vol. 35(7), 1261-1286 | |
| 33. | Resume of Ronald Mann | |
| 34. | Expert rebuttal report of Ronald Mann | lack of foundation<br>FRE 403<br>see also § I.B.12 objections above |
| 35. | Resume of Andrew Gelman | |
| 36. | Expert rebuttal report of Andrew Gelman | FRE 403 |
| 37. | Select pages from Web site of Plaintiff Sexual Health Network | FRE 402: relevance (pages from 1999)<br>FRE 901: authenticity (undated pages)<br>FRE 403 (pages not identified during discovery) |
| 38. | Select pages from Web site of Plaintiff Nerve | FRE 901: authenticity (undated pages)<br>FRE 403 (pages not identified during discovery) |
| 39. | Select pages from Web site of Plaintiff Salon | FRE 901: authenticity (undated pages)<br>FRE 403 (pages not identified during discovery) |
| 40. | Select pages from Web site of Plaintiff Condomania | FRE 901: authenticity (undated pages)<br>FRE 403 (pages not identified during discovery) |

| EX. NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 41. | Select pages from Web site of Plaintiff Aaron Peckham | |
| 42. | Select pages from Web sites of Plaintiff Heather Corrine Rearick | FRE 901:  authenticity<br>FRE 403 (non-web pages)<br>FRE 403 (pages not identified during discovery) |
| 43. | Select pages from Web site of Plaintiff ACLU members Ferlinghetti and Warren | FRE 901: authenticity (Ferlinghetti pages)<br>FRE 403 (pages not identified during discovery)<br>lack of foundation |
| 44. | Select pages from Web site of Plaintiff Free Speech Media | FRE 402:  relevance (pages not currently on website)<br>FRE 403 (pages not identified during discovery)<br>lack of foundation |
| 45. | Select pages from Web site of Plaintiff Philadelphia Gay News | FRE 901:  authenticity (undated pages)<br>FRE 402:  relevance (pages not currently on website)<br>FRE 403 (pages not identified during discovery)<br>lack of foundation |
| 46. | Select pages from Web site of Plaintiff Powell's Bookstores | FRE 403 (pages not identified during discovery)<br>lack of foundation |
| 47. | Photos of Wes Miller's mural | FRE 901:  authenticity<br>FRE 402:  relevance |
| 48. | Letters to Wes Miller from Pilot Point Police | FRE 901:  authenticity<br>FRE 402:  relevance,<br>FRE 802:  hearsay |
| 49. | Select pages from Web site of Leslie/Lohman Gallery Web site | FRE 901:  authenticity<br>FRE 402:  relevance |
| 50. | Lyrics of songs by God-des | FRE 901:  authenticity<br>FRE 402:  relevance |

| EX. NO. | DESCRIPTION | OBJECTION |
|---------|-------------|-----------|
| 51. | CD of songs by God-des | FRE 901:  authenticity<br>FRE 402:  relevance |
| 52. | Select pages from Web site of Erotic Authors Association | FRE 901:  authenticity<br>FRE 402:  relevance |
| 53. | DVD of select pages of work of Barbara DeGenevieve | FRE 901:  authenticity<br>FRE 402:  relevance |
| 54. | NRC Report, 2002 | |
| 55. | October 1998 letter from DOJ to Rep. Bliley | FRE 901:  authenticity<br>FRE 402:  relevance |
| 56. | March 9, 2000 testimony of DOJ to Subcommittee on Crime, Committee of the<br>Judiciary, US House of Representatives | FRE 402:  relevance |
| 57. | Urban Dictionary Editor Guidelines | FRE 901:  authenticity |
| 58. | Cisco Systems, *Cisco Mobile Exchange Solution Overview*, at http://www.cisco.rw/en/US/netsol/ns341/ns396/ns177/ns278/networking_solutions_white_paper09186a008012a9f9.shtml | FRE 402:  relevance<br>FRE 802:  hearsay |
| 59. | Cisco Systems, *Mobile Content Filtering and Control: Why it is Needed, How it Works*, at http://www.cisco.rw/en/US/netsol/ns341/ns396/ns177/ns278/networking_solutions_white_paper0900aecd8025e7f9.shtml | FRE 901:  authenticity<br>FRE 402:  relevance<br>FRE 802:  hearsay<br>lack of foundation |

| EX. NO. | DESCRIPTION | OBJECTION |
|---------|-------------|-----------|
| 60. | Blue Coat, *News Releases, at* http://www.bluecoat.com/news/releases/2006/041006-mobile.html | FRE 901:  authenticity<br>FRE 802:  hearsay<br>FRE 402:  relevance<br>FRE 403<br>lack of foundation |
| 61. | Bytemobile, *Bytemobile ACCESS Mobile Content Filtering*, *at* http://www.bytemobile.com/products/accessmobile.html | FRE 901:  authenticity<br>FRE 802:  hearsay<br>FRE 403<br>lack of foundation |
| 62. | Boston Consulting Group, Inc., *Mobile Guardian*, *at* http://www.bcgi.net/pdf/presskit/bcgi_MobGuard.pdf | FRE 901:  authenticity<br>FRE 802:  hearsay<br>FRE 403<br>lack of foundation |
| 63. | Alltel Offers Parents a More Family-Friendly Mobile Web (March 30, 2006), *at http://www.alltel.com/corporate/media/news/06/march/n411march3006a.html* | FRE 901:  authenticity<br>FRE 802:  hearsay<br>FRE 403<br>lack of foundation |
| 64. | Firefly, *User Guide for Parents*, *at* https://onlinecare.cingular.com/devicehelp/FireflyUserManual.pdf) | FRE 901:  authenticity<br>FRE 802: hearsay<br>FRE 403 (illegible exhibit)<br>lack of foundation |
| 65. | Letter, Bruce Taylor to Rev. Kirk, September 10, 2002 [Bates D-1 S 002362] | FRE 402: relevance |
| 66. | List of obscenity cases filed by Defendant, September 4, 2001-November 1, 2002 [Bates D-1 B002430-33] | |
| 67. | Master List:  Obscenity Cases and Investigations updated as of May 23, 2003 [Bates D-1 B 002434-38] | |
| 68. | A Brief Look at the Work of the Child Exploitation and Obscenity Section, April 19, 2005 [Bates D-1 B,C 002676] | |

| EX. NO. | DESCRIPTION | OBJECTION |
|---------|-------------|-----------|
| 69. | Letter, DOJ Criminal Division to Geraldine Corey, March 21, 2002 [Bates D-6 S 000666-67 | FRE 402: relevance<br>FRE 403 (draft, not final, letter) |
| 70. | ACE*COMM, "Illustrations of ParentPatrol user interface" | FRE 901:  authenticity<br>FRE 403 |
| 71. | CCBill E-Ticket Flow Demo (same as Cadwell Deposition Exhibit 3, in color, printed on 10/03/06) | FRE 802:  hearsay<br>FRE 402:  relevance |
| 72. | CCBill ISO Agreement (Cadwell Deposition Exhibit 8) | FRE 802:  hearsay<br>FRE 402:  relevance |
| 73. | CCBill Acceptable Use Policies (Cadwell Deposition Exhibit 10) | FRE 802:  hearsay<br>FRE 402:  relevance |
| 74. | Epoch Systems – Adult Entertainment Website Compliance | FRE 901:  authenticity<br>lack of foundation |
| 75. | IDresponse Application for Services | |
| 76. | IDresponse – Rules of the Data | FRE 901: authenticity |
| 77. | Affidavit of J. Blair Richardson | FRE 802:  hearsay<br>FRE 403<br>lack of foundation |
| 78. | IDliveAge Quick Start Guide (Dancu Deposition Exhibit 3) | |
| 79. | Web Portal End User Tips:  Age and Identity Verification (Dancu Deposition Exhibit 6) | |

| EX. NO. | DESCRIPTION | OBJECTION |
|---------|-------------|-----------|
| 80. | Idology Document entitled "MSA Part 4; Schedule A" (Dancu Deposition Exhibit 9) | |
| 81. | United States Law Week article – "Young Hackers for Hire by Criminals Turn to Carding, Counterfeit IDs to Pay Rent" (Feb. 28, 2006) | FRE 802: hearsay<br>lack of foundation |
| 82. | Palisade Systems, "Peer-to-Peer Study Results" Executive Summary, 2003 | FRE 901:  authenticity<br>FRE 402:  relevance<br>FRE 802: hearsay<br>FRE 403<br>lack of foundation |
| 83. | Second CD by God-Des | FRE 901:  authenticity<br>FRE 402:  relevance |
| 84. | AOL Document, bates-numbered AOL 551 | FRE 901:  authenticity<br>FRE 802:  hearsay<br>lack of foundation |
| 85. | AOL Study, bates-numbered AOL 1880-81 | FRE 901:  authenticity<br>FRE 802:  hearsay<br>lack of foundation |
| 86. | Powerpoint Demonstration of AOL Parental Controls | FRE 901:  authenticity<br>FRE 802:  hearsay<br>lack of foundation |
| 87. | Select pages from Getnetwise.org | FRE 802:  hearsay<br>FRE 901:  authenticity<br>lack of foundation |
| 88. | Toptenreviews 2006 Internet Filter Report | FRE 901: authenticity<br>FRE 802: hearsay<br>lack of foundation |
| 89. | Microsoft Document, "Parental Controls in Windows Vista," bates-numbered MS 004074-4090 | FRE 802: hearsay<br>FRE 402: relevance<br>lack of foundation |
| 90. | Teenage Research Unlimited:  Study Methodology [Mann Dep. Exh. 3] | |

| EX. NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 91. | Junior Achievement Worldwide: Personal Finance, 2006 [Mann Dep. Exh. 6] | |
| 92. | Teenage Research Unlimited:  Survey Questionnaire [Mann Dep. Exh. 9] | |
| 93. | Teenage Research Unlimited:  Response Data [Mann Dep. Exh. 10] | |
| 94. | All Access Prepaid Card [Mann Dep. Exh. 10A] | |
| 95. | All Access Prepaid Card FAQ [Mann Dep. Exh. 11] | |
| 96. | All Access Terms and Conditions [Mann Dep. Exh. 13] | |
| 97. | Internetretailer.com, "A Majority of U.S. Online Teens Have Shopped on the Web, Forrester Says"  [Mann Dep. Exh. 16] | |
| 98. | Jolayne Houtz, "Look Who's Whipping Out the Credit Card, High Schoolers," Seattle Times [Mann Dep. Exh. 16] | |
| 99. | Lori Hawkins, "Netspending:  Prepaid Card Combines Online Services, Ease of Debit for Bank-Wary Consumers," Austin American-Stateman [Mann Dep. Exh. 19] | |
| 100. | "Babies Receiving Credit Card Applications," DenverChannel.com article [Mann Dep. Exh. 20] | |
| 101. | Ronald J. Mann and Seth R. Belzey, "The Promise of Internet Intermediary Liability," [Mann Dep. Exh. 24] | FRE 403 |

| EX. NO. | DESCRIPTION | OBJECTION |
|---|---|---|
| 102. | Diagram of Typical AVS Transaction (Russo Report) | |
| 103. | Diagram of Typical Paysite Transaction (Russo Report) | |
| 104. | Diagram of Typical DVS Transaction (Russo Report) | |
| 105. | CCBill Transaction Processing Agreement (Cadwell Deposition Exhibit 9) | FRE 802:  hearsay<br>FRE 402:  relevance |
| 106. | Universal Services Agreement (Thaler Deposition Exhibit 1) | FRE 901:  authenticity<br>FRE 802:  hearsay |
| 107. | New High-Risk Internet Service Provider Program Introduced (Thaler Deposition Exhibit 5) | FRE 901:  authenticity<br>FRE 802:  hearsay |
| 108. | Federal Trade Commission Staff Report – "Peer-to-Peer File Sharing Technology: Consumer Protection and Competition Issues" (June 2005) | lack of foundation<br>FRE 402:  relevance |
| 109. | Testimony Before the United States Senate Committee on the Judiciary – "Pornography, Technology and Process: Problems and Solutions on Peer-to-Peer Networks" by Dr. Doug Jacobson | lack of foundation<br>FRE 402:  relevance |
| 110. | Select Webpages from Download.com | FRE 901:  authenticity<br>FRE 802:  hearsay<br>lack of foundation |
| 111. | Select Peer-to-Peer Application Video Files | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |
| 112. | Select Peer-to-Peer Application Image Files | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |

| EX. NO. | DESCRIPTION | OBJECTION |
|---------|-------------|-----------|
| 113. | Select Peer-to-Peer Application Screen Shots | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |
| 114. | Select UseNet Application Screen Shots | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |
| 115. | Select Google Search Screen Shots | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |
| 116. | Select Email Application Screen Shots | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |
| 117. | Select UseNet Application Image Files | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |
| 118. | Select pages from Web site of Plaintiff EFF member Bill Boushka | FRE 901:  authenticity (for pages without dates)<br>lack of foundation<br>FRE 402:  relevance |
| 119. | Samples of non-COPA means of communication | FRE 901:  authenticity<br>lack of foundation<br>FRE 402:  relevance |
| 120. | Resume of Christopher Racich | |
| 121. | Expert Supplemental Report of Christopher Racich | FRE 403<br>lack of foundation<br>see also § I.B.26 objections above |

### III.    OBJECTIONS TO DEPOSITION DESIGNATIONS

Defendant opposes the admission of depositions into the record, as stated in his

opposition to Plaintiffs' motion to designate deposition testimony, which is being filed

separately.  Defendant also objects to particular items designated by Plaintiffs from third-party

depositions, and (in the alternative, if any deposition is allowed into evidence) counter-

designates additional items from those depositions, as follows.  Defendant refers to Plaintiffs'

designations in the order in which they are listed in Exhibit A to Plaintiffs' Motion to Designate

Deposition Testimony.  All references to the deposition transcripts are to page numbers and line

numbers, separated by a colon.

1. <u>Alistair Robert Allen</u>.  *Objections.*  Defendant objects to Plaintiffs' designation of the

following items from Mr. Allen's deposition transcript:

[82:7] – [82:25]: lacks foundation; hearsay
[86:8] – [86:21]: speculation
[139:5] – [139:9]: speculation
[161:10] – [161:16]: speculation; lacks foundation
[163:10] – [163:13] speculation
[166:19] – [166:22] lacks foundation; speculation
Exhibits 1, 2, 3, 4, 5, 8, 9, and 10:  hearsay

*Counter-designations.*  Defendant counter-designates the following lines from Mr. Allen's

deposition transcript:

[14:20] – [15:4]
[16:22] – [17:22]
[20:6] – [20:22]
[22:4] – [22:24]
[25:16] – [28:1]
[32:23] – [33:2]
[41:5] – [44:17]
[58:6] – [59:21]
[70:14] – [71:1]
[71:24] – [72:7]
[73:7] – [73:11]
[75:4] – [75:14]

[78:15] – [78:21]
[87:23] – [89:9]
[92:13] – [92:18]
[97:4] – [97:14]
[105:25] - [108:5]
[110:11] – [111:2]
[113:22] – [115:13]
[159:20] – [160:21]
[167:19] - [ 168:7]
[168:20] - [ 169:15]
[201:13] – [201:20]
[202:17] – [202:22]

      2. <u>Annik Whittle</u>.  *Objections*.  Defendant objects to Plaintiffs' designation of the

following items from Ms. Whittle's deposition transcript:

[31:15] – [32:4]: speculation
[45:15] – [46:4]: speculation

*Counter-Designations*.  Defendant counter-designates the following lines from Ms. Whittle's

deposition transcript:

[33:5] – [33:16]
[68:15] – [71:16]
[72:1] – [72:3]
[75:6] – [75:13]
[85:11] – [85:22]
[87:1] – [87:13]
[88:3] – [88:8]
[100:8] – [100:19]
[114:17] – [114:20]
[116:17] – [116:22]
[117:8] – [117:12]
[129:9] – [129:17]
[131:7] – [131:11]
[133:18] – [137:9]
[141:10] – [141:12]
[149:1] – [149:13]
[149:21] – [150:3]
[150:5] – [150:13]
[150:15] – [150:20]
[152:10] – [153:18]
[154:21] – [155:7]
[155:13] – [155:18]

[170:22] – [171:3]
[214:11] – [215:5]

   3. <u>Jim Murphy</u>.  *Objections*.  Defendant objects to Plaintiffs' designation of the

following items from Mr. Murphy's deposition transcript:

[60:19] – [63:12]: relevance
[69:5] – [70:18]: relevance
[96:17] – [97:19]: speculation; lacks foundation
[99:9] – [100:22: speculation; lacks foundation
[110:13] – [110:25]: relevance
[112:22] – [113:25]: relevance
All exhibits: lack of foundation, hearsay

*Counter-Designations*.  Defendant counter-designates the following lines from Mr. Murphy's

deposition transcript:

[117:3] – [117:9]
[118:5] – [118:22]
[119:11] – [119:24]
[120:10] – [121:1]
[122:6] – [125:11]
[125:12] – [122:15]
[125:18] – [125:24]
[127:4] – [127:13]
[146:20] – [146:22]
[147:21] – [149:20]

   4. <u>James Ryan</u>.  *Counter Designations*.  Defendant counter-designates the following

lines from Mr. Ryan's deposition transcript:

[29:13] – [30:6]
[62:22] – [71:10]
[72:2] – [82:16]
[83:3] – [86:21]

   5. <u>Andrew Ellis</u>.  *Objections*.  Paragraph 116 of the Stipulated Facts in the Proposed Pre-

Trial Order addresses the content of Mr. Ellis's proposed testimony.  The parties have

accordingly agreed that Plaintiffs will not call Mr. Ellis to testify at trial or seek to designate any

portions of Mr. Ellis's deposition testimony for inclusion in the record.

6. <u>Ginger Bergman</u>. *Objections.* Defendant objects to Plaintiffs' designation of the following items from Ms. Bergman's deposition transcript:

All exhibits: lack of foundation, hearsay

*Counter-Designations.* Defendant counter-designates the following lines from Ms. Bergman's deposition transcript:

[22:8] – [23:17]
[52:18] – [53:9]
[84:4-[84:10]
[84:23] – [85:10]
[89:9] – [89:21]
[91:24] – [92:4]
[103:6] – 103:13]
[103:22] – [104:2]
[107:22] – [108:9]
[108:11] – [108:16]
[109:5] – [109:9]
[109:20] – [109:24]
[112:4] – [112:14]
[113:1] – [113:12]
[116:11] – [116:14]
[118:9] – [118:13]
[126:21] – [127:3]
[134:22] – [135:3]
[137:21] – [138:10]
[143:9] – [149:23]

7. <u>Joshua Peirez</u>. *Objections.* Defendant objects to Plaintiffs' designation of the following items from Mr. Peirez's deposition transcript:

All exhibits: lack of foundation, hearsay

*Counter-Designations.* Defendant counter-designates the following lines from Mr. Peirez's deposition transcript:

[9:22] – [10: 9]
[14:16] – [14:21]
[21:8] - [21:10]
[25:19] – [26:2]
[41:12] – [41:16]

[41:21] – [42:7]
[42:18] – [43:4]
[73:6] – [73:18]
[74:3] – [75:24]
[76:7] – [76:10]
[76:15] – [76:19]
[78:11] – [78:14]
[80:20] -[81:7]

8.  <u>Patricia Rinchiuso</u>.  *Objections*.  Defendant objects to Plaintiffs' designation of the

following lines from Ms. Rinchiuso's deposition transcript:

[10:21] – [10:23]: speculative.

*Counter-Designations*.  Defendant counter-designates the following lines from Ms. Rinchiuso's

deposition transcript:

[20:5] – [20:24]
[25:15] - [26:9]
[30:16] – [30:23]

9.  <u>Ira Ronald Cadwell</u>.  *Objections*.  Defendant objects to Plaintiffs' designation of the

following items from Mr. Cadwell's deposition transcript.  (Defendant's counsel, James Todd,

certifies that he telephoned Plaintiffs' counsel, Jeroen van Kwawagen, on October 9, 2006, in an

unsuccessful effort to resolve these vagueness objections.)

[73:1] – [73:16]: vague (unclear whether "minimum" means "necessary" or "sufficient")
[76:2] – [76:6]: vague (unclear whether "minimum" means "necessary" or "sufficient")
[106:8] - [106:15]: relevance
All exhibits: lack of foundation, hearsay

*Counter-Designations*.  Defendant counter-designates the following lines from Mr. Cadwell's

deposition transcript:

[18:18] – [18:23]
[20:9] – [21:2]
[34:21] – [35:5]
[36:6] – [36:12]
[48:9] – [48:16]
[49:5] – [49:7]

- 28 -

[55:19] - [55:21]
[57:16] – [58:21]
[57:16] – [62:12]
[62:25] – [65:17]
[66:22] – [67:8]
[68:15] – [69:5]
[69:21] – [70:16]
[92:23] – [93:11]
[99:24] – [100:8]
[100:15] – [100:19]
[101:9] – [101:13]
Exhibits 4, 5, 6

     10.  <u>Jeffrey Howard Thaler</u>.  *Objections.*  Defendant objects to Plaintiffs' designation of

the following items from Mr. Thaler's deposition transcript:

[66:20] – [67:4]: lacks foundation; hearsay
Exhibits 5 and 10: hearsay

*Counter-Designations.*  Defendant counter-designates the following lines from Mr. Thaler's

deposition transcript:

[131:3] – [148:23]

     11.  <u>Ken Meiser</u>.  *Counter-Designations.*  Defendant counter-designates the following

lines from Mr. Meiser's deposition transcript:

[29:8] – [29:17]
[34:19] – [35:23]
[41:13] – [41:15]
[41:23] – [43:1]
[78:10] – [78:15]
[98:25] – [99:3]
[123:12] – [123:14]
[125:12] – [125:20]
[128:21] – [129:6]
[134:21] – [136:17]
[148:17]- [151:12]
[167:12] – [170:4]
[173:11] – [174:25]
[175:10] – [176:3]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney
RICHARD BERNSTEIN
Assistant U.S. Attorney
THEODORE C. HIRT
Assistant Branch Director
RAPHAEL GOMEZ
Senior Trial Counsel


  /s/ Joel McElvain_____
ERIC J. BEANE
ISAAC CAMPBELL
JOEL McELVAIN
KENNETH SEALLS
JAMES TODD
TAMARA ULRICH
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
(202) 616-2035

Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of October, 2006, I caused a true and correct copy of the attached document to be filed electronically with the Court's ECF system, through which a notice of this filing will be sent to:

> Aden Fine
> American Civil Liberties Union Foundation
> 125 Broad Street
> New York, NY 10004

    /s/ Joel McElvain
JOEL McELVAIN