IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity as Attorney General of the United States | : : | |

MEMORANDUM

**LOWELL A. REED, Jr, Sr. J.**                                                                    **OCTOBER 10, 2006**

      This court considers in this adjudication, the motion to dismiss and, in the alternative, for partial judgment on the pleadings filed by defendant (Doc. No. 286), and the response and reply thereto (Doc. Nos. 298, 314). In his motion, defendant seeks dismissal of the action based on plaintiffs' lack of standing and that, in the alternative, judgment should be entered in his favor on Counts II and III of the Amended Complaint. For the reasons set forth below, defendant's motion will be denied.

**I.        RELEVANT PROCEDURAL AND SUBSTANTIVE HISTORY**

      The plaintiffs in this action include the four institutional plaintiffs, the American Civil Liberties Union ("ACLU"), the American Booksellers Foundation for Free Expression ("ABFFE"), the Electronic Frontier Foundation ("EFF"), and the Electronic Privacy Information Center ("EPIC"), and ten individual, non-institutional plaintiffs. Plaintiffs brought this action to challenge the constitutionality of the Child Online Protection Act, 47 U.S.C. § 231 ("COPA"). On February 2, 1999, I granted a preliminary injunction against the enforcement of COPA. (Doc. No. 121). After an interim trip to the Supreme Court, the preliminary injunction was finally affirmed by the Supreme Court on June 29, 2004, and remanded to this court for a trial on the

merits. Ashcroft v. ACLU, 542 U.S. 656 (2004). For a more detailed description of the history and background of this case, see the Supreme Court's opinion at 542 U.S. 656. Discovery is now complete and the case is set for trial on October 23, 2006.

## II. STANDARDS

Defendant asserts pursuant to Federal Rule of Civil Procedure 12(b)(1) that this court lacks subject matter jurisdiction due to plaintiffs' lack of standing. In determining such a claim, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Also, "the burden of proving the existence of subject matter jurisdiction lies with the plaintiff." Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000). However, "when a motion to dismiss on the ground of lack of jurisdiction over the subject matter is considered, the court, in disposing of the motion should freely allow amendments to show that there is jurisdiction." Victory v. Manning, 128 F.2d 415, 417 (3d Cir. 1942).

The remainder of defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The court may not grant such a motion unless the movant clearly establishes that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law, viewing the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party. Hayes v. Cmty. Gen. Osteopathic Hosp., 940 F.2d 54, 56 (3d Cir. 1991). "Judgment on the

pleadings should be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" Pfizer Inc. v. Ranbaxy Labs. Ltd., 321 F. Supp.2d 612, 615 (D. Del. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45 (1957).

## III.  DISCUSSION

### A.  Plaintiffs Have Standing to Challenge the Constitutionality of COPA

In order to maintain standing, plaintiffs must show, *inter alia*, that they have sustained or are immediately in danger of sustaining some direct injury that is not abstract, conjectural or hypothetical. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). In a pre-enforcement challenge to a statute carrying criminal penalties, standing exists when "the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution." Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979); Virginia v. Am. Booksellers Ass'n, Inc., 484 U.S. 383, 392-93 (1988). In his motion, defendant claims that the injury alleged by plaintiffs is too speculative and the threat is not credible enough to maintain standing because none of the plaintiffs are commercial pornographers and the material for which they fear prosecution is not harmful to minors. The "standard-encapsulated in the phrase 'credible threat of prosecution'-is quite forgiving" and the court will assume a credible threat of prosecution in the absence of compelling contrary evidence. New Hampshire Right to Life Political Action Comm. v. Gardner, 99 F.3d 8, 14-15 (1st Cir. 1996); see also Babbitt, 442 U.S. at 301-302.

COPA provides:

Whoever knowingly and with knowledge of the character of the

> material, in interstate or foreign commerce by means of the World Wide Web, makes any communication for commercial purposes that is available to any minor and that includes any material that is harmful to minors shall be fined not more than $50,000, imprisoned not more than 6 months, or both.

47 U.S.C.A. § 231(a)(1). Material that is harmful to minors is defined as:

> any communication, picture, image, graphic image file, article, recording, writing, or other matter of any kind that is obscene or that
> (A) the average person, applying contemporary community standards, would find, taking the material as a whole and with respect to minors, is designed to appeal to, or is designed to pander to, the prurient interest;
> (B) depicts, describes, or represents, in a manner patently offensive with respect to minors, an actual or simulated sexual act or sexual contact, an actual or simulated normal or perverted sexual act, or a lewd exhibition of the genitals or post-pubescent female breast; and
> (C) taken as a whole, lacks serious literary, artistic, political, or scientific value for minors.

47 U.S.C.A. § 231(e)(7).

First, contrary to defendant's argument, and as this court found previously, there is nothing in the statute that limits COPA to commercial pornographers. See 47 U.S.C.A. § 231(e)(2); ACLU v. Reno, 31 F. Supp.2d 473, 480 (E.D. Pa. 1999). Second, the court finds that the individual, non-institutional plaintiffs will be able to show at trial that they have a legitimate fear that they could be prosecuted under COPA because their materials could be found to be harmful to minors, a fact which is in dispute. The court has carefully reviewed all of the evidence submitted in relation to this motion as well as the plaintiffs' websites and each of these plaintiffs has thus far provided materials that could be found to: (1) have been designed to

appeal to the prurient interest of a minor[1]; (2) depict or describe a sexual act or contact or a lewd exhibition of the genitals or post-pubescent female breast in a manner patently offensive with respect to minors; and (3) lack serious literary, artistic, political, or scientific value for minors. Some of the plaintiffs' materials are more graphic than others and range from erotic homosexual kissing[2] to highly eroticized descriptions or depictions of anal and vaginal sex. As a result, I find that, subject to review after hearing the evidence at trial, the individual, non-institutional plaintiffs have standing to challenge the constitutionality of COPA.

The institutional plaintiffs, including the ALCU, ABFFE, EFF, also have standing.[3] Each of these three institutional plaintiffs have members among the individual plaintiffs who, as discussed above, have standing in their own right. See Hunt v. Washington Apple Adver. Comm'n, 432 U.S. 333, 343 (1977). I also find that the interest each organization seeks to protect is germane to its purpose. Id. Finally, contrary to defendant's argument, neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. Id. I do not agree with defendant that an individualized assessment of COPA's burden

---

[1] While a prurient interest is most often defined as a shameful or morbid interest in nudity, sex, or excretion over and beyond that which would be characterized as normal, the Supreme Court recently stated in its opinion remanding this case that materials may appeal to the prurient interest if they are merely "in some sense erotic." Ashcroft v. ACLU, 535 U.S. 564, 579 (2002); Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 498-499 (1985).

[2] I find that it is possible that some communities would find even minor sexual contact, like kissing, to be prurient in nature and patently offensive if performed by homosexuals.

[3] EPIC is the only plaintiff which has neither its own materials for which it fears prosecution under COPA nor members with such fears. However, it is unnecessary for this court to determine EPIC's standing at this time since it seeks the same relief as the other plaintiffs. See Babbitt, 442 U.S. at 299, n. 11; Sec. of the Interior v. California, 464 U.S. 312, 319 n. 3 (1984).

on each plaintiff is necessary as this does not impact on plaintiffs' claim that COPA chills first amendment speech or on the injunctive relief sought.

Therefore, I find that the plaintiffs have met their burden of establishing standing to bring this suit and, as a result, defendant's Rule 12(b)(1) attack must fail.

### B.      Counts II and III of the Amended Complaint Will not Be Dismissed at this Time

The court will briefly discuss the relevant counts of the Amended Complaint and defendant's contentions concerning them. However, for the reason stated at the end of this section, the court will not currently dismiss these two counts.

#### 1.      Count II of the Amended Complaint

In Count II of the Amended Complaint, plaintiffs claim that COPA unconstitutionally "interferes with the rights of minors to access and view material that is not harmful to them by prohibiting the dissemination of any material with sexual content that is 'harmful to minors' of any age, despite the fact that the material will not be 'harmful' to all minors." (Doc. No. 175, p. 54). Defendant attacks this claim on two grounds. First, defendant argues that this court should read into COPA an "older minors" standard wherein material would only be harmful to minors if it would be harmful to older minors. COPA defines minor as "any person under 17 years of age", thus, there is no facial distinction in the statute between older and younger minors. 47 U.S.C. § 231(e)(7). Moreover, the Third Circuit, in *dicta*, discussed this issue at length and decided specifically that an older minor standard should not be read into COPA. ACLU v. Ashcroft, 322 F.3d 240, 253-255 (3d Cir. 2003).

Second, defendant contends that even if an older minor standard is not read into

COPA, minors have no constitutional right to "access sexually explicit materials." (Doc. No. 286, p. 46). To uphold such a broad and amorphous prohibition on access to materials could have significant and troubling effects on materials to which minors could be exposed, including art, health information, current events, and political information. See ALCU v. Reno, 929 F. Supp. 824, 853 (E.D. Pa. 1996) (remarking that COPA's predecessor statute, the Communications Decency Act of 1996, or CDA, could prohibit minors from accessing frank discussions about AIDS, graphic but relevant depictions of female genital mutilation, photographs of Indian Kama Sutra sculptures, or descriptions of brutal prison rape since they could be found to "depict or describe . . . sexual or excretory activities or organs"); Reno v. ACLU, 521 U.S. 844, 878 (1997) (remarking that the CDA could conceivably bar parents from sending their child information on birth control over the Internet).

    2.  **Count III of the Amended Complaint**

In Count III of the Amended Complaint, plaintiffs claim that "COPA violates the First and Fifth Amendment right to communicate and access information anonymously." (Doc. No. 175, p. 54-55). Defendant claims that plaintiffs are actually attempting to protect only a right to anonymously access information since the websites and the information the webmasters post thereon are not anonymous. Defendant also argues that plaintiffs' right to anonymously communicate is not seriously implicated since any identifying information submitted to verify age would only be communicated to the website and not to the government or public. The court disagrees with defendant that the issue is solely one of the right to access information anonymously since on the Internet the line between the listener and speaker is greatly blurred through the use of chat rooms, message boards and interactive forums. Nevertheless, the issue of

7

to what degree, if any, the right to speak anonymously must give way to the government's compelling interest in protecting minors from harmful materials is quite interesting.

Ultimately, however, the court finds that it is highly likely that other constitutional issues, other than those contained in Counts II and III of the Amended Complaint, will dominate and determine the outcome of this case. Therefore, due to the rule of judicial restraint requiring this court to avoid unnecessary resolution of constitutional issues, I will not decide the issues concerning Counts II and III since it is unnecessary to do so at this time. <u>Superintendent, Massachusetts. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 453 (1985).

### IV.     <u>CONCLUSION</u>

For the forgoing reasons, I find that the plaintiffs in this action have standing. Moreover, I will not dismiss Counts II and III of the Amended Complaint at this time.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

**ORDER**

      **AND NOW,** this 10th day of October, 2006, upon consideration of the motion to dismiss and, in the alternative, for partial judgment on the pleadings filed by defendant, and the response and reply thereto (Doc. Nos. 286, 298, 314).  and based upon the foregoing analysis, it is hereby **ORDERED** that the motion is **DENIED**.

      __S/ Lowell A. Reed, Jr.___
      LOWELL A. REED, JR., S.J.