UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN CIVIL LIBERTIES UNION, et al.

    Plaintiffs,

v.

ALBERTO R. GONZALES, in his official capacity as
ATTORNEY GENERAL OF THE UNITED STATES,

    Defendant.

Civil Action No.
98-CV-5591 (LAR)

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DESIGNATE DEPOSITION TESTIMONY

Plaintiffs and Defendant have worked diligently to develop the factual record before the Court and have sought discovery, including oral depositions, from third parties from around the country. Plaintiffs seek to introduce limited parts of depositions from deponents that are beyond the 100 mile rule in Rule 32. Defendant has filed an Opposition to the introduction of the designated deposition testimony and has further indicated that he does not oppose Plaintiffs filing a reply. This memorandum replies to Defendant's Opposition.

### I. THE COURT'S RULES EXPRESSLY PERMIT INTRODUCTION OF ORAL DEPOSITIONS AT TRIAL

Defendant is mistaken that this Court's Rules require depositions to have been video- or audio-taped before they may be admitted into evidence. As stated in this Court's Non-Jury Pretrial Order form:

> If any party expects to contend that a witness is unavailable at the time of trial… the Court expects use of *oral* or videotape depositions at trial of any such witness…

(See Non-Jury Pretrial Order Form ¶ 15. (emphasis added). Plaintiffs understand the reference to "oral" to mean the deposition was oral pursuant to Rule 30(a)(1) rather than written

under Rule 31(a)(1). Moreover, Federal Rule of Civil Procedure 30 ("Depositions Upon Oral Examination") plainly provides that depositions may be "recorded by sound, sound-and-visual, or *stenographic means.*" See Fed. R. Civ. P. 30(b)(2) (emphasis added). Indeed, the language of Fed. R. Civ. P. 32 *requires* the submission of a stenographic transcript of a prior deposition being offered under Rule 32(a)(3). See Fed. R. Civ. P. 32(c). This is what Plaintiffs seek to do. To complete the record before this Court, Plaintiffs seek to introduce limited oral depositions that were recorded by stenographic means.

## II. PLAINTIFFS ARE NOT REQUIRED TO SEEK ATTENDANCE AT TRIAL OF THIRD-PARTY WITNESSES THAT ARE OUTSIDE THE COURT'S SUBPOENA POWER

Defendant further mistakenly contends that Plaintiffs must show that the witnesses are "unavailable." Neither the Federal Rules of Civil Procedure nor the Local Rules contain such requirement. Fed. R. Civ. P. 32 merely requires Plaintiffs to show that the designated witness is "at a greater distance than 100 miles from the place of trial." Fed. R. Civ. P. 32(a)(3)(B). Plaintiffs have done so.[1] See Plaintiffs Memorandum of Law In Support of Motion to Designate Deposition Testimony Pursuant to Federal Rule of Civil Procedure 32 (Doc. No. 321), pp. 8, 9.

Moreover, Defendant's reliance on Kirk v. Raymark Indus. Inc. is misplaced. 61 F.3d 147, 165 (3d Cir. 1995). As Defendant concedes, the Court in Kirk was not construing Fed R. Civ. P. 32(a)(3)(B), which is at issue here, but rather was construing Fed. R. Evid. 804. See Opposition to Plaintiff's Motion to Designate Deposition Testimony (Doc. No. 325), at n.4. Critically, Fed. R. Evid. 804 requires that "the proponent of a statement has been unable to

---

[1] Indeed, Plaintiffs have made every effort to develop the trial record without unduly burdening third-party witnesses. They have done so despite a general reluctance on these witnesses' part to give testimony, and in some cases expose confidential information. Neither party has any reason to believe that third party witnesses whose testimony was designated by Plaintiffs would voluntarily travel to Philadelphia to testify absent a an enforceable subpoena.

procure the declarant's attendance... by process or other reasonable means" while Fed R. Civ. P. 32(a)(3)(B) merely requires a finding by the Court "that the witness is at a greater distance than 100 miles from the place of trial or hearing." See Fed. R. Evid. 804(a)(5) and Fed R. Civ. P. 32(a)(3)(B). Moreover, in the 1970 Amendments, the drafters of Rule 32 made clear that they sought to *avoid* applying the hearsay standard to the admissibility of deposition testimony. See Fed. R. Civ. P. 32, advisory committee's note (1970 Amendment).

### III. DEFENDANT IS NOT PREJUDICED BY THE ADMISSION OF THE DESIGNATED DEPOSITION TESTIMONY.

Defendant himself subpoenaed 3 of the 10 third parties whose witness testimony Plaintiffs seek to introduce. Defendant attended each deposition and examined each third party witness and he was well aware that they worked and resided more than 100 miles from the courthouse. Moreover, Defendants has counter-designated additional testimony from these depositions plans to offer rebuttal witnesses at trial to contradict Plaintiffs' proposed designations. See Defendant's Separate List of Objections to Witnesses, Trial Exhibits and Deposition Designations (Doc. No. 326), at pp 24-29.

Dated: October 11, 2006
New York, New York

Respectfully submitted,

Christopher R. Harris
Seth Friedman
Katharine Marshall
Jeroen van Kwawegen
Elan Dobbs
Latham & Watkins
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States, <br><br> Defendant. | Civil Action No. <br> 98-CV-5591 <br><br> **CERTIFICATE OF SERVICE** |

I, JEROEN van KWAWEGEN, hereby certify that on Wednesday, October 11, 2006, a true and correct copy of the attached Motion for Leave to File a Reply Memorandum include Reply], dated October 11, 2006, in the above captioned case, was was filed with the Clerk of the Court using the ECF system, which will send notification of such filing to Raphael O. Gomez, Department of Justice.

Dated: October 11, 2006
  New York, New York

LATHAM & WATKINS LLP

By: _____
Jeroen van Kwawegen
885 Third Avenue, Suite 1000
New York, New York 10022
(212) 906-1200

Counsel for Plaintiffs
