IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALBERTO R. GONZALES, in his official capacity as )<br>ATTORNEY GENERAL OF THE UNITED STATES, )<br>)<br>Defendant. )<br>_____) | Civil Action No.<br>98-CV-5591 |

## THIRD PARTY CHOICEPOINT INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT

Third Party ChoicePoint Inc. ("CP") respectfully moves this Court for a Protective Order directing the parties to file under seal CP's trade secrets and confidential commercial proprietary information in the event that such information is offered and accepted into evidence or otherwise filed with the Court, pursuant to Paragraph 10 of the Court's Protective Order (Doc. #205), Fed. R. Civ. P. 26(c), and Local Rule 5.1.5. CP also respectfully requests that the Court order that such information is not to be read or displayed in open court or otherwise publicly disclosed by the parties. A proposed Order is attached.

CP understands that trial is scheduled to begin on October 23, 2006, and that Plaintiffs may offer CP's trade secrets and confidential commercial proprietary information into evidence as early as October 25, 2006, if not sooner. Accordingly, CP requests that the Court address this motion on an expedited basis to protect CP's confidential information.

## BACKGROUND

On or about March 13, 2006, Plaintiffs served a subpoena on CP seeking documents and testimony relating primarily to CP's age verification product. In response and subject to its objections, CP produced among other things a document entitled "Age Verification Service Overview and Methodology" (Bates number CPACLU-000013 - CPACLU-000020) (the "AVS Overview"). CP produced this document in reliance on the Court's Protective Order and specifically designated it as "Confidential Information" produced pursuant to such Protective Order. At the deposition of CP's corporate representative on March 29, 2006, CP specifically designated testimony regarding the AVS Overview (marked as deposition Exhibit 1) as Confidential Information subject to the Court's Protective Order. *See* Deposition of Ken Meiser, Tr. at [64:7] - [64:21] (Exhibit A). CP's designation encompassed the testimony at [64:22] - [68:11], [71:23] - [72:11], and [126:25] - [128:2] of the transcript of such deposition.

On October 12, 2006, Plaintiffs sent CP notice that Plaintiffs intend to offer into evidence the AVS Overview and the above cited confidential deposition testimony. Because public disclosure of this information will cause CP serious competitive injury, CP seeks an Order protecting this information from public disclosure. CP has communicated with counsel for the Plaintiffs and the Defendant and understands that the parties do not intend to take a position on CP's motion.[1]

---

[1] Since the parties may offer into evidence or otherwise use the AVS Overview and cited deposition testimony, CP has not sought to file such materials under seal in support of this Motion. If it will assist the Court in deciding this Motion, CP will file these materials under seal with the Court's permission.

## ARGUMENT

A party seeking the sealing of part of the judicial record "bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3rd Cir. 2001) (internal quotations and citations omitted). For good cause shown, courts protect materials containing "trade secret[s] or other confidential research, development, or commercial information to prevent harm to a litigant's competitive standing in the marketplace." *Faulman v. Security Mutual Financial Life Insurance Co.*, 2006 U.S. Dist. Lexis 35875, *3-4 (D.N.J. May 31, 2006) (internal citations and quotations omitted); *see also Crane Helicopter Services, Inc. v. U.S.*, 56 Fed. Cl. 313 (Fed. Cl. 2003) (sealing a third party's trade secrets and proprietary and confidential material offered as trial exhibits and in testimony); *Heller v. Shaw Industries, Inc.*, 1997 U.S. Dist. Lexis 18521 (E.D. Pa. November 20, 1997) (ordering that exhibits to summary judgment motion reflecting trade secrets be maintained under seal); *Stamy v. Packer*, 138 F.R.D. 412, 418 (D.N.J. 1990) (sealing information or documents produced by any non-party witness pursuant to a protective order and any pleading or document filed with the court incorporating such information or documents).

As set forth herein and in the accompanying affidavit, there is good cause for the requested relief here. With this Motion, CP does not seek to deprive the parties or the Court of the information reflected in the AVS Overview and related deposition testimony. CP is merely seeking to protect its trade secrets and confidential commercial proprietary information from public disclosure.

3

The AVS Overview and related deposition testimony reflects trade secrets and confidential research, development, and commercial information, the public disclosure of which will cause CP severe and irreparable competitive injury. CP's interest in protecting this information from public disclosure, including its competitors in the age verification market, overrides any interest the public may have in accessing CP's trade secrets and confidential proprietary information. A substantial probability exists that CP's interest in these trade secrets and confidential proprietary information will be severely prejudiced if the Court does not protect such information from public disclosure. CP's request is narrowly tailored to the AVS Overview and the deposition testimony that relates to this document and constitutes the least restrictive manner in which the Court can protect the confidentiality of CP's information.

The AVS Overview and the related deposition testimony reflects confidential information from which CP derives economic value by virtue of such information not being readily known or ascertainable. Affidavit of Ken Meiser ("Meiser Aff.") ¶¶ 7-15 (Exhibit B). This information includes descriptions of the methodology, inputs and outputs, service and logic, operation, sources of data, and other confidential information concerning CP's age verification product.

This information must be sealed to protect CP's commercial business interests. Disclosure of the AVS Overview and related deposition testimony would severely harm CP because, among other things, it will enable CP's competitors to exploit CP's information and gain an unfair competitive advantage over CP in the age verification market. Meiser Aff. at ¶¶ 11, 12. In essence, the AVS Overview is a road map to CP's age verification product. Specifically, CP's competitors will be able to use and exploit

4

the confidential information, research, development, and commercial information that CP has developed for its age verification product without having to expend the large sums of money, time, and effort that CP has expended to create and refine its age verification product. *Id.* at ¶ 12. Additionally, a competitor that gains access to the AVS Overview could modify or change its communications with potential customers to enhance its competitive position against CP's age verification services. *Id.*

Moreover, CP understands that witnesses from at least one competitor, "IDology," will testify at trial. This company and others compete with CP in the age verification market. *Id.* at 11. The involvement in this case of representatives from at least one of CP's competitors increases the already substantial probability that public disclosure of CP's confidential information will cause severe and irreparable competitive harm to CP.

CP takes reasonable steps to protect the secrecy of the information at issue. CP treats the AVS Overview and the information reflected therein as confidential and marks the document as "Confidential" in the ordinary course of business. Meiser Aff. at ¶ 8. Consistent with this, CP restricts the dissemination of the AVS Overview both within and outside the Company. *Id.* at ¶¶ 8, 9, 10. CP has written policies that govern the treatment of materials marked "Confidential," such as the document and information at issue here. *Id.* at ¶ 9. Pursuant to such policies, the distribution of such materials is limited to employees who have a need to know such information by virtue of their work and position at CP. *Id.* at ¶ 9. CP's employees sign a confidentiality agreement as a condition of their employment, according to which they agree not to disclose CP's confidential information, even after their employment with CP has ended. *Id.* at ¶ 9. Employees are subject to discipline, including termination, for failure to observe CP's

policies governing the use and distribution of confidential information. *Id.* Except for customers that sign a non-disclosure agreement obligating them to maintain the AVS Overview as confidential, CP does not make it available to persons outside the Company. *Id.* at 10. CP's non-disclosure agreements provide that its customers must hold the AVS Overview in strict confidence and may not divulge it or any information derived from it to third parties. The agreements also obligate CP's customers to take steps to maintain the confidentiality of the AVS Overview, limit the purposes for which the customers may use the information on the document, and prohibit copying or reverse engineering of such information. *Id.*

CP produced the AVS Overview and gave deposition testimony in reliance on the Court's Protective Order for such Confidential Information. *See* Protective Order (Doc. #205); Meiser Dep. Tr. at [64:7] - [64:21] (Exhibit A). That Protective Order protected the document and testimony at issue from disclosure during the course of discovery in this matter. None of the parties ever sought to contest CP's designation of the AVS Overview and related deposition testimony as Confidential Information under the Protective Order.

While this case involves issues which are important to the public, the public will not benefit from disclosure of the AVS Overview and related deposition testimony. Such information is not important to public health and safety, for example. Moreover, CP understands that the parties intend to call witnesses who will testify in open court about age verification services, demonstrating that there is no public interest in disclosure of the details of CP's confidential commercial and proprietary information with respect to the issues before the Court.

## CONCLUSION

For the reasons set forth above and in the accompanying affidavit filed in support of this Motion, for good cause shown, the Court should enter an Order directing the parties to file CP's AVS Overview and the related deposition testimony at [64:22] - [68:11], [71:23] - [72:11], and [126:25] - [128:2] under seal if they are offered and accepted in evidence or otherwise filed with the Court. The Court should also prohibit the parties from reading or displaying such documents in open court or otherwise publicly disclosing such materials. A proposed Order is attached.

Dated this 20th day of October, 2006.

Respectfully submitted,

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

By: _____Thomas Finarelli_____
Joseph E. O'Neil, Esquire (PA 29053)
joneil@lavin-law.com
Thomas Finarelli, Esquire (PA 17700)
tfinarelli@lavin-law.com
190 North Independence Mall West
Suite 500, 6th & Race Streets
Philadelphia, PA  19106
Phone:  (215) 627-0303
Fax:    (215) 627-2551

Douglas W. Gilfillan
Georgia Bar No. 294713
dgilfillan@kslaw.com
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309
(404) 572-4600 (Telephone)
(404) 572-5141 (Facsimile)

Attorneys for Third Party ChoicePoint Inc.