*American Civil Liberties Union, et al.*,

v.

*Alberto R. Gonzales, In His Official Capacity As Attorney General Of The United States*
Case No.: 98-CV-5591

# EXHIBIT B

**Third Party Choicepoint Inc.'s Emergency Motion For A Protective Order And Memorandum Of Law In Support**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALBERTO R. GONZALES, in his official capacity as ) <br> ATTORNEY GENERAL OF THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 98-CV-5591 |

## AFFIDAVIT OF KEN MEISER

Personally appeared before the undersigned officer duly authorized to administer oaths, KEN MEISER, who after being duly sworn, deposes and states as follows:

1. My name is Ken Meiser. I am over the age of eighteen (18) and am competent to attest to the facts set forth herein. The facts set forth in this Affidavit are true and correct and based on my personal knowledge and information available to me in the course of my employment with ChoicePoint Public Records, Inc., a division of ChoicePoint, Inc. (together, "ChoicePoint" or the "Company").

2. ChoicePoint received a subpoena in March 2006 requesting documents and testimony regarding the Company's age verification services. The Company designated me as its corporate representative and I was deposed on March 29, 2006. During my deposition, I was asked about a ChoicePoint document entitled "Age Verification Service Overview and Methodology" (Bates number CPACLU-000013 - CPACLU-000020) (the "AVS Overview"). ChoicePoint previously had produced the AVS Overview to the

parties in this lawsuit in response to the subpoena and subject to the Court's Protective Order. When produced, the AVS Overview was designated "Confidential Information Subject to Protective Order." I understand that the parties in this lawsuit intend to offer into evidence the AVS Overview and portions of the transcript from my deposition regarding that document at [64:22] - [68:11], [71:23] - [72:11], and [126:25] - [128:2].

3. I give this Affidavit in support of ChoicePoint's Emergency Motion for A Protective Order seeking to protect the AVS Overview and this testimony from public disclosure.

4. I am currently employed as the Vice-President of Product Development for ChoicePoint Public Records, Inc. I have been with the Company for six years and have held my current position for approximately the last two years. Prior to that, I held several positions within ChoicePoint Public Records, Inc.

5. I am responsible for the creation, marketing, design and implementation of products within this division. ChoicePoint's age verification service is one of these products.

6. Based on my experience at ChoicePoint, I am familiar with the Company's age verification service, the AVS Overview, ChoicePoint's confidential documents and information regarding the Company's age verification service, the reasons why those documents are treated as confidential, and the methods and policies that ChoicePoint employs to protect the confidentiality of those documents and information.

7. ChoicePoint considers the AVS Overview and the information reflected on it to be trade secrets and confidential commercial proprietary information. The AVS

Overview reflects information that ChoicePoint derives actual and potential economic value from such information not being generally known to, or readily ascertainable by proper means by, the Company's competitors in the age verification services market. Examples of this information in the AVS Overview appear on the pages Bates numbered CPACLU-000016, 17, and 19.

8. ChoicePoint treats the AVS Overview and information reflected there as confidential and limits its use and distribution within and outside the Company to protect its trade secrets and confidential commercial proprietary information. ChoicePoint marks the AVS Overview as "Confidential" in the ordinary course of business. This marking is present on each page of the AVS Overview that ChoicePoint produced and designated as "Confidential Information Subject to Protective Order."

9. The AVS Overview is subject to written policies at ChoicePoint that limit the distribution and use of confidential information both within and outside the Company. These policies, named "Procedures for Data Protection and Classification," provide that documents marked "Confidential" may only be distributed within the Company to employees that have a need to know such information in connection with their work and position at the Company. These policies also require ChoicePoint employees to sign confidentiality agreements as a condition of their employment. These confidentiality agreements require the employees to agree, among other things, not to disclose the Company's confidential information, even after their employment ends. Employees are subject to discipline, including discharge, for failing to observe the Company's guidelines for protecting trade secrets and confidential commercial proprietary information.

10.     Under ChoicePoint's policies, the AVS Overview may not be disclosed outside the Company without sufficient assurances that such information will be protected from further disclosure. Generally, only customers that sign a non-disclosure agreement are given access to the AVS Overview. These non-disclosure agreements provide that ChoicePoint's customers are to hold the AVS Overview in strict confidence and to take all reasonable precautions to protect it from disclosure. These non-disclosure agreements also provide that the Company's customers will not divulge the AVS Overview or any information derived therefrom to any third person, will not make any use of it beyond the purpose for which it is shared with our customer, and will not copy or reverse engineer the information reflected on the AVS Overview without our permission.

11.     ChoicePoint would be harmed if this document and the information reflected on it were disclosed to its competitors in the age verification services market. These competitors include Experian, IDology, Integrity (Aristotle), IDResponse, and others.

12.     The harm to ChoicePoint if this information is publicly disclosed is incalculable. ChoicePoint has expended large sums of money and over four years of effort to create and refine our age verification services. With access to the information in the AVS Overview, ChoicePoint's competitors that offer competing age verification services could enhance their age verification services or develop new age verification services without expending such resources. ChoicePoint's competitors in the age

verification services market could also use the AVS Overview to develop or change information given to potential customers, to ChoicePoint's competitive disadvantage.

13. To the best of my knowledge and belief, the AVS Overview and the trade secrets and confidential commercial information reflected there are not known or available to ChoicePoint's competitors or the public through legitimate means.

14. The testimony from my deposition described above was given in response to questions about the AVS Overview and concerns information that ChoicePoint considers trade secrets and confidential commercial proprietary information. The testimony described above also includes direct quotations of confidential information from the AVS Overview.

15. Like the AVS Overview and for the same reasons, ChoicePoint would be harmed if this testimony concerning the AVS Overview is disclosed to its competitors in the age verification services market.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KEN MEISER

Subscribed and sworn to before me
this 20 day of October 2006,

_____
Notary Public

My Commission Expires:

[Notary Seal: SANDRA H. CURTIS, NOTARY PUBLIC, CHEROKEE COUNTY, GEORGIA, EXPIRES JULY 18, 2009]