IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., <br><br> Plaintiff, <br><br> v. <br><br> ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States, <br><br> Defendant. | Civil Action No. 98-CV-5591 |

## ORDER

AND NOW, this      day of             , 2006, in consideration of the Motion of Non-Party Visa USA, Inc. for Order of Confidentiality, and Memorandum of Law in Support thereof, it is hereby ORDERED that said Motion is GRANTED.  The following evidence, if offered by the parties at trial, shall be placed under seal in the Court record:

(1) Bergman Deposition Exhibit 1;

(2) Bergman Deposition Exhibits 4 & 10;

(3) Bergman Deposition Exhibit 5;

(4) Bergman Deposition Exhibit 7;

(5) Bergman Deposition Exhibit 8;

(6) Bergman Deposition Exhibit 9; and

(7) the May 2, 2005 email from Visa's counsel to counsel for the parties.

_____
HON. LOWELL A. REED, JR

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>   Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States,<br><br>   Defendant. | Civil Action No. 98-CV-5591 |

### NON-PARTY VISA U.S.A. INC.'S MOTION FOR ORDER OF CONFIDENTIALITY

  Non-party Visa U.S.A. Inc. ("Visa"), by its counsel White and Williams LLP, hereby moves for an Order of Confidentiality to prevent public disclosure of certain Visa documents and testimony of a proprietary, competitively sensitive nature which one or both of the parties in the above-captioned case intend to offer in evidence at the trial of the above-captioned action. Visa requests an appropriate sealing order for portions of the designated evidence that are confidential and which it reasonably believes are competitively sensitive.

  To the extent required to be heard with respect to this motion, Visa seeks to intervene solely for the limited purpose of obtaining this relief on the confidentiality of its testimony and documents.

  The reasons in support of the motion are set forth in the attached Memorandum of Law.

Dated: October 26, 2006

WHITE AND WILLIAMS LLP

By _____
David E. Sandel, Jr.
PA I.D. #22438
1800 One Liberty Place
Philadelphia, PA  19103-7395
(215) 864-6201
Attorneys for Non-Party, VISA U.S.A. Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States,<br><br>Defendant. | Civil Action No. 98-CV-5591 |

## MEMORANDUM IN SUPPORT OF NON-PARTY VISA U.S.A. INC.'S MOTION FOR ORDER OF CONFIDENTIALITY

Visa U.S.A. Inc., a non-party in this matter, seeks an order of confidentiality from the Court to protect from public disclosure during trial a limited amount of proprietary, competitively sensitive information related to its operations. Visa responded to a third-party subpoena in this matter and provided testimony and documents, subject to a pre-trial protective order. The parties (the ACLU and the United States Attorney General) have now identified portions of that testimony and documents they intend to use at trial. Visa requests an appropriate sealing order for only the portions of that designated evidence that are confidential to Visa and for which it reasonably believes are competitively sensitive.

To the extent the Court may deem it necessary for Visa to be heard on this motion, Visa also seeks to leave to intervene solely for the limited purpose of obtaining this confidentiality protection. *See United States v. Dentsply Int'l*, 187 F.R.D. 152 (D. Del. 1999) (non-party moved to intervene to seek protection of information); *see generally Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 n.3 (3d Cir. 1994) (non-

party moves to modify protective order); *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333 (E.D. Penn. 2004) (limited intervention by non-party to seek modification of protective order).

A confidentiality order is the only means to protect Visa's interests because the trial -- with which Visa has no connection -- would otherwise result in public disclosure of confidential business information to Visa's competitive detriment. Visa's need and legitimate expectation of confidentiality outweighs any claimed need for public disclosure of this information.

Visa specifically seeks protection for a few excerpts of the deposition testimony of its corporate witness (Ginger Bergman), as well as for documents that it consistently has protected as valuable confidential documents. It does not seek protection for any of the deposition testimony designated by the ACLU or for the vast majority of the testimony designated by the United States Attorney General. The excerpts for which it does seek protection are pages 84:23-85:10, 103:6-13, 103:22-104:2, and 134:22-135:3 of Ms. Bergman's deposition transcript. They discuss certain assessments Visa may make on members and also the percentage of Visa transactions that occur over the Internet.

Visa also seeks protection of the following documents: (1) Bergman Deposition Exhibit 1, which shows quarterly fraud statistics for the Visa U.S.A. system for each quarter from Q1 1986 to Q3 2005; (2) Bergman Deposition Exhibits 4 & 10, which are Visa member communications about Visa rules and were designated as confidential at the time they were sent; (3) Bergman Deposition Exhibit 5, which is the complete version of a confidential Visa Member Implementation Guide related to the Visa Buxx Card Program; (4) Bergman Deposition Exhibit 7, which excerpts from the Visa U.S.A. Inc. Operating Regulations of November 15, 2005; (5) Bergman Deposition Exhibit 8, which consists of a chart related to Visa's "High Risk Chargeback Monitoring Program" rules set forth in Visa's Operating Regulations; (6) Bergman Deposition Exhibit 9, which consists of Visa's "U.S. Corporate Risk & Compliance Procedures" setting forth

information about the same program; and (7) a May 2, 2005 email from Visa's counsel to counsel for the parties setting forth precise dollar volume and transaction count information related to a particular category of merchants (in-bound teleservices). One or both parties have notified Visa that it intends to offer into evidence these documents along with excerpts of the deposition testimony of Ginger Bergman. Pursuant to the procedure contemplated by Paragraph 10 of the July 6, 2005 pre-trial Agreed Protective Order (a copy of which is attached as Exhibit "A"), therefore, Visa moves for a confidentiality order to cover the use of that evidence at trial.

The documents that are subject to this motion previously were designated by Visa as "Confidential" under the Agreed Protective Order. That Order reflects an understanding of the need to protect the types of documents designated by Visa here, stating that documents "that contain[] or reflect[] trade secrets, research and development or information of a financial, commercial, or otherwise proprietary nature, or other sensitive, non-public information, which the producing entity reasonably believes would be harmful to the business of that entity if publicly disclosed" shall be marked "Confidential." *See* Agreed Protective Order ¶ 3.

The Third Circuit's decision in *Pansy v. Borough of Stroudsburg*, sets forth the governing standard for an order of confidentiality at trial. 23 F.3d 772, 783-84, 786 (3d Cir. 1994). The court applied the "good cause" standard found in Federal Rule of Civil Procedure 26(c). *Id.* at 786. Good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury. *See also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005). The trial court must balance the interests of the party seeking confidentiality with the interests of the public in disclosure. In *Pansy*, the court set forth seven factors to consider in balancing the competing interests: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought

3

over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Pansy*, 23 F.3d 787-91; *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

The "good cause" test set forth in *Pansy* and its progeny is satisfied by Visa in this case. Absent a confidentiality order, Visa would suffer a specific, serious injury. These documents are intended only for select distribution to those with a need to know and subject to confidentiality measures. Public access would provide the general public and Visa's competitors with access to Visa's confidential and competitively sensitive business information. The accompanying Affidavit of Visa's in-house counsel, Paula Quintiliani, demonstrates that these documents reflect Visa's sensitive business information and that Visa would suffer competitive injury if those documents were disclosed. Information about Visa's rules related to certain merchant activities and information about its programs, historic and current fraud experience, and other operational data would allow competitors -- who do not have access to that information -- to learn from Visa's rules. The confidential information is subject to reasonable efforts at confidentiality and would cause Visa competitive harm if disclosed. *See* Affidavit of Paula Quintiliani, accompanying this motion.

Other courts have recognized the proprietary and confidential nature of Visa's Operating Regulations. *E.g., National Bancard Corp. (NaBanco) v. Visa U.S.A., Inc.*, 779 F.2d 592 (11th Cir. 1986). In that case, the court stated "The VISA product . . . is not the plastic card itself, but the rules and regulations among the various VISA members that thereby create a national payment system. This universal system is the true product of VISA; the plastic card merely embodies that product." *Id.* at 602 n.17. If a competitor had access to the kinds of confidential and proprietary information contained in the Operating Regulations, for example, it would be given, at no cost, Visa's informed

4

business judgment on how to run a successful payment card business. The type of competitive harm posed by the public disclosure of the contents of Visa's Operating Regulations and other confidential documents is the kind of clearly defined and serious injury that is sufficient to overcome the public right of access to filed documents under *Pansy*.

Visa has diligently sought to limit its request for confidentiality to information that would affect its interests if publicly disclosed. Visa does not seek confidentiality for every portion of testimony provided in this case. It seeks protection of entire documents that have been designated for use at trial because otherwise the confidentiality of those documents would be lost forever. Visa consistently over time and across the country has sought and obtained orders to protect the confidentiality of its Operating Regulations and similar proprietary operational documents. Seeking adequate protection for these documents in this case is the only means for Visa to preserve its significant interest in its confidential business information. Absent such protections, Visa would have a strong need to contest vigorously all subpoenaed third-party production that could reveal any confidential information because it would be unsure of what harm would flow from subsequent unprotected disclosure.

Visa's proprietary interests in the contents of these documents far outweigh any public interest in accessing all or part of the designated documents to evaluate the basis for any judicial action in this case. Notwithstanding the general preference for public access to court records in a case of arguable public interest, public policy would be served in entering a confidentiality order for the few documents that contain or describe in detail the Operating Regulations and internal policies of Visa, and the few discrete bits of numerical information about Visa's operations.

Many of the *Pansy* factors support confidentiality. Disclosure of Visa's proprietary information would violate its privacy interests. Visa is a private, not public entity, and is not a party to this litigation. In addition, the information at issue is not

5

important to public health or safety -- it relates to details how Visa operates its payment system, not even an issue directly subject of the litigation. And to understand the outcome of litigation related to the Child Online Protection Act, the public does not need to know the precise quarterly fraud rates or specific parameters of Visa's chargeback risk-control programs. Moreover, another factor weighing in favor of a confidentiality order is the fact that Visa relied on the Agreed Protective Order when producing the documents and providing the testimony. *Pansy*, 23 F.3d at 790. This is especially true where the reliance on the Agreed Protective Order resulted in the disclosure of trade secrets and proprietary information. *Id.*

For the foregoing reasons, Visa requests that the Court maintain the confidential status of the subject documents during and after trial, and issue an Order of Confidentiality requiring that the relevant documents and transcript excerpts be filed permanently under seal in the Court record.

Dated: October 26, 2006                    WHITE AND WILLIAMS LLP

                                           By _____
                                           David E. Sandel, Jr.
                                           PA I.D. #22438
                                           1800 One Liberty Place
                                           Philadelphia, PA  19103-7395
                                           (215) 864-6201
                                           Attorneys for Non-Party, VISA U.S.A. Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2006, I caused a true and correct copy of Non-Party Visa USA, Inc.'s Motion for Order of Confidentiality and Memorandum of Law in Support thereof, to be served, via first-class mail, postage pre-paid upon counsel for all parties as follows:

>  Catherine Crump, Esquire
>  Aden Fine, Esquire
>  American Civil Liberties Union
>  125 Broad Street, 18th Floor
>  New York, NY  10004-2400
>
>  Raphael Gomez, Esquire
>  Tamara Ulrich, Esquire
>  US Department of Justice, Civil Division
>  20 Massachusetts Ave., N.W.
>  Washington, DC  20530

Dated: October 26, 2006                    WHITE AND WILLIAMS LLP

                                           By: /s/ David E. Sandel, Jr.
                                           David E. Sandel, Jr.
                                           PA I.D. #22438
                                           1800 One Liberty Place
                                           Philadelphia, PA  19103-7395
                                           (215) 864-6201
                                           Attorneys for Non-Party, VISA U.S.A. Inc.