IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., <br><br> Plaintiff, <br><br> v. <br><br> ALBERTO R. GONZALES, in his official capacity as Attorney General of the United States, <br><br> Defendant. | Civil Action No. 98-CV-5591 |

**AFFIDAVIT OF PAULA QUINTILIANI**

COUNTY OF SAN FRANCISCO
STATE OF CALIFORNIA

Paula Quintiliani, being fully sworn, deposes and says:

1. I am senior counsel for Visa U.S.A. Inc. I make this declaration in support of Visa's motion for a confidentiality order for certain testimony and documents in the above-captioned case. I have personal knowledge of the matters and facts set forth in this declaration and, if called upon to do so, could and would testify to them.

2. My general responsibilities are to represent Visa in certain litigation matters and to supervise litigation handled by outside counsel. In this capacity, I have been involved in the production of Visa's internal documents for purposes of litigation in state and federal courts. I am familiar with Visa's treatment of its documents, including those it considers to be confidential. Visa treats as confidential many documents that contain information regarding Visa trade secrets, proprietary information concerning Visa's internal operations and procedures,

and other financial, commercial, or proprietary information regarding Visa's business, products, services and systems.

3. I have reviewed the following documents that were exhibits to the deposition testimony of Ginger Bergman on March 6, 2006 and which the ACLU has informed Visa it intends to offer into evidence in this case:

- Bergman Deposition Exhibit 1, which shows quarterly fraud statistics for the Visa USA system for each quarter from Q1 1986 to Q3 2005;
- Bergman Deposition Exhibits 4 & 10, which are Visa member communications about Visa rules and were designated as confidential to the membership at the time they were sent;
- Bergman Deposition Exhibit 5, which is the complete version of a confidential Visa Member Implementation Guide related to the Visa Buxx Card Program;
- Bergman Deposition Exhibit 7, which excerpts from the Visa U.S.A. Inc. Operating Regulations of November 15, 2005;
- Bergman Deposition Exhibit 8, which consists of a chart related to Visa U.S.A. Inc.'s "High Risk Chargeback Monitoring Program" rules set forth in Visa's Operating Regulations;
- Bergman Deposition Exhibit 9, which is Visa U.S.A. Inc.'s "U.S. Corporate Risk & Compliance Procedures" setting forth information about the same program; and
- a May 2, 2005 email from Visa's counsel to counsel for the parties setting forth precise dollar volume and transaction count information related to a particular category of merchants (in-bound teleservices over an open-network for a fee).

(These documents will be referred to herein as the "Subject Documents.")

4. I also am familiar with the deposition testimony of Ms. Bergman designated for use at trial by Attorney General but that Visa considers to contain confidential information:

pages 84:23-85:10, 103:6-13, 103:22-104:2, and 134:22-135:3 (the "Subject Testimony").

5. Visa gave the Subject Testimony and produced the Subject Documents in response to a subpoena in this action. Visa designated the Subject Testimony and Subject Documents "Confidential" under the Agreed Protective Order entered in this case on July 6, 2005. This designation was made in good faith, insofar as Visa considers the Subject Testimony and Subject Documents to be extremely sensitive, confidential, proprietary business information and trade secrets, and the disclosure of the Subject Documents to Visa's competitors would cause serious competitive harm to Visa. In other matters as well, Visa vigorously protects the information in the Subject Documents from public disclosure. It is especially harmful to Visa that portions of its Operating Regulations are at risk here.

6. The Subject Testimony and Subject Documents describe in detail certain aspects of Visa's business structure and systems, its products and services, and operational relationships between Visa and its members. Some portions provide specific confidential operational data about the Visa payment system. Visa has developed its business practices as reflected in the Subject Documents over the many years of Visa's existence and at a very significant cost. Visa's development over time has allowed Visa and its members to compete effectively in the marketplace for payment cards and related products, and has led to the competitive success Visa now enjoys. If a competitor had available to it the kinds of confidential and proprietary information contained in the Subject Documents and Subject Testimony, it would have information relevant to running a successful payment card business, at no cost, avoiding the normal and costly process that businesses normally go through before obtaining the kind of success Visa has worked hard to achieve.

7. The Subject Documents refer to and describe Visa's business practices related to

chargeback and risk management and the Visa-Member relationship. The disclosure of these documents would unfairly benefit any competitor who chose to incorporate or copy them for that competitor's own uses.

8.  The Subject Documents and Subject Testimony are treated as proprietary and confidential Visa information. The Subject Documents and Subject Testimony are treated as proprietary and confidential Visa information. They are not publicly disclosed or voluntarily provided except under a non-disclosure agreement to certain entities with contractual relationships with Visa members. Visa members must take reasonable measures to protect such confidential documents and treat them with at least the degree of care with which a member treats its own confidential and proprietary information. In addition, all Visa members agree that they shall disclose Visa confidential and proprietary information only to those employees with a specific need to know.

9.  Regardless of the outcome of the lawsuit, the disclosure of the confidential and proprietary information in the Subject Testimony and Subject Documents would cause serious competitive harm to Visa.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California, this 24th day of October, 2006.

Paula Quintiliani

Sworn to and subscribed before me
this 24 day of October, 2006

Notary Public

RHONDA K. FERNANDEZ
Commission # 1385074
Notary Public · California
San Francisco County
My Comm. Expires Nov 17, 2006

\\sfcltp2\uscrs\rwc10568\MOMS\WP\#648402 v1 Affidavit of Paula Quintiliani.doc

4