IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ALBERTO R. GONZALES, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,<br><br>        Defendant. | CASE NO. 98 CV 5591<br><br>**DECLARATION OF JOSEPH FRIED IN OPPOSITION TO PLAINTIFF'S SUBPOENA TO COMPEL TESTIMONY FROM FLASH NETWORKS, INC.** |

JOSEPH FRIED, of full age, hereby certifies as follows:

1. I am the Director of Sales for Flash Networks, Inc. ("Flash Networks" or the "Company"), a non-party to this action, which was served by plaintiff American Civil Liberties Union ("ACLU") with two subpoenas on or about October 10, 2006. Those subpoenas, which are attached hereto as Exhibits A and B, purport to compel testimony from Flash Networks on October 31, 2006. I have personal knowledge of the facts set forth herein.

2. This Declaration is in opposition to the ACLU's two subpoenas -- the first of which is addressed general to Flash Networks' office in Edison, New Jersey and the second one of which is addressed to myself.

3. Flash Networks is a wholly-owned subsidiary of Flash Networks Ltd., which is an Israeli company. The Israeli company is headquartered in Herzelia, Israel. Flash Networks and it parent company have customers in North America, Europe and Asia.

4. Flash Networks, which was established in 1998, and its parent company are global providers of wireless data infrastructure products and services; they work together with its

customer base to create solutions that leverage existing infrastructure to provide optimal use of the network and its services.

5. The Flash Networks employees who live and work in the United States are sales and marketing and support employees and are not part of the research development and product development team involved with the product that is the subject of the Trial Subpoenas and therefore do not possess knowledge of the technical information required by the requested categories of information by the ACLU.

6. As far as I am aware, neither Flash Networks nor anyone in its employ has been retained as an expert witness in this matter. On information and belief, however, the ACLU has retained a professor to testify as an expert on its behalf in this matter.

7. As stated in both subpoenas, the ACLU is seeking to compel the following categories of testimony from Flash Networks:

  (1) Information about Flash Networks' mobile filtering products, including: (a) Use of Flash Networks' filtering products to enable mobile operators to add filtering capability to their service offerings; (b) Use of Flash Networks' filtering products to filter or block material on the Internet accessed through mobile devices, such as mobile telephones.

  (2) Products offered by other companies that enable mobile operators to provide filtering capability.

There is no one in the United States from Flash Networks who can provide the requested testimony.

8. To the extent that the ACLU is seeking testimony regarding the first and second category of information set forth in the preceding paragraph, I am not the appropriate person at the Company to provide such testimony. Neither I nor anyone else in the United States from Flash Networks can provide the requested testimony. Moreover, the technology has not even yet been commercially deployed in the marketplace.

9. If there were anyone at the Company who could provide the requested information, that individual would be the Company's President and CEO, Liam Galin, who lives and works in Israel.

10. Although the ALCU has subpoenaed testimony from me and I work in Edison, New Jersey, as explained above, I am a sales and marketing representative. My current job description includes covering sales, sales-channel and support activities for North America as well as leading consultative activities and working with channel partners to support United States activities and to establish sales activities in North America.

11. Prior to my current position, I also worked as the Company's Director of Business Development and Strategic Planning from 2002-2004; prior to that position, I worked as the Company's Director of Product Management from 1999-2001. In those positions, I handled responsibilities that included marketing, business development, sales support, and related activities. I do not handle and have not handled the technical aspects of the Company's mobile filtering products -- the knowledge about which would certainly be required to provide the ACLU's requested testimony.

By: _____
Joseph Fried

LOWENSTEIN SANDLER PC
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
973.597.2400 (fax)
nalbano@lowenstein.com
mcaffrey@lowenstein.com
Attorney No. 59855
Attorneys for Flash Networks, Inc.

Dated: October 26, 2006