IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al.<br><br>          Plaintiffs,<br><br>v.<br><br>ALBERTO R. GONZALES, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,<br><br>          Defendant. | CASE NO. 98 CV 5591<br><br>**DECLARATION OF LIAM GALIN IN OPPOSITION TO PLAINTIFF'S SUBPOENA TO COMPEL TESTIMONY FROM FLASH NETWORKS, INC.** |

LIAM GALIN, of full age, hereby certifies as follows:

1. I am a member of the Board of Directors of Flash Networks, Inc. ("Flash Networks" or the "Company"), a non-party to this action, which was served by plaintiff American Civil Liberties Union ("ACLU") with two subpoenas on or about October 10, 2006. Those subpoenas, which are attached hereto as Exhibits A and B, purport to compel testimony from Flash Networks on October 31, 2006. I have personal knowledge of the facts set forth herein.

2. This Declaration is in opposition to the ACLU's two subpoenas -- the first of which is addressed general to Flash Networks' office in Edison, New Jersey and the second one of which is addressed to a Joseph Fried, who is currently the Director of Sales in Flash Network's office, which is in Edison, New Jersey.

3. Flash Networks is a wholly-owned subsidiary of Flash Networks Ltd., which is an Israeli company. The Israeli company is headquartered in Herzelia, Israel. Flash Networks and it parent company have customers in North America, Europe and Asia.

4. Flash Networks, which was established in 1998, and its parent company are global providers of wireless data infrastructure products and services; they work together with its customer base to create solutions that leverage existing infrastructure to provide optimal use of the network and its services.

5. The Flash Networks employees who live and work in the United States are sales and marketing and support employees and are not part of the research development and product development team involved with the product that is the subject of the Trial Subpoenas and therefore do not possess knowledge of the technical information required by the requested categories of information by the ACLU.

6. Neither Flash Networks nor anyone in its employ has been retained as an expert witness in this matter. On information and belief, however, the ACLU has retained a professor to testify as an expert on its behalf in this matter.

7. As stated in both subpoenas, the ACLU is seeking to compel the following categories of testimony from Flash Networks:

(1) Information about Flash Networks' mobile filtering products, including: (a) Use of Flash Networks' filtering products to enable mobile operators to add filtering capability to their service offerings; (b) Use of Flash Networks' filtering products to filter or block material on the Internet accessed through mobile devices, such as mobile telephones.

(2) Products offered by other companies that enable mobile operators to provide filtering capability.

8. There is no one in the United States from Flash Networks who can provide the requested testimony. Indeed, it is very important that I make clear that, as a general matter, Flash Networks has not commercially deployed a mobile filtering product and does not currently provide mobile filtering products to its customers, with the exception of a trial currently underway with a single potential customer. Flash Networks' principal product is in the field of Quality of Experience enhancement, particularly its wireless optimization technology and next generation services.

9.      In 2006, Flash Networks set up an internal team of personnel to research the possibility of enhancing its optimization to provide content control technology, on a strictly confidential basis. I lead that internal team.

10.     Where Flash Networks is in the development and testing process of this product, the type of technology it is using and the identity and terms of its relationship with its potential customer are extremely confidential. Disclosure of this information would provide a commercial advantage to Flash Networks' and the potential customer's competitors, would interfere with their business relationships and likely lead to the destruction of Flash Networks' ability to continue to develop that product and commercialize it. In light of the Company's investment of time and money into the development of this product thus far, such a result would be devastating to Flash Networks.

11.     Moreover, it would be unduly burdensome for me to provide the requested testimony as I live and work in Israel (which, as stated above, is where the parent company's headquarters are located). As a non-party to this action, it would be unreasonable to require that I travel overseas to appear and provide testimony in this matter, as I do not live, work or regularly transact business in person in the United States (though I travel there for business, from time to time). In addition, to require such travel would require Flash Networks to incur substantial and unreasonable expenses.

12.     To the extent that the ACLU is seeking testimony regarding the first category of information, I am the appropriate person at the Company to provide such testimony since I am the individual most knowledgeable about both the Company's mobile filtering products and its related commercial issues. The information sought, however, includes confidential, proprietary, trade secret and/or otherwise protected information subject to strict non-disclosure and confidentiality agreements with our customers. This danger is particularly true with regard to the testimony sought by the ACLU from Flash Networks that relates to technology that is still in development, but has not yet been commercially rolled out to customers.

13. To the extent that the ACLU is seeking testimony regarding the second category of information, Flash Networks is not in a position to offer testimony about specific products offered by other companies. Moreover, such testimony would be beyond an appropriate scope of testimony and could potentially infringe upon other companies' confidential research, development or commercial information.

14. Furthermore, although the ACLU subpoenaed testimony from the Company's Director of Sales, Joseph Fried, who works in Edison, New Jersey, Mr. Fried is a sales and marketing representative and not the appropriate individual to testify about the technical information required by the requested categories of information. Mr. Fried's current job description includes covering sales, sales-channel and support activities for North America as well as leading consultative activities and working with channel partners to support United States activities and to establish sales activities in Asia.

15. Prior to his current position, Mr. Fried also worked as the Company's Director of Business Development and Strategic Planning from 2002-2004; prior to that position, he worked as the Company's Director of Product Management from 1999-2001. In those positions, Mr. Fried handled responsibilities that included marketing, business development, sales support, and related activities. Mr. Fried does not handle and has not handled the technical aspects of the Company's mobile filtering products -- the knowledge about which would certainly be required to provide the ACLU's requested testimony.

By: /s Liam Galin

**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey  07068
973.597.2500
973.597.2400 (fax)
nalbano@lowenstein.com
mcaffrey@lowenstein.com
Attorney No. 59855
Attorneys for Flash Networks, Inc.

Dated:  October 26, 2006