**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity | : | |
| as Attorney General of the United States | : | |

**<u>ORDER</u>**

      **AND NOW,** this 1st day of November, 2006, upon consideration of defendant's objections to the testimony of certain fact witnesses for plaintiffs, on the basis that they were not disclosed until October 3, 2006 in the final pretrial order (Doc. No. 326, pgs. 4-8), the court finds the following:

      1.     In his initial request for interrogatories, defendant sought to have plaintiffs identify "all witness you intend to call at trial" ("Interrogatory 1"). <u>See</u> (Doc. No. 239, pg. 10).

      2.     Plaintiffs subsequently objected to and refused to respond to this interrogatory question claiming that it was premature.  As a result, on November 22, 2005, defendant filed a motion to compel responses to, *inter alia*, Interrogatory 1.  (Doc. No. 223).

      3.     On December 22, 2005, the court denied defendant's request to compel plaintiff to answer this interrogatory question and found that "While [this] . . . information [is] clearly relevant, plaintiffs contend that they simply do not currently know upon what witnesses . . . they will rely.  As a result, defendant's . . . interrogator[y] 1 . . . [is] premature.  As the requested information becomes known, plaintiffs are obligated to timely transmit that information to defendant."  (Doc. No. 239, pg. 12).

      4.     On April 20, 2005, pursuant to Pretrial Order 14 (Doc. No. 185), the parties learned that they would be obliged to file the long form of final pretrial order pursuant to Local Rule of Civil Procedure 16.1(d)(2)(a), which would include finalized witness lists.  <u>See</u> Loc. R Civ. P. 16.1(d)(2)(b)(5).

      5.     On March 1, 2006, pursuant to Pretrial Order 24 (Doc. No. 258), the parties learned that the final pretrial order, including the witness lists, would be due on October 2, 2006.  On September 20, 2006, the final pretrial order due date was reinforced by Pretrial Order 26 (Doc. No. 310, pg. 2).  The court notes that the October 2, 2006 due date was amended to October 3, 2006 by Pretrial Order 27 (Doc. No. 313).

6.      In defendant's list of objections to witnesses, trial exhibits, and deposition designations filed on October 9, 2006 (Doc. No. 326), he objected to the following fact witnesses because, *inter alia*, they were not disclosed until the final pretrial order was filed on October 3, 2006:  Alicia Smith, Wayne Snellen, Marilyn Jaye Lewis, Joseph Fried, Dwight Wesley Miller, Terri Kirk, Clover Taylor, Tava Smathers, Jonjie Sena, and Barbara DeGenevieve.  (Id. at p. 4-8).

7.      As stated above, both parties knew the final date on which witness lists would be filed.  Moreover, after his November 22, 2005 motion to compel, defendant never again raised the instant issue with the court or plaintiffs, according to plaintiffs' counsel.  If this issue was paramount to defendant, it would have been prudent for him to have raised it again during the nine months between December 22, 2006 when this court declined to compel plaintiffs to respond to Interrogatory 1 and October 9, 2006 when defendant filed the objections at issue.  This court concludes that plaintiffs' disclosure of the identity of these witnesses in the final pretrial order on October 3, 2006 is not *per se* untimely.

8.      Defendant has also failed to show that plaintiffs knew the identity of the disputed witnesses before October 3, 2006 or that any prejudice to defendant arose from not having known the identities of these witnesses before October 3, 2006.

As a result, it is hereby **ORDERED** that:

9.      defendant's objections to Alicia Smith, Wayne Snellen, Marilyn Jaye Lewis, Joseph Fried, Dwight Wesley Miller, Terri Kirk, Clover Taylor, Tava Smathers, Jonjie Sena, and Barbara DeGenevieve on the grounds that they are fact witnesses who were not disclosed prior to October 3, 2006 in the final pretrial order are **OVERRULED**; and

10.     all other objections to these witnesses have either been raised and ruled upon or will be ruled upon if and when they are raised by defendant at the appropriate time.


  S/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.

2