IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN CIVIL LIBERTIES UNION, et al. : CIVIL ACTION
:
v. : NO. 98-5591
:
ALBERTO R. GONZALES in his official capacity :
as Attorney General of the United States :

**ORDER**

**AND NOW,** this 7th day of November, 2006, upon consideration of the plaintiffs' letter request (Doc. No. 387) to move into evidence the January 1999 preliminary injunction hearing testimony of Dr. Donna Hoffman, Christopher Barr and Thomas R. Reilly as well as the eight declarations of: Patricia Nell Warren (dated November 16, 1998); Lawrence Ferlinghetti (dated December 8, 1998); Miriam Sontz (dated November 17, 1998); Christopher Finan (dated November 16, 1998); John William Boushka (dated December 8, 1998); John E. Noring (dated December 9, 1998); Marc Rotenberg (dated November 23, 1998); and Marc Segal (dated December 9, 1998) which were admitted into evidence at the preliminary injunction hearing, and defendant's response thereto (Doc. No. 388), the court finds the following:

   1. Under Federal Rule of Civil Procedure 65(a)(2) "any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial." Fed. R. Civ. P. 65(a)(2).

   2. However, under Federal Rule of Evidence 403, even relevant evidence may be excluded if, *inter alia*, its presentation would waste time or would be needlessly cumulative.

   3. The evidence at issue, which concerns technological issues, is nearly eight years old. In fact, the Supreme Court, in remanding this case, determined that "the factual record [from the preliminary injunction hearing] does not reflect current technological reality - a serious flaw in any case involving the Internet." <u>Ashcroft v. ACLU</u>, 542 U.S. 656, 671 (2004).

4.	As a result of the dated nature of the evidence at issue and the quickly evolving nature of technology and the Internet, the hearing testimony and declarations are of dubious relevancy and their introduction would merely waste time.  This conclusion also reaches the expert testimony of Dr. Hoffman, upon which the court relied in granting the preliminary injunction.  While some of Dr. Hoffman's testimony could still be current and, thus, relevant, trying to separate such information from dated information would be unduly burdensome especially since plaintiffs do not suggest admitting only portions of the testimony.

5.	The hearing testimony and declarations at issue are also cumulative of other evidence which has already been presented at trial.

6.	The hearing testimony and declarations at issue do not constitute testimony in this trial since these individuals did not testify at the trial and defendant has had no opportunity to cross-examine them during this trial.

Therefore, it is hereby **ORDERED** that:

7.	The request of plaintiffs is **DENIED** because the January 1999 preliminary injunction hearing testimony of Dr. Donna Hoffman, Christopher Barr and Thomas R. Reilly as well as the eight declarations of: Patricia Nell Warren (dated November 16, 1998); Lawrence Ferlinghetti (dated December 8, 1998); Miriam Sontz (dated November 17, 1998); Christopher Finan (dated November 16, 1998); John William Boushka (dated December 8, 1998); John E. Noring (dated December 9, 1998); Marc Rotenberg (dated November 23, 1998); and Marc Segal (dated December 9, 1998) are cumulative and their presentation would waste time.  Fed. R. Ev. 403.[1]

    S/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.

---

[1] There are other admissibility issues for some of the proffers which this court does not reach.