IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity as Attorney General of the United States | : : | |

**ORDER**

      **AND NOW,** this 7th day of November, 2006, upon consideration of the plaintiffs' request made during the trial on November 6, 2006 to enter into evidence their trial exhibits 43, 44, 45, 46, and 118 and the arguments heard thereon, the court finds the following:

      1.    Plaintiffs' trial exhibits 43, 44, 45, 46, and 118 consist of "selected pages from the web sites of plaintiffs in this case who are not testifying." (11/6/06 Trial Transcript, pg. 244, lns. 6-7). Plaintiffs claim that these exhibits contain examples of material for which these non-testifying plaintiffs reasonably fear prosecution under COPA. (Id. at 246, lns. 13-18).

      2.    In order to show standing, plaintiffs must, *inter alia*, establish that because of their Internet speech, they reasonably fear prosecution under COPA. See Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979); Virginia v. Am. Booksellers Ass'n, Inc., 484 U.S. 383, 392-93 (1988).

      3.    Plaintiffs allege that the exhibits are relevant and admissible because it is "self-evident that if the documents about which there has already been testimony about reasonable fear of prosecution are compared to these documents, then these documents would also form the basis for reasonable fear of prosecution." (11/6/06 Trial Transcript pg. 247, lns. 8-12). Essentially, plaintiffs ask this court to infer that these new exhibits invoke a reasonable fear of prosecution under COPA in the relevant non-testifying plaintiffs simply because other plaintiffs have testified that they have such a fear based on similar exhibits previously entered into evidence.

      4.    Defendant counters that the exhibits alone are meaningless without testimony from the relevant plaintiffs to establish that they in fact do fear prosecution under COPA because of the web pages. (Id. pg. 249, lns. 8-19).

      5.    I agree with defendant and find that such an inference, that these non-testifying plaintiffs do fear prosecution based on these exhibits merely because similar testifying plaintiffs claimed to have a fear of prosecution based on similar materials, is not a permissible

inference for this court to make.  Without testimony from the relevant plaintiffs that they fear prosecution under COPA based on the materials in the exhibits at issue, the exhibits have no value.

      6.    Moreover, these exhibits are cumulative of evidence already in the record. See Fed. R. Ev. 403.

      Therefore, it is hereby **ORDERED** that:

      7.    Plaintiffs' request to enter into evidence their trial exhibits 43, 44, 45, 46, and 118 is **DENIED**.

      S/ Lowell A. Reed, Jr.
      LOWELL A. REED, JR., S.J.