IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 98-5591 |
| | : | |
| ALBERTO R. GONZALES in his official capacity as Attorney General of the United States | : : | |

**ORDER**

**AND NOW,** this 9th day of November, 2006, upon consideration of plaintiffs' objection to defendant calling Mr. Timothy Sloane ("Mr. Sloane") as a fact witness to rebut portions of the expert testimony from plaintiffs' expert witness Professor Ronald Mann, the court finds the following:

1. On November 7, 2006, defendant provided to plaintiffs an offer of proof regarding the rebuttal testimony of Mr. Sloane. Mr. Sloane's proposed testimony would allegedly be based upon his personal experience gained as a principal analyst at the Mercator Advisory Group and as author of the 3rd Annual Open Prepaid Market Survey ("Survey"). Specifically, defendant claimed that Mr. Sloane would testify about:

    a. "the size and composition of the market segments of the U.S. prepaid card market vs. the U.S. credit/debit card market;"

    b. "the development, growth, size, and use of store-based cards, and prepaid cards with the MasterCard and Visa logo on them;"

    c. "the market segments which prepaid card issuers target; and"

    d. "card issuers' interpretations and practices concerning various regulations from the Federal Reserve Bank and Office of the Comptroller of the Currency."

2. Plaintiffs have previously objected to Mr. Sloane testifying in their Objections to Certain Witness Testimony and Admissibility of Certain Exhibits (Doc. No. 329, pgs. 3-4) and during the pretrial conference held on October 19, 2006 (Doc. No. 382, pgs. 120-122) on the grounds that the substance of Mr. Sloane's proposed testimony is actually lay opinion testimony or expert testimony. By letter dated November 9, 2006, plaintiffs renewed this objection to which defendant responded in a letter dated the same.

       3.      Several if not all of the specific topics listed above appear to be within the realm of expert or lay opinion testimony and to be inappropriate topics for fact witness testimony because they will necessarily involve hearsay and opinions.  See e.g. Fed. R. Ev. 602 & 701-703; Thomas & Betts Corp. v. Richards Manuf., 2006 U.S. Dist. Lexis 16636, at *32-34 (D.N.J. April 3, 2006) (citing Teen-Ed, Inc. v. Kimball, Int'l, Inc., 620 F.2d 399, 403-404 (3d Cir. 1980).  Regardless, Mr. Sloane would only be able to testify regarding the experiences that he personally witnessed.  These experiences would thus be limited and would not represent the entire national market regarding payment cards.  Therefore, the probative value and relevance of his testimony would be very low.  See Fed. R. Ev. 401 - 403.

       4.      This court has previously held that "A fact witness is clearly not qualified to testify regarding the standards of objective surveying and statistical techniques perhaps utilized by [this] survey[]; such conclusions are indeed opinions." (Doc. No. 355, ¶¶ 13-14); see Pittsburgh Press Club v. U.S., 579 F.2d 751, 757-759 (3d Cir. 1978).  As a result, Mr. Sloane may not be used as the vehicle to admit his Survey, Defense Exhibit 45, into evidence.

       Therefore, it is hereby **ORDERED** that:

       5.      Plaintiffs' objection to the testimony of Mr. Sloane is **SUSTAINED** and Mr. Sloane shall not testify; and

       6.      Mr. Sloane's Survey, Defense Exhibit 45, is not admissible because defendant has merely produced a fact witness who is not permitted to testify to his opinions of the Survey's circumstantial guarantees of trustworthiness.

                                 S/ Lowell A. Reed, Jr.
                                   LOWELL A. REED, JR., S.J.