UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., : <br>         Plaintiffs, : <br> : <br> v. : <br> : <br> ALBERTO R. GONZALES, in his official : <br> capacity as Attorney General of the United : <br> States, : <br>         Defendants. : | Civil Action No. 98-5591 |

---

## O R D E R

**AND NOW**, this ____ day of November, 2006, upon consideration of non-party witness, Veratad Technologies LLC's (Veratad) Motion to Seal Documents and Testimony, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and

1.    The documents previously produced by and the excerpts of Ms. Pattie Zelle Dillon of Veratad this matter shall be sealed pursuant to the Rule 5.1.5 of the Rules of Civil Procedure of the United States District for the Eastern District of Pennsylvania.

2.    The proceedings of Ms. Pattie Zelle Dillon shall be under seal.

                                                     **BY THE COURT:**

                                                          _____

                                                                                                              **J.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

AMERICAN CIVIL LIBERTIES UNION, :
et al., :
        Plaintiffs, :
         :
        v. : Civil Action No. 98-5591
         :
ALBERTO R. GONZALES, in his official :
capacity as Attorney General of the United :
States, :
        Defendants. :

---

**MOTION OF NON-PARTY WITNESS, VERATAD TECHNOLOGIES LLC TO SEAL DOCUMENTS AND TESTIMONY**

Non-Party Witness, Veratad Technologies LLC ("Veratad"), by its undersigned counsel, hereby moves this Court for an Order seeking to hold under seal certain documents and testimony. In further support of this Motion, Veratad incorporates by reference the annexed Memorandum of Law.

        Respectfully submitted,

        SILVERMAN BERNHEIM & VOGEL

        By:_____dsb6793_____
        Daniel S. Bernheim, 3d, Esquire
        Attorney for Non-Party Witness,
        Veratad Technologies LLC

        PA I.D. No. 32736

        Two Penn Center Plaza, Suite 910
        Philadelphia, PA 19102
        (215) 569-0000

**Of Counsel:**
Keith L. Hovey, Esquire
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Phone 732-855-6196
Fax    732-726-6576

#2820614

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

AMERICAN CIVIL LIBERTIES UNION, :
et al., :
        Plaintiffs, :
:
        v. :    Civil Action No. 98-5591
:
ALBERTO R. GONZALES, in his official :
capacity as Attorney General of the United :
States, :
        Defendants. :

---

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NON-PARTY WITNESS, VERATAD TECHNOLOGIES LLC, TO SEAL DOCUMENTS AND TESTIMONY

 

SILVERMAN BERNHEIM & VOGEL
Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(215) 569-0000

        -and-

Of Counsel:
WILENTZ, GOLDMAN & SPITZER P.A.
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Non-Party Witness
Veratad Technologies LLC

On the Brief
Keith L. Hovey, Esq.

#2820614

-i-

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 3 |
| POINT I | 4 |
|     THE DOCUMENTS AND DEPOSITION EXCERPTS, ALONG WITH THE PROCEEDINGS, SHOULD BE UNDER SEAL FROM THE PUBLIC RECORD BECAUSE DISCLOSURE OF VERATAD'S SENSITIVE BUSINESS INFORMATION WILL RESULT IN IRREPARABLE HARM. | 4 |
| CONCLUSION | 6 |

-ii-

# TABLE OF AUTHORITIES

**PAGE**

## CASES

Nixon v. Warner Communications, Inc.,
  435 U.S. 589 (1978) ................................................................................................ 4

Pansy v. Borough of Stroudsburg,
  23 F.3d 772 (3d Cir. 1994) ...................................................................................... 3

Publicker Inds., Inc. v. Cohen,
  733 F.2d 1059 (3d Cir. 1984) .................................................................................. 4

Sprinturf, Inc. v. Southwest Recreational Industries, Inc.,
  216 F.R.D. 320 (E.D. Pa. 2003) .............................................................................. 4

## OTHER AUTHORITIES

Rule 30(b)(6)............................................................................................................... 2

## RULES

Arthur R. Miller, Confidentiality, Protective Orders, and Public
  Access to the Courts,
  105 Harv. L. Rev. 427 (1991)................................................................................... 4

E.DIST. OF PA. FEDERAL PRACTICE RULE 5.1.5 (West Group, 3d Ed.)................................. 3

## **PRELIMINARY STATEMENT**

Veratad Technologies LLC ("Veratad") provides age and identity verification services to companies selling age sensitive products and services over the internet. Given the vast experience of its employees, the quality of its product, and its reputation in the field of age and identity verification software, Veratad was subpoenaed to produce documents and have a corporate designee testify about its customers, competitors, and software.

Pursuant to an existing agreed protective order, Veratad produced documents and both parties deposed Ms. Pattie Zelle Dillon ("Ms. Dillon"), president of Veratad. Both the documents produced and Ms. Dillon's deposition testimony dealt with sensitive business information, such as the financial terms and conditions with current clients, competitor information, and software trade secrets, including the development of existing and future software technologies.

Recently, Veratad was informed that the parties may introduce those documents previously produced by Veratad, along with excerpts from Ms. Dillon's prior testimony, at trial and without the benefit of the prior protective order. In the absence of any protective order, Veratad's sensitive business information will become part of the public record. Failure to seal such information from the public record will expose sensitive business information to Veratad's competitors that will provide them an unfair advantage in the marketplace. Such an unfair advantage will exist as Veratad's competitors will now have access to its terms and conditions with clients and access to Veratad's technology trade secrets. Publicly disclosing this information to Veratad's competitors will cause Veratad irreparable harm. Therefore, Veratad respectfully requests that its documents and depositions excerpts introduced at trial be placed under seal, along with the related proceedings.

## STATEMENT OF FACTS

On January 31, 2006, non-party witness Veratad, formerly Etal, Inc.[1], received a subpoena in this matter. The subpoena requested that Veratad produce documents and designate an individual to be deposed as a corporate witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (A true copy of the letter and subpoena dated January 31, 2006, is attached hereto as Exh. B.) A copy of the Agreed Protective Order ("Protective Order") filed with the Court dated June 29, 2005 was enclosed with the subpoena. (Id.)

Subsequently, Veratad produced documents in accordance with the subpoena and under the protection of the Protective Order. Thereafter, on March 2, 2006, Ms. Dillon as president of Veratad was deposed by the parties. (A true copy of the cover page of Ms. Dillon's deposition is attached hereto as Exh. C.) The parties further agreed with counsel on behalf of Ms. Dillon that her deposition testimony also was covered by the Protective Order.

The documents produced by Veratad contain sensitive information regarding pricing, customer fee arrangements, and the terms and conditions of Veratad's service. In her deposition, Ms. Dillon testified as to the same. In addition, she also testified as to Veratad's competitors, its research and development of current and future technologies, and its terms and conditions with current clients.

The Protective Order which covered the documents Veratad produced and the deposition of Ms. Dillon allows for a party whose confidential materials are to be produced at trial to move

---

[1] During discovery in this matter and in the spring of 2006, Veratad acquired the assets, including the age verification system of Etal, Inc., of which Ms. Dillon was the president and owner. Upon Veratad acquiring the assets of Etal, Inc., Ms. Dillon then became the president of Veratad. Therefore, Veritad has ownership and the rights to any and all documents, information, and trade secrets now before the Court. (A true copy of a letter dated September 11, 2006, from Keith L. Hovey, Esq. is attached as Exh. A.)

before the Court to have the confidential materials placed under seal. Specifically, the Protective Order provides:

> If a party intends to offer into evidence, or for purposes of impeachment, any Confidential Information during trial . . . counsel for the producing entity asserting confidentiality must be so informed in writing not less than five business days in advance of the party offering such Confidential information, or within such other time period that is reasonable under the circumstances. As long as such notification is provided, any Confidential Information may be offered in open court unless the producing entity that designated the material as confidential obtains a protective order or a ruling from the Court providing otherwise.

(Exh. B at ¶10 of the Agreed Protective Order dated June 29, 2006.)

On October 12, 2006, and November 9, 2006, the ACLU notified counsel that it intended on introducing documents and Ms. Dillon's prior deposition testimony at trial. (A true copy of the letters dated October 12, 2006, and November 9, 2006 are attached hereto as Exh. E.) Counsel for Veritad was subsequently notified by the Department of Justice that Ms. Dillon was scheduled to testify on or around November 16, 2006. In turn, Veritad now makes this application to seal from public viewing Veratad's documents and excerpts of Ms. Dillon's deposition testimony, as well as the proceedings related thereto, that contain financial information, competitor information, and trade secrets.

## ARGUMENT

Local Civil Rule 5.1.5 provides that "[a] document in a civil action may be filed under seal only if . . . the Court orders the document sealed." E.DIST. OF PA. FEDERAL PRACTICE RULE 5.1.5 (West Group, 3d Ed.). The Third Circuit Court of Appeals in <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994), held that a court may seal materials where "[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." <u>Id.</u> at 785. Whether good cause for such an order exists depends

upon a "'balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public.'" Id. at 787 (quoting Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 HARV. L. REV. 427, 433-35 (1991)).

Here, the documents and the prior deposition testimony to be introduced at trial contain sensitive business information, in the form of customer pricing, competitor comparisons, and software trade secrets. Therefore, for the reasons set forth below, non-party witness Veritad respectfully requests that the evidence to be introduced at trial and the proceedings be under seal and excluded from the public record.

## POINT I

### THE DOCUMENTS AND DEPOSITION EXCERPTS, ALONG WITH THE PROCEEDINGS, SHOULD BE UNDER SEAL FROM THE PUBLIC RECORD BECAUSE DISCLOSURE OF VERATAD'S SENSITIVE BUSINESS INFORMATION WILL RESULT IN IRREPARABLE HARM.

"[T]here are certain exceptions to the presumptive openness of judicial proceedings." Publicker Inds., Inc. v. Cohen, 733 F.2d 1059, 1070 (3d Cir. 1984) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)). One of those exceptions recognized by the courts is "the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm." Id. at 1071. The threat of irreparable harm exists to a company where public disclosure of sensitive business information will give an unfair advantage to its competitors in soliciting and procuring clients in the marketplace, especially information about products and development. Sprinturf, Inc. v. Southwest Recreational Industries, Inc., 216 F.R.D. 320, 324 (E.D. Pa. 2003).

Veratad, a non-party witness in this matter, has provided sensitive business information pursuant to a subpoena and under the Protective Order. As a non-party witness in this matter,

Veritad has no claim or issue before the Court. Nevertheless, Veratad has provided information that contains Veratad's financial arrangements with clients, competitor comparisons, and trade secrets in the form of products and research and development. None of this sensitive information is at issue in the underlying matter.

Regardless, if this information were to be disclosed to the public (i.e., Veratad's competitors), and the documents, deposition excerpts, and the proceedings are not placed under seal, Veratad's competitors can gain access to this information. If so, Veratad's competitors will gain a distinct advantage over Veratad in the marketplace. Given that the technologies market is a vastly competitive industry, Veratad simply requests that the Court place those documents and testimony to be introduced at trial and the proceedings involving the same be under seal in accordance with the terms of the Protective Order in which they were initially disclosed.

## CONCLUSION

For all of the foregoing reasons, non-party witness Veratad, Inc. respectfully requests that the Court grant their motion to seal the record with respect to the documents produced by Veratad, Inc. and excerpts of the deposition of Ms. Pattie Zelle Dillon that the parties seek to introduce at trial, and the related proceedings.

**Respectfully submitted,**

**SILVERMAN BERNHEIM & VOGEL**

By: _____dsb6793_____
**Daniel S. Bernheim, 3d, Esquire**
Attorney for Non-Party Witness,
Veratad Technologies LLC

PA I.D. No. 32736

Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(215) 569-0000

**Of Counsel:**
Keith L. Hovey, Esquire
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
Phone   732-855-6196
Fax       732-726-6576

**CERTIFICATION OF SERVICE**

I, Daniel S. Bernheim, 3d, Esquire, hereby certify that a true and correct copy of the foregoing Motion of Non-Party Witness, Veratad Technologies LLC to Seal Documents and Testimony was served upon all counsel of record pursuant to the Notice of Electronic Filing.

SILVERMAN BERNHEIM & VOGEL

By: _____dsb6793_____
Daniel S. Bernheim, 3d, Esquire

#2821321