# Exhibit A

# WILENTZ
# GOLDMAN
# &SPITZER P.A.

### ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091
Fax (212) 267-3828

http://www.wilentz.com

Please reply to:
Woodbridge
Direct Dial: (732) 855-6196
Direct Fax: (732) 726-6576
email: khovey@wilentz.com

DAVID T. WILENTZ (1919-1988)
G. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1925-1988)

WARREN W. WILENTZ
MATTHIAS D. DILEO
MORRIS BROWN
FREDERICK K. BECKER
NICHOLAS L. SANTOWASSO
RICHARD F. LERT
JOHN A. HOFFMAN
STEPHEN E. BARCAN
FRANCIS V. BONELLO
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH
STUART A. HOBERMAN
STEPHEN A. SPITZER
ANNE S. BABINEAU
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
SHELDON E. JAFFE
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
ALAN WASSERMAN
JAMES E. TRABILSY
MAUREEN S. BINETTI
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT
MICHAEL F. SCHAFF
ANGELO JOHN DIFALDI
FRANCIS X. JOURNICK, JR.
KEVIN M. BERRY
NOEL S. TONNEMAN
JOHN T. KELLY
C. KENNETH SHANK

BARRY A. COOKE
JON G. KUPILIK
PETER R. HERMAN
EDWARD T. KOLE
HESSER G. McBRIDE, JR.
ERIC JOHN MARCY
ROBERT C. KAUTZ
VIOLA S. LORDI
LYNNE M. KIZIS
KEVIN P. RODDY
STEVEN P. MARSHALL
DOUGLAS WATSON LUBIC
CHERYL J. OBERDORF
LISA A. GORAB
RUSSELL J. FISHKIND
FRED HOPKE
CHARLES F. VUOTTO, JR.
DONALD E. TAYLOR
BARRY R. SUGARMAN
BRETT R. HARRIS
ALFRED M. ANTHONY
DARREN M. GELBER
MATTHEW M. WEISSMAN
WILLIAM J. LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM
WILLARD C. SHIH
BLAIR R. ZWILLMAN
STEVEN R. ENSS
LAWRENCE C. WEINER

OF COUNSEL
ROBERT A. PETITO
HAROLD G. SMITH
ALFRED J. HILL (1962-2002)
ROBERT J. CIRAFESI (1970-2004)
ALAN B. HANDLER
DOUGLAS T. HAGUE
MYRON ROSNER

COUNSEL
DAVID P. PEPE
SUSANNE S. O'DONOHUE

RISA A. KLEINER
RUTH D. MARCUS
RICHARD J. BYRNES
JAY V. SURGENT
LEE ANN McCABE
LAURIE E. MEYERS
JAMES B. LUNDY
ELIZABETH FARLEY MURPHY
JAMES E. TONREY, JR.
DEIRDRE WOULFE PACHECO
ROBERTO BENITES

ASSOCIATES
LINDA LASHBROOK
LORETTA KIRSCH PRIVES
YVONNE MARCUSE
ELIZABETH C. DELL
ABBY RESNICK-PARIGIAN
BRIAN KALVER
ELLEN TORREGROSSA-O'CONNOR
NANCY A. SLOWE
KELLY A. ERHARDT-WOJIE
JEFFREY J. BROOKNER
JAMES E. McGUIRE
FRANCINE E. TAJFEL
ELIZABETH SISO BAIR
RONALD P. COLICCHIO
M. MATTHEW MANNION
DANIEL M. SERVISS
COURTENAY C. HANSEN
TODD E. LEHDER
JOHN M. CANTALUPO
JOHN E. KEEHAN
DONNA A. McBARRON
DANIEL R. WASP
JOSEPH R. ZAPATA, JR.
JOHN P. MURDOCH II
ANNA MARIA TEJADA
MARY H. SMITH
EDWARD J. ALBOWICZ
THOMAS P. KELLY

ANNA I. MONFORTH
JENNIFER D. SOYKA
EVERETT M. JOHNSON
ALEX LYUBARSKY
GERASIMOS M. XITSOPOULOS
KEVEN H. FRIEDMAN
GREGORY D. SHAFFER
JESSICA S. PYATT
LOUIS J. SEMINSKI, JR.
LILLIAN A. PLATA
ROBERT L. SELVERS
PAMELA R. GOLD-ZAFRA
ALYSON M. LEONE
JULIE A. DEMARLE
KEITH L. HOVEY
GEMMA L. ABERNOVICH
KRISTEN M. BENEDETTO
KARL AUGUST DORAVART
GIRA A. DESAI
JOSEPH J. RUSSELL, JR.
DEEPA KAREN
DANIEL A. PRUPIS

◄ Certified Civil Trial Attorney
□ Certified Criminal Trial Attorney
‡ Certified Matrimonial Attorney
† Certified Workers Compensation Attorney
* National Certified Civil Trial Specialist
   Approved by the ABA
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MD
8 Admitted VA
9 Admitted CA
10 Admitted FL

September 11, 2006

## VIA FACSIMILE & REGULAR MAIL

Katharine E. Marshall, Esq.
Latham & Watkins
885 Third Avenue
Suite 1000
New York, NY 10022-4834

Eric J. Beane, Esq.
Trial Attorney - Federal Programs Branch
US Department of Justice
Civil Division
20 Massachusetts Avenue, N.W.
Washington, D.C. 20529

Re:   **American Civil Liberties Union  v. Alberto Gonzales,**
      **Civil Action No. 98-CV-5591**

Dear Ms. Marshall and Mr. Beane:

As you recall, Ms. Pattie Dillon was deposed as a fact witness on March 2, 2006. At her deposition, she indicated that her company, Etal, Inc., was in the process of selling its age verification business to another company and that she would become an executive employee of such acquirer. Please be advised that the acquisition has been completed and Etal, Inc. sold substantially all of its assets to Veratad Technologies LLC ("Veratad") with an effective acquisition date of February 1, 2006, and Ms. Dillon became employed as the President of Veratad as of such date.

#2795677



 

Given that neither Ms. Dillon or Veratad are parties to the underlying litigation, please advise whether discovery has been completed and when the above matter has been scheduled for trial. Thank you in advance for your courtesies.

If you have any further questions, please feel free to contact me.

Very truly yours,

KEITH L. HOVEY

KLH/

# Exhibit B

02/01/2006 05:21 FAX 716 372 3300          ETAL INC.                          ☑002
11/22/2013 02:58 FAX                                                          ☑002/002

# LATHAM&WATKINS<sup>LLP</sup>

83rd at Third
845 Third Avenue
New York, New York 10022-4534
Tel: (212) 906-1200  Fax: (212) 751-4864
www.lw.com

FIRM / AFFILIATE OFFICES

Brussels          New York
Chicago           Northern Virginia
Frankfurt         Orange County
Hamburg           Paris
Hong Kong         San Diego
London            San Francisco
Los Angeles       Shanghai
Milan             Silicon Valley
Moscow            Singapore
Munich            Tokyo
New Jersey        Washington, D.C.

File No. 500001-0001

January 31, 2006

## BY HAND DELIVERY

Et Al., Inc.
Attn.: Pattie Dillon
124 N. Union St. Suite 205
Olean, NY 14760

> Re:   *ACLU, et al, v. Attorney General Alberto R. Gonzales,*
>       Docket # 02:98-CV-05591-LR

Dear Ms. Dillon:

Enclosed please find a subpoena commanding Et Al., Inc. to produce documents in the above captioned matter and to designate someone pursuant Federal Rule of Civil Procedure 30(b)(6) to appear to testify at the taking of a deposition. The deposition is scheduled for Friday, February 13, 2006, at the offices of the New York Civil Liberties Union located at 712 Main Street in Buffalo, New York. Alternatively, we are willing to take the deposition at the offices of Et Al., Inc.

Enclosed please also find a copy of the Agreed Protective Order that has issued in this case. The Order provides confidentiality for discovery material that contains or reflects trade secrets, research and development, or information of a financial, commercial or otherwise proprietary nature, or other sensitive, non-public information, which the producing entity reasonably believes would be harmful to the business of that entity if publicly disclosed.

Plaintiffs are a diverse collection of online content providers who are challenging the constitutionality of the Child Online Protection Act ("COPA"), 47 U.S.C. § 231. COPA imposes criminal and civil sanctions on persons who "by means of the World Wide Web, make[] any communication for commercial purposes that is available to any minor and that includes any material that is harmful to minors." 47 U.S.C. § 231(a)(1)-(3). Section 231(e)(1) of COPA provides an affirmative defense to prosecution if the defendant,

> "in good faith, has restricted access by minors to material that is harmful to
> minors -- (A) by requiring use of a credit card, debit account, adult access code, or
> adult personal identification number; (B) by accepting a digital certificate that
> verifies age; or (C) by any other reasonable measures that are feasible under
> available technology." (emphasis added).

02/01/2008 05:22 FAX 716 372 3300        ETAL INC.                    ☒003
    11/22/2013 02:45 FAX                                                ☒001/026

ETAL, Inc.
January 31, 2008
Page 2

## LATHAM&WATKINS℠

In light of the statutory language at issue, discovery relating to currently available technologies for restricting access by minors to harmful materials is of obvious importance in this case. Please confirm receipt of this subpoena, either by contacting me at (212) 906-1842 or by e-mail at jeroen.vankwawegen@lw.com. Please also feel free to contact me with any questions you may have.

Truly yours,

Jeroen van Kwawegen
of LATHAM & WATKINS LLP

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION,<br>et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALBERTO R. GONZALES, in his official<br>capacity as Attorney General of<br>the United States,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 98-CV-5591<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION

The undersigned hereby declares under penalty of perjury that he (she) has read the Agreed Protective Order (the "Order") entered in the United States District Court for the Eastern District of Pennsylvania in the above-captioned action, understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any confidential information made available to him (her) other than in strict compliance with the Order.

DATED:_____          BY:_____

                                                     (type or print name)

02/01/2006 05:23 FAX 716 372 3300        ETAL INC.                                    ☑005
11/22/2013 02:45 FAX                                                                ☑002/026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMERICAN CIVIL LIBERTIES UNION, et al.

Plaintiffs,

v.

ALBERTO R. GONZALES, in his official capacity as
ATTORNEY GENERAL OF THE UNITED STATES

Defendant.

SUBPOENA IN A CIVIL CASE

CASE NO. 98 CV 5591

PENDING IN THE UNITED STATES
DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

TO: Et AL, Inc.
Attn.: Pattie Dillon
124 N. Union St. Suite 205
Olean, NY 14760

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case regarding the subject matters identified under the heading "Deposition Subject Matters" in Exhibit A, which is attached.

| PLACE | DATE AND TIME |
|---|---|
| New York Civil Liberties Union<br>712 Main St.<br>Buffalo, NY 14202 | February 13, 2006<br>9:30 a.m.<br>Recorded by video and/or stenographic means |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested under the heading "Document Requests" in Exhibit B at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| New York Civil Liberties Union<br>712 Main St.<br>Buffalo, NY 14202 | February 13, 2006<br>9:30 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

1

02/01/2006 05:23 FAX 716 372 3300        ETAL INC.                          ☒006
11/22/2013 02:46 FAX                                                          ☒003/028

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>January 31, 2006 |
|---|---|
| *(signature)*<br>Latham & Watkins LLP, Of Counsel to Plaintiff American Civil Liberties Union. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeroen van Kwawegen
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Phone: (212) 906-1200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO88 (11/91) Subpoena in a Civil Case

**PROOF OF SERVICE**

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

2

02/01/2006 05:24 FAX 716 372 3300        ETAL INC.                    ☑007
11/22/2013 02:46 FAX                                                 ☑004/026

Rule 45, Federal Rules of Civil Procedure, Parts C & D.

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

3

02/01/2006 05:24 FAX 716 372 3300          ETAL INC.                                    ☑008
11/22/2013 02:46 FAX                                                          ☑005/028

## Exhibit A

### I.

## CATEGORIES FOR DEPOSITION

1.  The functioning and methodology of AVS products and services.

2.  Applications, use and implementation of AVS products and services.

3.  Fees and compensation for AVS products and services.

4.  Chargebacks.

5.  Policies or actions of AVS providers and Financial Institutions regarding $0 dollar transactions, transactions involving a nominal fee, or verification in the absence of financial transactions.

6.  Marketing and business strategies of AVS providers.

7.  Content provided by Internet Content Providers using AVS products and services.

8.  Policies or actions taken by AVS providers and Financial Institutions to verify the age of end-users of their products and services.

9.  Policies or actions taken by AVS providers and Financial Institutions to maintain confidentiality of identifying information supplied by end-users of AVS products and services, including instances where such confidentiality was not preserved.

10. Communications and agreements between you and other AVS providers, Financial Institutions, and Internet Content Providers.

11. Communications between you and state, local, or federal governments.

4

## II.

## DEFINITIONS

As used herein:

A.   The term "AVS" shall mean any technological product, download, software, hardware or service in any medium that requires entering payment card information, debit account information, adult access codes, adult personal identification numbers or any other identifying information before allowing access to content or transactions on the Internet.

B.   The term "Financial Institutions" shall mean a person, corporation or other entity (including but not limited to Payment Card issuers, Payment Card associations such as Visa and MasterCard, and intermediary information processors).

C.   "Payment card" means any card containing information that permits users to make payments on the Internet, including but not limited to debit cards, credit cards, charge cards, and pre-paid cards.

D.   The term "Internet Content Provider" shall mean a person, corporation or other entity that provides content on the Internet.

E.   The term "communication" shall mean any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, electronic mail, facsimile, interview, conference, meeting or telephone conversation.

F.   The term "internet" means the combination of computer facilities and electromagnetic transmission media, and related equipment and software, comprising the interconnected worldwide network of computer networks that employ the Transmission Control Protocol/Internet Protocol or any successor protocol to transmit information.

5

02/01/2006 05:25 FAX 716 372 3300          ETAL INC.                                     ☑010
    11/22/2013 02:47 FAX                                                        ☑007/026

G.     "Chargeback" means a payment card transaction or other financial transaction that is

billed back to the internet content provider after the sale transaction is settled.

Chargebacks are initiated by the card issuer on behalf of the cardholder.

## Exhibit B

## I.

## DEFINITIONS

As used herein:

A.     "Child Online Protection Act" or "COPA" means 47 U.S.C. §231.

B.     Any term in the singular shall be deemed to include the plural where appropriate and vice versa.

C.     All terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include in the response any document that might be deemed non-responsive by any other construction.

D.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

E.     "Person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

F.     "You," "your," and "Et Al, Inc." mean Et Al, Inc. including any subsidiaries, parent entity, or sibling entity and regardless of the use of differing trade names (including but not limited to names designated by prefixes such as "doing business as" and "also known as," "now known as" and "formerly known as") or pseudonyms. "You," "your," and "Et Al, Inc." also mean any person or entity, past or present, owning or acting on behalf of Et Al, Inc..

G.     "United States" or "U.S." means the government of the United States, its agents, officers and employees.

H.     "Local" in reference to government means any governmental entity beneath the State level including, without limitation: counties, municipalities, cities, town, townships,

7

villages, local public authorities, school districts, special districts, intra-State districts,
councils of government (whether or not incorporated as a nonprofit corporation under
State law), or any other regional or interstate government entity.

I.   "Communication" means any written or verbal communication or other statement from
     one person to another, including, but not limited to, any letter, electronic mail, facsimile,
     interview, conference, meeting or telephone conversation.

J.   "Documents" means all communications, computer files and written, recorded and
     graphic materials of every kind including, without limitation:  electronic mail messages;
     webpages; electronic correspondence; drafts of documents; metadata and other
     bibliographic or historical data describing or relating to documents created, revised, or
     distributed on computer systems; copies of documents that are not identical duplicates of
     the originals; and copies of documents the originals of which are not in your possession,
     custody or control.

K.   "Computer files" means information stored in, or accessible through, computer or other
     information retrieval systems.  This includes documents that exist in machine-readable
     form including, without limitation, documents stored in personal computers, portable
     computers, workstations, minicomputers, mainframes, servers, backup disks and tapes,
     archive disks and tapes, and other forms of offline storage.

L.   "Internet" means the combination of computer facilities and electromagnetic transmission
     media, and related equipment and software, comprising the interconnected worldwide
     network of computer networks that employ the Transmission Control Protocol/Internet
     Protocol or any successor protocol to transmit information.

M.   "Website" means a set of interconnected webpages which are prepared and maintained as a collection of information on the Internet.

N.   "Webpage" means a document with text, images or other content that is available on the Internet.

H.   "Payment card" means any card containing information that permits users to make payments on the Internet, including but not limited to debit cards, credit cards, charge cards, and pre-paid cards.

I.   "Search Engine" means a program that is designed to help find information or content on the Internet.

O.   "Internet Service Provider" or "ISP" means a person, corporation or entity that provides access to the Internet.

P.   "Internet Content Provider" means a person, corporation or entity that provides content on the Internet.

Q.   "Age Verification Service" or "AVS" means any technological product, download, software, hardware or service in any medium that requires entering payment card information, debit account information, adult access codes, adult personal identification numbers or any other identifying information before allowing access to content or transactions on the Internet.

R.   "Chargeback" means a payment card transaction or other financial transaction that is billed back to the internet content provider after the sale transaction is settled. Chargebacks are initiated by the card issuer on behalf of the cardholder.

## II.

## INSTRUCTIONS

A.    In producing documents and things, you are requested to furnish all documents or things
      in your actual or constructive possession, custody, and/or control, including, without
      limitation, documents which may be in the physical possession of another person or
      entity such as your advisors, attorneys, investigators, employees, agents, associates,
      affiliates, and/or representatives.

B.    In producing documents, you are requested to produce a copy of each document
      requested, together with copies of all non-identical copies and drafts of that document.
      (A non-identical copy is a document which was initially identical in all respects to
      another document, but which now is no longer identical by reason of any notation or
      other modification of any kind whatsoever, including, without limitation, the generality
      of the foregoing, notes or modifications on the backs of pages or in the margin thereof,
      and/or on any copies thereof.)

C.    It is requested that all documents be produced in the form in which they are found in their
      normal filing place, and that the file folders or other bindings in which such documents
      are found be produced with the documents.  If for any reason the container cannot be
      produced, please produce copies of all labels or other identifying markings.

D.    Electronic documents and computer files are to be submitted in the form in which they
      are stored.  Documents may be produced electronically in a common page-based format
      providing images combined with or linked to searchable text files, with the files provided
      on an external network appliance or CD-ROM providing the files in a searchable local
      database format.

E.     Documents attached to each other should not be separated.

F.     It is requested that you refrain from damaging or destroying all requested documents and to otherwise preserve all requested documents.

G.     If any requested document cannot be produced in full, please produce it to the extent possible, indicating what portion or portions are being withheld and the reason it is being withheld.

H.     If a document otherwise responsive to this request was, but no longer is, in your actual or constructive possession, custody or control, please state whether the document (a) is lost or destroyed; (b) has been transferred to another person or entity either voluntarily or involuntarily; (c) has been otherwise disposed of; and, in each instance, (d) explain the circumstance surrounding the disposition, including the date or approximate date of the disposition.

I.     If you object to the production of any document requested, please state the reasons for your objection. If objection is made with respect to part of an item or category, please specify the part to which you object.

J.     If you withhold any documents on the basis of a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, and date, a description of each document, and all recipients of the original and any copies. Indicate the number and type of attachments, if any, to each document withheld. For each author, addressee, and recipient, state the person's full name, title and employer or firm and denote all attorneys with an asterisk. The description of the subject matter shall describe the nature of each document in a manner that, though not revealing information itself privileged, provides

11

sufficiently detailed information to assess the applicability of the privilege claimed.
Submit all non-privileged portions of any responsive document (including non-privileged
or redactable attachments) for which a claim of privilege is asserted (except where the
only non-privileged information has already been produced in response to this
instruction), noting where redactions have been made in the document.

K.    Each request set forth below should be construed independently, and not in reference to
      any other request for purposes of limitation.

L.    Unless otherwise stated, this document request calls for the production of documents
      created, dated, sent or received on or after January 1, 2002.

M.    These requests shall be deemed continuing so as to require further supplementation in the
      event that the you or any attorney, agent or representative working on your behalf obtains
      or discovers additional information or documents between the time of the initial response
      and the time of trial.

### III.

### REQUESTS FOR DOCUMENTS

1)    All documents you provide to Internet Content Providers concerning the installation, use,
      and customization of your product including, without limitation, all documents
      concerning limitations on the area or location within a website or on a webpage for which
      an age verification screen can be established.

2)    All documents concerning methods used to verify the identity or age of a website user,
      including but not limited to payment card verification, address verification, and
      comparison against governmental databases, including for example information obtained
      from State Departments of Motor Vehicles and voter registration records. This request

also includes documents sufficient to show all databases that you use to verify the
identity or age of a website user.

3)   All documents concerning the use of AVS products by minors, including but not limited
to methods by which you or any Internet Content Provider using your product ensures
that your product is not used by minors.  This document request also includes methods by
which you or any Internet Content Provider using your product ensures that your product
is not used by a minor with the same name, payment card information or other identifying
information as that of an adult.

4)   All documents concerning chargeback policies, chargeback procedures, chargeback
forecasts, the amount of chargebacks, and chargeback agreements.

5)   All documents concerning the application process for obtaining adult access codes or
personal identification numbers or any other type of authorizing information from you or
any other AVS provider, including, without limitation, all documents concerning the
process and number of applications over the Internet, using postal services, facsimile or
through other means.

6)   All documents concerning the number of persons who obtained adult access codes or
personal identification numbers from you or any other AVS provider without providing
payment card information.

7)   All documents concerning policies or actions by you and any other AVS provider to
verify age after adult access codes, personal identification numbers or any other
authorizing information have been provided.

8)   All documents, if any, concerning use of the same adult access code, personal
identification number or other authorizing information by more than one user.

13

02/01/2006 05:29 FAX 716 372 3300          ETAL INC.                    ☒018
  11/22/2013 02:49 FAX                                                   ☒015/026

9)     All documents or communications concerning statements from end-users that identifying information, including but not limited to payment card information, adult access codes or personal identification numbers, was used by:

    a.    unauthorized minors; or

    b.    unauthorized adults.

10)    All documents concerning the length of time that adult access codes, personal identification codes or other authorizing information remain valid and operational, including any documents concerning reasons why adult access codes, personal identification codes or other authorizing information becomes inoperable or invalid.

11)    All documents concerning policies or actions by you or any other AVS provider that are intended to protect the confidentiality of identifying information supplied by end-users of AVS products including, without limitation, payment card information, driver's license numbers, passport numbers, adult access codes, and personal identification numbers.

12)    All documents concerning instances where the confidentiality of identifying information that was supplied by end-users of AVS products was not preserved.

13)    All documents concerning fees or other compensation for AVS products including, without limitation, the fees or other compensation charged for providing AVS services or equipment to:

    a.    end-users; and

    b.    Internet Content Providers.

14)    All documents concerning the willingness of financial institutions (including but not limited to payment card issuers, card associations such as Visa and Mastercard, and

14

intermediary information processors) to verify information for $0 dollar transactions, transactions involving a nominal fee, or in the absence of a financial transaction.

15)   All documents concerning the number of websites or other Internet Content Providers that use any type of AVS product, including but not limited to:

    a.    all documents that classify such websites by content, geographical location, or any other method;

    b.    all documents concerning the number and frequency of visitors who access content placed behind AVS products and the number and frequency of visitors to such websites who only access content placed in front of AVS products; and

    c.    all documents concerning consumer demand, or interest in purchasing AVS products or subscribing to AVS services.

16)   All agreements you or any other AVS provider entered into with Internet Content Providers that use AVS products.

17)   All documents identifying methods of communication over the Internet other than websites, including but not limited to chat, bulletin boards, audio, video and blogs, and the means by which AVS products can or cannot be used to restrict access by minors to sexually explicit materials on such forms of communication.

18)   All documents concerning your policies and policies of Internet Content Providers using your product regarding:

    a.    restrictions on content both in front of and behind AVS products; and

    b.    efforts to attract visitors to content that is placed behind AVS products, including but not limited to documents concerning policies for placing content in front of AVS products and documents concerning exposure on Search Engines.

02/01/2006 05:30 FAX 716 372 3300          ETAL INC.                              ☒020
     11/22/2013 02:49 FAX                                                             ☒017/026

19)   All communications between Et Al, Inc. and the United States, or a State or Local
       Government concerning AVS products, sexual content on the Internet or protecting
       minors on the Internet.

16

# Exhibit C

COPY

1

```
1              IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA
2              Civil Action No. 98-CV-5591

3    AMERICAN CIVIL
     LIBERTIES UNION, et al     :
4                               :
                    Plaintiffs, :
5                               :
          vs.                   :    DEPOSITION OF:
6                               :    PATTIE ZELLE DILLON
     ALBERTO R. GONZALES, in
7    His official capacity as
     Attorney General of the
8    United States,             :
                                :
9                   Defendants. :
                                :
10    - - - - - - - - - - - -

11

12              TRANSCRIPT of the stenographic notes of

13   the proceedings in the above-entitled matter, as

14   taken by and before JANET BAILYN, a Certified

15   Shorthand Reporter and Notary Public of the State of

16   New Jersey, held at the office of WILENTZ, GOLDMAN &

17   SPITZER, 90 Woodbridge Center Drive, Woodbridge

18   New Jersey, on March 2, 2006, commencing at 10:00 in

19   the forenoon.

20

21

22

23

24

25
```

TOBY FELDMAN
INCORPORATED
One Penn Plaza . New York, New York 10119 . tel . 212.244.3990 . fax . 212.268.4828

# Exhibit D

Seth Friedman
Direct Dial: (212) 906-1882
seth.friedman@lw.com

63rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: (212) 906-1200  Fax: (212) 751-4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

October 12, 2006

**CONFIDENTIAL**

Brian J. Molloy
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Woodbridge, New Jersey
07095

Re:   <u>ACLU, et al. v. Attorney General Alberto R. Gonzales</u>,
         Docket # 02:98-CV-05591-LR (E.D. Pa)

Dear Mr. Molloy,

Ms. Pattie Zelle Dillon of Et Al, Incorporated was deposed on March 2, 2006, in connection with the ongoing litigation, <u>ACLU, et. al. v. Gonzales</u>. Please be advised that the parties intend to offer into evidence during trial portions of the deposition testimony and referenced exhibits.

I am writing this letter to you because you previously designated some of this material as confidential, which is included with this letter. If that is the case, please be advised that pursuant to paragraph 10 of the Agreed Protective Order in this case, which is enclosed herewith, you have an opportunity to move the Court to seal the evidence from public viewing.

Please feel free to contact me at (212) 906-1882 with any questions.

Sincerely,

Seth Friedman / SS

Seth Friedman
of LATHAM & WATKINS LLP

Enclosures

cc:   Aden J. Fine, Esq. (via email, without enclosures)
       Rafael O. Gomez, Esq.

Elan R. Dobbs, Esq.
Direct Dial: (212) 906 2938
elan.dobbs@lw.com

# LATHAM&WATKINS LLP

| | 53rd at Third |
| | 885 Third Avenue |
| | New York, New York 10022-4834 |
| | Tel: (212) 906-1200  Fax: (212) 751-4864 |
| | www.lw.com |

FIRM / AFFILIATE OFFICES

| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Milan | Silicon Valley |
| Moscow | Singapore |
| Munich | Tokyo |
| New Jersey | Washington, D.C. |

File No. 500001-0001

November 8, 2006

## VIA FEDEX AND FACSIMILE

Keith L. Hovey, Esq.
Wilentz, Goldman & Spitzer P.A.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958

Re:    American Civil Liberties Union v. Alberto Gonzales, Civil Action No. 98-CV-5591

Dear Mr. Hovey:

Ms. Patti Dillon, formerly of Etal, Inc., now with Veratd Technologies, LLC, was deposed on February 16, 2006, in connection with the above referenced matter. As you are aware, Ms. Dillon will be testifying at trial next week. During cross examination, plaintiffs intend to discuss all of the topics covered and may discuss and enter into evidence any exhibits used during the February 16, 2006 deposition as well as any documents not used at deposition supplied by Etal, Inc. during discovery.

I am writing this letter to you because you may consider some of the deposition testimony, exhibits and discovery documents to be confidential. If this is the case, please be advised that pursuant to paragraph 10 of the Agreed Protective Order in this matter, which is also attached to this letter, you have an opportunity to move the Court to seal the evidence from public viewing.

Please feel free to contact me at (212) 906-2938 with any questions.

Best regards,

Elan R. Dobbs
of LATHAM & WATKINS LLP

cc:    Eric Beane, Esq., Department of Justice (Via Email)