IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al. : | CIVIL ACTION |
| : | |
| v. : | NO. 98-5591 |
| : | |
| ALBERTO R. GONZALES in his official capacity : | |
| as Attorney General of the United States : | |

**ORDER**

**AND NOW,** this 16th day of November, 2006, upon consideration of plaintiffs' five page November 13th letter brief in support of their request to admit Plaintiffs' Exhibits 123, 124 and 126 ("RuleSpace Documents") into evidence, defendant's four page November 15, 2006 letter brief in opposition, and the arguments heard on November 6, 2006 (Doc. No. 390, pgs. 23-28), the court finds the following:

1. Plaintiffs contend that the RuleSpace Documents are admissible under Federal Rule of Evidence 807 ("Rule 807").

2. The RuleSpace Documents are business records the admission of which is specifically covered by Federal Rule of Evidence 803(6). Therefore, it is inappropriate to admit these documents under Rule 807. Fed. R. Ev. 807 (stating that Rule 807 only covers statements "not specifically covered by Rule 803 or 804").

3. Regardless, even if Rule 807 was the appropriate vehicle to admit these documents, plaintiffs did not give fair notice to defendant, "sufficiently in advance of the trial" of their "intention to offer the statement[s]." Fed. R. Ev. 807. Plaintiffs contend that their November 13, 2006 letter provides sufficient notice to defendant. However, trial having commenced on October 23, 2006, this notice was not "in advance of the trial" and, thus, is insufficient under Rule 807.

4. Similarly, plaintiffs have failed to establish that the RuleSpace Documents are "more probative on the point for which [they are] offered than any other evidence." Fed. R. Ev. 807. In fact, plaintiffs utilized the deposition of Alistair Allan from RuleSpace to discuss how the RuleSpace products work and Dr. Cranor, one of plaintiffs' experts, discusses RuleSpace products in her report which was entered into evidence. (Doc. Nos. 390, pgs. 5-23; 384, pgs. 178-249; Pl's Trial Ex. 2).

Therefore, it is hereby **ORDERED** that:

5. Defendant's objection is **SUSTAINED**, and Plaintiffs' Exhibits 123, 124, and 126 shall not be admitted into evidence.

                                      S/ Lowell A. Reed., Jr.
                                      LOWELL A. REED, JR., S.J.