UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------x
                                                    :
AMERICAN CIVIL LIBERTIES UNION,                     :   CIVIL ACTION
                                                    :
        Plaintiffs,                                 :   NO. 98-5591
                                                    :
    v.                                              :
                                                    :
ALBERTO R. GONZALES, in his official capacity as    :
ATTORNEY GENERAL OF THE UNITED STATES,              :
                                                    :
        Defendant.                                  :
                                                    :
------------------------------------------------------------------x

Plaintiffs' Opposition to Defendant's Motion for Judgment on Partial Findings

Plaintiffs oppose defendant's motion for judgment on partial findings. The Court heard argument on defendant's motion on November 7, 2006. Trial Transcript, Nov. 7, 2006, at 56:22-62:04. The Court denied the motion, Tr. 61:21-62:04, and requested the parties to file written motions, Tr. 58:19-21, 61:10-19. The Court stated that "no legal memoranda are necessary; just the motion and a response to the motion." Tr. 61:17-18. Defendant filed his written motion on November 13, 2006. Plaintiffs respond as follows:

Defendant's motion for judgment on partial findings should be denied because defendant bears the burden of proof in this case, and the Court cannot resolve this dispute without hearing defendant's case to determine whether he has met that burden. Once plaintiffs have proved COPA is a content-based speech regulation, then the burden shifts to defendant to establish that COPA is constitutional. *Ashcroft. v. ACLU*, 542 U.S. 656, 666 (2004). That COPA is a content-based restriction is apparent from the face of the statute. It proscribes speech on a given subject matter, specifically speech that is "harmful to minors." 47 U.S.C. § 231(a)(1). Thus, defendant bears the burden to prove

that COPA is constitutional, and the Court cannot enter judgment prior to hearing defendant's case.

Defendant reiterates his challenge to plaintiffs' standing. In their case-in-chief, plaintiffs yet again established that they have standing. Plaintiffs have provided evidence demonstrating that they reasonably fear prosecution under COPA. Indeed, there is evidence in the record that plaintiffs' websites depict or describe "an actual or simulated sexual act or sexual contact, an actual or simulated normal or perverted sexual act, or a lewd exhibition of the genitals or post-pubescent female breast," the precise material prohibited by COPA. 47 U.S.C. § 231(e)(6)(B). *See, e.g.*, Transcript, Oct. 23, 2006 at 68:18-22 (Nerve), 141:10-17 (Salon); Transcript, Oct. 30, 2006, at 130:23-131:1 (Condomania), 205:09-15 (Sexual Health Network); Transcript Oct. 31, 2006, at 44:01-03 (Aaron Peckham d/b/a Urban Dictionary); Transcript, Nov. 2, 2006, at 88:01-06 (Heather Corinna). Further, Professor Henry Reichman testified that speech similar to that of plaintiffs is subject to censorship throughout the nation repeatedly and commonly. Transcript, Oct. 30, 2006, at 25:13-23, 30:11-19, 38:10-19; 46:24-47:14. These facts are sufficient to establish that plaintiffs have standing.

Federal Rule of Civil Procedure 52(c) vests the Court with discretion to "decline to render any judgment until the close of all the evidence." Fed. R. Civ. P. 52(c). *See Int'l Union of Operating Engineers v. Indiana Const. Corp.*, 13 F.3d 253, 257 (7th Cir. 1994). Review of the Supreme Court's most recent decision in this case indicates why early judgment is inappropriate. In upholding this Court's grant of a preliminary injunction, the Supreme Court stated that filters are less restrictive than COPA, and may well be more effective, but noted that there were gaps in the evidentiary record regarding

effectiveness. *Ashcroft. v. ACLU*, 542 U.S. at 667-72. The Court remanded so that the evidentiary record might be filled out. It would therefore be premature to terminate development of the record before defendant presents his case.

In addition, plaintiffs incorporate by reference the arguments presented orally on November 7, 2006, in their Trial Memorandum, and in their Opposition to Defendant's Motion to Dismiss.

For the foregoing reasons, defendant's Motion for Judgment on Partial Findings should be denied.

DATE: November 17, 2006                    Respectfully submitted,

                                           /s/
                                           Catherine Crump
                                           American Civil Liberties Union
                                                   Foundation
                                           125 Broad Street, 18th Floor
                                           New York, New York 10004
                                           (212) 549-2500

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2006, I caused the foregoing Opposition to Defendant's Motion for Judgment on Partial Findings to be filed electronically and therefore to be available for viewing and downloanding from the Electronic Case Filng system. The electronic filing of this document constituted service of this document on counsel for defendant.

/s/
Catherine Crump