IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, | ) ) ) |
| **Plaintiffs**, | ) ) Civil Action No. 98-CV-5591 |
| v. | ) ) ) |
| **MICHAEL B. MUKASEY**, in his official capacity as Attorney General of the United States, | ) ) ) ) |
| **Defendant.** | ) ) |

## DEFENDANT'S UNOPPOSED MOTION FOR CLARIFICATION

### INTRODUCTION

Defendant seeks clarification of this Court's March 22, 2007 order permanently enjoining enforcement of the Child Online Protection Act ("COPA"). *See* 47 U.S.C. § 231. Unlike this Court's preliminary injunction, which expressly excluded from its coverage any prosecutions concerning child pornography or obscenity, the permanent injunction could be construed to include a prohibition on the prosecution of any matters premised upon any provision of COPA. *Compare ACLU v. Reno*, 31 F. Supp. 2d 473, 499 (E.D. Pa. 1999) *with ACLU v. Gonzales*, 478 F. Supp. 2d 775, 821 (E.D. Pa. 2007). Defendant respectfully requests that this Court clarify that the permanent injunction is not intended to prohibit prosecutions pursuant to COPA's obscenity provision. Defendant attaches for the Court's consideration a proposed order reflecting that clarification.

### JURISDICTION

A district court has jurisdiction to clarify the terms of an injunction while an appeal is pending. *See, e.g., Meinhold v. U.S. Dep't of Def.*, 34 F.3d 1469, 1480 n.14 (9th Cir. 1994);

*Velazquez v. Legal Servs. Corp.*, 356 F. Supp. 2d 267, 271-72 (E.D.N.Y. 2005).

## **DISCUSSION**

This Court should clarify its March 2007 order.  COPA states that "whoever knowingly and with knowledge of the character of the material, in interstate or foreign commerce by means of the World Wide Web, makes any communication for commercial purposes that is available to any minor and that includes any material that is harmful to minors shall be fined not more than $50,000, imprisoned not more than 6 months, or both."  47 U.S.C. § 231(a)(1).  COPA defines "material that is harmful to minors" as "any communication, picture, image, graphic image file, article, recording, writing, or other matter of any kind <u>that is obscene</u> or that—

    (A) the average person, applying contemporary community standards, would find, taking the material as a whole and with respect to minors, is designated to appeal to, or is designated to pander to, the prurient interest;
    (B) depicts, describes, or represents, in a manner patently offensive with respect to minors, an actual or simulated sexual act or sexual contact, an actual or simulated normal or perverted sexual act, or a lewd exhibition of the genitals or post-pubescent female breast; and
    (C) taken as a whole, lacks serious literary, artistic, political, or scientific value for minors.

*Id*. at § 231(e)(6) (emphasis added).  Therefore, section 231 applies to <u>either</u> obscene material <u>or</u> "harmful to minors" material.

The terms of this Court's preliminary injunction were free from ambiguity.  This Court's earlier order stated that Defendant is "preliminarily enjoined from enforcing or prosecuting matters premised upon 47 U.S.C. § 231 of the Child Online Protection Act at any time for any conduct that occurs while this Order is in effect.  This Order <u>does not</u> extend to or restrict any action by defendant in connection with any investigations or prosecutions concerning child pornography <u>or material that is obscene under 47 U.S.C. § 231</u> or any other provisions of the

United States Code." *ACLU v. Reno*, 31 F. Supp. 2d 473, 499 (E.D. Pa. 1999) (emphasis added). In contrast, the permanent injunction more generally states that "Defendant Alberto R. Gonzales, in his official capacity as Attorney General of the United States, and his officers, agents, employees, and attorneys, and those persons in active concert or participation with the defendant who receive actual notice of this Order are permanently enjoined from enforcing or prosecuting matters premised upon 47 U.S.C. § 231 at any time for any conduct." *ACLU v. Gonzales*, 478 F. Supp. 2d 775, 821 (E.D. Pa. 2007).

The provision of COPA addressing obscene material was neither challenged by the Plaintiffs in their Amended Complaint nor disputed at trial or during post-trial briefing.[1] Nonetheless, in an abundance of caution, Defendant seeks clarification so he may determine whether an additional COPA charge may be appropriate to include in future indictments involving obscene material. The attached unsealed Indictment provides one example of a matter in which Defendant might have included a charge pursuant to 47 U.S.C. § 231. *See* Ex. 1. Granting the present motion for clarification will permit the Department of Justice to enforce an unchallenged provision of COPA without risk of unintentionally violating this Court's order.

## CONCLUSION

For the foregoing reasons, Defendant respectfully seeks an order clarifying that the injunction does not extend to or restrict any action by Defendant in connection with any investigation or prosecutions concerning material that is obscene under 47 U.S.C. § 231.

---

[1] In fact, Plaintiffs argued that more vigorous enforcement of laws concerning obscene material was a "less restrictive alternative" to enforcing COPA's prohibition on the distribution of material that is "harmful to minors." Pls.' Post-Trial Proposed Findings of Fact & Conclusions of Law, at 167-169 ¶¶ 677-682, Doc. #430 (Dec. 8, 2006).

Respectfully submitted,

GREGORY KATSAS
Acting Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney
RICHARD BERNSTEIN
Assistant U.S. Attorney
THEODORE C. HIRT
Assistant Branch Director
RAPHAEL O. GOMEZ
Senior Trial Counsel


 /s/ Eric J. Beane                                   
ERIC J. BEANE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
(202) 616-2035

Attorneys for Defendant

CERTIFICATE OF COUNSEL

On May 20, 2008, counsel for Defendant conferred with counsel for Plaintiffs, who stated that Plaintiffs do not oppose this motion.  *See* Local Rule 7.1(b).

   /s/ Eric J. Beane
Eric J. Beane
Counsel for Defendant